Andrew H. Schapiro (*pro hac vice*)
QUINN EMANUEL URQUHART
  & SULLIVAN, LLP
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
(312) 705-7400
andrewschapiro@quinnemanuel.com

Patrick D. Curran (Bar No. 241630)
QUINN EMANUEL URQUHART
  & SULLIVAN, LLP
111 Huntington Ave, Suite 520
Boston, MA 02199
(617) 712-7100
patrickcurran@quinnemanuel.com

Jodie W. Cheng (Bar No. 292330)
QUINN EMANUEL URQUHART
  & SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
jodiecheng@quinnemanuel.com

Yehuda Goor (*pro hac vice*)
QUINN EMANUEL URQUHART
  & SULLIVAN, LLP
295 Fifth Avenue, 9th Floor
New York, NY 10016
(212) 849-7643
yehudagoor@quinnemanuel.com

*Attorneys for OpenAI Foundation, OpenAI Group PBC, io Products LLC, and Tang Yew Tan*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| APPLE INC. | Case No. 5:26-cv-07078-EJD |
| Plaintiff, | **DEFENDANT TANG YEW TAN'S STATEMENT IN SUPPORT OF JOINT ADMINISTRATIVE MOTION TO PERMANENTLY REMOVE DOCKET NOS. 2 AND 19** |
| v. | |
| CHANG LIU, TANG YEW TAN, OPENAI FOUNDATION f/k/a OPENAI, INC., OPENAI GROUP PBC, and IO PRODUCTS, LLC, f/k/a IO PRODUCTS, INC., | |
| Defendants. | |

Defendant Tang Yew Tan respectfully submits this statement, supported by his declaration filed in conjunction herewith (the "Tan Decl."), in compliance with the Court's Interim Order dated July 22, 2026 (ECF No. 28, the "Interim Order").

Mr. Tan serves as OpenAI's Chief Hardware Officer.  As alleged in plaintiff Apple Inc.'s ("Apple") Complaint, prior to joining OpenAI, Mr. Tan spent 24 years at Apple.  ECF No. 1 ¶ 8. When Apple commenced this action, Apple's counsel included Mr. Tan's personal home address in the summons it filed publicly as ECF No. 2, which the Court later issued as ECF No. 19.

On July 21, 2026, at defendants' request, all parties filed a joint administrative motion seeking that the Court permanently remove ECF Nos. 2 and 19 from the public docket.  ECF No. 27 (the "Joint Motion").  In the Joint Motion, Apple's counsel represented that it had "obtained [Mr. Tan's home address] from publicly available records, available to anyone."  Joint Motion at 2.

On July 22, 2026, the Court issued the Interim Order regarding the Joint Motion, temporarily removing ECF Nos. 2 and 19 from the public docket and instructing defendants to file "a statement, and declaration(s) as necessary, establishing why the subject documents should not be placed on the public docket."  Interim Order at 1.

The Joint Motion was filed at defendants' request, due to the sensitivity of Mr. Tan's personal home address, which is not readily available to the public.  As Mr. Tan explains in his declaration, he has taken reasonable care to avoid having his home address become available online, to preempt security risks and maintain his privacy by, among other things, hiring a service called "360 Privacy" to sweep for and remove any of Mr. Tan's personal information from the internet. Tan Decl. ¶ 4.  As a result, a Google search using Mr. Tan's name does not appear to return his home address.  Even the Complaint itself states that "on information and belief, [Mr. Tan] resides in San Francisco, California," which is incorrect.  ECF No. 1 ¶ 18.  Mr. Tan's concerns are compounded by recent attempted physical attacks on another OpenAI executive at his home.  Tan Decl. ¶ 4.

DEFENDANT TANG YEW TAN'S STATEMENT IN SUPPORT OF JOINT ADMINISTRATIVE MOTION TO PERMANENTLY REMOVE DOCKET NOS. 2 AND 19

After the Interim Order was issued, Mr. Tan took steps to have ECF Nos. 2 and 19 removed from websites that previously retrieved these documents from the Court's website and published them. *Id*. ¶ 5.

On July 22, 2026, following the filing of the Joint Motion, Mr. Tan's undersigned counsel requested that Apple's counsel provide detail on how and where it discovered Mr. Tan's address when it prepared the summons. Counsel for Apple responded that it used an online records database, and searched Mr. Tan's first name, last name, and state. Undersigned counsel notes that the database is not a public website available to anyone, as it requires a paid subscription.

Mr. Tan, through undersigned counsel, searched the database using the data provided by Apple's counsel. That search yielded approximately 200 results with multiple different home addresses. It therefore remains unclear how a member of the general public could discern Mr. Tan's specific home address from that database, even with a paid subscription.

Mr. Tan does not seek to seal the summons in its entirety, nor does he seek to seal or redact any information that concerns the merits of this proceeding. Instead, out of concern for his security and privacy as set forth herein and in his accompanying declaration, Mr. Tan respectfully requests the limited relief of redacting his personal home address in the summons.

DATED:  July 29, 2026

QUINN EMANUEL URQUHART
  & SULLIVAN, LLP

*/s/ Andrew H. Schapiro*
Andrew H. Schapiro (*pro hac vice*)
QUINN EMANUEL URQUHART
  & SULLIVAN, LLP
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
(312) 705-7400
andrewschapiro@quinnemanuel.com

Patrick D. Curran (Bar No. 241630)
QUINN EMANUEL URQUHART
  & SULLIVAN, LLP
111 Huntington Ave, Suite 520
Boston, MA 02199
(617) 712-7100
patrickcurran@quinnemanuel.com

Jodie W. Cheng (Bar No. 292330)
QUINN EMANUEL URQUHART
  & SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
jodiecheng@quinnemanuel.com

Yehuda Goor (*pro hac vice*)
QUINN EMANUEL URQUHART
  & SULLIVAN, LLP
295 Fifth Avenue, 9th Floor
New York, NY 10016
(212) 849-7643
yehudagoor@quinnemanuel.com

*Attorneys for OpenAI Foundation,*
*OpenAI Group PBC, io Products LLC,*
*and Tang Yew Tan*

DEFENDANT TANG YEW TAN'S STATEMENT IN SUPPORT OF JOINT ADMINISTRATIVE MOTION TO
PERMANENTLY REMOVE DOCKET NOS. 2 AND 19

**ATTESTATION**

I, Andrew H. Schapiro, am the ECF user whose ID and password are being used to file the above document.

By     */s/ Andrew H. Schapiro*
         Andrew H. Schapiro

DEFENDANT TANG YEW TAN'S STATEMENT IN SUPPORT OF JOINT ADMINISTRATIVE MOTION TO PERMANENTLY REMOVE DOCKET NOS. 2 AND 19