Gabriel S. Gross (SBN 254672)
Gaby LaHatte (SBN 321844)
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, California 94065
Telephone: (650) 802-3000
Facsimile: (650) 802-3100
gabe.gross@weil.com
gaby.lahatte@weil.com

Christopher W. Henry (*pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
1001 Boylston Street, Suite 300
Boston, Massachusetts 02115
Telephone: (617) 772-8300
Facsimile: (617) 772-8333
chris.henry@weil.com

Rachel L. Weiner Cohen (*pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
2001 M Street NW, Suite 600
Washington, DC 20036
Telephone: (202) 682-7000
Facsimile: (202) 857-0940
rachel.cohen@weil.com

John M. Desmarais (SBN 320875)
DESMARAIS LLP
230 Park Avenue, 26th Floor
New York, New York 10169
Telephone: (212) 351-3400
Facsimile: (212) 351-3401
jdesmarais@desmaraisllp.com

*Attorneys for Plaintiff Apple Inc.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., <br><br> Plaintiff, <br><br> vs. <br><br> CHANG LIU, TANG YEW TAN, OPENAI FOUNDATION f/k/a OPENAI, INC., OPENAI GROUP PBC, and io PRODUCTS, LLC f/k/a io PRODUCTS, INC., <br><br> Defendants. | Case No. 5:26-cv-07078-EJD <br><br> **[PROPOSED] ORDER GRANTING PLAINTIFF APPLE INC.'S MOTION FOR PRELIMINARY INJUNCTION** <br><br> **Judge:** Edward J. Davila <br><br> **Complaint Filed:** July 10, 2026 |

Now before the Court is Plaintiff Apple Inc.'s Motion for Preliminary Injunction ("Motion") to preliminarily enjoin Defendants Chang Liu, Tang Yew Tan ("Mr. Liu" and "Mr. Tan," respectively and collectively, the "Individual Defendants"), OpenAI Foundation and OpenAI Group PBC (collectively, "OpenAI"), and io Products ("io") (OpenAI and io collectively, the "Corporate Defendants"). The Motion has been fully briefed and heard. Upon consideration of the Motion and the parties' respective positions, the Court finds that each of the four *Winter* factors—(1) a likelihood of success on the merits; (2) a likelihood of irreparable harm absent preliminary relief; (3) that the balance of equities tips in the plaintiff's favor; and (4) that an injunction is in the public interest—favors Apple's request for injunctive relief. *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 20 (2008).

*First*, Apple has shown it is likely to succeed on the merits of its claims against each Defendant for trade secret misappropriation pursuant to the Defend Trade Secrets Act, 18 U.S.C. § 1836, et seq., and against the Individual Defendants for breach of contract. To succeed on a DTSA claim, a plaintiff must show "that it possessed a trade secret, that the defendant misappropriated the trade secret, and that the defendant's conduct damaged the plaintiff." *WeRide Corp. v. Kun Huang*, 379 F. Supp. 3d 834, 845 (N.D. Cal. 2019). Apple has made these showings. Apple has shown that it possesses valuable trade secrets relating to, among other things, its hardware, industrial, and manufacturing R&D and design, including with respect to future products and its supplier relationships. Apple also has shown its trade secrets derive independent economic value from not being generally known or ascertainable, and that it takes reasonable measures to protect them. Moreover, Apple has shown that Defendants' acts likely constitute misappropriation, as they improperly acquired and disclosed Apple's trade secrets, and that Defendants' acts likely harm and threaten to harm it.

Apple also has shown it is likely to succeed on its breach of contract claims against the Individual Defendants. Messrs. Liu and Tan both signed an Intellectual Property Agreement ("IPA"), which prohibited each from "using or disclosing, or permitting any other person or entity to use or disclose, any [Apple] Proprietary Information without the consent of Apple." Apple has shown that Mr. Liu likely breached his IPA by continuing to access and use Apple's systems and proprietary information without authorization and failing to return an Apple-issued work device after his departure. Likewise, Apple has shown that Mr. Tan likely breached his IPA by using and soliciting Apple

proprietary information, including during OpenAI interviews. The first *Winter* factor therefore weighs in favor of preliminary injunctive relief.

*Second*, Apple has shown it is likely to suffer irreparable harm absent a preliminary injunction. Defendants have in their possession Apple proprietary information relating to hardware design, development, and manufacture, including due to the Individual Defendants' likely breaches of their IPAs, and Apple would likely be irreparably harmed absent an order preventing Defendants from developing, releasing, and benefiting from such information, e.g., through an "unfair head start." *Lamb-Weston, Inc. v. McCain Foods, Ltd.*, 941 F.2d 970, 974 (9th Cir. 1991) ("An injunction in a trade secret case seeks to protect the secrecy of misappropriated information and to eliminate any unfair head start the defendant may have gained.").  "It is far better to [] put in prophylactic measures now to prevent misappropriation (or further misappropriation)" than to try and "enjoin parts of defendants' technology that use [Apple's] trade secrets" after trial. *Waymo LLC v. Uber Techs., Inc.*, No. 17-cv-00939, 2017 WL 2123560, at *11 (N.D. Cal. May 15, 2017).

*Third*, the balance of the equities tips in Apple's favor. Apple's proposed injunction is necessary to protect Apple's valuable trade secrets, and Defendants would not suffer any hardship by being ordered to act in accordance with the law. *See Comet Techs. U.S. of Am. Inc. v. Beuerman*, No. 18-cv-1441-LHK, 2018 WL 1990226, at *5 (N.D. Cal. Mar. 15, 2018).

*Fourth*, it is in the public interest to issue a preliminary injunction. The public has an interest in protecting trade secrets, and although "California has a strong public policy in favor of vigorous competition, that interest yields to California's interest in protecting a company's trade secrets." *Bambu Franchising, LLC v. Nguyen*, 537 F. Supp. 3d 1066, 1080 (N.D. Cal. 2021).

Consequently, the four *Winter* factors, individually and on balance, weigh in favor of preliminary injunctive relief.

**THEREFORE, IT IS HEREBY ORDERED** that Apple's Motion is **GRANTED**.

Accordingly, with respect to Apple confidential or trade secret information, including information (a) copied or taken from Apple's email, networks drives, cloud repositories, desktop computers, laptops, USB drives, databases, work-issued devices such as iPhones, iPads, MacBooks, external

drives, or other devices; (b) copied or downloaded by Mr. Tan or Mr. Liu from Apple's email, network drives, cloud repositories, computers, USB drives, databases, work-issued devices such as iPhones, iPads, MacBooks, external drives, or other devices; or (c) provided, offered, transmitted, or conveyed to any Defendant by any current or former Apple employee, vendor, or supplier, regardless of the medium on which such materials were copied, transferred, or stored (if any exists) in any manner, the Court hereby **RESTRAINS AND ENJOINS** Defendants, Defendants' officers, directors, principals, agents, servants, employees, successors, assigns, and attorneys, those in active concert or participation with any of the Defendants, and any person(s) acting for, with, by, through, or under any of the Defendants from:

1. accessing, acquiring, using, or disclosing Apple confidential or trade secret information in any manner, including commercial activities;

2. soliciting or otherwise encouraging the unauthorized acquisition, use, or disclosure of Apple's proprietary and trade secret information; and

3. destroying, deleting, or concealing evidence that is relevant to claims or defenses in this action, including electronically stored information and any work or personal devices or accounts used to access, acquire, use, review, disclose, solicit, or communicate about any Apple confidential or trade secret information.

The Court **FURTHER ORDERS** that, within twenty-eight (28) days of this Order, Defendants shall:

4. collect, prepare full forensic images of, and submit to forensic inspection (by Apple's counsel or a forensic vendor) all devices and other repositories, e.g., cloud-based storage repositories, email mailboxes, messaging/collaboration platforms (e.g. Slack, Teams, or the equivalent), and any additional electronic applications, accounts, or repositories, in Defendants' possession, custody, or control that contain, or previously contained, any Apple confidential, proprietary, or trade secret information, and

5.    collect and return all Apple confidential, proprietary, and trade secret information from such devices and other repositories where any Apple confidential, proprietary, and trade secret information may have been transferred or stored.

This injunction shall take effect immediately and shall remain in effect pending trial of this action or further order of this Court.

**IT IS SO ORDERED.**

Dated:

_____
The Honorable Edward J. Davila
United States District Court Judge