# EXHIBIT D

# REDACTED VERSION OF DOCUMENT FILED UNDER SEAL

# Weil, Gotshal & Manges LLP

201 Redwood Shores Parkway
Redwood Shores, CA 94065-1134
Phone: +1 650 802 3000
Fax: +1 650 802 3100

*Via E-mail*

**Gabriel S. Gross**
+1 650 802 3180
gabe.gross@weil.com

July 10, 2026

Che Chang
General Counsel
OpenAI, Inc.
1455 Third Street
San Francisco, California 94158
che@openai.com

**Re:    Requested Assurances Relating to *Apple Inc. v. Liu et al.* (Case No. 26-cv-7078)**

Dear Mr. Chang:

As you know, I represent Apple. Apple filed a complaint today in the United States District Court for the Northern District of California naming OpenAI and certain OpenAI employees as defendants. Apple filed this suit seeking the return of its proprietary and trade secret information and to prevent OpenAI from exploiting such information, including to compete with Apple unlawfully and unfairly.

I wrote you in February, explaining that Apple was concerned that its confidential and proprietary information had made its way into OpenAI's business, platforms, and systems. At that time, I asked you to describe what precautions, if any, OpenAI was taking to avoid misusing Apple's proprietary information and to make yourself available to discuss these issues with me. You never responded.

Apple continued investigating the problem internally and uncovered widespread trade secret misappropriation by OpenAI and its personnel. As set out in the complaint Apple filed today, former Apple employees working for OpenAI improperly acquired and retained Apple proprietary and trade secret information after their departures from Apple. OpenAI must take immediate steps to preserve all evidence relating to its storage and use of Apple proprietary and trade secret information on or from any device or storage drive, including but not limited to any external hard drives, USB flash drives, cloud backups, Time Machine backups, laptops, personal computers or tablets, mobile phones, instant messaging applications, and email. This includes preservation of all associated metadata. At this point, because a lawsuit has been filed, OpenAI may not delete any such items. OpenAI must take these steps with respect to any employees at OpenAI or others working

with or for OpenAI who may have relevant evidence. This would include and is not limited to Chang Liu, Tang Tan, Alyssa Peng, ████████████ ████████████████████████████████████████ ██████████████████ We also expect OpenAI to take prompt action to instruct all employees who may have relevant and discoverable information, even if uniquely in their own possession, to preserve and not destroy that evidence as well.

Furthermore, Apple intends to move for a preliminary injunction. But Apple would prefer to avoid putting both sides and the Court through the burden of preliminary injunction proceedings if possible. We may be able to avoid this if OpenAI will confirm promptly and in writing, including in a stipulated court order, that OpenAI, its officers, agents, employees, and anyone else acting in active concert or participation with it:

1. will not access, acquire, use, disclose, or solicit, any Apple confidential, proprietary, and trade secret information;

2. will immediately halt any and all access, acquisition, use, disclosure, or solicitation of Apple's confidential, proprietary, and trade secret information;

3. will preserve and not destroy, delete, or conceal evidence that is potentially relevant to the claims in Apple's complaint; and

4. will permit and enable Apple's counsel and third-party forensic analysts to inspect, image, and analyze all devices, storage drives, and accounts in OpenAI's possession, custody, or control that contain, or previously contained, any of Apple's confidential, proprietary, and trade secret information (including but not limited to any external hard drives, USB flash drives, cloud backups, Time Machine backups, laptops, personal computers or tablets, mobile phones, instant messaging applications, and email); and

5. will agree to a search, inspection, and imaging, within the next thirty days of any OpenAI network location where any Apple proprietary and trade secret information may have been transferred or stored.

We expect that OpenAI appreciates the seriousness of this matter and will cooperate to ensure there is no further misuse or misappropriation of Apple's trade secrets, including by providing the assurances requested. Maintaining the security of its intellectual property—including its confidential, proprietary, and trade secret information—is one of Apple's top priorities.

Please confirm no later than July 15 that OpenAI will agree to the requests above.

I remain available to discuss this matter with you at your convenience.

Very truly yours,

Gabriel S. Gross
WEIL, GOTSHAL & MANGES LLP

2