# EXHIBIT G

| | |
|---|---|
| **From:** | Bruner, Nicole |
| **Sent:** | Thursday, July 30, 2026 1:41 AM |
| **To:** | Yehuda Goor |
| **Cc:** | Cohen, Rachel; Henry, Christopher; LaHatte, Gaby; Gross, Gabriel; Andrew Schapiro; Patrick Curran; Jodie Cheng; Kate Lazarus; Bruner, Nicole |
| **Subject:** | RE: Apple v. Liu et al. | Draft Stipulation and Proposed Interim Protective Order |
| **Attachments:** | 2026.07.29 Protective Order Apple v. Liu et al.docx; Apple Redlines to Quinn Proposed PO.docx |

Yehuda,

Thank you for the redline. We believe the sensitivity of the information at issue, for all parties, merits time and careful attention to put a permanent protective order in place. Our proposed interim order, which you have twice rejected, was intended to give the parties that time for those conversations and negotiations, while still facilitating the early exchange of information both sides have requested.

The Model Order is a sound framework to build from, but as shown from your redline, all parties will need additional protections. For example, you've proposed modifications addressing the categories of protected material and inspections for source code and prototypes, which we have been considering, and we likewise think additional provisions would serve both sides well. We've incorporated our proposed edits in the attached redline for your review. We look forward to working with you to promptly reach agreement to allow the parties to exchange the highly sensitive information that is at issue in this case.

Please let us know if all defendants agree to the attached proposal or otherwise provide your availability to meet and confer.

Regards,
Nicole



**Nicole Elena Bruner**
Associate

Weil, Gotshal & Manges LLP
2001 M Street NW, Suite 600
Washington, DC 20036
nicole.bruner@weil.com
+1 202 682 7125 Direct
+1 202 857 0940 Fax

---

**From:** Yehuda Goor <yehudagoor@quinnemanuel.com>
**Sent:** Monday, July 27, 2026 3:45 PM
**To:** Bruner, Nicole <Nicole.Bruner@weil.com>
**Cc:** Cohen, Rachel <Rachel.Cohen@weil.com>; Henry, Christopher <Chris.Henry@weil.com>; LaHatte, Gaby

<Gaby.LaHatte@weil.com>; Gross, Gabriel <Gabe.Gross@weil.com>; Andrew Schapiro <andrewschapiro@quinnemanuel.com>; Patrick Curran <patrickcurran@quinnemanuel.com>; Jodie Cheng <jodiecheng@quinnemanuel.com>; Kate Lazarus <klazarus@kblfirm.com>
**Subject:** RE: Apple v. Liu et al. | Draft Stipulation and Proposed Interim Protective Order

Nicole,

Thank you for your email.  As to the protective order, as you note we sent you a draft last Monday and have not yet heard back.  We don't think it should be controversial—it is simply the model order with certain modifications that benefit all parties.  Attached is a redline showing the draft we shared with you on July 20 marked against the model order.  Our draft does not modify the model order's language providing that "[n]othing in this Order abridges the right of any person to seek its modification by the court in the future."

Could you please let us know of any comments or concerns?  Otherwise, the parties can file this immediately and get going.  We're happy to discuss live if helpful.

Best,
Yehuda

**Yehuda Goor**
*Partner*
**Quinn Emanuel Urquhart & Sullivan, LLP**

295 Fifth Avenue
New York, NY 10016
212-849-7643 Office
202-230-1900 Mobile
yehudagoor@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** Bruner, Nicole <Nicole.Bruner@weil.com>
**Sent:** Sunday, July 26, 2026 9:09 PM
**To:** Yehuda Goor <yehudagoor@quinnemanuel.com>; Patrick Curran <patrickcurran@quinnemanuel.com>; Andrew Schapiro <andrewschapiro@quinnemanuel.com>; Jodie Cheng <jodiecheng@quinnemanuel.com>; Kate Lazarus <klazarus@kblfirm.com>
**Cc:** Cohen, Rachel <Rachel.Cohen@weil.com>; Henry, Christopher <Chris.Henry@weil.com>; LaHatte, Gaby <Gaby.LaHatte@weil.com>; Gross, Gabriel <Gabe.Gross@weil.com>; Bruner, Nicole <Nicole.Bruner@weil.com>
**Subject:** RE: Apple v. Liu et al. | Draft Stipulation and Proposed Interim Protective Order

**[EXTERNAL EMAIL from nicole.bruner@weil.com]**

Yehuda,

Your email does not reflect the parties' correspondence or communications.  As you know, our clients' in-house attorneys have been discussing this matter directly and those discussions are ongoing.  Thus, your assertions that Apple is delaying or not acting with urgency are wrong.  We are willing to make

progress in parallel to the client discussions, but it is your team's refusal to engage with Apple's straightforward requests that have hindered meaningful progress.

For example, when we met and conferred on July 16, your team had not even read Apple's proposed steps for forensic investigation and return of Apple's confidential information.  As another example, we sent you a short (1.5 page) proposed interim protective order, to facilitate the parties' discussions as well as early exchanges of information, such as service of a non-binding identification of trade secrets, as you requested.  That proposed interim protective order—attached again here—tracks and incorporates the Court's model, and it contemplates the parties negotiating a more fulsome protective order (like your proposal) at a later date, e.g., after the push of preliminary injunction proceedings, related expedited discovery, and the parties' early case negotiations concerning these activities.  Here too, you refused to engage.  While we appreciate the effort to begin negotiating search terms and a forensic inspection protocol, Apple cannot meaningfully negotiate these until it receives OpenAI's position on  critical, substantive issues, such as the return of Apple's equipment and confidential information and which custodians, devices, and repositories will be the subjects of expedited discovery (and any forensic inspection protocol).

Please provide OpenAI's position on whether it is amenable to the attached proposed interim protective order.  Note that we have CC-ed Mr. Liu's counsel, Kate Lazarus, in the hopes that counsel for all parties can quickly close on this straightforward initial step.  Entering an interim protective order would permit more meaningful discussions of this case's substantive issues and Apple's need for preliminary injunctive relief on an expedited basis, rather than delay things by negotiating a full productive order now.

Additionally, the second attachment to this email is a proposed stipulation stemming from and reflecting our clients' discussions.  At your convenience, please let us know if OpenAI will agree to this proposal.

We will follow up with proposed edits to the longer, more fulsome protective order (and the other documents) you've sent to us.


Regards,
Nicole




**Nicole Elena Bruner**
Associate

Weil, Gotshal & Manges LLP
2001 M Street NW, Suite 600
Washington, DC 20036
nicole.bruner@weil.com
+1 202 682 7125 Direct
+1 202 857 0940 Fax

---

**From:** Yehuda Goor <yehudagoor@quinnemanuel.com>
**Sent:** Saturday, July 25, 2026 4:37 PM
**To:** Gross, Gabriel <Gabe.Gross@weil.com>; Bruner, Nicole <Nicole.Bruner@weil.com>
**Cc:** Cohen, Rachel <Rachel.Cohen@weil.com>; Henry, Christopher <Chris.Henry@weil.com>; LaHatte, Gaby

<Gaby.LaHatte@weil.com>; Patrick Curran <patrickcurran@quinnemanuel.com>; Andrew Schapiro <andrewschapiro@quinnemanuel.com>; Jodie Cheng <jodiecheng@quinnemanuel.com>; Kate Lazarus <klazarus@kblfirm.com>
**Subject:** RE: Apple v. Liu et al. | Draft Stipulation and Proposed Interim Protective Order

Gabe,

Thank you for your email.  Given the urgency you expressed during our July 16 meet and confer, we made an effort to quickly develop a detailed proposed infrastructure to potentially front-load discovery and handle any remediation (to the extent any is needed).  It is up to Weil whether to engage with us regarding our proposals and drafts, but our view remains that we should get started and make progress in parallel and consistent with our clients' direct discussions.  To that end, attached is a draft ESI order for your review.

We are not saying that you need to sign any stipulation or commit to specific drafts now.  But it would be efficient if outside counsel could make progress on a protective order, forensic inspection protocol, and ESI order while our clients continue to discuss.  We sent you drafts of each of the above.  We also remain prepared to discuss and run search terms if you are able to provide them, as part of a preliminary identification of any alleged trade secrets.  These are parallel and consistent tracks, not "conflicting tracks" as you state below.  Nor would this "disrupt" our clients' discussions.  Having a well-developed framework for the mechanics of the next steps (to be used as needed) would only expedite things.  As you acknowledge below, so far you have not engaged with us on any of these items and have provided no responses to our proposals or drafts.  We remain available to work with you if you change your mind.

Regards,
Yehuda

**Yehuda Goor**
*Partner*
**Quinn Emanuel Urquhart & Sullivan, LLP**

295 Fifth Avenue
New York, NY 10016
212-849-7643 Office
202-230-1900 Mobile
yehudagoor@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** Gross, Gabriel <Gabe.Gross@weil.com>
**Sent:** Saturday, July 25, 2026 12:42 AM
**To:** Yehuda Goor <yehudagoor@quinnemanuel.com>; Bruner, Nicole <Nicole.Bruner@weil.com>
**Cc:** Cohen, Rachel <Rachel.Cohen@weil.com>; Henry, Christopher <Chris.Henry@weil.com>; LaHatte, Gaby <Gaby.LaHatte@weil.com>; Patrick Curran <patrickcurran@quinnemanuel.com>; Andrew Schapiro <andrewschapiro@quinnemanuel.com>; Jodie Cheng <jodiecheng@quinnemanuel.com>; Kate Lazarus <klazarus@kblfirm.com>
**Subject:** RE: Apple v. Liu et al. | Draft Stipulation and Proposed Interim Protective Order

**[EXTERNAL EMAIL from gabe.gross@weil.com]**

Dear Yehuda:

4

Thank you for your email this afternoon acknowledging that, as we told you, we have been holding off on responding to your earlier email about a potential stipulation to avoid the need for a preliminary injunction motion while our clients' in-house lawyers are discussing the issue directly. They continue to do so, and we understand they are making progress. So again, rather than engage with you in parallel on these issues and potentially disrupt our clients' progress or create conflicting tracks, we will resume this discussion after we receive more guidance from our client about its talks with OpenAI, which are still underway.

In the meantime, we reject your characterization of the facts below and your attempts to portray Apple as delaying this process or not acting with urgency. To the contrary, these matters are urgent and important to Apple, and so it is working cooperatively with OpenAI to see if we can avoid the need for preliminary injunction proceedings.

Yours,

Gabe



**Gabriel S. Gross**
Partner

Weil, Gotshal & Manges LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065-1134
gabe.gross@weil.com
+1 650 802 3180 Direct
+1 650 868 4223 Mobile

---

**From:** Yehuda Goor <yehudagoor@quinnemanuel.com>
**Sent:** Friday, July 24, 2026 3:33 PM
**To:** Bruner, Nicole <Nicole.Bruner@weil.com>
**Cc:** Gross, Gabriel <Gabe.Gross@weil.com>; Cohen, Rachel <Rachel.Cohen@weil.com>; Henry, Christopher <Chris.Henry@weil.com>; LaHatte, Gaby <Gaby.LaHatte@weil.com>; Patrick Curran <patrickcurran@quinnemanuel.com>; Andrew Schapiro <andrewschapiro@quinnemanuel.com>; Jodie Cheng <jodiecheng@quinnemanuel.com>; Kate Lazarus <klazarus@kblfirm.com>
**Subject:** RE: Apple v. Liu et al. | Draft Stipulation and Proposed Interim Protective Order

Nicole,

Early Monday morning (July 20), we sent you a draft protective order, a draft forensic inspection protocol, and a detailed proposal to front-load discovery and move forward quickly. It is now Friday afternoon and we have not received any substantive response or counterproposal from you. The only response we received was your email Tuesday night (July 21), saying that you are not providing a response because the Apple and OAI in-house teams are discussing directly. We were hoping to use this week to make progress and get going, given the urgency that Apple expressed. But unfortunately no progress was made and our drafts and proposals remain unanswered.

Last night, you sent us a draft stipulation incorporating the Court's model order.  We already proposed the same to you on Monday morning, with only a few necessary modifications of the model order.  Have you reviewed our draft protective order from Monday and are you able to provide comments or responses?

Similarly, the draft forensic inspection protocol we shared with you on Monday included a proposed detailed method for the remediation, deletion, or return (as applicable) of any Apple confidential information.  Have you reviewed our draft forensic inspection protocol from Monday and are you able to provide comments or responses?

We also asked you on Monday and on our meet and confer Thursday, July 16 to preliminarily identify the alleged trade secrets.  We requested that you at least provide keywords that would help us search and remediate accounts or devices with applicable information (to the extent they exist).  Here, too, you have not provided any response and ignored our attempts to make progress.  Given the serious concerns you have expressed regarding Apple's purported trade secrets, we expected that you would act quickly.  You have not done so.

As we stated on Monday and last week, we are eager to get going and address any concerns Apple may have.  But you have not engaged with us on any of the above items, despite representing that there is urgency from Apple's perspective.  We are standing by and remain happy to connect in case Apple is still interested in moving forward expeditiously.  Just let us know.


Yehuda

**Yehuda Goor**
*Partner*
**Quinn Emanuel Urquhart & Sullivan, LLP**

295 Fifth Avenue
New York, NY 10016
212-849-7643 Office
202-230-1900 Mobile
yehudagoor@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** Bruner, Nicole <Nicole.Bruner@weil.com>
**Sent:** Friday, July 24, 2026 1:20 AM
**To:** Patrick Curran <patrickcurran@quinnemanuel.com>; Andrew Schapiro <andrewschapiro@quinnemanuel.com>; Jodie Cheng <jodiecheng@quinnemanuel.com>; Yehuda Goor <yehudagoor@quinnemanuel.com>; Kate Lazarus <klazarus@kblfirm.com>
**Cc:** Gross, Gabriel <Gabe.Gross@weil.com>; Cohen, Rachel <Rachel.Cohen@weil.com>; Henry, Christopher <Chris.Henry@weil.com>; LaHatte, Gaby <Gaby.LaHatte@weil.com>; Bruner, Nicole <Nicole.Bruner@weil.com>
**Subject:** Apple v. Liu et al. | Draft Stipulation and Proposed Interim Protective Order

**[EXTERNAL EMAIL from nicole.bruner@weil.com]**

Counsel,

Thank you for providing a draft protective order. While we expect the parties to work quickly and efficiently towards a permanent protective order, we propose that the parties agree via a joint stipulation

to adopt the Model Protective Order for Patents from the Northern District of California in the interim, which will enable quicker sharing of confidential information.  To that end, we put together the attached draft stipulation for your review.  The only departures from the Model are that we propose 1) both parties work quickly to clear disclosed experts and thus shorten the objection period from 14 days to 3 and 2) a limit on the Receiving Party such that only those not involved in competitive decision-making on behalf of their respective parties may receive AEO material.

We propose that the parties enter this joint stipulation to adopt the Model Protective Order, subject to the above-noted modifications, for 30 calendar days upon entering into the stipulation, at which point the parties will have made their best efforts to have stipulated on and presented the Court with a permanent protective order.

Please let us know if you have any edits by EOD tomorrow.

Best,
Nicole



**Nicole Elena Bruner**
Associate

Weil, Gotshal & Manges LLP
2001 M Street NW, Suite 600
Washington, DC 20036
nicole.bruner@weil.com
+1 202 682 7125 Direct
+1 202 857 0940 Fax

The information contained in this email message is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by email, postmaster@weil.com, and destroy the original message. Thank you.

The information contained in this email message is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by email, postmaster@weil.com, and destroy the original message. Thank you.

The information contained in this email message is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly

prohibited. If you have received this communication in error, please immediately notify us by email, postmaster@weil.com, and destroy the original message. Thank you.