Gabriel S. Gross (SBN 254672)
Gaby LaHatte (SBN 321844)
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, California 94065
Telephone: (650) 802-3000
Facsimile: (650) 802-3100
gabe.gross@weil.com
gaby.lahatte@weil.com

Christopher W. Henry (*pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
1001 Boylston Street, Suite 300
Boston, Massachusetts 02115
Telephone: (617) 772-8300
Facsimile: (617) 772-8333
chris.henry@weil.com

Rachel L. Weiner Cohen (*pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
2001 M Street NW, Suite 600
Washington, DC 20036
Telephone: (202) 682-7000
Facsimile: (202) 857-0940
rachel.cohen@weil.com

John M. Desmarais (SBN 320875)
DESMARAIS LLP
230 Park Avenue, 26th Floor
New York, New York 10169
Telephone: (212) 351-3400
Facsimile: (212) 351-3401
jdesmarais@desmaraisllp.com

*Attorneys for Plaintiff Apple Inc.*

[Additional Counsel listed in signature block]

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., <br><br> Plaintiff, <br><br> vs. <br><br> CHANG LIU, TANG YEW TAN, OPENAI FOUNDATION f/k/a OPENAI, INC., OPENAI GROUP PBC, and IO PRODUCTS, LLC f/k/a IO PRODUCTS, INC., <br><br> Defendants. | Case No. 5:26-cv-07078-EJD <br><br> **PLAINTIFF APPLE INC.'S NOTICE OF MOTION AND MOTION FOR EXPEDITED DISCOVERY** <br><br><br> **Judge:** Edward J. Davila <br><br> **Hearing Date:** Oct. 1, 2026 <br><br> **Time:** 9:00 a.m. |

PLAINTIFF APPLE INC.'S MOTION FOR
EXPEDITED DISCOVERY

**NOTICE OF MOTION AND MOTION**

PLEASE TAKE NOTICE that on October 1, 2026, at 9:00 a.m. PT, in the United States District Court for the Northern District of California, 280 South 1st Street, San Jose, California 95113, Plaintiff Apple Inc. will, and hereby does, move the Court for expedited discovery pursuant to Federal Rule of Civil Procedure 26.

For the purposes of (1) better understanding the nature and extent of Defendants' trade secret misappropriations and breaches of contract, and the steps needed to remediate them, (2) making additional or modified requests for injunctive relief as needed to match the facts about Defendants' misappropriations and breaches as they are discovered, and (3) providing the Court with a more fulsome record as needed to enforce any order resulting from Apple's concurrently filed motion for a preliminary injunction, Apple seeks expedited discovery from Defendants Chang Liu ("Mr. Liu") and Tang Yew Tan ("Mr. Tan") (collectively, the "Individual Defendants") and OpenAI Foundation and OpenAI Group PBC (collectively, "OpenAI") and io Products, LLC ("io") (collectively, the "Corporate Defendants").

Specifically, Apple respectfully requests that the Court enter an order:

1. directing Defendants to produce documents and communications in response to Apple's First Sets of Requests for Production regarding their access, acquisition, use, and disclosure of Apple's confidential information and trade secrets;

2. directing Defendants to respond to Apple's First Sets of Interrogatories regarding their access, acquisition, use, and disclosure of Apple's confidential information and trade secrets;

3. directing Defendants to make available for deposition (a) Mr. Liu, Mr. Tan, OpenAI employee Yu-Ting ("Alyssa") Peng, and another employee at OpenAI who used to work at Apple ("Individual No. 1") regarding their access, acquisition, use, and disclosure of Apple's trade secrets, and (b) one or more representatives of the Corporate Defendants under Federal Rule of Civil Procedure 30(b)(6) regarding any of Apple's confidential information and trade secrets in OpenAI's possession, custody, or control, any use of such information, steps OpenAI took to protect, destroy, tamper with, or conceal

misuse of Apple's confidential information and trade secrets, and OpenAI's responses to all other discovery requests, as well as (c) any declarants Defendants rely on in their opposition to Apple's preliminary injunction motion.

This motion is based upon this notice of motion, the memorandum of points and authorities in support thereof, the pleadings, records, and papers on file in this action, oral argument of counsel, and any other matters of which the Court may take judicial notice.

Dated: August 3, 2026                                      Respectfully submitted,

                                                           WEIL, GOTSHAL & MANGES LLP

                                                           */s/ Gabriel S. Gross*
                                                           Gabriel S. Gross (SBN 254672)
                                                           Gaby LaHatte (SBN 321844)
                                                           Vanessa K. Sim (SBN 341107)
                                                           WEIL, GOTSHAL & MANGES LLP
                                                           201 Redwood Shores Parkway
                                                           Redwood Shores, California 94065
                                                           Telephone: (650) 802-3000
                                                           Facsimile: (650) 802-3100
                                                           gabe.gross@weil.com
                                                           vanessa.sim@weil.com
                                                           gaby.lahatte@weil.com

                                                           Christopher W. Henry (*pro hac vice*)
                                                           WEIL, GOTSHAL & MANGES LLP
                                                           1001 Boylston Street, Suite 300
                                                           Boston, Massachusetts 02115
                                                           Telephone: (617) 772-8300
                                                           Facsimile: (617) 772-8333
                                                           chris.henry@weil.com

                                                           Rachel L. Weiner Cohen (*pro hac vice*)
                                                           Nicole Elena Bruner (*pro hac vice*)
                                                           WEIL, GOTSHAL & MANGES LLP
                                                           2001 M Street NW, Suite 600
                                                           Washington, DC 20036
                                                           Telephone: (202) 682-7000
                                                           Facsimile: (202) 857-0940
                                                           rachel.cohen@weil.com
                                                           nicole.bruner@weil.com

                                                           Heather Blacklaws (*pro hac vice*)
                                                           WEIL, GOTSHAL & MANGES LLP
                                                           600 Congress Avenue, Suite 2170
                                                           Austin, Texas 78701
                                                           Telephone: (512) 487-1480

Facsimile: (512) 487-1520
heather.blacklaws@weil.com

Nina Shapiro (*pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
767 5th Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
nina.shapiro@weil.com

John M. Desmarais (SBN 320875)
DESMARAIS LLP
230 Park Avenue, 26th Floor
New York, New York 10169
Telephone: (212) 351-3400
Facsimile: (212) 351-3401
jdesmarais@desmaraisllp.com

*Attorneys for Plaintiff Apple Inc.*

**TABLE OF CONTENTS**

I.	INTRODUCTION ........................................................................................................ 1

II.	BACKGROUND ......................................................................................................... 1

III.	LEGAL STANDARDS .............................................................................................. 3

IV.	THE COURT SHOULD ORDER EXPEDITED DISCOVERY ................................ 3

	A.	Apple Seeks a Preliminary Injunction ............................................................ 4

	B.	Apple's Discovery Requests are Appropriately Limited ................................. 4

	C.	Apple is Entitled to Discover the Nature of Defendants' Misappropriation ....... 9

	D.	Apple's Discovery Requests are Not Unduly Burdensome ............................ 10

	E.	Courts Routinely Grant Expedited Discovery at This Stage .......................... 11

V.	CONCLUSION.......................................................................................................... 12

PLAINTIFF APPLE INC.'S MOTION FOR
EXPEDITED DISCOVERY

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Accretive Specialty Ins. Sols., LLC v. XPT Partners, LLC*,
   No. 8:23-cv-01903-JVS, 2023 WL 9019017 (C.D. Cal. Oct. 13, 2023) ................................... 6, 8

*Advanced Lab'ys Int'l, LLC v. Valentus, Inc.*,
   No. 17-MC-80096-MEJ, 2017 WL 6209297 (N.D. Cal. Dec. 8, 2017) ....................................... 6

*Apple Inc. v. Samsung Elecs. Co.*,
   No. 11-cv-01846, 2011 WL 1938154 (N.D. Cal. May 18, 2011)............................................. 4, 10

*Citibank, N.A. v. Mitchell*,
   No. 24-cv-08224, 2024 WL 4906076 (N.D. Cal. Nov. 26, 2024) .................................................. 3

*Comet Techs. United States of Am. Inc. v. Beuerman*,
   No. 18-cv-01441, 2018 WL 1990226 (N.D. Cal. Mar. 15, 2018) ..................................... 3, 4, 8, 9

*eHealthinsurance Servs., Inc. v. Healthpilot Techs. LLC*,
   No. 21-cv-4061, 2021 WL 3052918 (N.D. Cal. July 20, 2021) ...................................................... 5

*Eurofins Elec. & Elec. Testing NA, LLC v. SGS N. Am. Inc.*,
   No. 5:24-cv-06340, 2024 WL 4453315 (N.D. Cal. Oct. 8, 2024) ................................. 3, 6, 10, 11

*ExamWorks v. Baldini*,
   No. 2:20-cv-00920, 2020 WL 2307103 (E.D. Cal. May 8, 2020) ............................................... 10

*Fed. Trade Comm'n v. GM UniverseApps Ltd.*,
   No. 26-cv-05232-HSG, 2026 WL 1912087 (N.D. Cal. July 2, 2026) ......................................... 12

*Intrepid Automation, Inc. v. 3D Sys. Corp.*,
   No. 24-cv-2262-AGS-DDL, 2025 WL 712652 (S.D. Cal. Mar. 5, 2025) ..................................... 9

*Kinect Renewable Sols., LLC v. DesVerney*,
   No. 22-0423, 2022 WL 21768580 (C.D. Cal. Mar. 15, 2022)................................................. 4, 11

*Miloedu, Inc. v. James*,
   No. 21-cv-09261, 2021 WL 6072821 (N.D. Cal. Dec. 23, 2021)................................................. 4

*Perdomo v. Noem*,
   No. 2:25-cv-05605, 2025 WL 3053167 (C.D. Cal. Oct. 17, 2025) .............................................. 8

*Posdata Co. v. Kim*,
   No. 07-0250, 2007 WL 1848661 (N.D. Cal. June 27, 2007)........................................................ 4

*Praecipio Consulting, LLC v. Howser*,
   No. 25-cv-02927, 2025 WL 1084766 (N.D. Cal. Apr. 10, 2025).............................................. 4, 9

PLAINTIFF APPLE INC.'S MOTION FOR
                                                           EXPEDITED DISCOVERY

*Pyro Spectaculars N., Inc. v. Souza*,
  No. 12-cv-0299, 2012 WL 13220023 (E.D. Cal. Feb. 8, 2012) ................................................ 9, 11

*SolarPark Korea Co. v. Solaria Corp.*,
  No. 23-cv-01181, 2023 WL 4983159 (N.D. Cal. Aug. 2, 2023) .................................... 4, 9, 10, 11

*Synopsys, Inc. v. InnoGrit, Corp.*,
  No. 19-cv-02082, 2019 WL 1779978 (N.D. Cal. Apr. 23, 2019)..................................... 4, 8, 9, 11

*Trulite Glass & Aluminim Sols., LLC v. Smith*,
  No. 16-01798, 2016 WL 8738432 (E.D. Cal. Aug. 10, 2016).................................................3, 6, 8

*Twitch Interactive, Inc. v. Johnston*,
  No. 16-cv-03404, 2017 WL 1133520 (N.D. Cal. Mar. 27, 2017) .................................................. 3

*U.S. Legal Support, Inc. v. Beverly,*
  No. 5:25-cv-00218, 2025 WL 1766348 (C.D. Cal. Jan. 30, 2025)............................................ 9, 11

*Washington v. Lumber Liquidators*, Inc.,
  No. 15-cv-01475, 2015 WL 2089992 (N.D. Cal. May 5, 2015)...................................................... 4

*WeRide Corp. v. Kun Huang*,
  379 F. Supp. 3d 834 (N.D. Cal. 2019) ................................................................................ 3, 5, 10

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Apple respectfully requests leave to take expedited discovery in connection with its preliminary injunction motion to uncover evidence in the Defendants' control, so that Apple may: (1) better understand the nature and extent of their trade secret misappropriations and breaches of their confidentiality obligations, and the steps needed to remediate them; (2) make additional or modified requests for injunctive relief as needed to match the facts about Defendants' misappropriations and breaches as they are discovered; and (3) provide the Court with a more fulsome record as needed to draft and enforce any order resulting from Apple's concurrently filed motion for a preliminary injunction.

Good cause for such discovery abounds, and all five relevant factors weigh strongly in favor of granting Apple's motion. First, Apple's motion for preliminary injunction is pending and the requested discovery will assist the Court in resolving or enforcing it. Second, Apple's discovery requests are limited and tailored to obtain information pertaining to its preliminary injunction motion and Defendants' misconduct, information that is within the Defendants' control. Third, Apple seeks expedited discovery to protect its trade secrets and discover the nature and extent of Defendants' unlawful conduct, which bears directly on Apple's request for, and the Court's ability to order, effective injunctive relief. Fourth, any burden imposed on Defendants by participating in expedited discovery is outweighed by the need for such discovery. Fifth, courts routinely grant requests for expedited discovery accompanying preliminary injunction motions. For these reasons, Apple's motion for expedited discovery should be granted.

### II. BACKGROUND

Apple's concurrently filed preliminary injunction motion includes a fulsome factual background of the unlawful conduct driving Apple's request for early injunctive relief. (*See* Apple Mot. for Prelim. Injunction, § II.A.) The key relevant facts described in that motion and additional information concerning Defendants' misconduct are summarized here.

Former Apple hardware engineer Chang Liu departed from Apple for OpenAI in January 2026. (*See id.*) Then, while working on hardware development for OpenAI, he took advantage of an

authentication bug to gain access to Apple's confidential third-party cloud repository to download at least thirty-seven highly sensitive and proprietary technical documents related to, among other things, Apple's hardware technologies and research and development. (*See id.*) He also coached a still-employed Apple contact (Yu-Ting "Alyssa" Peng) on covertly copying files while they took steps such as communicating through the Line Messenger app to avoid detection by Apple. (*See id.*)

Apple's continuing investigation also revealed that Tang Yew Tan used insider knowledge of Apple's internal codenames and unreleased product information to probe job candidates during OpenAI interviews and extract further proprietary information. (*See id.*) OpenAI facilitated the scheme organizationally, circulating an internal Apple document to departing Apple employees, directing candidates to bring Apple prototypes and CAD designs and artifacts to interviews for "show and tell," and inducing an Apple supplier to perform an Apple proprietary metal-finishing process. (*See id.*) Moreover, this is just one of multiple suppliers that Apple has reason to suspect OpenAI may have probed for Apple proprietary information, using Apple information to do so.

Additionally, through its continuing investigation, Apple has uncovered information that raises serious concerns about other former Apple employees now working for OpenAI beyond Messrs. Liu and Tan and Ms. Peng. For example, another former Apple employee seems to have met with Mr. Liu and Ms. Peng in advance of Ms. Peng's interview at OpenAI and discussed with them during that meeting Apple proprietary information relating to unannounced products. Yet another former Apple employee took screenshots of confidential Apple documents relating to an unannounced Apple product before an interview at OpenAI. And, after Apple filed its complaint, multiple former Apple employees now working at OpenAI reached out to discuss returning Apple-issued work devices they kept when they left Apple. Thus, there are multiple now-OpenAI employees who appear to have witnessed some of the events in question and to have used, acquired, and/or retained proprietary Apple information after their own departures from Apple. Those former Apple employees include the eleven individuals other than Messrs. Liu and Tan and Ms. Peng named in Apple's outside counsel's July 10, 2026 letter to OpenAI's general counsel. (*See* Declaration of Christopher W. Henry in Support of Apple's Motion for Preliminary Injunction ("Henry Decl."), Ex. D, July 10, 2026 Letter.)

CASE NO. 5:26-CV-0708-EJD

PLAINTIFF APPLE INC.'S MOTION FOR EXPEDITED DISCOVERY

After this suit was filed on July 10, the parties' outside and in-house counsel teams conferred at length about ways preliminary injunction practice might be avoided and certain expedited discovery, but they could not reach agreement. (*See* Apple Mot. for Prelim. Injunction, § II.C.)

## III.   LEGAL STANDARDS

"Courts may order expedited discovery on a showing of good cause." *WeRide Corp. v. Kun Huang*, 379 F. Supp. 3d 834, 854 (N.D. Cal. 2019). "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Comet Techs. United States of Am. Inc. v. Beuerman*, No. 18-cv-01441, 2018 WL 1990226, at *7 (N.D. Cal. Mar. 15, 2018).[1] "Courts generally consider five factors to determine whether good cause exists: (1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made." *Eurofins Elec. & Elec. Testing NA, LLC v. SGS N. Am. Inc.*, No. 5:24-cv-06340, 2024 WL 4453315, at *1 (N.D. Cal. Oct. 8, 2024). Good cause for expedited discovery is "frequently found" in cases "where the plaintiff seeks a preliminary injunction." *Twitch Interactive, Inc. v. Johnston*, No. 16-cv-03404, 2017 WL 1133520, at *2 (N.D. Cal. Mar. 27, 2017).

## IV.   THE COURT SHOULD ORDER EXPEDITED DISCOVERY.

Apple's motion for expedited discovery should be granted because good cause abounds. "[D]istrict courts in the Ninth Circuit regularly permit expedited discovery in cases that, like this one, implicate claims of improper use of confidential information or trade secrets." *Citibank, N.A. v. Mitchell*, No. 24-cv-08224, 2024 WL 4906076, at *6 (N.D. Cal. Nov. 26, 2024); *Trulite Glass & Aluminim Sols., LLC v. Smith*, No. 16-01798, 2016 WL 8738432, at *1 (E.D. Cal. Aug. 10, 2016) ("[C]ourts frequently find good cause for expedited discovery in intellectual property cases and cases

---

[1] Unless otherwise noted, internal citations and internal quotation marks have been omitted from quotes, and any emphasis has been added.

where a preliminary injunction is pending.").[2] Here, the five good-cause factors, individually and cumulatively, weigh in favor of expedited discovery.

### A.    Apple seeks a preliminary injunction.

Apple concurrently moves to preliminarily enjoin Defendants' unlawful conduct—which includes wide-scale trade secret misappropriation and breaches of confidentiality obligations—and it is well-settled that the pendency of a motion for preliminary injunction weighs in favor of expedited discovery. *See, e.g.*, *SolarPark Korea Co. v. Solaria Corp.*, No. 23-cv-01181, 2023 WL 4983159, at *12 (N.D. Cal. Aug. 2, 2023) (finding pending preliminary injunction motion weighs "in favor of discovery to allow for its enforcement"); *Synopsys, Inc. v. InnoGrit, Corp.*, No. 19-cv-02082, 2019 WL 1779978, at *3 (N.D. Cal. Apr. 23, 2019) (same); *Washington v. Lumber Liquidators, Inc.*, No. 15-cv-01475, 2015 WL 2089992, at *2 (N.D. Cal. May 5, 2015) ("[T]he pendency of [p]laintiffs' motion for a preliminary injunction supports their request for expedited discovery."). Accordingly, the first good-cause factor favors expedited discovery.

### B.    Apple's discovery requests are appropriately tailored.

Apple's expedited discovery requests—attached to the Declaration of Vanessa Sim in Support of Plaintiff Apple Inc.'s Motion for Expedited Discovery ("Sim Decl.") as Exhibits A-G—are limited and tailored to elicit information that will facilitate an accurate assessment of the scope of Defendants' unlawful conduct and allow the Court to make well-informed decisions about Apple's requested injunctive relief. Apple requests leave to serve limited sets of written discovery requests and to depose four individual witnesses and one corporate representative under Rule 30(b)(6).

---

[2] *See also Miloedu, Inc. v. James*, No. 21-cv-09261, 2021 WL 6072821, at *4 (N.D. Cal. Dec. 23, 2021); *Comet*, 2018 WL 1990226, at *7 (granting expedited discovery where plaintiff alleged trade secret misappropriation); *Praecipio Consulting, LLC v. Howser*, No. 25-cv-02927, 2025 WL 1084766, at *1 (N.D. Cal. Apr. 10, 2025) (same); *Apple Inc. v. Samsung Elecs. Co.*, No. 11-cv-01846, 2011 WL 1938154, at *2 (N.D. Cal. May 18, 2011) (same); *Posdata Co. v. Kim*, No. 07-0250, 2007 WL 1848661, at *9 (N.D. Cal. June 27, 2007) (same); *Kinect Renewable Sols., LLC v. DesVerney*, No. 22-0423, 2022 WL 21768580, at *13 (C.D. Cal. Mar. 15, 2022) (same).

First, Apple seeks to serve six Requests for Production ("RFPs") on each Individual Defendant and seven RFPs on the Corporate Defendants. (*See* Sim Decl., Exs. D-F.) Apple's proposed RFPs seek production of the following:

- Communications, Documents, and Things between the Defendants and certain former Apple employees embodying, incorporating, identifying, describing, discussing, containing, disclosing, seeking, relating to, or referring to any Apple Originated Information;

- Communications, Documents, and Things exchanged with any third party embodying, incorporating, identifying, describing, discussing, containing, disclosing, seeking, relating to, or referring to any Apple Originated Information;

- Full Forensic Copies (images) of Apple-Issued Devices and Accounts, and other computers, drives, devices or accounts that Defendants have used to access, copy, download, obtain, receive, retrieve, share, store, or otherwise transmit Apple Originated Information, to enable forensic analyses;[3]

- Communications, Documents, and Things showing any steps Defendants have taken to ensure they were not accessing, acquiring, storing, reviewing, disclosing, soliciting, misusing or misappropriating Apple Originated Information for any purpose, including for OpenAI's business, its platforms, and its systems;

- Communications, Documents, and Things showing any and all efforts to delete, destroy, tamper with, or conceal the unauthorized acquisition, use, disclosure, or solicitation of Apple Originated Information;

- Documents sufficient to show hardware development at OpenAI involving (1) battery technology, including can size, flange specifications, and manufacturing tolerances; (2) the metal finishing process, including surface preparation and anodization

---

[3] Forensic imaging is routinely ordered with expedited discovery in cases involving trade secret theft. *See, e.g.*, *WeRide*, 379 F. Supp. 3d at 856 (ordering defendants during expedited discovery to make devices "available to [plaintiff's] counsel of record for full-disk forensic imaging and data preservation by [plaintiff], for [plaintiff's] counsel's review on an Attorney's Eyes Only basis"); *eHealthinsurance Servs., Inc. v. Healthpilot Techs. LLC*, No. 21-cv-4061, 2021 WL 3052918, at *3 (N.D. Cal. July 20, 2021) (ordering defendants during expedited discovery to "make available all of their electronic data storage system(s) and/or personal computer(s), including but not limited to computers (including those computers issued by [plaintiff]), hard drives, USB storage devices, cloud based data storage systems, smart phones, and any other electronic storage device(s) (together with log-ons and passwords for each) to an independent third party forensic analyst to create a forensic image").

recipes; and (3) power management specifications and implementations, including peak power and noise mitigation techniques; and

- Documents Defendants intend to rely on in opposing or at any hearing on Apple's Motion for Preliminary Injunction.

(Sim Decl., Exs. D-F.) *See Trulite*, 2016 WL 8738432, at *1 (permitting plaintiffs to serve six requests for production on each of the six defendants); *Eurofins*, 2024 WL 4453315, at *2 (permitting plaintiffs to serve four categories of requests for production); *Accretive Specialty Ins. Sols., LLC v. XPT Partners, LLC*, No. 8:23-cv-01903, 2023 WL 9019017, at *4 (C.D. Cal. Oct. 13, 2023) (permitting plaintiff to serve requests for production related to five identified categories of information and ordering defendants to produce documents within seven calendar days of service).

Second, Apple seeks to serve seven interrogatories on the Corporate Defendants, six interrogatories on Defendant Tang Tan, and five interrogatories on Defendant Chang Liu which, like Apple's proposed RFPs, seek limited information about each Defendant's improper access, disclosure, and use of Apple's proprietary and trade secret information. If Defendants are unable to provide any of the requested documents or information because the evidence of it no longer exists, one interrogatory requires them to identify information that was responsive but is no longer available and explain the circumstances of such information's loss, deletion, or destruction. (Sim Decl., Ex. A at Interrogatory No. 4, Ex. B at Interrogatory No. 4, Ex. C at Interrogatory No. 4.) *See e.g.*, *Advanced Lab'ys Int'l, LLC v. Valentus, Inc.*, No. 17-MC-80096, 2017 WL 6209297, at *4 (N.D. Cal. Dec. 8, 2017) (ordering specific description of documents that were responsive but no longer available and the circumstances of their destruction or loss). An additional interrogatory seeks information related to the bases for contentions and defenses Defendants assert in opposition to Apple's motion for preliminary injunction, including any contention that they did not violate the Defend Trade Secrets Act. (Sim Decl., Ex. A at Interrogatory No. 5, Ex. B at Interrogatory No. 5, Ex. C at Interrogatory No. 6.) *Accretive*, 2023 WL 9019017, at *4 (permitting plaintiff to serve interrogatories related to five identified categories of information and ordering defendants to respond within five calendar days of service).

Third, Apple requests an order that Defendants make available for deposition Individual Defendants Chang Liu and Tang Tan, OpenAI employee Alyssa Peng, and another employee at OpenAI who used to work at Apple ("Individual No. 1") under Rule 30(b)(1), one of the additional eleven

individuals named in Apple's July 10, 2026 letter to OpenAI (Henry Decl., Ex. D.) As explained in the concurrently filed Declaration of Daniel Roffman in Support of Plaintiff Apple Inc.'s Motion for Preliminary Injunction, Apple's initial investigation already has uncovered evidence of Mr. Liu accessing, copying, and downloading confidential and proprietary Apple information during his employment at OpenAI. (Roffman Decl. ¶ 20.) It has revealed that Mr. Tan has been referencing and inquiring about Apple confidential information during recruiting efforts, directing job candidates to "bring [Apple] parts" such as "Batteries," "SIP" (Systems-in-Package), "mlb" (multi-layer or main logic boards), and "shields," to their OpenAI interviews, and distributing an internal Apple document relating to Apple exit processes to OpenAI's new recruits when they are leaving Apple. (*Id.* ¶¶ 31-41.) It has revealed that OpenAI has instructed job candidates while still working at Apple to bring "prototypes" and "CAD/design artifacts" to use during presentations they give to OpenAI as they are being recruited. (*Id.*)

Further, Apple's preliminary investigation has uncovered that Ms. Peng continued to exchange information about confidential Apple projects with Mr. Liu while he was employed at OpenAI and developing OpenAI's competing hardware. (*Id*. ¶ 25.) Mr. Liu also coached Ms. Peng how to access and copy files from Apple workstations without detection and directed her to specific Apple project folders and proprietary data. (*Id*.) And, Apple's ongoing investigation has already shown that Mr. Liu and another individual named in Apple's July 10, 2026 letter to OpenAI used Apple proprietary information, including information concerning an unannounced Apple product, to help Ms. Peng prepare for her interview with OpenAI, as she was considering leaving Apple.

Also, in the hours before his interview with OpenAI, Individual No. 1 began screenshotting and downloading information related to the highly confidential Apple project about which Mr. Tan inquired during that interview. (*Id*. ¶¶ 28-29.) Individual No. 1's conduct—like that of the other individuals identified in Apple's July 10, 2026 letter to OpenAI (*see* Henry Decl., Ex. D)—raises serious concerns about still more unlawful misappropriation.

Given the evidence Apple has already uncovered of these bad acts, Apple should be permitted to depose Mr. Liu, Mr. Tan, Ms. Peng and Individual No. 1 to uncover the scope of their access, use, and disclosure of Apple's proprietary information and trade secrets. *See Accretive*, 2023 WL

9019017, at *4 (permitting plaintiff to take five depositions, including one 30(b)(6) deposition and two depositions of non-party witnesses); *Trulite*, 2016 WL 8738432, at *1 (permitting plaintiff to take six depositions during expedited discovery).

Fourth, Apple should be permitted to depose an OpenAI representative under Rule 30(b)(6). The depositions of the individual fact witnesses will not necessarily reveal OpenAI's knowledge of Apple's proprietary information and trade secrets or how they have been accessed, stored, used, or incorporated into OpenAI's business, products, and systems. Apple should be permitted to take discovery on these issues, including its allegation that OpenAI induced one of Apple's suppliers to perform an Apple proprietary metal-finishing process, as well as any efforts OpenAI took or failed to take to prevent Apple's proprietary information and trade secrets from being brought into and used at OpenAI—including by the individuals named in Apple's July 10, 2026 letter to OpenAI (Henry Decl., Ex. D)—including internal policies, onboarding practices, and security protocols. *See, e.g., Perdomo v. Noem*, No. 2:25-cv-05605, 2025 WL 3053167, at *6 (C.D. Cal. Oct. 17, 2025) (permitting plaintiff to take a Rule 30(b)(6) deposition during expedited discovery); *See Accretive*, 2023 WL 9019017, at *4 (allowing plaintiff to take five depositions including the "[defendant's] person most knowledgeable" during expedited discovery). Should the Court order the expedited depositions of the Individual Defendants, the Corporate Defendants, Ms. Peng, and Individual No. 1, Apple will limit its time on record with these witnesses to twenty (20) hours total, with no single deposition exceeding seven (7) hours on the record.[4]

Apple's proposed discovery requests seek information necessary to "better understand the nature and extent" of Defendants' misappropriation and use of Apple's trade secrets. *Comet*, 2018 WL 1990226, at *7. And, as noted above, Courts have found similar discovery requests sufficiently narrow in granting motions for expedited discovery. *See id.*; *Synopsys*, 2019 WL 1779978, at *4;

---

[4] This proposed limitation does not apply to depositions of declarants Defendants rely on in opposing Apple's motion for preliminary injunction, including, if applicable, Messrs. Liu and Tan. The parties will need to separately meet and confer about depositions of declarants supporting preliminary injunction papers and appropriate limitations for any such depositions.

*U.S. Legal Support, Inc. v. Beverly*, No. 5:25-cv-00218, 2025 WL 1766348, at *5 (C.D. Cal. Jan. 30, 2025) (granting "discovery [] limited to understanding the extent of the alleged misappropriation ahead of the preliminary injunction hearing"); *Pyro Spectaculars N., Inc. v. Souza*, No. 12-cv-0299, 2012 WL 13220023, at *3 (E.D. Cal. Feb. 8, 2012) (granting discovery "focused on any confidential and proprietary information allegedly misappropriated and whether [the plaintiff] st[ood] to suffer irreparable harm as a result of defendant's alleged misconduct"); *Praecipio*, 2025 WL 1084766, at *2 (granting plaintiffs' request to take discovery on the extent of defendants' misappropriation, identities of entities and persons with whom defendants shared plaintiff's confidential information, and the extent of defendants' copying and recreation of plaintiffs' confidential information). Apple surely will be entitled to more fulsome and expansive discovery as this case proceeds, but for expediency has limited its requests to just the several expedited requests and five depositions described above.

Consequently, the second good-cause factor favors expedited discovery.

**C.     Apple is entitled to discover the nature of Defendants' misappropriation.**

Apple intends to use the requested expedited discovery to protect its intellectual property, which it spent decades developing, to better understand the nature and scope of Defendants' misappropriation, and to better enable the Court to determine how best to stop Defendants' unlawful conduct and the irreparable harm Apple would suffer absent an injunction.

This Court recognizes that "determining the extent of [] unauthorized use" of trade secrets justifies expedited discovery. *Synopsys*, 2019 WL 1779978, at *4; *see also Comet*, 2018 WL 1990226, at *7. Indeed, "[q]uickly determining what information [d]efendant removed from [p]laintiff, and whether and how [p]laintiff's information is being used by [p]laintiff's competitors is essential in order to minimize any harm to [p]laintiff's competitive position." *Id.*; *see also SolarPark*, 2023 WL 4983159, at *12 ("The [c]ourt agrees that [plaintiff] needs this early discovery to uncover the identities of the Doe Defendants and potentially take action to restrain the use of its trade secrets by entities beyond Solaria."); *Intrepid Automation, Inc. v. 3D Sys. Corp.*, No. 24-cv-2262, 2025 WL 712652, at *3 (S.D. Cal. Mar. 5, 2025) (finding expedited discovery "appropriate as [plaintiff] seeks to 'prevent alleged infringement of its intellectual property and to forestall allegedly irreparable harm associated with a loss of market share and consumer good will"). Likewise, minimizing harm and the threat of

harm to a trade secret owner's intellectual property rights justifies expedited discovery. *See WeRide*, 379 F. Supp. 3d at 854 (finding expedited discovery would "help to minimize harm to [plaintiff's] competitive position and to protect [plaintiff's] trade secrets from disclosure.").

Further, this Court has repeatedly acknowledged that expedited discovery aids its evaluation and enforcement of injunctive relief. *See Apple*, 2011 WL 1938154, at *2 (finding "expedited discovery would allow the [c]ourt to address any request for preliminary injunctive relief at the outset of the case, thereby providing a measure of clarity to the parties early in the proceeding and facilitating effective case management"); *SolarPark*, 2023 WL 4983159, at *12 (finding expedited discovery necessary "for purposes of enforcing the [p]reliminary [i]njunction"); *Eurofins*, 2024 WL 4453315, at *1 (finding expedited discovery would "aid the [c]ourt in determining whether a preliminary injunction is appropriate"); *ExamWorks v. Baldini*, No. 2:20-cv-00920, 2020 WL 2307103, at *4 (E.D. Cal. May 8, 2020) ("[E]xpedited discovery will allow for development of the record by the time of the preliminary injunction hearing").

For these reasons, the third good-cause factor favors expedited discovery.

### D.   Apple's discovery requests are not unduly burdensome.

Apple's discovery requests are appropriately limited to Defendants' acquisition, use, and disclosure of Apple's trade secrets and seek information uniquely within Defendants possession, custody and control. (*See* Section IV.B.) Requiring Defendants to produce targeted documents and answer interrogatories regarding their own access, use, and disclosure of Apple's trade secret information, and allowing Apple to depose several of the key players and parties involved will not impose an undue burden. While requiring Defendants to provide forensic images of devices they used to perpetrate their misconduct imposes some expenditure of time and resources, it does not constitute an undue burden because it will provide central evidence of how Defendants perpetrated their misconduct and, as discussed above, forensic imaging is frequently ordered and thus a regular component of discovery in trade secret cases. (*See* note 3.) Deposing several key fact witnesses Apple is aware of today, and taking a corporate deposition of OpenAI, will be important and essential to further understanding the scope of Defendants' misconduct and to explain the documents and data revealed through written discovery.

Courts have approved discovery requests like Apple's, particularly where, as in this case, the discovery is essential to determining the scope of trade secret misappropriation and crafting or enforcing injunctive relief. *See Eurofins*, 2024 WL 4453315, at *1 (finding "any conceivable burden outweighed by the importance of expedited discovery"); *Beverly*, 2025 WL 1766348, at *5 (finding "narrow scope" of plaintiff's requests, which included document requests, interrogatories, and 30(b)(6) depositions related to the defendant's trade secret misappropriation, would limit burden on defendant); *Pyro*, 2012 WL 13220023 at *3 (finding that limited expedited discovery would not "unduly prejudice defendant"). And any burden imposed on Defendants is outweighed by Apple's need for the requested discovery. *See Kinect*, 2022 WL 21768580, at *13 ("The [c]ourt finds that the discovery [plaintiff] seeks on an expedited basis 'is limited enough in scope that any prejudice to [d]efendant[s] is outweighed by the need for expedited discovery.'"); *Eurofins*, 2024 WL 4453315, at *1 (similar). Apple needs expedited discovery to uncover dissipating facts outside its control to determine the full scope of how its proprietary information and trade secrets have been misappropriated.

The fourth good-cause factor therefore favors expedited discovery.

### E.    Courts routinely grant expedited discovery at this stage.

Courts routinely grant requests for expedited discovery accompanying preliminary injunction motions. *See SolarPark*, 2023 WL 4983159, at * 12 (granting expedited discovery where it was "made well in advance of the typical discovery process," explaining that it was "necessary to learn the identities of the other entities that may utilize the [plaintiff's] trade secrets"); *see also Synopsys*, 2019 WL 1779978, at *4 (granting expedited discovery where it was requested "in advance of the typical discovery process" and no case schedule or initial case management conference was set); *Beverly*, 2025 WL 1766348, at *5 (granting expedited discovery where plaintiff requested expedited discovery the same day it filed its complaint). Thus, the timing of Apple's request is no impediment to expedited discovery.

Apple also requests that the Court make clear the discovery propounded or taken in connection with this expedited discovery order shall not count against, and shall be in addition to, any discovery otherwise permitted by the Federal Rules of Civil Procedure, the Local Rules of the Northern District

CASE NO. 5:26-CV-0708-EJD

PLAINTIFF APPLE INC.'S MOTION FOR EXPEDITED DISCOVERY

of California, or any subsequent case management order governing merits discovery in this action. *Fed. Trade Comm'n v. GM UniverseApps Ltd.*, No. 26-cv-05232, 2026 WL 1912087, at *10 (N.D. Cal. July 2, 2026) ("Any expedited discovery taken pursuant to this Section is in addition to, and is not subject to, the limits on discovery set forth in the Federal Rules of Civil Procedure and the Local Rules of this Court.").

## V.    CONCLUSION

Apple respectfully requests that the Court grant its motion for expedited discovery.

Dated: August 3, 2026

Respectfully submitted,

WEIL, GOTSHAL & MANGES LLP

*/s/ Gabriel S. Gross*
Gabriel S. Gross (SBN 254672)
Gaby LaHatte (SBN 321844)
Vanessa K. Sim (SBN 341107)
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, California 94065
Telephone: (650) 802-3000
Facsimile: (650) 802-3100
gabe.gross@weil.com
gaby.lahatte@weil.com
vanessa.sim@weil.com

Christopher W. Henry (*pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
1001 Boylston Street, Suite 300
Boston, Massachusetts 02115
Telephone: (617) 772-8300
Facsimile: (617) 772-8333
chris.henry@weil.com

Rachel L. Weiner Cohen (*pro hac vice*)
Nicole Elena Bruner (*pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
2001 M Street NW, Suite 600
Washington, DC 20036
Telephone: (202) 682-7000
Facsimile: (202) 857-0940
rachel.cohen@weil.com
nicole.bruner@weil.com

Heather Blacklaws (*pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
600 Congress Avenue, Suite 2170
Austin, Texas 78701
Telephone: (512) 487-1480
Facsimile: (512) 487-1520
heather.blacklaws@weil.com

Nina Shapiro (*pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
767 5th Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
nina.shapiro@weil.com

John M. Desmarais (SBN 320875)
DESMARAIS LLP
230 Park Avenue, 26th Floor

PLAINTIFF APPLE INC.'S MOTION FOR
EXPEDITED DISCOVERY

New York, New York 10169
Telephone: (212) 351-3400
Facsimile: (212) 351-3401
jdesmarais@desmaraisllp.com

*Attorneys for Plaintiff Apple Inc.*