# EXHIBIT A

# REDACTED VERSION OF DOCUMENT FILED UNDER SEAL

REDACTED VERSION OF DOCUMENT FILED UNDER SEAL

Gabriel S. Gross (SBN 254672)
Gaby LaHatte (SBN 321844)
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, California 94065
Telephone: (650) 802-3000
Facsimile: (650) 802-3100
gabe.gross@weil.com
gaby.lahatte@weil.com

Christopher W. Henry (*pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
1001 Boylston Street, Suite 300
Boston, Massachusetts 02115
Telephone: (617) 772-8300
Facsimile: (617) 772-8333
chris.henry@weil.com

Rachel L. Weiner Cohen (*pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
2001 M Street NW, Suite 600
Washington, DC 20036
Telephone: (202) 682-7000
Facsimile: (202) 857-0940
rachel.cohen@weil.com

John M. Desmarais (SBN 320875)
DESMARAIS LLP
230 Park Avenue, 26th Floor
New York, New York 10169
Telephone: (212) 351-3400
Facsimile: (212) 351-3401
jdesmarais@desmaraisllp.com

*Attorneys for Plaintiff Apple Inc.*

[Additional Counsel listed in signature block]

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC.,<br><br>              Plaintiff,<br><br>       vs.<br><br>CHANG LIU, TANG YEW TAN, OPENAI FOUNDATION f/k/a OPENAI, INC., OPENAI GROUP PBC, and IO PRODUCTS, LLC f/k/a IO PRODUCTS, INC.,<br><br>              Defendants. | Case No. 5:26-cv-07078-EJD<br><br>**PLAINTIFF APPLE INC.'S FIRST SET OF EXPEDITED INTERROGATORIES TO DEFENDANT TANG YEW TAN** |

Pursuant to Rules 26 and 33 of the Federal Rule of Civil Procedure, all applicable rules and orders of the Court, and the Court's Order Granting Expedited Discovery, Plaintiff Apple Inc. ("Apple") serves its First Set of Expedited Interrogatories (the "Interrogatories" and each an "Interrogatory") on Defendant Tang Yew Tan ("Defendant"). Defendant is directed to provide written objections and responses to the Requests within thirty (30) days of Court's Order Granting Expedited Discovery in accordance with the definitions and instructions provided below.

## DEFINITIONS AND INSTRUCTIONS

1.    The term "Action" as used herein, shall refer to the above-captioned action: *Apple Inc. v. Liu et al.*, Case No. 5:26-cv-07078-EJD, pending in the Northern District of California.

2.    The term "Complaint" as used herein, shall refer to the operative complaint in this Action.

3.    The terms "You," "Your," or "Yours" shall refer to Defendant Tang Yew Tan.

4.    The term "Plaintiff" or "Apple" as used herein, shall refer to Plaintiff Apple Inc. and shall include its subsidiaries and affiliates, and each of their respective current and former officers, directors, employees, consultants, and agents.

5.    The term "Apple's July 10 Pre-Suit Letter to OpenAI" as used herein refers to the letter from Apple's outside counsel Gabriel S. Gross to OpenAI, Inc. General Counsel Che Chang sent by email on July 10, 2026. (*See* Declaration of Christopher W. Henry in Support of Apple's Motion for Preliminary Injunction, Ex. D, July 10, 2026 Letter.)

6.    The term "Certain Former Apple Employees" used herein, shall refer to the following current OpenAI employees who are former Apple employees: Chang Liu, Tang Yew Tan, Yu-Ting ("Alyssa") Peng, and all other OpenAI employees named in Apple's July 10 Pre-Suit Letter to OpenAI.

7.    The term "OpenAI" as used herein, shall refer to OpenAI Foundation f/k/a OpenAI, Inc. and shall include its subsidiaries and affiliates, including OpenAI Group PBC, and io Products, LLC f/k/a io Products, Inc., and each of their respective current and former officers, directors, employees (including Certain Former Apple Employees and OpenAI Recruiters), consultants, and agents.

8.    "OpenAI Recruiters" shall refer to anyone at OpenAI or who worked on behalf of

CASE NO. 5:26-CV-07078-EJD

PLAINTIFF'S FIRST SET OF EXPEDITED INTERROGATORIES TO DEFENDANT TANG YEW TAN

1

OpenAI to recruit Apple employees, including but not limited to Tang Yew Tan and Chang Liu.

9.    The term "███████" as used herein, shall refer to ██████████████████████ ██████ and shall include its subsidiaries and affiliates and current and former officers, directors, employees, consultants, and agents.

10.    The term "███████" as used herein, shall refer to ██████████████████████ ████████ and shall include its subsidiaries and affiliates and current and former officers, directors, employees, consultants, and agents.

11.    The term "█████" as used herein, shall refer to ████████████████████ and shall include its subsidiaries and affiliates and current and former officers, directors, employees, consultants, and agents.

12.    The term "IPA" as used herein, shall refer to the Intellectual Property Agreement between You and Apple, dated February 8, 1999, and attached as Exhibit C to the Declaration of Joy Ieyoub in Support of Apple Inc.'s Motion for Preliminary Injunction.

13.    The term "Apple-Issued Devices and Accounts" as used herein, shall refer to any and all hard drives, computers, laptops, phones, tablets, USB devices, or other electronic devices, and any email accounts, cloud accounts, or accounts that access Apple services, that (1) Apple issued to You; (2) You used during Your employment at Apple; (3) that connects or has previously connected to Apple work; (4) or was issued to or used by another Certain Former Apple Employee during the scope of their employment at Apple.

14.    The term "Apple Originated Information" as used herein, shall refer to any information that was created for or by Apple, or that was learned as a result of or created for purposes of supporting, analyzing, or otherwise advancing any Apple business or other endeavor, and which is not provided or disseminated in its entirety to the public.

15.    The term "Communication" and "Communications" as used herein, shall include, without limitation, any written or oral correspondence or communication, including any conversation in person, by telephone, by text message, by email, by letter, by facsimile, or by any other means. A document or thing transferred, whether temporarily or permanently, from one person to another shall

be deemed to be a communication between such persons whether or not such document or thing was prepared or created by the transferor or addressed to the transferee. For the avoidance of doubt, the term "Document" includes any tangible or electronic "Communication."

16.     The term "Document" or "Documents" as used herein, shall mean all documents, writings, electronically stored information, or things within the scope of Fed. R. Civ. P. 34, including but not limited to agreements and contracts; assignments; licenses; correspondence; reports, notes, and memoranda; summaries, minutes, notes, and records of telephone conversations, meetings, and conferences; reports and/or summaries of investigations; opinions and reports of experts and consultants; statements of persons having knowledge of relevant facts; text messages; social media messages; cablegrams and telex messages; facsimile transmissions; patents, trademarks, copyrights, and applications for each of them; opinions of counsel; sales records, including purchase orders, order acknowledgments, and invoices; books of account; statements, bills, checks, and vouchers; brochures, pamphlets, catalogs, sales literature, and sales promotion material; advertisements; trade letters, notices, announcements, and press releases; specification sheets and diagrams; warranty forms; notebooks, data sheets, photographic negatives, architectural diagrams, blueprints, schematics, logic diagrams, timing diagrams, pictures, photographs, and screenshots; all data or information stored on computer-readable media, such as electro-magnetic or other disks, diskettes, hard disk drives, tapes, cartridges, and CDROM, including software, firmware, source code, and electronic mail, including attachments thereto; software, firmware and source code not stored on computer readable media; and all writings as that term is defined by Rule 1001 of the Federal Rules of Evidence. The terms "Document" and "Documents" further include all copies where the copy is not identical to the original. Any document bearing marks, including, without limitation, initials, stamped indicia, comments, or notations not part of the original text or photographic reproduction thereof, is a separate Document.

17.     The term "Thing" or "Things" as used herein, shall be interpreted in the most comprehensive and inclusive sense in light of Fed. R. Civ. P. 34 and mean any tangible object, other than a document, and includes objects of every kind and nature Including prototypes, models, specimens, video and audio recordings, and transcripts.

18.     For the avoidance of doubt, any reasonable search would include any Apple-Issued Devices and Accounts, OpenAI or personal email or cloud accounts, mass storage devices, external solid state drives, and external hard drives, CD, floppy disc, Baidu Netdisk, server, file transfer site, network attached storage (NAS) devices, computers, laptops, phones, tablets, USB devices, or other electronic devices used at any time for work related to OpenAI.

19.     The words "and" and "or" as used herein, shall be construed either conjunctively or disjunctively, as required by the context, to bring within the scope of these interrogatories any information that might be deemed outside their scope by any other construction.

20.     The terms "any," "all," "every," and "each" as used herein, shall each mean and include the other.

21.     The use of the term "the" as used herein, shall not be construed as limiting the scope of any Interrogatory.

22.     The term "person" or "persons" as used herein, shall mean an individual, corporation, proprietorship, partnership, association, joint venture, or any other entity.

23.     The term "third party" or "third parties" means any person other than the parties to this Action.

24.     The phrases "regarding," "relating to" and "in connection with" as used herein, shall mean referring to, concerning, mentioning, reflecting, pertaining to, evidencing, involving, describing, discussing, commenting on, embodying, responding to, supporting, contradicting, or constituting (in whole or in part).

25.     The term "including" as used herein, shall mean "including without limitation."

26.     The terms "state with full particularity" or "describe with full particularity" as used herein, shall mean to recite in writing all facts that the responding party or its counsel have obtained, have access to, and/or are aware of that refer or relate to the subject matter about which an interrogatory is being made, including but not limited to:

      i.     the source or sources of each stated fact;

      ii.    the date upon which the responding party or its counsel obtained and/or became aware of each stated fact;

---

CASE NO. 5:26-CV-07078-EJD

4

PLAINTIFF'S FIRST SET OF EXPEDITED INTERROGATORIES TO DEFENDANT TANG YEW TAN

iii.    the identity of all persons with knowledge of each stated fact;

iv.    the identity of all documents that refer or relate to each stated fact; and,

v.    the identity of all communications referring or relating to each stated fact.

27.    The term "identify" as used herein shall mean the following:

i.    when referring to a person, to state his or her full name, present or last known home address, telephone number, title and/or occupation, present or last known employer and relationship, if any, to the responding party;

ii.    when used with reference to a document, to state the date and author (and, if different, the signors), the addressees, the identity of persons who received the document (or copies thereof), the type of document (e.g., letter, memorandum, telegram, chart, etc.), the document's present or last known location and custodian and all other means of identifying the document with sufficient particularity to satisfy the requirements for its inclusion in a request for its production pursuant to Rule 34 of the Federal Rules of Civil Procedure and/or a subpoena duces tecum;

iii.    when referring to a communication, to state the date and time of the communication, the initiator(s) and recipient(s) of the communication, the manner in which the communication was made (e.g., correspondence, telephone, etc.), the contents of the communication and any and all documents referring or relating to the communication; and

iv.    when referring to a fact, an act, occasion, event, instance or occurrence, to state the identity of each person who participated in or witnessed the act, occasion, event, instance or occurrence, the date and place of the act, occasion, event, instance or occurrence, and the events that transpired.

28.    The use of the singular form of any word includes the plural and vice versa.

29.    If You object to an Interrogatory on grounds of privilege or work product, answer the Interrogatory with such non-privileged information as is responsive, identify the nature of the information withheld as privileged, and specify the basis for Your claim of privilege.

30.    These Interrogatories shall be deemed continuing so as to require further supplemental response by You and in the event You obtain or discover additional information or documents between the time of initial response and the time of hearing or trial. This paragraph shall not be construed to alter Your obligations to comply with all other instructions herein.

---

CASE NO. 5:26-CV-07078-EJD                    PLAINTIFF'S FIRST SET OF EXPEDITED INTERROGATORIES TO DEFENDANT TANG YEW TAN

5

## INTERROGATORIES

### INTERROGATORY NO. 1

Identify with particularity all Communications, Documents, and Things between You, the other Defendants, and/or Certain Former Apple Employees embodying, incorporating, identifying, describing, discussing, containing, disclosing, seeking, relating to, referring to, that are based on, integrate, or adapt any Apple Originated Information that is in Your possession, custody, or control, or was ever in Your possession, custody, or control after February 2, 2024.

This includes but is not limited to the following Communications, Documents, and Things reflecting, for example: (1) Apple Originated Information reviewed, copied, downloaded, or otherwise accessed or exploited from Apple's third-party cloud repository or any other Apple storage repository, including any of the files, or information from the files; (2) Apple Originated Information shared, elicited, or disclosed in communications and/or interviews with current or Certain Former Apple Employees; (3) "Actual parts" or "parts," such as "Batteries," "SIP" (Systems-in-Package), "mlb" (multi-layer or main logic boards), "shields," "housings and BGs in different colors," "piece parts," "prototypes," and "artifacts" brought from Apple to OpenAI for "show and tell;" and (4) Apple Originated Information shared, disseminated, or received outside of Apple, including within OpenAI, and any Communications, Documents, and Things embodying any Apple Originated Information. To the extent You respond by referring to business records under Rule 33(d), Your answer should specify in sufficient detail which portion(s) of those records are responsive.

### INTERROGATORY NO. 2

Identify all Persons, including any organizations with whom they are associated, to whom You have disclosed or from whom You received any Apple Originated Information after February 2, 2024, and identify and describe with particularity all Apple Originated Information disclosed or received and when it was disclosed or received. This includes but is not limited to all Apple Originated Information disclosed to or received from ███████████, and ███.

### INTERROGATORY NO. 3

Identify all accounts, electronic devices or storage locations (e.g., network servers, cloud storage

or email accounts), and apps that are or have been in Your possession, custody, or control used to access, acquire, store, use, review, disclose, solicit, or communicate about, for any purpose, Apple Originated Information after February 2, 2024.

This includes but is not limited to personal, OpenAI-, and Apple-Issued Devices and Accounts, including Your accounts registered to ███████████████████; Your emails ███████████ ████████; the LINE App, Signal, Telegram, Kik; and any other accounts, electronic devices and other storage locations used to access, acquire, store, use, review, disclose, solicit, or communicate about, for any purpose, Apple Originated Information.

**INTERROGATORY NO. 4**

If a device, account, storage location, or app identified in response to Interrogatory No. 3 no longer contains Apple Originated Information or Documents containing, describing, disclosing, identifying, or relating or referring to any Apple Originated Information, describe with particularity what Apple Originated Information was accessed, copied, downloaded, stored, received, transmitted, shared, or otherwise obtained on it; how that Apple Originated Information was accessed; how long that Apple Originated Information was stored on it; and the circumstances surrounding the erasure, deletion, or destruction of that Apple Originated Information including when it happened, who was involved, and the reason.

**INTERROGATORY NO. 5**

If You contend that You did not violate the Defend Trade Secrets Act, 18 U.S.C. § 1836 in opposition to Apple's motion for preliminary injunction, including by improperly obtaining Apple Originated Information without authorization, or using or disclosing such information for OpenAI's benefit, state the complete factual and legal bases for Your contentions and defenses, including by identifying all documents that support or refute Your contentions and defenses.

**INTERROGATORY NO. 6**

For every Certain Former Apple Employee You considered or interviewed for employment at OpenAI describe all sharing, showing, disclosing, discussing, or other communications about Apple Originated Information during the recruitment process, including by identifying: (1) candidates and

interview participants; (2) the date of the interview; (3) all Apple Originated Information discussed and the nature and content of the discussions; (4) whether Apple parts were present, requested, or delivered; (5) a description of any Apple parts that were present, requested, or delivered; (6) whether the interview was recorded, transcribed, or otherwise memorialized in any way; and (7) the terms of the OpenAI employment offer.

Dated: August 3, 2026

Respectfully submitted,

WEIL, GOTSHAL & MANGES LLP

*/s/ Gabriel S. Gross*
Gabriel S. Gross (SBN 254672)
Gaby LaHatte (SBN 321844)
Vanessa K. Sim (SBN 341107)
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, California 94065
Telephone: (650) 802-3000
Facsimile: (650) 802-3100
gabe.gross@weil.com
gaby.lahatte@weil.com
vanessa.sim@weil.com

Christopher W. Henry (*pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
1001 Boylston Street, Suite 300
Boston, Massachusetts 02115
Telephone: (617) 772-8300
Facsimile: (617) 772-8333
chris.henry@weil.com

Rachel L. Weiner Cohen (*pro hac vice*)
Nicole Elena Bruner (*pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
2001 M Street NW, Suite 600
Washington, DC 20036
Telephone: (202) 682-7000
Facsimile: (202) 857-0940
rachel.cohen@weil.com
nicole.bruner@weil.com

Heather Blacklaws (*pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
600 Congress Avenue, Suite 2170
Austin, Texas 78701
Telephone: (512) 487-1480
Facsimile: (512) 487-1520
heather.blacklaws@weil.com

Nina Shapiro (*pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
767 5th Avenue
New York, New York 10153
Telephone: (212) 310-8000

CASE NO. 5:26-CV-07078-EJD

9

PLAINTIFF'S FIRST SET OF EXPEDITED
INTERROGATORIES TO DEFENDANT
TANG YEW TAN

CASE NO. 5:26-cv-07078-EJD

Facsimile: (212) 310-8007
nina.shapiro@weil.com

John M. Desmarais (SBN 320875)
DESMARAIS LLP
230 Park Avenue, 26th Floor
New York, New York 10169
Telephone: (212) 351-3400
Facsimile: (212) 351-3401
jdesmarais@desmaraisllp.com

*Attorneys for Plaintiff Apple Inc.*