# EXHIBIT D

# REDACTED VERSION OF DOCUMENT FILED UNDER SEAL

REDACTED VERSION OF
DOCUMENT FILED
UNDER SEAL

Gabriel S. Gross (SBN 254672)
Gaby LaHatte (SBN 321844)
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, California 94065
Telephone: (650) 802-3000
Facsimile: (650) 802-3100
gabe.gross@weil.com
gaby.lahatte@weil.com

Christopher W. Henry (*pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
1001 Boylston Street, Suite 300
Boston, Massachusetts 02115
Telephone: (617) 772-8300
Facsimile: (617) 772-8333
chris.henry@weil.com

Rachel L. Weiner Cohen (*pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
2001 M Street NW, Suite 600
Washington, DC 20036
Telephone: (202) 682-7000
Facsimile: (202) 857-0940
rachel.cohen@weil.com

John M. Desmarais (SBN 320875)
DESMARAIS LLP
230 Park Avenue, 26th Floor
New York, New York 10169
Telephone: (212) 351-3400
Facsimile: (212) 351-3401
jdesmarais@desmaraisllp.com

*Attorneys for Plaintiff Apple Inc.*

[Additional Counsel listed in signature block]

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC.,<br><br>               Plaintiff,<br><br>    vs.<br><br>CHANG LIU, TANG YEW TAN, OPENAI FOUNDATION f/k/a OPENAI, INC., OPENAI GROUP PBC, and IO PRODUCTS, LLC f/k/a IO PRODUCTS, INC.,<br><br>               Defendants. | Case No. 5:26-cv-07078-EJD<br><br>**PLAINTIFF APPLE INC.'S FIRST SET OF EXPEDITED REQUESTS FOR PRODUCTION TO DEFENDANT TANG YEW TAN** |

Pursuant to Rules 26 and 34 of the Federal Rule of Civil Procedure, all applicable rules and orders of the Court, and the Court's Order Granting Expedited Discovery, Plaintiff Apple Inc. ("Apple") serves its First Set of Expedited Requests for Production (the "Requests" and each a "Request") on Defendant Tang Yew Tan ("Defendant"). Defendant is directed to provide written objections and responses within thirty (30) days of Court's Order Granting Expedited Discovery. Defendants are further directed to produce all communications, documents, and things responsive to the Requests at the offices of Weil, Gotshal & Manges LLP, located at 201 Redwood Shores Parkway, Redwood Shores, California 94065, in the manner and within the deadline prescribed by the Federal Rules, Local Rules, and the Court's Order Granting Expedited Discovery, and in accordance with the definitions and instructions provided below.

**DEFINITIONS AND INSTRUCTIONS**

1.      The term "Action" as used herein, shall refer to the above-captioned action: *Apple Inc. v. Liu et al.*, Case No. 5:26-cv-07078-EJD, pending in the Northern District of California.

2.      The term "Complaint" as used herein, shall refer to the operative complaint in this Action.

3.      The terms "You," "Your," or "Yours" shall refer to Defendant Tang Yew Tan.

4.      The term "Plaintiff" or "Apple" as used herein, shall refer to Plaintiff Apple Inc. and shall include its subsidiaries and affiliates, and each of their respective current and former officers, directors, employees, consultants, and agents.

5.      The term "Apple's July 10 Pre-Suit Letter to OpenAI" as used herein refers to the letter from Apple's outside counsel Gabriel S. Gross to OpenAI, Inc. General Counsel Che Chang sent by email on July 10, 2026. (*See* Declaration of Christopher W. Henry in Support of Apple's Motion for Preliminary Injunction, Ex. D, July 10, 2026 Letter.)

6.      The term "Certain Former Apple Employees" used herein, shall refer to the following current OpenAI employees who are former Apple employees: Chang Liu, Tang Yew Tan, Yu-Ting ("Alyssa") Peng, and the other OpenAI employees named in Apple's July 10 Pre-Suit Letter to OpenAI.

7.      The term "OpenAI," "You," "Your," or "Yours" as used herein, shall collectively refer

CASE NO. 5:26-CV-07078-EJD

1

PLAINTIFF'S FIRST SET OF EXPEDITED REQUESTS FOR PRODUCTION TO DEFENDANT TANG YEW TAN

to OpenAI Foundation f/k/a OpenAI, Inc., OpenAI Group PBC, and io Products, LLC f/k/a io Products, Inc., including their subsidiaries and affiliates, and current and former officers, directors, employees (including Certain Former Apple Employees and OpenAI Recruiters), consultants, and agents.

8.    "OpenAI Recruiters" shall refer to anyone at OpenAI or who worked on behalf of OpenAI to recruit Apple employees, including but not limited to Chang Liu and Tang Yew Tan.

9.    The term "███████" as used herein, shall refer to ████████████████ ██████ and shall include its subsidiaries and affiliates and current and former officers, directors, employees, consultants, and agents.

10.    The term "█████" as used herein, shall refer to ████████████████ ████████ and shall include its subsidiaries and affiliates and current and former officers, directors, employees, consultants, and agents.

11.    The term "████" as used herein, shall refer to ██████████████████ and shall include its subsidiaries and affiliates and current and former officers, directors, employees, consultants, and agents.

12.    The term "IPA" as used herein, shall refer to the Intellectual Property Agreement between You and Apple, dated February 8, 1999, and attached as Exhibit C to the Declaration of Joy Ieyoub in Support of Apple Inc.'s Motion for Preliminary Injunction.

13.    The term "Apple-Issued Devices and Accounts" as used herein, shall refer to any and all hard drives, computers, laptops, phones, tablets, USB devices, or other electronic devices, and any email accounts, cloud accounts, or accounts that access Apple services, that (1) Apple issued to You; (2) You used during Your employment at Apple; (3) that connects or has previously connected to Apple work; (4) or was issued to or used by another Certain Former Apple Employee during the scope of their employment at Apple.

14.    The term "Apple Originated Information" as used herein, shall refer to any information that was created for or by Apple, or that was learned as a result of or created for purposes of supporting, analyzing, or otherwise advancing any Apple business or other endeavor, and which is not provided or disseminated in its entirety to the public.

CASE NO. 5:26-CV-07078-EJD

2

PLAINTIFF'S FIRST SET OF EXPEDITED
REQUESTS FOR PRODUCTION TO
DEFENDANT TANG YEW TAN

15. The term "Communication" and "Communications" as used herein, shall include, without limitation, any written or oral correspondence or communication, including any conversation in person, by telephone, by text message, by email, by letter, by facsimile, or by any other means. A document or thing transferred, whether temporarily or permanently, from one person to another shall be deemed to be a communication between such persons whether or not such document or thing was prepared or created by the transferor or addressed to the transferee. For the avoidance of doubt, the term "Document" includes any tangible or electronic "Communication."

16. The term "Document" or "Documents" as used herein, shall mean all documents, writings, electronically stored information, or things within the scope of Fed. R. Civ. P. 34, including but not limited to agreements and contracts; assignments; licenses; correspondence; reports, notes, and memoranda; summaries, minutes, notes, and records of telephone conversations, meetings, and conferences; reports and/or summaries of investigations; opinions and reports of experts and consultants; statements of persons having knowledge of relevant facts; text messages; social media messages; cablegrams and telex messages; facsimile transmissions; patents, trademarks, copyrights, and applications for each of them; opinions of counsel; sales records, including purchase orders, order acknowledgments, and invoices; books of account; statements, bills, checks, and vouchers; brochures, pamphlets, catalogs, sales literature, and sales promotion material; advertisements; trade letters, notices, announcements, and press releases; specification sheets and diagrams; warranty forms; notebooks, data sheets, photographic negatives, architectural diagrams, blueprints, schematics, logic diagrams, timing diagrams, pictures, photographs, and screenshots; all data or information stored on computer-readable media, such as electro-magnetic or other disks, diskettes, hard disk drives, tapes, cartridges, and CDROM, including software, firmware, source code, and electronic mail, including attachments thereto; software, firmware and source code not stored on computer readable media; and all writings as that term is defined by Rule 1001 of the Federal Rules of Evidence. The terms "Document" and "Documents" further include all copies where the copy is not identical to the original. Any document bearing marks, including, without limitation, initials, stamped indicia, comments, or notations not part of the original text or photographic reproduction thereof, is a separate Document.

CASE NO. 5:26-CV-07078-EJD

3

PLAINTIFF'S FIRST SET OF EXPEDITED REQUESTS FOR PRODUCTION TO DEFENDANT TANG YEW TAN

17.     The term "Forensic Copy" as used herein, shall mean a full physical image, including a bit-for-bit reproduction of a computer system, hard drive, or other storage media that includes all active and residual data.

18.     The term "Thing" or "Things" as used herein, shall be interpreted in the most comprehensive and inclusive sense in light of Fed. R. Civ. P. 34 and mean any tangible object, other than a document, and includes objects of every kind and nature Including prototypes, models, specimens, video and audio recordings, and transcripts.

19.     The words "and" and "or" as used herein, shall be construed either conjunctively or disjunctively, as required by the context, to bring within the scope of these interrogatories any information that might be deemed outside their scope by any other construction.

20.     The terms "any," "all," "every," and "each" as used herein, shall each mean and include the other.

21.     The use of the term "the" as used herein, shall not be construed as limiting the scope of any Request.

22.     The term "person" or "persons" as used herein, shall mean an individual, corporation, proprietorship, partnership, association, joint venture, or any other entity.

23.     The term "third party" or "third parties" means any person other than the parties to this Action.

24.     The phrases "regarding," "relating to" and "in connection with" as used herein, shall mean referring to, concerning, mentioning, reflecting, pertaining to, evidencing, involving, describing, discussing, commenting on, embodying, responding to, supporting, contradicting, or constituting (in whole or in part).

25.     The term "including" as used herein, shall mean "including without limitation." "Including" is used to emphasize certain examples and should not be construed as limiting the request in any way.

26.     The use of the singular form of any word includes the plural and vice versa.

27.     The use of a verb in any tense shall be construed as the use of the verb in all other tenses.

28.     If You have no Communications, Documents, and Things responsive to a particular Request, you shall so state.

29.     If You object to a Request on grounds of privilege or work product, answer the request with such non-privileged information as is responsive, identify the nature of the information withheld as privileged, and specify the basis for Your claim of privilege. Further, produce a privilege log no later than fourteen (14) days after the underlying production is served.

30.     Where an objection is made to any Request or sub-part thereof, the objection shall state with specificity all grounds for the objection.

31.     With respect to each Document or Thing otherwise responsive to any Request that has been, but is no longer, in Your possession, custody, or control, or has been lost or destroyed since its preparation or receipt, identify, to the extent possible, the Document or Thing that has been lost or destroyed, state the Request to which it would be responsive, and describe with particularity the circumstances under which the Document or Thing was lost or destroyed, including but not limited to the identity of the person(s) responsible for the loss or destruction of each Document or Thing and all files which contained each Document or Thing.

32.     All Communications, Documents, and Things requested herein to be identified or produced shall be produced in the same file or organizational context as that maintained by You in the usual course of business and You shall indicate whose file the documents came from.

33.     Where a Document responsive to a Request is identified in part by a revision number or designation, all revisions of the document shall be produced, as well as information sufficient to show the effective date of each revision.

34.     Where a Request seeks the identification or production of Communications, Documents, and Things not within Your actual or constructive possession, custody, or control, You shall so state and shall answer the Request to the extent of Your knowledge or belief based on the best information presently available. If You have knowledge or a belief as to other persons having such possession, custody, control, or knowledge, You shall so identify, to the extent known and based on the best information presently available, all such persons, together with a summary of the nature of the

Document or Thing believed to be known to such persons.

35. For the avoidance of doubt, any reasonable search would include any Apple-Issued Devices and Accounts, OpenAI or personal email or cloud accounts, mass storage devices, external solid state drives, and external hard drives, CD, floppy disc, Baidu Netdisk, server, file transfer site, network attached storage (NAS) devices, computers, laptops, phones, tablets, USB devices, or other electronic devices used at any time for work related to OpenAI.

36. Should You have any good faith objection to any Request or part thereof, You shall state the specific nature of the objection and whether it applies to the entire Request or to a certain part of the Request. If the objection relates only to a part or parts of a discovery request, then You shall identify the objectionable part or parts and identify or produce any and all Documents responsive to the remaining parts.

37. These Requests shall be deemed continuing so as to require further supplemental response by You and in the event You obtain or discover additional information or documents between the time of initial response and the time of hearing or trial. This paragraph shall not be construed to alter Your obligations to comply with all other instructions herein.

---

CASE NO. 5:26-CV-07078-EJD

6

PLAINTIFF'S FIRST SET OF EXPEDITED REQUESTS FOR PRODUCTION TO DEFENDANT TANG YEW TAN

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1**

All Communications, Documents, and Things between You, the other Defendants, and/or Certain Former Apple Employees embodying, incorporating, identifying, describing, discussing, containing, disclosing, seeking, relating to, or referring to any Apple Originated Information.

This includes but is not limited to the following Communications, Documents, and Things reflecting, for example: (1) Apple Originated Information reviewed, copied, downloaded, or otherwise accessed or exploited from Apple's third-party cloud repository or any other Apple storage repository; (2) Apple Originated Information shared, elicited, or disclosed in Communications and/or interviews with current or Certain Former Apple Employees; (3) "Actual parts" or "parts," such as "Batteries," "SIP" (Systems-in-Package), "mlb" (multi-layer or main logic boards), "shields," "housings and BGs in different colors," "piece parts," "prototypes," and "artifacts" brought from Apple to OpenAI for "show and tell;" and (4) Apple Originated Information shared, disseminated, or received outside of Apple, including within OpenAI, and any Communications, Documents, and Things embodying any Apple Originated Information.

**REQUEST FOR PRODUCTION NO. 2**

All Communications, Documents, and Things exchanged with any Third Party embodying, incorporating, identifying, describing, discussing, containing, disclosing, seeking, relating to, or referring to any Apple Originated Information. This includes but is not limited to such Communications, Documents, and Things provided to or from any current, former, or prospective Apple or OpenAI partners, suppliers, vendors, or contractors, including but not limited to ▮▮▮▮▮▮▮▮ and ▮▮.

**REQUEST FOR PRODUCTION NO. 3**

A full Forensic Copy (image) of all hard drives, computers, laptops, phones, tablets, USB drives, storage repositories, or other electronic devices, Apple-Issued Devices and Accounts, email, and cloud accounts used to access, acquire, store, use, review, disclose, solicit, or communicate about, for any purpose, Apple Originated Information.

This includes but is not limited to any and all devices and accounts used for the above purposes

CASE NO. 5:26-CV-07078-EJD

PLAINTIFF'S FIRST SET OF EXPEDITED REQUESTS FOR PRODUCTION TO DEFENDANT TANG YEW TAN

7

by You including Your accounts registered to ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮; Your emails ▮▮▮▮▮▮▮▮▮▮▮▮▮.

**REQUEST FOR PRODUCTION NO. 4**

All Communications, Documents, and Things showing any steps You took, or failed to take, to ensure that You or OpenAI were not misusing or misappropriating by receiving, accessing, acquiring, storing, reviewing, disclosing, soliciting, Apple Originated Information for any purpose, including for OpenAI's business, its platforms, and its systems.

This includes but is not limited to all efforts You took before and after leaving Apple, all efforts You took when starting Your employment at OpenAI, and anytime thereafter.

**REQUEST FOR PRODUCTION NO. 5**

All Communications, Documents, and Things showing any and all efforts to delete, destroy, tamper with or conceal information pertaining to the unauthorized acquisition, use, disclosure, or solicitation of Apple Originated Information.

**REQUEST FOR PRODUCTION NO. 6**

All Documents You intend to rely on at a hearing or otherwise in opposing Apple's Motion for Preliminary Injunction.

Dated: August 3, 2026

Respectfully submitted,

WEIL, GOTSHAL & MANGES LLP

*/s/ Gabriel S. Gross*
Gabriel S. Gross (SBN 254672)
Gaby LaHatte (SBN 321844)
Vanessa K. Sim (SBN 341107)
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, California 94065
Telephone: (650) 802-3000
Facsimile: (650) 802-3100
gabe.gross@weil.com
gaby.lahatte@weil.com
vanessa.sim@weil.com

Christopher W. Henry (*pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
1001 Boylston Street, Suite 300
Boston, Massachusetts 02115
Telephone: (617) 772-8300
Facsimile: (617) 772-8333
chris.henry@weil.com

Rachel L. Weiner Cohen (*pro hac vice*)
Nicole Elena Bruner (*pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
2001 M Street NW, Suite 600
Washington, DC 20036
Telephone: (202) 682-7000
Facsimile: (202) 857-0940
rachel.cohen@weil.com
nicole.bruner@weil.com

Heather Blacklaws (*pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
600 Congress Avenue, Suite 2170
Austin, Texas 78701
Telephone: (512) 487-1480
Facsimile: (512) 487-1520
heather.blacklaws@weil.com

Nina Shapiro (*pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
767 5th Avenue
New York, New York 10153
Telephone: (212) 310-8000

CASE NO. 5:26-CV-07078-EJD

9

PLAINTIFF'S FIRST SET OF EXPEDITED
REQUESTS FOR PRODUCTION TO
DEFENDANT TANG YEW TAN

Facsimile: (212) 310-8007
nina.shapiro@weil.com

John M. Desmarais (SBN 320875)
DESMARAIS LLP
230 Park Avenue, 26th Floor
New York, New York 10169
Telephone: (212) 351-3400
Facsimile: (212) 351-3401
jdesmarais@desmaraisllp.com

*Attorneys for Plaintiff Apple Inc.*