# EXHIBIT G

Gabriel S. Gross (SBN 254672)
Gaby LaHatte (SBN 321844)
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, California 94065
Telephone: (650) 802-3000
Facsimile: (650) 802-3100
gabe.gross@weil.com
gaby.lahatte@weil.com

Christopher W. Henry (*pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
1001 Boylston Street, Suite 300
Boston, Massachusetts 02115
Telephone: (617) 772-8300
Facsimile: (617) 772-8333
chris.henry@weil.com

Rachel L. Weiner Cohen (*pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
2001 M Street NW, Suite 600
Washington, DC 20036
Telephone: (202) 682-7000
Facsimile: (202) 857-0940
rachel.cohen@weil.com

John M. Desmarais (SBN 320875)
DESMARAIS LLP
230 Park Avenue, 26th Floor
New York, New York 10169
Telephone: (212) 351-3400
Facsimile: (212) 351-3401
jdesmarais@desmaraisllp.com

*Attorneys for Plaintiff Apple Inc.*
[Additional Counsel listed in signature block]

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., <br><br> Plaintiff, <br><br> vs. <br><br> CHANG LIU, TANG YEW TAN, OPENAI FOUNDATION f/k/a OPENAI, INC., OPENAI GROUP PBC, and IO PRODUCTS, LLC f/k/a IO PRODUCTS, INC., <br><br> Defendants. | Case No. 5:26-cv-07078-EJD <br><br> **PLAINTIFF APPLE INC.'S NOTICE OF EXPEDITED DEPOSITION TO DEFENDANTS OPENAI FOUNDATION f/k/a OPENAI, INC., OPENAI GROUP PBC, IO PRODUCTS, LLC f/k/a IO PRODUCTS, INC.** <br><br> Time: 9:00 AM (PT) <br> Location: Weil, Gotshal & Manges LLP, 201 Redwood Shore Parkway, Redwood Shores, California 94065 |

CASE NO. 5:26-CV-07078-EJD

PLAINTIFF'S NOTICE OF DEPOSITION TO
DEFENDANTS OPENAI ET AL

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure the Local Rules of the United States District Court for the Northern District of California, and the Court's Order granting expedited discovery, Plaintiff Apple Inc., by and through its undersigned counsel, shall take the deposition of Defendants OpenAI Foundation f/k/a OpenAI, Inc., OpenAI Group PBC, and io Products, LLC f/k/a io Products, Inc. (collectively, "OpenAI"), through one or more of its officers, directors, managing agents, or other persons with knowledge of the information sought in Attachment A and designated to testify on its behalf. These topics are based on the information reasonably known and presently available to Apple. This case is ongoing, and Apple reserves the right to amend Attachment A and issue additional notices of deposition pursuant to Federal Rule of Civil Procedure 30(b)(6) as necessary, as well as any further discovery that may be warranted and appropriate in this litigation.

The deposition will commence within fifty (50) days of the Court's Order Granting Expedited Discovery at 9:00 AM (PT), and run for no longer than seven (7) hours on the record and continue from day to day thereafter, or as otherwise mutually agreed upon by the parties, at the offices of Weil, Gotshal & Manges LLP, 201 Redwood Shore Parkway, Redwood Shores, California 94065. Apple is willing to meet and confer with OpenAI regarding a mutually agreeable date, time, and location for the deposition.

The deposition is being taken for resolving Apple's motion for preliminary injunction in the above-captioned matter, and for any other purposes as permitted under the Federal Rules of Civil Procedure, court order, and any other applicable rules. The deposition will be taken before an officer authorized to administer oaths under the laws of the state where the deposition takes place and the United States of America, and will be recorded by video and/or stenographic means. Any recording or transcript of this deposition may be used for any legally permissible purpose, including admission at trial.

Any discovery propounded or taken in connection with this expedited discovery order shall not count against, and shall be in addition to, any limits on discovery set forth in the Federal Rules of Civil Procedure, the Local Rules of the Northern District of California, or any subsequent case management

---

CASE NO. 5:26-CV-07078-EJD

PLAINTIFF'S NOTICE OF DEPOSITION TO DEFENDANTS OPENAI ET AL

1

order governing merits discovery in this action.

Dated: August 3, 2026

Respectfully submitted,

WEIL, GOTSHAL & MANGES LLP

 /s/ Gabriel S. Gross
Gabriel S. Gross (SBN 254672)
Gaby LaHatte (SBN 321844)
Vanessa K. Sim (SBN 341107)
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, California 94065
Telephone: (650) 802-3000
Facsimile: (650) 802-3100
gabe.gross@weil.com
gaby.lahatte@weil.com
vanessa.sim@weil.com

Christopher W. Henry (*pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
1001 Boylston Street, Suite 300
Boston, Massachusetts 02115
Telephone: (617) 772-8300
Facsimile: (617) 772-8333
chris.henry@weil.com

Rachel L. Weiner Cohen (*pro hac vice*)
Nicole Elena Bruner (*pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
2001 M Street NW, Suite 600
Washington, DC 20036
Telephone: (202) 682-7000
Facsimile: (202) 857-0940
rachel.cohen@weil.com
nicole.bruner@weil.com

Heather Blacklaws (*pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
600 Congress Avenue, Suite 2170
Austin, Texas 78701
Telephone: (512) 487-1480
Facsimile: (512) 487-1520
heather.blacklaws@weil.com

Nina Shapiro (*pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
767 5th Avenue

CASE NO. 5:26-CV-07078-EJD

PLAINTIFF'S NOTICE OF DEPOSITION TO DEFENDANTS OPENAI ET AL

2

New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
nina.shapiro@weil.com

John M. Desmarais (SBN 320875)
DESMARAIS LLP
230 Park Avenue, 26th Floor
New York, New York 10169
Telephone: (212) 351-3400
Facsimile: (212) 351-3401
jdesmarais@desmaraisllp.com

*Attorneys for Plaintiff Apple Inc.*

**ATTACHMENT A**

**DEFINITIONS AND INSTRUCTIONS**

1. The term "Action" as used herein, shall refer to the above-captioned action: *Apple Inc. v. Liu et al.*, Case No. Case No. 5:26-cv-07078-EJD, pending in the Northern District of California.

2. The term "Complaint" as used herein, shall refer to the operative complaint in this Action.

3. The term "Plaintiff" or "Apple" as used herein, shall refer to Plaintiff Apple Inc. and shall include its subsidiaries and affiliates, and each of their respective current and former officers, directors, employees, consultants, and agents.

4. The term "Apple's July 10 Pre-Suit Letter to OpenAI" as used herein refers to the letter from Apple's outside counsel Gabriel S. Gross to OpenAI, Inc. General Counsel Che Chang sent by email on July 10, 2026.

5. The term "Certain Former Apple Employees" used herein, shall refer to the following current OpenAI employees who are former Apple employees: Chang Liu, Tang Yew Tan, Yu-Ting ("Alyssa") Peng, and the other OpenAI employees named in Apple's July 10 Pre-Suit Letter to OpenAI.

6. The terms "OpenAI," "You," "Your," or "Yours" as used herein, shall refer to OpenAI Foundation f/k/a OpenAI, Inc. and shall include its subsidiaries and affiliates, including OpenAI Group PBC and io Products, LLC f/k/a io Products, Inc., and current and former officers, directors, employees (including but not limited to Certain Former Apple Employees and OpenAI Recruiters), consultants, and agents.

7. The term "OpenAI" as used herein, shall refer to OpenAI Foundation f/k/a OpenAI, Inc. and shall include its subsidiaries and affiliates, including OpenAI Group PBC and io Products, LLC f/k/a io Products, Inc., and current and former officers, directors, employees, consultants, and agents, including but not limited to Certain Former Apple Employees.

8. "OpenAI Recruiters" shall refer to anyone at OpenAI or who worked on behalf of OpenAI to recruit Apple employees, including but not limited to Chang Liu and Tang Yew Tan.

9. The term "Apple-Issued Devices and Accounts" as used herein, shall refer to any and

all hard drives, computers, laptops, phones, tablets, USB devices, or other electronic devices, and any email accounts, cloud accounts, or accounts that access Apple services, that (1) Apple issued to You; (2) You used during Your employment at Apple; (3) that connects or has previously connected to Apple work; (4) or was issued to or used by another Certain Former Apple Employee during the scope of their employment at Apple.

10.    The term "Apple Originated Information" as used herein, shall refer to any information that was created for or by Apple, or that was learned as a result of or created for purposes of supporting, analyzing, or otherwise advancing any Apple business or other endeavor, and which is not provided or disseminated in its entirety to the public.

11.    The term "Communication" and "Communications" as used herein, shall include, without limitation, any written or oral correspondence or communication, including any conversation in person, by telephone, by text message, by email, by letter, by facsimile, or by any other means. A document or thing transferred, whether temporarily or permanently, from one person to another shall be deemed to be a communication between such persons whether or not such document or thing was prepared or created by the transferor or addressed to the transferee. For the avoidance of doubt, the term "Document" includes any tangible or electronic "Communication."

12.    The term "Document" or "Documents" as used herein, shall mean all documents, writings, electronically stored information, or things within the scope of Fed. R. Civ. P. 34, including but not limited to agreements and contracts; assignments; licenses; correspondence; reports, notes, and memoranda; summaries, minutes, notes, and records of telephone conversations, meetings, and conferences; reports and/or summaries of investigations; opinions and reports of experts and consultants; statements of persons having knowledge of relevant facts; text messages; social media messages; cablegrams and telex messages; facsimile transmissions; patents, trademarks, copyrights, and applications for each of them; opinions of counsel; sales records, including purchase orders, order acknowledgments, and invoices; books of account; statements, bills, checks, and vouchers; brochures, pamphlets, catalogs, sales literature, and sales promotion material; advertisements; trade letters, notices, announcements, and press releases; specification sheets and diagrams; warranty forms; notebooks, data

sheets, photographic negatives, architectural diagrams, blueprints, schematics, logic diagrams, timing diagrams, pictures, photographs and screenshots; all data or information stored on computer-readable media, such as electro-magnetic or other disks, diskettes, hard disk drives, tapes, cartridges, and CDROM, including software, firmware, source code, and electronic mail, including attachments thereto; software, firmware and source code not stored on computer readable media; and all writings as that term is defined by Rule 1001 of the Federal Rules of Evidence. The terms "Document" and "Documents" further include all copies where the copy is not identical to the original. Any document bearing marks, including, without limitation, initials, stamped indicia, comments, or notations not part of the original text or photographic reproduction thereof, is a separate Document.

13.    The term "Thing" or "Things" as used herein, shall be interpreted in the most comprehensive and inclusive sense in light of Fed. R. Civ. P. 34 and mean any tangible object, other than a document, and includes objects of every kind and nature Including prototypes, models, specimens, video and audio recordings, and transcripts.

14.    The words "and" and "or" as used herein, shall be construed either conjunctively or disjunctively, as required by the context, to bring within the scope of these interrogatories any information that might be deemed outside their scope by any other construction.

15.    The terms "any," "all," "every," and "each" as used herein, shall each mean and include the other.

16.    The use of the term "the" as used herein, shall not be construed as limiting the scope of any Request.

17.    The term "person" or "persons" as used herein, shall mean an individual, corporation, proprietorship, partnership, association, joint venture, or any other entity.

18.    The term "third party" or "third parties" means any person other than the parties to this lawsuit.

19.    The phrases "regarding," "relating to" and "in connection with" as used herein, shall mean referring to, concerning, mentioning, reflecting, pertaining to, evidencing, involving, describing, discussing, commenting on, embodying, responding to, supporting, contradicting, or constituting (in

whole or in part).

20.    The term "including" as used herein, shall mean "including without limitation."

21.    To the extent Your response differs for any defendant, separate facts that apply to all defendants from facts that apply to only one or a subset of defendants. Each individual response must identify which defendant(s) the response applies.

22.    For the purpose of construing the scope of the Topics, the terms used shall be given their most expansive and inclusive interpretation.

23.    Each Topic shall be construed independently and not with reference to any other Topic for the purpose of limitation or exclusion.

CASE NO. 5:26-CV-07078-EJD                    PLAINTIFF'S NOTICE OF DEPOSITION TO
                                              DEFENDANTS OPENAI ET AL

7

## DEPOSITION TOPICS

1.      The position(s), role(s), and responsibilities within OpenAI of the designated witness(es), those of Defendants Tang Yew Tan and Chang Liu, and all Certain Former Apple Employees.

2.      Any work by Certain Former Apple Employees at OpenAI involving Apple Originated Information related to: (1) hardware research and development and unreleased product and feature information; (2) power management information and designs; (3) battery management information and designs; (4) metal finishing processes; and (5) testing, reliability, and internal performance data and information.

3.      Any work at OpenAI related to supply chain and component sourcing, including batteries, and fabrication, including metal finishing, information for consumer hardware products.

4.      OpenAI's interviews of or conducted by the Certain Former Apple Employees, including but not limited to recruitment, contractual obligations, pre-interview requests or guidance to candidates, efforts to discuss or illicit Apple Originated Information, all Apple Originated Information discussed, interview feedback, and offers of employment.

5.      Any steps You have taken or failed to take to ensure that You or Certain Former Apple Employees did not acquire, use, or disclose any Apple Originated Information without authorization or to isolate, maintain the confidentiality of, or return to Apple any Apple Originated Information You became aware was in Your possession, custody, or control without authorization.

6.      The circumstances surrounding any erasure, deletion, or destruction by You or any person working for or with You or on Your behalf of any Apple Originated Information or other information relevant to the claims in this action, including what information was involved, when it happened, who was involved, and the reason.

---

CASE NO. 5:26-CV-07078-EJD                PLAINTIFF'S NOTICE OF DEPOSITION TO
                                          DEFENDANTS OPENAI ET AL

8