Andrew H. Schapiro (*pro hac vice*)
QUINN EMANUEL URQUHART
  & SULLIVAN, LLP
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
(312) 705-7400
andrewschapiro@quinnemanuel.com

Patrick D. Curran (Bar No. 241630)
QUINN EMANUEL URQUHART
  & SULLIVAN, LLP
111 Huntington Ave, Suite 520
Boston, MA 02199
(617) 712-7100
patrickcurran@quinnemanuel.com

David Eiseman (Bar No. 114758)
Jodie W. Cheng (Bar No. 292330)
QUINN EMANUEL URQUHART
  & SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
davideiseman@quinnemanuel.com
jodiecheng@quinnemanuel.com

Yehuda Goor (*pro hac vice*)
QUINN EMANUEL URQUHART
  & SULLIVAN, LLP
295 Fifth Avenue, 9th Floor
New York, NY 10016
(212) 849-7000
yehudagoor@quinnemanuel.com

*Attorneys for Defendants OpenAI Foundation, OpenAI Group PBC, io Products LLC, and Tang Yew Tan*

Kate E. Lazarus (Bar No. 268242)
klazarus@kblfirm.com
KWUN BHANSALI LAZARUS LLP
555 Montgomery Street, Suite 750
San Francisco, CA 94111
Tel: (415) 630-2350

*Attorneys for Defendant Chang Liu*

[Additional counsel listed in signature block]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC.,<br><br>                Plaintiff,<br><br>        vs.<br><br>CHANG LIU, TANG YEW TAN, OPENAI FOUNDATION f/k/a OPENAI, INC., OPENAI GROUP PBC, and IO PRODUCTS, LLC f/k/a IO PRODUCTS, INC.,<br><br>                Defendants. | Case No. 5:26-CV-07078-EJD<br><br>**DEFENDANTS' EMERGENCY MOTION TO ENLARGE TIME TO RESPOND TO APPLE'S MOTION FOR A PRELIMINARY INJUNCTION**<br><br>[Civil L.R. 6-1, 6-3]<br><br>The Honorable Edward J. Davila<br><br>United States District Judge |

## NOTICE OF MOTION AND MOTION

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that, pursuant to Civil Local Rules 6-1 and 6-3 and Federal Rule of Civil Procedure 6(b)(1)(A), Defendants respectfully move the Court for an order enlarging by 14 days the deadline for Defendants' oppositions to Apple's Motion for a Preliminary Injunction (Dkt. 38), from August 17, 2026 to August 31, 2026, and correspondingly extending Apple's reply deadline from August 24, 2026 to September 8, 2026.  The requested extension does not affect the October 1, 2026 hearing date or any other date set by the Court.

Given the exigency, Defendants respectfully ask that the Court order Apple to file any response by 12:00 p.m. Pacific Time on Thursday, August 13.

This motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Jodie Cheng and the exhibits thereto, the other pleadings and filings on record in this action, as well as other written or oral argument that Defendants may present to the Court.

DATED:  August 11, 2026

Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By _____ */s/ Andrew H. Schapiro* _____

Attorneys for Defendants Tang Yew Tan, OpenAI Foundation, OpenAI Group PBC, and IO Products, LLC

DATED:  August 11, 2026

Respectfully submitted,

KWUN BHANSALI LAZARUS LLP

By_____/s/ Kate E. Lazarus_____

Attorneys for Defendant Chang Liu

## I.    INTRODUCTION

Apple seeks the extraordinary remedy of a preliminary injunction based in large part on materials that—notwithstanding Apple's attestations to the contrary—Apple has never served on Defendants' outside counsel.  Apple filed its motion on August 3, supported by various declarations and exhibits filed under seal.  The next day, Apple filed a certificate of service representing that those materials had been "served via electronic transmission."  Dkt. 51.  That was not correct; key documents had not been served.  These include the list of alleged trade secrets at issue (Exhibit H to the Henry Declaration), the Declaration of Parin Patel (an Apple engineer who attested to the identity of Apple's alleged trade secrets), Exhibits 1–26 to that declaration (which Apple has **_still_** never served on Defendants), and the Declaration of Dr. Ayman Fayed (a technical expert).  Instead, Apple unilaterally decided not to serve those materials on Defendants and told Defendants that, notwithstanding the certificate of service Apple had filed with the Court, Defendants could view those critical documents only by appointment, on a standalone computer at Apple's counsel's offices, on conditions Apple unilaterally set and just as unilaterally revised.  Apple did all of this after the briefing clock had started to run.  Also while the clock runs, Apple has yet to consent to any of Defendants' experts' viewing Apple's alleged confidential information.   Under these circumstances, Defendants cannot respond adequately to Apple's motion, and a 14-day extension that will not affect the October 1 hearing date on the motion is well warranted.  Apple nonetheless has refused to agree to such an extension, necessitating this motion.

## II.    BACKGROUND

### A.    Apple Falsely Certified Service of Critical Evidence Supporting Its Motion

Apple filed its preliminary injunction motion and supporting papers on August 3.  Dkt. 38. On August 4, Apple filed a certificate of service stating that the sealed filings had been served on Defendants' counsel "via electronic transmission."  Dkt. 51.  In fact, however, none of the sealed filings had been served when Apple filed its certificate.  Later that afternoon, and only after Defendants' counsel's request, Apple's counsel sent Defendants' counsel some of the sealed filings via file transfer, but announced that the Patel Declaration and its 26 exhibits, the Fayed Declaration, and Exhibit H to the Henry Declaration would instead be "available for inspection" only on a

DEFENDANTS' EMERGENCY MOTION TO ENLARGE TIME

"locked-down trade secrets computer" at Apple's outside counsel's offices, subject to in-person supervision by Apple attorneys and various other conditions. Ex. A at 20-21. Apple offered no legal justification for its apparent position that this counts as service, nor for the conditions it imposed on Defendants' review of those documents. Local Rule 5-1(e) provides that manually filed documents "shall be manually filed with the Clerk and served upon the parties in accordance with the applicable Federal Rules of Civil Procedure . . . and Local Rules for filing and service of paper documents."

**B.     Apple Has Unilaterally Imposed Onerous Conditions on Defendants' Review of These Documents**

Defendants' counsel repeatedly asked Apple to provide a basis for making the sealed filings available only by in-person inspection, and got no meritorious justification. Despite their disagreement as to the validity of Apple's making these materials available by inspection only, Defendants noticed an inspection for August 5. Apple unilaterally canceled it on the ground that, in Apple's opinion, the notice was unreasonably short. Ex. A at 17-18. Apple permitted an inspection to proceed only on August 6, and only after Defendants agreed in writing to nine conditions Apple invented and unilaterally imposed the evening of August 5, including that no printouts would be provided, that reviewers could take handwritten notes but could not transcribe the content of designated material, and that no electronic notes could be taken. *Id.* at 11-12. Apple still has cited no authority supporting its invented restrictions.

At the August 6 inspection, Defendants pointed out to Apple that several filenames and project codenames appearing in Exhibit H—the trade secret identification Apple made available only by inspection—appear verbatim in the sealed motion Apple served, and indeed portions appear unredacted in the publicly filed version of that motion. Ex. A at 9. Other portions of Exhibit H list generic categories of "proprietary information." Defendants asked Apple to explain the basis for treating this document as inspection-only. Apple has not tried to explain any such basis. *Id.*

Upon receiving Defendants' counsel's email and examples that Apple had no basis to require in-person inspection of its sealed filings, Apple finally sent a file transfer link to the unredacted

DEFENDANTS' EMERGENCY MOTION TO ENLARGE TIME

Patel Declaration, Fayed Declaration, and Exhibit H to the Henry Declaration.  This time again, Apple did not include any of the 26 sealed exhibits to the Patel Declaration.  *Id.* at 8.

On August 7, Apple's counsel offered printouts of only the portions of the 26 exhibits to the Patel Declaration cited in its Injunction Motion, but only on further conditions, including that Defendants agree in advance not to file the printouts or their contents without first clearing it with Apple.  Ex. A at 6.  Again Apple has cited nothing in support of this demand.  Defendants did not, and cannot, accept a condition that would give Apple control over what information Defendants can or cannot file in responding to Apple's motion.

On August 6 and 7, Defendants provided Apple with the names and CVs of certain experts to whom Defendants proposed to disclose confidential information.  Ex. B, C.  While this District's Model Protective Order affords a party ten days to object to such disclosure, Defendants asked Apple to provide consent beginning on August 10 so Defendants' experts can meaningfully participate in putting together Defendants' opposition to Apple's preliminary injunction motion.  *Id.* As of this filing, Apple has not consented.

### C.    Apple Has Refused An Extension Unless Defendants Make Substantive Concessions

On August 7, Defendants requested a two-week extension for their opposition to Apple's motion, explaining that Apple's conduct had substantially hindered Defendants' ability to prepare their opposition.  Ex. A at 5.  Apple took four days to respond.  On August 11, Apple offered only a four-day extension, to August 21, and even that was conditioned on Defendants (i) dropping their objections to Apple's handling of the sealed filings, (ii) agreeing to a nine-day extension of Apple's own reply deadline, to September 2, and (iii) executing a joint stipulation Apple drafted.  *Id.* at 2-3. Apple's proposed stipulation would effectively enter the preliminary injunction Apple seeks in the underlying motion; the first two paragraphs of the stipulation are broader versions of the relief Apple seeks in its motion.  *Compare* Ex. D ¶¶ 1-2 *with* Dkt. 38 at i.  In exchange for a four-day extension, Apple demanded Defendants agree not to "develop[] or commercializ[e] any product or technology based on, incorporating, or otherwise exploiting" what Apple considers to be its trade secret or confidential information.  Ex. D ¶ 2.  Apple also said it "may be amenable" to a longer extension

for Defendants if Defendants also stipulate to the expedited-discovery provisions Apple proposed on July 26—relief Apple has separately moved for, which Defendants will oppose, and which has nothing to do with Defendants' extension request.  Ex. A at 3.

## III.    ARGUMENT

### A.    Good Cause Supports the Requested Extension

Rule 6(b)(1)(A) permits the Court to extend a deadline for good cause on timely request. There could hardly be a clearer case of good cause: Defendants cannot meaningfully oppose a motion the support for which they cannot access in usable form, and which their experts cannot access at all.  The 26 Patel exhibits are the documents Apple claims contain the alleged trade secrets, and thus are critical to the merits of Apple's claims.  Defendants cannot effectively respond to Apple's motion for a preliminary injunction unless their counsel can access that evidence, share it with their experts, and cite it in briefing and expert declarations.  Apple's made-up procedures— requiring supervised review on a standalone machine, with no copies, no electronic notes, and a prohibition on transcribing content—preclude all of that, or at least make it far more onerous and time-consuming.  That appears to have been the point.

Defendants do not ask the Court to rule on the merits of Apple's treatment of the 26 Patel exhibits (and the other documents Apple initially made available by inspection only) or its refusal to provide expedited consent to Defendants' experts; only to find that that conduct warrants a two-week extension for Defendants' opposition.  The good cause standard is easily met.

### B.    Defendants Have Been Diligent

Defendants are not seeking delay, and in fact have sought to expedite the process at every turn. Defendants agreed on August 4 to treat Apple's sealed filings as Highly Confidential – Outside Counsel's Eyes Only. They noticed an inspection the following day, accepted Apple's nine conditions to secure access, and inspected on August 6. They have continued to follow up with Apple's counsel in an effort to secure access to the documents at issue and approval of their experts. Ex. A at 3, 5, 9.  Defendants are not asking to move the October 1 hearing date on Apple's motion or to otherwise delay resolution of that motion.  Rather, Defendants seek only a 14-day extension for their opposition given the delay Apple's conduct has caused and will continue to cause.

DEFENDANTS' EMERGENCY MOTION TO ENLARGE TIME

## C.    Defendants Will Be Severely Prejudiced Absent An Extension

The prejudice analysis here is as lopsided as it could be.  Under the current schedule, Defendants have only two weeks to respond to Apple's motion.  Apple has pulled every procedural lever it could to limit Defendants' use of that time, including initially making its alleged *trade secret disclosure* (as well as many other documents key to its motion) available only by inspection under onerous conditions and continuing to withhold consent to Defendants' experts.  Rewarding that behavior by denying a two-week extension would severely prejudice Defendants by forcing them to prepare their opposition with only very limited, supervised access to the evidence underlying Apple's motion, with Defendants' experts having a few days or less to review those materials, and by preventing Defendants from quoting or citing the documents at issue in their briefing.  By contrast, a 14-day extension imposes no burden whatsoever on Apple.  Apple would get a corresponding extension for its reply brief, and the October 1 hearing date would remain the same.  Indeed, while Apple has refused to agree to the modest extension Defendants seek, it has not done so because of any purported prejudice the extension would create.  Instead, Apple has sought to use the schedule urgency its conduct has created to extract substantive concessions from Defendants. The Court should not reward that sort of gamesmanship.

## D.    Civil Rule 5-3 Disclosures

As discussed in more detail *supra* at 3, Defendants asked Apple to stipulate to a 14-day extension of Defendant's opposition deadline.  Apple refused. The only previous modification of time in the case was a stipulated one-day extension for the individual defendants to file their motion to dismiss.  Dkt. 58.  The enlargement of time requested will have no effect on the case schedule. In particular, it will not affect the October 1 hearing on Apple's motion for a preliminary injunction. No further case schedule has been set other than for a case management conference on October 1.

## IV.    CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court enter an order enlarging time for Defendants to respond to Apple's motion for a preliminary injunction from August 17 to August 31.  Defendants also respectfully ask that the Court order Apple to respond to this motion by 12:00 p.m. PT on Thursday, August 13.

DATED:  August 11, 2026                    By _____/s/ *Andrew H. Schapiro*_____
                                           QUINN EMANUEL URQUHART & SULLIVAN, LLP

Andrew H. Schapiro (*pro hac vice*)
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
(312) 705-7400
andrewschapiro@quinnemanuel.com

Patrick D. Curran (Bar No. 241630)
111 Huntington Ave, Suite 520
Boston, MA 02199
(617) 712-7100
patrickcurran@quinnemanuel.com

David Eiseman (Bar No. 114758)
Jodie W. Cheng (Bar No. 292330)
Victoria B. Parker (Bar No. 290862)
Andrew M. Mather (Bar No. 345548)
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
davideiseman@quinnemanuel.com
jodiecheng@quinnemanuel.com
vickiparker@quinnemanuel.com
andrewmather@quinnemanuel.com

Yehuda Goor (*pro hac vice*)
Lucas A. Hammill (*pro hac vice*)
Jordan M. Nakdimon (*pro hac vice*)
295 Fifth Avenue, 9th Floor
New York, NY 10016
(212) 849-7000
yehudagoor@quinnemanuel.com
lucashammill@quinnemanuel.com
jordannakdimon@quinnemanuel.com

Joseph E. Reed (Bar No. 323524)
555 Twin Dolphin Dr., 5th Floor
Redwood Shores, CA 94065
(650) 801-5000
joereed@quinnemanuel.com

*Attorneys for Defendants OpenAI Foundation, OpenAI Group PBC, io Products LLC, and Tang Yew Tan*

DEFENDANTS' EMERGENCY MOTION TO ENLARGE TIME

DATED:  August 11, 2026

By _____ */s/ Kate E. Lazarus*_____
KWUN BHANSALI LAZARUS LLP

Kate E. Lazarus (Bar No. 268242)
klazarus@kblfirm.com
555 Montgomery Street, Suite 750
San Francisco, CA 94111
Tel: (415) 630-2350

*Attorneys for Defendant Chang Liu*

DEFENDANTS' EMERGENCY MOTION TO ENLARGE TIME

**ATTESTATION**

I, Andrew H. Schapiro, am the ECF user whose ID and password are being used to file the above document.  In compliance with Local Rule 5-1(i)(3), I hereby attest that Kate E. Lazarus has concurred in the filing of the above document.


By     */s/ Andrew H. Schapiro*
           Andrew H. Schapiro

DEFENDANTS' EMERGENCY MOTION TO ENLARGE TIME