Andrew H. Schapiro (*pro hac vice*)
QUINN EMANUEL URQUHART
  & SULLIVAN, LLP
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
(312) 705-7400
andrewschapiro@quinnemanuel.com

Patrick D. Curran (Bar No. 241630)
QUINN EMANUEL URQUHART
  & SULLIVAN, LLP
111 Huntington Ave, Suite 520
Boston, MA 02199
(617) 712-7100
patrickcurran@quinnemanuel.com

Jodie W. Cheng (Bar No. 292330)
David Eiseman (Bar No. 114758)
QUINN EMANUEL URQUHART
  & SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
jodiecheng@quinnemanuel.com
davideiseman@quinnemanuel.com

Yehuda Goor (*pro hac vice*)
QUINN EMANUEL URQUHART
  & SULLIVAN, LLP
295 Fifth Avenue, 9th Floor
New York, NY 10016
(212) 849-7000
yehudagoor@quinnemanuel.com

*Attorneys for Defendants OpenAI Foundation, OpenAI*
*Group PBC, io Products LLC, and Tang Yew Tan*

Kate E. Lazarus (Bar No. 268242)
klazarus@kblfirm.com
KWUN BHANSALI LAZARUS LLP
555 Montgomery Street, Suite 750
San Francisco, CA 94111
Tel: (415) 630-2350

*Attorneys for Defendant Chang Liu*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC.,<br><br>        Plaintiff,<br><br>     vs.<br><br>CHANG LIU, TANG YEW TAN, OPENAI FOUNDATION f/k/a OPENAI, INC., OPENAI GROUP PBC, and IO PRODUCTS, LLC f/k/a IO PRODUCTS, INC.,<br><br>        Defendants. | Case No. 5:26-CV-07078-EJD<br><br>**DECLARATION OF JODIE CHENG IN SUPPORT OF DEFENDANTS' EMERGENCY MOTION TO ENLARGE TIME**<br><br>Date:     October 1, 2026 (Reserved)<br>Time:    9:00 a.m. P.T.<br>Courtroom: 4 - 5th Floor<br>Judge:    The Hon. Edward J. Davila<br>Trial Date:    None Set |

I, Jodie W. Cheng, declare as follows:

1.     I am an attorney licensed to practice in the State of California and am an attorney of the law firm Quinn Emanuel Urquhart & Sullivan LLP, counsel for Defendants OpenAI Foundation, OpenAI Group PBC, io Products, LLC, and Tang Yew Tan.  I make this declaration in support of Defendants' Motion to Enlarge Time to Respond to Apple's Motion for a Preliminary Injunction (the "Injunction Motion").  I have personal knowledge of the matters set forth in this declaration, and if called as a witness, I would testify competently to them.

2.     Apple filed a redacted version of the Injunction Motion on the evening of August 3, 2026.  *See* ECF No. 38.  The Injunction Motion was supported by nine declarations, each of which was redacted and with several sealed or redacted exhibits.  *See* ECF Nos. 39-47.

3.     On August 4, 2026, Apple filed a certificate of service, representing that the Injunction Motion and its supporting documents were served "via electronic transmission" on August 3.  ECF No. 51.

4.     But it was not until late afternoon on August 4, 2026, and only upon request by Defendants' counsel, that Apple's counsel sent Defendants' counsel *some* of the sealed filings via file transfer.  These did not include the Patel Declaration and its 26 exhibits, the Fayed Declaration, or Exhibit H to the Henry Declaration.  Apple informed Defendants' counsel that those documents would not be served electronically but would be "available for inspection" only on a "locked-down trade secrets computer" at Apple's outside counsel's offices, subject to in-person supervision by Apple attorneys and various other conditions.  A true and correct copy of that email, and the rest of the corresponding email chain, is attached hereto as **Exhibit A** at 20-21.

5.     Defendants' counsel repeatedly asked Apple to provide a basis for making the sealed filings available only by in-person inspection at Apple's outside counsel's office.  Apple provided no meritorious justification, responding only that the materials were being made available for inspection "only as a courtesy, before a protective order is in place."  *Id.* at 18.  Although Defendants disagreed (and continue to disagree) with Apple only making these materials available by inspection, Defendants needed to review the sealed filings and so noticed an inspection of the materials (without any waiver) for the next day, August 5.  On the morning of August 5, less than a

half hour before the inspection was scheduled to begin, Apple canceled the inspection, stating that the notice was unreasonably short. *Id.* at 17-18. Apple permitted an inspection to proceed only on August 6, and only after Defendants agreed in writing to nine conditions Apple imposed the evening of August 5, including that reviewers could take handwritten notes but could not transcribe the content of designated material, and that no electronic notes could be taken. *Id.* at 11-12.

6. At the August 6 inspection, Defendants' counsel wrote to Apple, explaining that there was no reason for Apple to have made the materials available by inspection only; and, for example, that several filenames and project codenames appearing in Exhibit H to the Henry Declaration—Apple's alleged trade secret identification—appear verbatim in the sealed motion Apple served, and that portions appear unredacted in the publicly filed version of that motion. *Id.* at 9.

7. Upon receiving Defendants' counsel's email and examples that Apple had no basis to require in-person inspection of its sealed filings, Apple finally sent a file transfer link to the unredacted Patel Declaration, Fayed Declaration, and Exhibit H to the Henry Declaration. This time again, Apple did not include any of the 26 sealed exhibits to the Patel Declaration. *Id.* at 8.

8. On August 7, Apple's counsel wrote that it would provide three (3) printouts of only the portions of the 26 exhibits to the Patel Declaration cited in its Injunction Motion, if Defendants agreed to further conditions, including that Defendants would confer with Apple if they need to submit any portions or contents of the printouts as part of a Court filing (including in Defendants' response to the Injunction Motion) and obtain Apple's advance consent to make any such filing. *Id.* at 6.

9. On August 6 and 7, Defendants provided Apple with the names and CVs of certain experts to whom Defendants proposed to disclose confidential information. True and correct copies of those disclosure emails are attached hereto as **<u>Exhibits B</u>** and **<u>C</u>**. Defendants asked Apple to provide consent beginning on August 10. *See* Exs. B, C. Apple has not done so.

10. On August 7, Defendants requested a two-week extension for their opposition to Apple's motion, explaining that Apple's conduct had substantially hindered Defendants' ability to prepare their opposition. Ex. A at 5.

11. On August 11, Apple offered only a four-day extension, to August 21, and conditioned that extension on Defendants (i) dropping their objections to Apple's handling of the sealed filings, (ii) agreeing to a nine-day extension of Apple's own reply deadline, to September 2, and (iii) executing a joint stipulation Apple drafted. *Id.* at 2-3.

12. A true and correct copy of that proposed stipulation is attached hereto as **Exhibit D**.

13. Apple also said it "may be amenable" to a longer extension for Defendants if Defendants also stipulate to the expedited-discovery provisions Apple proposed on July 26. Ex. A at 3.

14. Defendants will be substantially prejudiced absent the requested extension, as they would be required to oppose a motion seeking to enjoin their ongoing business activities without meaningful access to the 26 exhibits constituting Apple's purported trade secrets, on which the Injunction Motion principally relies, and without the ability to have their experts review that material within the briefing period.

15. The enlargement of time requested here will not impact the case schedule beyond the due date of Defendants' opposition brief and Apple's reply. Defendants' proposed order will not affect the hearing date for Apple's motion, which is currently set for October 1, 2026 at 9:00 a.m.

16. As of the filing of this motion, the only time modification in the above-captioned proceeding has been a stipulated one-day extension for defendants Chang Liu and Tang Tan to file their motion to dismiss. *See* ECF No. 58.

DECLARATION OF JODIE CHENG IN SUPPORT OF MOTION TO ENLARGE TIME

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 11th day of August, 2026 in San Francisco, California.

By   */s/ Jodie W. Cheng*
Jodie W. Cheng

Case No. 5:26-CV-07078-EJD
DECLARATION OF JODIE CHENG IN SUPPORT OF MOTION TO ENLARGE TIME