# EXHIBIT A

# Andrew Mather

| | |
|---|---|
| **From:** | Henry, Christopher <Chris.Henry@weil.com> |
| **Sent:** | Tuesday, August 11, 2026 2:18 PM |
| **To:** | Jodie Cheng |
| **Cc:** | Kate Lazarus; QE-OpenAI-Apple-NDCA26-cv-7078; Weil Team Apple Liu OpenAI; JDesmarais@desmaraisllp.com; KOussayef@desmaraisllp.com; sbalcof@desmaraisllp.com; mdelzell@desmaraisllp.com; asafi@desmaraisllp.com; isadeh@desmaraisllp.com; Andrew Schapiro; Yehuda Goor |
| **Subject:** | RE: Apple v. Liu et al.: Aug 4 Service of Sealed Filings |

[EXTERNAL EMAIL from chris.henry@weil.com]

Jodie,

We are trying to work cooperatively with Defendants on an appropriate extension, so you and your clients can have the time you say you need to respond to Apple's motion for a preliminary injunction. Apple has no objection to a reasonable extension. We provided two potential paths forward that address Defendants' request for more time, and we told you that we are willing to negotiate the points we set out—for both paths—to find a mutually agreeable extension stipulation. If Defendants are not interested in either of the paths we proposed, we request that you provide a counterproposal that they are willing to accept. That way, the parties may find a mutually agreeable resolution.

Also, your summary of Apple's positions is incorrect, including because it ignores Apple's stated willingness to work with Defendants here, and because we did not propose a four-day extension for Defendants and a nine-day extension for Apple. It seems that you incorrectly calculated days from the current August 24 deadline for Apple's reply, but of course that date would not hold if Defendants' opposition deadline moved to August 21.

We look forward to receiving a counterproposal from Defendants. We also are available to discuss these issues live, which may prove useful and streamline this process.

Regards,

**Chris Henry**



Weil, Gotshal & Manges LLP
1001 Boylston Street, Suite 300
Boston, MA 02115
chris.henry@weil.com
+1 617 772 8845 Direct
+1 917 364 5871 Mobile

**From:** Jodie Cheng <jodiecheng@quinnemanuel.com>
**Sent:** Tuesday, August 11, 2026 1:32 PM

**To:** Henry, Christopher <Chris.Henry@weil.com>
**Cc:** Kate Lazarus <klazarus@kblfirm.com>; QE-OpenAI-Apple-NDCA26-cv-7078 <qe-openai-apple-ndca26-cv-7078@quinnemanuel.com>; Weil Team Apple Liu OpenAI <Weil.Apple.Liu.OpenAI@weil.com>; JDesmarais@desmaraisllp.com; KOussayef@desmaraisllp.com; sbalcof@desmaraisllp.com; mdelzell@desmaraisllp.com; asafi@desmaraisllp.com; isadeh@desmaraisllp.com; Andrew Schapiro <andrewschapiro@quinnemanuel.com>; Yehuda Goor <yehudagoor@quinnemanuel.com>
**Subject:** RE: Apple v. Liu et al.: Aug 4 Service of Sealed Filings

Chris,

To be clear, Apple will only agree to a 4-day extension for Defendants' Opposition to its P.I. motion, if Defendants (1) stipulate to relief sought by Apple's P.I. motion and (2) give Apple a 9-day extension for its Reply?  And beyond a 4-day extension, Apple will require Defendants to stipulate to expedited discovery?

That is our understanding of Apple's position based on your email below.  Unless we hear otherwise—including which of the above conditions Apple is willing to forgo—by 5p PT today, we will assume our understanding is correct.


**Jodie Cheng**
Quinn Emanuel Urquhart & Sullivan, LLP
jodiecheng@quinnemanuel.com

**From:** Henry, Christopher <Chris.Henry@weil.com>
**Sent:** Tuesday, August 11, 2026 8:36 AM
**To:** Jodie Cheng <jodiecheng@quinnemanuel.com>
**Cc:** Kate Lazarus <klazarus@kblfirm.com>; QE-OpenAI-Apple-NDCA26-cv-7078 <qe-openai-apple-ndca26-cv-7078@quinnemanuel.com>; Weil Team Apple Liu OpenAI <Weil.Apple.Liu.OpenAI@weil.com>; JDesmarais@desmaraisllp.com; KOussayef@desmaraisllp.com; sbalcof@desmaraisllp.com; mdelzell@desmaraisllp.com; asafi@desmaraisllp.com; isadeh@desmaraisllp.com; Andrew Schapiro <andrewschapiro@quinnemanuel.com>; Yehuda Goor <yehudagoor@quinnemanuel.com>
**Subject:** RE: Apple v. Liu et al.: Aug 4 Service of Sealed Filings

**[EXTERNAL EMAIL from chris.henry@weil.com]**

Counsel,

We are following up on Defendants' request for an extension to the briefing schedule for Apple's motion for a preliminary injunction.

Apple is amenable to extending the August 17 deadline for Defendants' opposition to Apple's PI motion to August 21, provided:

  i.  the parties move past Defendants' complaints about Apple's trade secret documents being made available on the trade secrets computer (and through the printouts that Defendants declined)—complaints Apple maintains are misplaced;

  ii.  Defendants agree to extend the deadline for Apple's reply in support of its motion for a preliminary injunction to September 2; and

  iii.  Defendants agree to the attached joint stipulation (which is a streamlined version of the stipulation Apple proposed on July 26).

Additionally, Apple may be amenable to a longer extension for Defendants' opposition to its PI motion if Defendants are willing to further agree and stipulate to the expedited discovery-related provisions Apple proposed in the draft stipulation sent to them on July 26, e.g., Paragraphs 4, 6, and 9 of that proposed stipulation.  If Defendants are interested in proceeding along that path, however, we request that by noon PT tomorrow (8/12), you either (a) let us know that Defendants will agree to those provisions, or (b) send us redlined versions of those provisions to which Defendants are prepared to agree.

Please note that Apple is willing to negotiate the points set out above to find a mutually agreeable extension stipulation, but we need commensurate consideration from Defendants.

Last, to your inquiry about Defendants' expert disclosures – yes, those disclosures are being reviewed.

Regards,

**Chris Henry**



Weil, Gotshal & Manges LLP
1001 Boylston Street, Suite 300
Boston, MA 02115
chris.henry@weil.com
+1 617 772 8845 Direct
+1 917 364 5871 Mobile

---

**From:** Jodie Cheng <jodiecheng@quinnemanuel.com>
**Sent:** Monday, August 10, 2026 4:47 PM
**To:** Henry, Christopher <Chris.Henry@weil.com>
**Cc:** Kate Lazarus <klazarus@kblfirm.com>; QE-OpenAI-Apple-NDCA26-cv-7078 <qe-openai-apple-ndca26-cv-7078@quinnemanuel.com>; Weil Team Apple Liu OpenAI <Weil.Apple.Liu.OpenAI@weil.com>; JDesmarais@desmaraisllp.com; KOussayef@desmaraisllp.com; sbalcof@desmaraisllp.com; mdelzell@desmaraisllp.com; asafi@desmaraisllp.com; isadeh@desmaraisllp.com; Andrew Schapiro <andrewschapiro@quinnemanuel.com>; Yehuda Goor <yehudagoor@quinnemanuel.com>
**Subject:** RE: Apple v. Liu et al.: Aug 4 Service of Sealed Filings

Chris,

Do you have Apple's position on the proposed extension for defendants' responses to the Apple P.I. motion?

And I take it from your email yesterday requesting additional information for experts, Messrs. Schroeder, Crain, and Shiflett that your client has reviewed or is reviewing the disclosures?

Thanks,

**Jodie Cheng**
Quinn Emanuel Urquhart & Sullivan, LLP
jodiecheng@quinnemanuel.com

**From:** Henry, Christopher <Chris.Henry@weil.com>
**Sent:** Sunday, August 9, 2026 7:05 AM
**To:** Jodie Cheng <jodiecheng@quinnemanuel.com>
**Cc:** Kate Lazarus <klazarus@kblfirm.com>; QE-OpenAI-Apple-NDCA26-cv-7078 <qe-openai-apple-ndca26-cv-7078@quinnemanuel.com>; Weil Team Apple Liu OpenAI <Weil.Apple.Liu.OpenAI@weil.com>; JDesmarais@desmaraisllp.com; KOussayef@desmaraisllp.com; sbalcof@desmaraisllp.com; mdelzell@desmaraisllp.com; asafi@desmaraisllp.com; isadeh@desmaraisllp.com; Andrew Schapiro <andrewschapiro@quinnemanuel.com>; Yehuda Goor <yehudagoor@quinnemanuel.com>
**Subject:** RE: Apple v. Liu et al.: Aug 4 Service of Sealed Filings

<mark>**[EXTERNAL EMAIL from chris.henry@weil.com]**</mark>

Jodie,

We invited you to meet and confer about the conditions under which Apple is willing to provide printouts of certain pages from the trade secret documents on the trade secrets computer—the documents to which Defendants have received access, and which you and another member of your team have inspected.  We understand from your failure to take us up on our offer to meet and confer and your email below that Defendants are unwilling to agree to those conditions.  Should Defendants reconsider their position and agree to the reasonable printout-related conditions Apple proposed, Apple will provide the printouts it offered.

Your assertions about service and the contents of Apple's PI-related submissions are incorrect for reasons we have explained in prior correspondence.

With respect to your request for an extension to the briefing schedule for Apple's motion for a preliminary injunction, we will discuss this with our client and get back to you.  On your requests for accelerated clearance of experts, we will do the same.  Also, on that front, and as we previously told you, we will work through expert clearance requests expeditiously.  We will aim to get back to you on the two clearance emails you sent us early this coming week.  However, that may not be on your requested August 10 and August 11 dates—we received your clearance requests at 1:56 am ET and 8:24 pm ET on Friday, August 7, and, as noted, these too must be discussed with our client.

Last, your email seems to demand continued access to the trade secrets computer, but as we told you, that computer remains available to you upon reasonable notice.  For example, we were prepared to facilitate another inspection on Friday, August 7, but Defendants chose not to return and continue their inspection.  Please also note that going forward, we request that you provide at least 24 hours' notice of any inspection, particularly if you choose to provide notice on a weekend.

Regards,

Chris Henry



Weil, Gotshal & Manges LLP
1001 Boylston Street, Suite 300
Boston, MA 02115
chris.henry@weil.com

+1 617 772 8845 Direct
+1 917 364 5871 Mobile

---

**From:** Jodie Cheng <jodiecheng@quinnemanuel.com>
**Sent:** Saturday, August 8, 2026 12:01 AM
**To:** Henry, Christopher <Chris.Henry@weil.com>
**Cc:** Kate Lazarus <klazarus@kblfirm.com>; QE-OpenAI-Apple-NDCA26-cv-7078 <qe-openai-apple-ndca26-cv-7078@quinnemanuel.com>; Weil Team Apple Liu OpenAI <Weil.Apple.Liu.OpenAI@weil.com>; JDesmarais@desmaraisllp.com; KOussayef@desmaraisllp.com; sbalcof@desmaraisllp.com; mdelzell@desmaraisllp.com; asafi@desmaraisllp.com; isadeh@desmaraisllp.com; Andrew Schapiro <andrewschapiro@quinnemanuel.com>; Yehuda Goor <yehudagoor@quinnemanuel.com>
**Subject:** RE: Apple v. Liu et al.: Aug 4 Service of Sealed Filings

Chris,

What specifically about Apple's trade secret identification do you want to meet and confer about? The identification bears a HC-OAEO designation, and we've already agreed to treat sealed P.I. filings as such. Apple's assertion that a HC-OAEO document contains information that Apple contends is trade secret does not excuse its improper service—service and protective order designations are separate issues. A confidentiality designation doesn't entitle a party to seal information, let alone excuse a failure to serve sealed filings. *E.g.*, N.D. Cal. Model Protective Order for Litigation Involving Patents, Highly Sensitive Confidential Information and/or Trade Secrets ¶ 14.4 ("a sealing order will issue only upon a request establishing that the Protected Material at issue [is] privileged, protectable as a trade secret, or otherwise entitled to protection under the law[;] ... [i]f a Receiving Party's request to file Protected Material under seal ... is denied by the court, then the Receiving Party may file the Protected Material in the public record ... unless otherwise instructed by the court.").

Regarding Apple's sealed P.I. filings that we still haven't received, including Exhibits 1–26 to the Patel Declaration, we disagree with the conditions you've placed on our access to information that Apple itself put at issue and that we need in order to respond to Apple's assertions. Apple certified to the Court that it had already served its sealed filings, not that it would serve them only if Defendants agreed to Apple's subsequent conditions.

Because Apple's failure to properly serve the sealed P.I. filings has significantly hindered—and continues to hinder—our ability to prepare Defendants' responses, we believe a two-week extension is warranted.  This is assuming Apple (1) continues to give us access to inspect the materials it failed to serve electronically, and (2) provides any objections to our expert disclosures by the requested dates. If Apple further restricts or delays our access to information necessary to respond to its P.I. motion on the merits, we reserve all rights to seek additional extensions or relief. Please let us know Apple's position on the proposed two-week extension, and whether Apple intends to seek an extension for its reply.


**Jodie Cheng**
Quinn Emanuel Urquhart & Sullivan, LLP
jodiecheng@quinnemanuel.com

---

**From:** Henry, Christopher <Chris.Henry@weil.com>
**Sent:** Friday, August 7, 2026 8:29 AM
**To:** Jodie Cheng <jodiecheng@quinnemanuel.com>
**Cc:** Kate Lazarus <klazarus@kblfirm.com>; QE-OpenAI-Apple-NDCA26-cv-7078 <qe-openai-apple-ndca26-cv-

7078@quinnemanuel.com>; Weil Team Apple Liu OpenAI <Weil.Apple.Liu.OpenAI@weil.com>;
JDesmarais@desmaraisllp.com; KOussayef@desmaraisllp.com; sbalcof@desmaraisllp.com; mdelzell@desmaraisllp.com;
asafi@desmaraisllp.com; isadeh@desmaraisllp.com; Andrew Schapiro <andrewschapiro@quinnemanuel.com>; Yehuda
Goor <yehudagoor@quinnemanuel.com>
**Subject:** RE: Apple v. Liu et al.: Aug 4 Service of Sealed Filings

**[EXTERNAL EMAIL from chris.henry@weil.com]**

Jodie,

We have not heard back from you about setting a time for a meet and confer about trade secret document printouts.  We remain available to confer this afternoon.  In advance of a meet and confer, please note that with respect to the trade secret documents available for inspection on the trade secrets computer, Apple is amenable to providing Defendants three hard copies of the pages that Apple cited in its motion papers, including the Patel and Fayed declarations, *provided* Defendants agree to the following conditions with respect to the printouts:

- The printouts will be provisionally treated as HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY materials, consistent with the parties' agreement to treat all sealed filings this way.
- No additional copies of these printouts will be made.
- The printouts must be stored in a locked room or cabinet at all times when not in use.
- A log of all paper copies will be kept and will include the names of all recipients and reviewers of these printouts, the locations where the printouts are stored, and the dates on which the printouts are reviewed.  And, upon Apple's request for the log, it must be provided within one business day.
- The contents of the printouts shall not be included in correspondence between the parties (references to production numbers will be used instead) and will be omitted from pleadings and other papers whenever possible.
- If Defendants reasonably believe they need to submit any portions or contents of these printouts as part of a Court filing, the parties will meet and confer as to how to make such a filing while protecting the confidentiality of the information in the printouts, and the printouts and information in them will not be filed absent agreement from Apple that the confidentiality protections to be used for any such submission are adequate.

If Defendants agree to these conditions, Apple will proceed and prepare the printouts, e.g., for pickup at Weil's Redwood City offices this afternoon.

Regards,

**Chris Henry**



Weil, Gotshal & Manges LLP
1001 Boylston Street, Suite 300
Boston, MA 02115
chris.henry@weil.com
+1 617 772 8845 Direct
+1 917 364 5871 Mobile

**From:** Henry, Christopher
**Sent:** Friday, August 7, 2026 9:27 AM
**To:** 'Kate Lazarus' <klazarus@kblfirm.com>
**Cc:** Jodie Cheng <jodiecheng@quinnemanuel.com>; QE-OpenAI-Apple-NDCA26-cv-7078 <qe-openai-apple-ndca26-cv-7078@quinnemanuel.com>; Weil Team Apple Liu OpenAI <Weil.Apple.Liu.OpenAI@weil.com>; JDesmarais@desmaraisllp.com; KOussayef@desmaraisllp.com; sbalcof@desmaraisllp.com; mdelzell@desmaraisllp.com; asafi@desmaraisllp.com; isadeh@desmaraisllp.com; Andrew Schapiro <andrewschapiro@quinnemanuel.com>; Yehuda Goor <yehudagoor@quinnemanuel.com>
**Subject:** RE: Apple v. Liu et al.: Aug 4 Service of Sealed Filings

Kate,

We added you to the Weil Cloud share.  Let me know if you do not receive a link.

Regards,

**Chris Henry**



Weil, Gotshal & Manges LLP
1001 Boylston Street, Suite 300
Boston, MA 02115
chris.henry@weil.com
+1 617 772 8845 Direct
+1 917 364 5871 Mobile

**From:** Kate Lazarus <klazarus@kblfirm.com>
**Sent:** Friday, August 7, 2026 9:25 AM
**To:** Henry, Christopher <Chris.Henry@weil.com>
**Cc:** Jodie Cheng <jodiecheng@quinnemanuel.com>; QE-OpenAI-Apple-NDCA26-cv-7078 <qe-openai-apple-ndca26-cv-7078@quinnemanuel.com>; Weil Team Apple Liu OpenAI <Weil.Apple.Liu.OpenAI@weil.com>; JDesmarais@desmaraisllp.com; KOussayef@desmaraisllp.com; sbalcof@desmaraisllp.com; mdelzell@desmaraisllp.com; asafi@desmaraisllp.com; isadeh@desmaraisllp.com; Andrew Schapiro <andrewschapiro@quinnemanuel.com>; Yehuda Goor <yehudagoor@quinnemanuel.com>
**Subject:** Re: Apple v. Liu et al.: Aug 4 Service of Sealed Filings

Hi Chris - I don't believe I've received a link to the below-referenced documents.
Thanks, Kate

On Thu, Aug 6, 2026 at 3:33 PM Henry, Christopher <Chris.Henry@weil.com> wrote:

> Jodie,
>
>
> The parties agreed last night that no printouts will be provided until they reach agreement on printouts in a protective order.  As the parties have not agreed on a protective order, the printouts you demand below will not be provided today.  That said, we are open to further discussing with you whether, even in

7

the absence of an agreed or court-ordered protective order, printouts of certain portions of the trade secret documents on the trade secrets computer may be provided to Defendants after subsequent inspections.  The provision of any such printouts would depend on Defendants agreeing to appropriate, provisional protections for printouts.  We are available to meet and confer about this tomorrow (8/7) between noon and 5 pm ET.  When convenient, let us know what works on your end and we will circulate a calendar invite.

Additionally, the documents made available for your inspection on the trade secrets computer, including Apple's preliminary and non-binding trade secret identification, were made available in that manner because they contain highly sensitive trade secret information, as we have explained multiple times.  And we disagree with your characterizations of Apple's preliminary trade secret identification and the information presented therein.  Nevertheless, in the interest of continuing to cooperate with you here, we will send to your team via secure file transfer copies of the sealed versions of Apple's preliminary trade secret identification and the declarations of Parin Patel and Dr. Ayman Fayed.  You will receive a Weil Cloud link for these sealed filings, which are being produced subject to Defendants' agreement to treat them as Highly Confidential – Outside Counsel's Eyes Only.

Regards,

**Chris Henry**



Weil, Gotshal & Manges LLP
1001 Boylston Street, Suite 300
Boston, MA 02115
chris.henry@weil.com
+1 617 772 8845 Direct
+1 917 364 5871 Mobile

---

**From:** Jodie Cheng <jodiecheng@quinnemanuel.com>
**Sent:** Thursday, August 6, 2026 3:08 PM
**To:** Henry, Christopher <Chris.Henry@weil.com>
**Cc:** QE-OpenAI-Apple-NDCA26-cv-7078 <qe-openai-apple-ndca26-cv-7078@quinnemanuel.com>; Weil Team Apple Liu OpenAI <Weil.Apple.Liu.OpenAI@weil.com>; JDesmarais@desmaraisllp.com; KOussayef@desmaraisllp.com; sbalcof@desmaraisllp.com; mdelzell@desmaraisllp.com; asafi@desmaraisllp.com; isadeh@desmaraisllp.com; Kate Lazarus <klazarus@kblfirm.com>; Andrew Schapiro <andrewschapiro@quinnemanuel.com>; Yehuda Goor <yehudagoor@quinnemanuel.com>
**Subject:** RE: Apple v. Liu et al.: Aug 4 Service of Sealed Filings

Chris,

Andrew Mather and I have been here at your Redwood Shores office reviewing the sealed filings that Apple made available only by inspection.  Upon just an initial review of these materials, it is clear that there is (1) no source code in them and (2) no reason these (or any of Apple's sealed filings) could not have been properly served promptly after filing pursuant to ND Cal's established procedures for electronic service of sealed materials.

As just one example, filenames and project/code names in Exhibit H to the Henry Declaration (Apple's "trade secret identification"), which Apple made available only by inspection, are disclosed verbatim in the sealed Motion For Preliminary Injunction that Apple previously served electronically (albeit untimely).  In fact, portions of the filenames are not even redacted in the public filing of the Motion For Preliminary Injunction.  Other portions of Apple's trade secret identification (e.g., vague categories of "proprietary information") are even more generic and contain no confidential information whatsoever.  What is Apple's basis for making its trade secret identification available by inspection only, when the same or even more granular information was served electronically or even publicly filed?

Because Apple has no basis to have made these materials available only by inspection, we demand that Apple provide at least 3 printouts of each of the documents on its inspection computer by close of business.  Andrew or I will be here to receive hand-delivery of the printouts before your office closes today.

As I've stated before, we reserve all rights to seek appropriate relief from the Court.  Nothing in this email—or request for printouts—should be construed as a waiver, including without limitation as to the sufficiency of service, Apple's designations of any materials, and the propriety of Apple's conditions and other positions.

**Jodie Cheng**
Quinn Emanuel Urquhart & Sullivan, LLP
jodiecheng@quinnemanuel.com

---

**From:** Jodie Cheng
**Sent:** Wednesday, August 5, 2026 11:37 PM
**To:** Henry, Christopher <Chris.Henry@weil.com>

**Cc:** QE-OpenAI-Apple-NDCA26-cv-7078 <qe-openai-apple-ndca26-cv-7078@quinnemanuel.com>; Weil Team Apple Liu OpenAI <Weil.Apple.Liu.OpenAI@weil.com>; JDesmarais@desmaraisllp.com; KOussayef@desmaraisllp.com; sbalcof@desmaraisllp.com; mdelzell@desmaraisllp.com; asafi@desmaraisllp.com; isadeh@desmaraisllp.com; Kate Lazarus <klazarus@kblfirm.com>; Andrew Schapiro <andrewschapiro@quinnemanuel.com>; Yehuda Goor <yehudagoor@quinnemanuel.com>
**Subject:** RE: Apple v. Liu et al.: Aug 4 Service of Sealed Filings

Chris,

We disagree with Apple's position on these issues for the reasons set forth in our prior emails. Apple's ongoing failure to serve all the papers supporting its motion for a preliminary injunction is prejudicing Defendants' ability to respond to that motion and will require an extension of Defendants' opposition deadline.

In the meantime, Andrew Mather and I will arrive in your Redwood Shores office tomorrow at 11:00 am to inspect the papers Apple has withheld. Solely for purposes of tomorrow's inspection, Defendants will agree to Apple's conditions set forth in Nos. 1-9 in your email below.

Thank you for confirming your availability to meet and confer regarding a protective order.  As we've indicated previously, we think the parties should be guided by the Model Order.  We can walk you through the issues when we speak tomorrow.

We reserve all rights and nothing in this email should be construed as a waiver, including without limitation as to the sufficiency of service, Apple's designations of any materials, and the propriety of Apple's conditions and other positions.

**Jodie Cheng**
Quinn Emanuel Urquhart & Sullivan, LLP
jodiecheng@quinnemanuel.com

**From:** Henry, Christopher <Chris.Henry@weil.com>
**Sent:** Wednesday, August 5, 2026 9:46 PM
**To:** Jodie Cheng <jodiecheng@quinnemanuel.com>
**Cc:** QE-OpenAI-Apple-NDCA26-cv-7078 <qe-openai-apple-ndca26-cv-7078@quinnemanuel.com>; Weil Team Apple Liu OpenAI <Weil.Apple.Liu.OpenAI@weil.com>; JDesmarais@desmaraisllp.com; KOussayef@desmaraisllp.com; sbalcof@desmaraisllp.com; mdelzell@desmaraisllp.com; asafi@desmaraisllp.com; isadeh@desmaraisllp.com; Kate Lazarus <klazarus@kblfirm.com>; Andrew Schapiro <andrewschapiro@quinnemanuel.com>; Yehuda Goor

<yehudagoor@quinnemanuel.com>
**Subject:** RE: Apple v. Liu et al.: Aug 4 Service of Sealed Filings

[EXTERNAL EMAIL from chris.henry@weil.com]

Jodie,

Most of your email below simply repeats incorrect positions you have previously stated, which we will neither continue to correct nor belabor.  It suffices to say we disagree with your assertions, including because they do not accurately reflect the parties' correspondence, the contents of Apple's recent filings, the manner in which Apple has served and provided those filings to Defendants, or Apple's willingness to work cooperatively with you on these issues.

You also once again fail to provide edits to the draft protective order that Apple sent you a week ago— which as we are sure you realize would, as in many trade secret cases, allow the parties to designate highly sensitive materials as "Highly Confidential – Attorneys' Eyes Only – Trade Secret" materials and permit production of such materials on a locked-down computer for "Source Code and Trade Secret" inspections, such as the computer Apple has already made available to you.  We again request that you provide edits to the draft protective order we sent to you on July 29.  We further request that any edits be provided at least two hours before the meet and confer that you requested below (if not sooner).  That way, the parties can make meaningful progress on the draft protective order during their conference.  Regarding a time for the meet and confer, we are available at noon PT tomorrow (8/6).  Please circulate an invitation for that time.

At the end of your email, you once again notice an inspection before connecting with us to discuss logistics, even though we have requested a discussion on logistics multiple times.  Regardless, in the interest of moving things forward here, a member of our team will be available to facilitate an inspection beginning at 9 am PT tomorrow.  That inspection may proceed ***provided*** you confirm in writing tonight, or at a minimum before 9 am PT tomorrow, that you will abide by the following inspection parameters:

1. The inspection will occur at Weil's Redwood City office, on the secured computer already set up there.
2. No internet or network access from the computer will be permitted.
3. A Weil attorney or staff member familiar with the computer setup will be present to chaperone and facilitate the inspection.  Weil may visually monitor your inspection to ensure no unauthorized copying occurs.

11

4. You must specifically identify in writing, in advance, the names of the actual attendees from your team.  (Your email below is not specific.)
5. All attendees from your team must show government-issued photo identification before being admitted.
6. No recordable media or devices will be permitted in the room: no phones, cameras, laptops, recording devices of any kind, etc.  (We will aim to provide a breakout room for you or an alternative secure repository for your phones, laptops, and other devices not permitted in the inspection room.)
7. Reviewers may take handwritten notes but may not copy into notes the content of any material designated Highly Confidential – Attorneys' Eyes Only – Trade Secrets, and you may not take notes electronically on the review computer.
8. A sign-in/sign-out log will be maintained for anyone entering the room during the inspection, and attendees must sign in and out of the inspection room every time they enter or leave without exception.
9. No printouts will be provided until the parties reach agreement on printouts in a protective order.

Once we have written confirmation that you and your team will abide by these parameters, the inspection may proceed.

Regards,

**Chris Henry**



Weil, Gotshal & Manges LLP
1001 Boylston Street, Suite 300
Boston, MA 02115
chris.henry@weil.com
+1 617 772 8845 Direct
+1 917 364 5871 Mobile

**From:** Jodie Cheng <jodiecheng@quinnemanuel.com>
**Sent:** Wednesday, August 5, 2026 10:03 PM
**To:** Henry, Christopher <Chris.Henry@weil.com>
**Cc:** QE-OpenAI-Apple-NDCA26-cv-7078 <qe-openai-apple-ndca26-cv-7078@quinnemanuel.com>; Weil Team Apple Liu OpenAI <Weil.Apple.Liu.OpenAI@weil.com>; JDesmarais@desmaraisllp.com; KOussayef@desmaraisllp.com; sbalcof@desmaraisllp.com; mdelzell@desmaraisllp.com; asafi@desmaraisllp.com; isadeh@desmaraisllp.com; Kate Lazarus <klazarus@kblfirm.com>; Andrew Schapiro <andrewschapiro@quinnemanuel.com>; Yehuda Goor <yehudagoor@quinnemanuel.com>
**Subject:** RE: Apple v. Liu et al.: Aug 4 Service of Sealed Filings

Chris,

Your email confirms that Apple refuses to serve defendants with the documents Apple filed manually in support of its August 3 motion for a preliminary injunction. As you concede below, defendants were served with only some of Apple's filings. It is therefore undisputed that not all of Apple's motion papers have been served. The Local Rules and the Court's ECF instructions mandate that manually filed documents be promptly served on all parties. Even assuming for now that Apple properly utilized the manual filing procedure in this case, it failed to comply with binding service requirements. Apple cannot exempt itself from service obligations and make up its own procedures. The fact that Apple "disclosed to Defendants" that they are not being served is of no moment and does not substitute service.

In your email this morning, you stated that Apple is prepared to grant us access "even this afternoon" to the documents supporting Apple's preliminary injunction motion. Those are the same documents that your firm misrepresented to the Court were "served" on us "via electronic transmission." ECF No. 51. Contrary to your statement, your firm's certificate of service (ECF No. 51) does, in fact, misrepresent the facts regarding Apple's service of its manually filed documents. Your firm and Apple are on notice of those misrepresentations. In all events, another day has gone by without defendants being able to access the documents Apple filed in support of its motion for a preliminary injunction, despite your representations to the Court that we were served. Purporting to make documents available at your office "as a courtesy" and then refusing to grant access is a far cry from serving such documents.

You again misstate the record regarding the parties' protective order discussions. Apple failed to provide comments for 10 days and then shared an unworkable, facially deficient draft that is inconsistent with the Court's applicable model order. We reiterate that the parties should meet and confer regarding a protective order. We are available to do so tomorrow or Friday between 10 am and 2 pm PST. Please let us know what time works for you.

Your email again does not dispute that Apple has not designated the unserved materials as Source Code under the N.D. Cal. Model Protective Order For Litigation Involving Patents, Highly Sensitive Confidential Information and/or Trade Secrets (the "Model Order").

Please immediately provide: (1) Apple's purported basis for using the manual filing process for sealed materials in a civil case and for modifying the mandatory language required by the Court for Manual Filing Notifications; (2) Apple's purported basis to conclude that serving part of a motion constitutes

13

valid service; and (3) Apple's purported basis to demand that defendants review court filings at Weil's offices absent even a Source Code designation under the Model Order.

While we reserve all rights and reject Apple's prejudicial and improper circumvention of the rules, we are again noticing our inspection to begin tomorrow, August 6 at 9:00 am PST.  Myself and/or Vicki Parker and/or Andrew Mather (all of Quinn Emanuel) will conduct the inspection.  We are further noticing our demand for printouts as it is reasonably necessary to prepare court filings.

**Jodie Cheng**
Quinn Emanuel Urquhart & Sullivan, LLP
jodiecheng@quinnemanuel.com

---

**From:** Henry, Christopher <Chris.Henry@weil.com>
**Sent:** Wednesday, August 5, 2026 5:30 PM
**To:** Jodie Cheng <jodiecheng@quinnemanuel.com>
**Cc:** QE-OpenAI-Apple-NDCA26-cv-7078 <qe-openai-apple-ndca26-cv-7078@quinnemanuel.com>; Weil Team Apple Liu OpenAI <Weil.Apple.Liu.OpenAI@weil.com>; JDesmarais@desmaraisllp.com; KOussayef@desmaraisllp.com; sbalcof@desmaraisllp.com; mdelzell@desmaraisllp.com; asafi@desmaraisllp.com; isadeh@desmaraisllp.com; Kate Lazarus <klazarus@kblfirm.com>; Andrew Schapiro <andrewschapiro@quinnemanuel.com>; Yehuda Goor <yehudagoor@quinnemanuel.com>
**Subject:** RE: Apple v. Liu et al.: Aug 4 Service of Sealed Filings

**[EXTERNAL EMAIL from chris.henry@weil.com]**

---

Jodie,

We sent you sealed documents yesterday afternoon because before that time, the parties had not agreed to provisionally treat sealed information as Highly Confidential – Outside Counsel's Eyes Only.  Nor had the parties otherwise agreed on a protective order.  After we received Defendants' agreement to provisionally treat sealed information as Highly Confidential – Outside Counsel's Eyes Only, we sent you the majority of Apple's sealed filings in short order.  We also reiterated that certain highly sensitive trade secret information was available for inspection at Weil's offices.  This was also disclosed to Defendants in Apple's preliminary injunction filings.  Accordingly, Apple's motion papers have been served on and made available to Defendants, including by being made available for inspection on the trade secrets computer in Weil's offices.

With respect to the trade secrets computer, we have not "refused" to allow inspections.  To the contrary—consistent with our intent to work cooperatively with you here and to provide you appropriately controlled access to Apple's trade secret information as soon as practicable—we offered

14

to get on a meet and confer this morning to discuss logistics, so an inspection could proceed as early as this afternoon.  You did not take us up on that offer.  We remain available to discuss with you and your team inspection logistics, times for inspections, and, if needed, reasonable, mutually agreed adjustments to briefing schedules that will appropriately balance Defendants' need to review Apple's trade secret information and Apple's need to protect that information.  By no means is Apple "hold[ing] its motion papers hostage."

Further, to your comments about a protective order, we do not understand your new view that the parties agreed to "follow the Model Order."  OpenAI twice declined Apple's proposed interim order (on July 24 and 27) and still has not responded to Apple's proposed edits to the permanent protective order, sent on July 29.  As discussed above, it was only yesterday afternoon that Defendants agreed to provisionally treat sealed information as Highly Confidential – Outside Counsel's Eyes Only.

Last, Apple does not intend to amend the certificate of service that was filed with its motion for a preliminary injunction (Dkt. 51), as that filing does not contain misrepresentations.

Regards,


**Chris Henry**





Weil, Gotshal & Manges LLP
1001 Boylston Street, Suite 300
Boston, MA 02115
chris.henry@weil.com
+1 617 772 8845 Direct
+1 917 364 5871 Mobile

---

**From:** Jodie Cheng <jodiecheng@quinnemanuel.com>
**Sent:** Wednesday, August 5, 2026 3:07 PM
**To:** Henry, Christopher <Chris.Henry@weil.com>
**Cc:** QE-OpenAI-Apple-NDCA26-cv-7078 <qe-openai-apple-ndca26-cv-7078@quinnemanuel.com>; Weil Team Apple Liu OpenAI <Weil.Apple.Liu.OpenAI@weil.com>; JDesmarais@desmaraisllp.com; KOussayef@desmaraisllp.com; sbalcof@desmaraisllp.com; mdelzell@desmaraisllp.com; asafi@desmaraisllp.com; isadeh@desmaraisllp.com; Kate Lazarus <klazarus@kblfirm.com>; Andrew Schapiro <andrewschapiro@quinnemanuel.com>; Yehuda Goor <yehudagoor@quinnemanuel.com>
**Subject:** RE: Apple v. Liu et al.: Aug 4 Service of Sealed Filings


Chris,

Apple filed a motion for a preliminary injunction on Monday night, August 3.  That motion purports to be supported by numerous declarations and exhibits that were filed under seal.  On August 4, your firm filed with the Court a certificate of service representing that you "served via electronic transmission" numerous documents that were either "redacted" or manually filed ("MFN").  ECF No. 51 (you erroneously state that you have "served via electronic transmission" documents that were manually filed).  The Court's Local Rules mandate that manually filed documents be "served upon the parties in accordance with the applicable Federal Rules of Civil Procedure . . . and Local Rules for filing and service of paper documents."  N.D. Cal. Civ. L.R. 5-1(e).  Apple has failed to follow this rule and has therefore not yet served its motion papers on the defendants, despite its contrary representations to the Court.

Yesterday (August 4) around 4:17pm PT, you sent us for the first time some of the documents that were filed under seal (including the unredacted motion itself, which was not previously served), stating that we can come to your office to review the rest.  A few hours later, we emailed you seeking clarifications regarding Apple's apparent designation of its sealed materials as Source Code under the applicable model protective order.  We also stated, while reserving all rights, that we "are noticing our inspection to begin" today, August 5, at 9am PT.   At 8:41a PT—less than twenty minutes before our noticed inspection—you refused to allow the inspection to go forward, reasoning that our prompt notice was "late" and "not reasonable."  You now state that the documents will be available for inspection only "as a courtesy" and subject to agreement on "parameters" and Apple's permission.

Apple's positions are not well-taken.  Apple has no basis to unilaterally decide that, instead of properly serving its motion papers, Apple is making them available for inspection at your office "as a courtesy," and then refusing to follow even that improper mechanism.  We understand from your email below that Apple has not designated the unserved materials as Source Code under the N.D. Cal. Model Protective Order For Litigation Involving Patents, Highly Sensitive Confidential Information and/or Trade Secrets (the "Model Order").

We agreed per your request to temporarily follow the Model Order pending the entry of a protective order by the Court, and provisionally treat Apple's sealed materials as "Highly Confidential – Outside Counsel's Eyes Only."  We obviously did not agree to allow Apple to hold its motion papers hostage without serving them.  Nor did we agree to Apple's improvised inspection mechanism.

Finally, you mischaracterize the parties' prior discussions regarding a protective order.  On July 20, we sent Apple a draft protective order based on the Model Order.  Apple did not provide any comments until the night of July 29, when Apple sent us an incomplete draft with internal inconsistencies and numerous deviations from the Model Order.  We remain available to work with Apple on a reasonable protective order that closely tracks the Model Order.

16

Please advise immediately today whether Apple intends to serve its motion papers in accordance with the applicable rules.  Please further advise whether Apple intends to amend the certificate of service it filed as ECF No. 51, which misrepresents to the Court that Apple has followed the local rules with respect to serving manually filed documents.  Apple has not done so, and its motion papers remain unserved at this time.  Nor is Apple's motion to seal properly noticed as defendants have no ability to respond to Apple's proposed redactions without access to the underlying documents.

We reserve all rights.

**Jodie Cheng**
Quinn Emanuel Urquhart & Sullivan, LLP
jodiecheng@quinnemanuel.com

**From:** Henry, Christopher <Chris.Henry@weil.com>
**Sent:** Wednesday, August 5, 2026 8:41 AM
**To:** Jodie Cheng <jodiecheng@quinnemanuel.com>
**Cc:** QE-OpenAI-Apple-NDCA26-cv-7078 <qe-openai-apple-ndca26-cv-7078@quinnemanuel.com>; Weil Team Apple Liu OpenAI <Weil.Apple.Liu.OpenAI@weil.com>; JDesmarais@desmaraisllp.com; KOussayef@desmaraisllp.com; sbalcof@desmaraisllp.com; mdelzell@desmaraisllp.com; asafi@desmaraisllp.com; isadeh@desmaraisllp.com; Kate Lazarus <klazarus@kblfirm.com>; Andrew Schapiro <andrewschapiro@quinnemanuel.com>; Yehuda Goor <yehudagoor@quinnemanuel.com>
**Subject:** RE: Apple v. Liu et al.: Aug 4 Service of Sealed Filings

**[EXTERNAL EMAIL from chris.henry@weil.com]**

Jodie,

Thank you for emails.  We received your initial inspection request close to 9:00 pm ET last night and passed it along to our client.  Your late request for an inspection of Apple's trade secret-related materials at 9:00 am PT the next day was not reasonable with respect to turnaround, but we are prepared to meet and confer this morning to reach agreement on parameters for an inspection promptly, even this afternoon, along the lines of the source code protections in our proposed protective order.

As to your question regarding the designation of these materials, the materials are being made available for inspection by outside counsel only as a courtesy, before a protective order is in place, consistent with the protections Apple proposed in its July 29 protective order—which OpenAI has not agreed to, having twice declined Apple's proposed interim order and not responded to Apple's proposed edits to the permanent order. Given that no protective order is in place, we are not in a position to agree to printouts at this stage, and Apple reserves its position on that request.  We expect we can reach an agreement on this topic too in a stipulated protective order.

We remain willing to work with you this morning to agree on parameters—including room logistics, personnel, and access rules—that would allow the inspection to proceed as soon as practicable, even this afternoon.  Please let us know your availability to meet and confer.

Regards,

**Chris Henry**



Weil, Gotshal & Manges LLP
1001 Boylston Street, Suite 300
Boston, MA 02115
chris.henry@weil.com
+1 617 772 8845 Direct
+1 917 364 5871 Mobile

**From:** Jodie Cheng <jodiecheng@quinnemanuel.com>
**Sent:** Wednesday, August 5, 2026 10:22 AM
**To:** Henry, Christopher <Chris.Henry@weil.com>; Andrew Schapiro <andrewschapiro@quinnemanuel.com>; Yehuda Goor <yehudagoor@quinnemanuel.com>
**Cc:** QE-OpenAI-Apple-NDCA26-cv-7078 <qe-openai-apple-ndca26-cv-7078@quinnemanuel.com>; Weil Team Apple Liu OpenAI <Weil.Apple.Liu.OpenAI@weil.com>; JDesmarais@desmaraisllp.com; KOussayef@desmaraisllp.com; sbalcof@desmaraisllp.com; mdelzell@desmaraisllp.com; asafi@desmaraisllp.com; isadeh@desmaraisllp.com; Kate Lazarus <klazarus@kblfirm.com>
**Subject:** Re: Apple v. Liu et al.: Aug 4 Service of Sealed Filings

Chris,

Please let us know about Apple's sealed filings for inspection, including whether we will be able to inspect the filings this morning and the other questions in my email below.

All rights reserved.

Thanks,

Jodie

Quinn Emanuel Urquhart & Sullivan LLP

jodiecheng@quinnemanuel.com

---

**From:** Jodie Cheng <jodiecheng@quinnemanuel.com>
**Sent:** Tuesday, August 4, 2026 8:43 PM
**To:** Henry, Christopher <Chris.Henry@weil.com>; Andrew Schapiro <andrewschapiro@quinnemanuel.com>; Yehuda Goor <yehudagoor@quinnemanuel.com>
**Cc:** QE-OpenAI-Apple-NDCA26-cv-7078 <qe-openai-apple-ndca26-cv-7078@quinnemanuel.com>; Weil Team Apple Liu OpenAI <Weil.Apple.Liu.OpenAI@weil.com>; JDesmarais@desmaraisllp.com <JDesmarais@desmaraisllp.com>; KOussayef@desmaraisllp.com <KOussayef@desmaraisllp.com>; sbalcof@desmaraisllp.com <sbalcof@desmaraisllp.com>; mdelzell@desmaraisllp.com <mdelzell@desmaraisllp.com>; asafi@desmaraisllp.com <asafi@desmaraisllp.com>; isadeh@desmaraisllp.com <isadeh@desmaraisllp.com>; Kate Lazarus <klazarus@kblfirm.com>
**Subject:** RE: Apple v. Liu et al.: Aug 4 Service of Sealed Filings

Chris,

Is it Apple's position that the sealed filings being made available only by inspection qualify as, or are they designated, Source Code under the ND Cal Model Protective Order For Litigation Involving Patents, Highly Sensitive Confidential Information And/Or Trade Secrets?  If so, please explain how those sealed filings qualify under the designation in the ND Cal Model P.O.  If not, please explain why those materials are being made available only by inspection.

Assuming Apple is designating these materials as Source Code, we are noticing our inspection to begin tomorrow at 9:00 a.m. Jodie Cheng and/or Andrew Mather (both of Quinn Emanuel) will conduct the inspection.

Additionally, Defendants are entitled to printouts of it as it is reasonably necessary to prepare court filings — including Defendants' response to the materials. (*See* ND Cal Model P.O. for Trade Secret Cases ¶ 9(d).)  Please confirm that Apple will provide such printouts within one day of request.

**Jodie Cheng**
Quinn Emanuel Urquhart & Sullivan, LLP
jodiecheng@quinnemanuel.com

---

**From:** Henry, Christopher <Chris.Henry@weil.com>
**Sent:** Tuesday, August 4, 2026 4:16 PM
**To:** Andrew Schapiro <andrewschapiro@quinnemanuel.com>; Yehuda Goor <yehudagoor@quinnemanuel.com>
**Cc:** QE-OpenAI-Apple-NDCA26-cv-7078 <qe-openai-apple-ndca26-cv-7078@quinnemanuel.com>; Weil Team Apple Liu OpenAI <Weil.Apple.Liu.OpenAI@weil.com>; JDesmarais@desmaraisllp.com; KOussayef@desmaraisllp.com; sbalcof@desmaraisllp.com; mdelzell@desmaraisllp.com; asafi@desmaraisllp.com; isadeh@desmaraisllp.com; Kate Lazarus <klazarus@kblfirm.com>
**Subject:** Apple v. Liu et al.: Aug 4 Service of Sealed Filings

**[EXTERNAL EMAIL from chris.henry@weil.com]**

Andy,

For service of certain sealed filings relating to Apple's motion for a preliminary injunction and its motion for expedited discovery, we are sending to you, Yehuda Goor, and Kate Lazarus links to our secure file transfer portal (Weil Cloud).  (The links will come from cloudshare@weil.com.)

Additionally, the following declarations and exhibits are available for inspection at the offices of Weil, Gotshal & Manges LLP at 201 Redwood Shores Parkway #400, Redwood City, California 94065, on a locked-down trade secrets computer:

- The declaration of Parin Patel;
- Exhibits 1-26 to the Declaration of Parin Patel;

- The declaration of Dr. Ayman Fayed; and
- Exhibit H to the Henry declaration.

The trade secrets computer will be available starting tomorrow and, going forward, Monday-Friday during business hours.  We ask that you provide reasonable notice of any planned inspections, so we can make appropriate arrangements and, as needed, discuss and coordinate on inspection logistics.

Pursuant to the parties' agreement from earlier today (8/4), all information produced or made available for inspection as described above is designated and must be treated as HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY material.  It shall not be disclosed without Apple's written permission to anyone other than the receiving party's outside counsel of record in this action as well as employees of said counsel to whom it is reasonably necessary to disclose the information for this litigation. We understand you may have outside experts with whom you will request to share such information, and we will work with you to promptly consider and respond to all such reasonable requests.

If you disagree with these conditions, please let us know so we can discuss it, in which case any access to the sealed filings without Apple's permission is strictly prohibited.

Regards,

**Chris Henry**



Weil, Gotshal & Manges LLP
1001 Boylston Street, Suite 300
Boston, MA 02115
chris.henry@weil.com
+1 617 772 8845 Direct
+1 917 364 5871 Mobile

The information contained in this email message is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended

recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by email, postmaster@weil.com, and destroy the original message. Thank you.

The information contained in this email message is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by email, postmaster@weil.com, and destroy the original message. Thank you.

The information contained in this email message is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by email, postmaster@weil.com, and destroy the original message. Thank you.

The information contained in this email message is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by email, postmaster@weil.com, and destroy the original message. Thank you.

The information contained in this email message is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by email, postmaster@weil.com, and destroy the original message. Thank you.

The information contained in this email message is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by email, postmaster@weil.com, and destroy the original message. Thank you.

The information contained in this email message is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by email, postmaster@weil.com, and destroy the original message. Thank you.