# EXHIBIT A

Andrew H. Schapiro (*pro hac vice*)
QUINN EMANUEL URQUHART
& SULLIVAN, LLP
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
(312) 705-7400
andrewschapiro@quinnemanuel.com

Patrick D. Curran (Bar No. 241630)
QUINN EMANUEL URQUHART
& SULLIVAN, LLP
111 Huntington Ave, Suite 520
Boston, MA 02199
(617) 712-7100
patrickcurran@quinnemanuel.com

David Eiseman (Bar No. 114758)
Jodie W. Cheng (Bar No. 292330)
QUINN EMANUEL URQUHART
& SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
davideiseman@quinnemanuel.com
jodiecheng@quinnemanuel.com

Yehuda Goor (*pro hac vice*)
QUINN EMANUEL URQUHART
& SULLIVAN, LLP
295 Fifth Avenue, 9th Floor
New York, NY 10016
(212) 849-7000
yehudagoor@quinnemanuel.com

*Attorneys for Defendants OpenAI Foundation, OpenAI Group PBC, io Products LLC, and Tang Yew Tan*

Kate E. Lazarus (Bar No. 268242)
klazarus@kblfirm.com
KWUN BHANSALI LAZARUS LLP
555 Montgomery Street, Suite 750
San Francisco, CA 94111
Tel: (415) 630-2350

*Attorneys for Defendant Chang Liu*

[Additional counsel listed in signature block]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

APPLE INC.,

Plaintiff,

vs.

CHANG LIU, TANG YEW TAN, OPENAI FOUNDATION f/k/a OPENAI, INC., OPENAI GROUP PBC, and IO PRODUCTS, LLC f/k/a IO PRODUCTS, INC.,

Defendants.

Case No. 5:26-CV-07078-EJD

**OPENAI, FOUNDATION'S FIRST SET OF REQUESTS FOR PRODUCTION TO APPLE INC. (FOR PURPOSES OF "EXPEDITED" DISCOVERY)**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendant OpenAI Foundation f/k/a OpenAI, Inc. ("OpenAI") hereby serves its first set of Requests for Production on Plaintiff Apple Inc. ("Apple") in the above-captioned action. Pursuant to Rule 34, Apple's responses are due within thirty (30) days after the date of service to Quinn Emanuel Urquhart & Sullivan, LLP, 50 California Street, 22nd Floor, San Francisco, CA 94111, or at such other time and place as may be agreed to by the parties.

## DEFINITIONS

For all of the Requests, the following definitions apply:

1. "Action" means the above-captioned matter, *Apple Inc. v. Chang Liu et al.*, Case No. 5:26-CV-07078-EJD, pending in the Northern District of California.

2. "Complaint" means the complaint filed by Apple in this Action on July 10, 2026, Dkt. 1.

3. "You", "Your" and/or "Apple" means Plaintiff Apple Inc., including without limitation its predecessors, successors, present and former officers, directors, employees, representatives, agents, all persons or entities acting or purporting to act or that have acted or purported to have acted on behalf of any of the foregoing.

4. "Corporate Defendants" means Defendants OpenAI Foundation f/k/a OpenAI, Inc., OpenAI Group PBC, and io Products, LLC f/k/a io Products, Inc.

5. "Defendants" means Chang Liu, Tang Yew Tan, OpenAI Foundation f/k/a OpenAI, Inc., OpenAI Group PBC, and io Products, LLC f/k/a io Products, Inc.

6. The "March 5 Group Chat" refers to a group chat created by Chang Liu's former Apple manager on March 5, 2026, in which that former manager asks Chang Liu a technical question and another Apple employee responds that the chat is "highly irregular" and asks to be removed.

7. "Device" means any physical device that is capable of storing electronic files, including without limitation computers, cell phones, external hard drives, USB sticks, and any similar items.

8. “Cloud storage service” means any non-physical drive, service, or other item capable of storing electronic files, including without limitation iCloud, Google Drive, OneDrive, Dropbox, Box, or any similar items.

9. “Documents” has its broadest meaning under Rule 34(a) of the Federal Rules and includes Communications, and “writing(s)” and “recording(s)” under Rule 1001 of the Federal Rules of Evidence.

10. “Communication” means any transmission of information between persons by any means or medium, whether in original, draft, or copy form, whether stored in hard copy, on tape, or electronically, and whether oral or in writing, including: conversations; correspondence; electronic mails; SMS message, iMessage, Slack, and other similar electronic messages; telexes; facsimile transmissions; telecopies; recordings; telephone or message logs; notes or memoranda; and any translations.

## INSTRUCTIONS

1. Unless the context of a particular Request indicates otherwise, the relevant time period to which each Request refers is January 1, 2025 to the present.

2. You are instructed to produce all documents responsive to the Requests in your “possession, custody, or control,” within the broadest meaning of that phrase under the Federal Rules. Documents in your “possession, custody, or control” include documents in the possession, custody, or control of any of your officers, directors, employees, agents, attorneys, representatives, and all others acting on your behalf, and documents that are not in your custody but which are owned, in whole or in part, by you or for which you have an understanding, express or implied, that You may use, inspect, examine or copy the documents.

3. If there are no documents responsive to a particular Request, so state in writing.

4. If you object to any of these Requests, you must state in writing with specificity the grounds for objection, including the reasons, and whether any responsive materials are being withheld on the basis of the objection, pursuant to Federal Rule 34(b)(2). If you object to a particular portion of any Request, you must specify the portion objected to and respond to any other portions of such Request as to which there is no objection.

5. In the event you object to any Request on the grounds that the Request is overbroad for any reason, you shall respond to that Request as narrowed in a way that renders it not overbroad in your opinion, and state the extent to which you have narrowed that Request for purposes of your response.

6. If, in responding to these Requests, you claim any ambiguity in a Request, definition or instruction, such claim shall not be utilized as a basis for refusing to respond, but you shall set forth as part of your response the language deemed to be ambiguous and the interpretation used in responding to the Request.

7. Each document requested shall be produced in its entirety. Each Request shall be understood to encompass a Request for all transmittal sheets, cover letters, exhibits, enclosures and attachments to any responsive documents in addition to the responsive documents themselves without abbreviation or expurgation. If a document responsive to any Request cannot be produced in full, it shall be produced to the extent possible with an explanation stating why production of the remainder is not possible.

8. If you withhold any document that is responsive to any of these Requests on the grounds of attorney-client privilege, work product privilege, or any other privilege or immunity, you shall state in writing with specificity the grounds for objection pursuant to Federal Rule 26(b)(5) and Local Rule 26 and provide the information required by the aforementioned Rules, including: (a) the nature of the privilege claimed; (b) the general subject matter of the document; (c) the type of document (e.g., letter, memorandum, report, invoice, email, etc.); (d) the date of the document; (e) the author(s), recipient(s), and addressee(s) of the document; (f) the specific grounds for withholding the document, including the specific facts upon which you will rely to establish the asserted attorney-client privilege, work product privilege, or other ground of privilege or immunity; and (g) if you assert privilege or immunity with respect to only part of a document, the Bates range for the portion of the document that you have produced.

9. When only a portion of a document is believed to be privileged, the non-privileged portion shall be produced with the allegedly privileged portion redacted and indicated as such. Any attachment to an allegedly privileged document shall be produced unless you also contend that the

attachment is privileged, in which case the information required herein and by the applicable rules shall be provided separately for each such attachment.

10. You must produce documents as they are kept in the usual course of business, including producing any tabs, labels, or directories of files identifying the documents, or you must organize and label the documents to correspond to the categories in the Request.

11. Electronic records and computerized information must be produced in their native format with all metadata preserved and intact. All documents shall be produced electronically and shall be Bates labeled and produced in single page Group IV Tiffs (except that Excel spreadsheets and PowerPoints shall be produced in native format); with OCR at the document level; and with the following load files: LFP, OPT and DAT. At least the following metadata shall be provided: BEGDOC, ENDDOC, BEGATTACH, ENDATTACH, PageCt, Author, To, Cc, Bcc, Custodian, Date Sent, Subject, FileName, DateCreated, DateLastMod, Native File Path, and MD5Hash.

12. To the extent you cannot produce documents in the prescribed form for electronically stored information ("ESI") set forth herein, you must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

13. Selection of documents from paper files and other sources and the numbering of such documents shall be performed in such a manner as to ensure that the source of each document may be determined.

14. Documents shall be produced on a rolling basis as they become available.

15. A document with handwritten, typewritten, or other recorded notes, editing marks, or other revisions is not and shall not be deemed to be identical to one without such modifications, additions or deletions. The term "original" includes the file copy or copies of any document if there is no actual original.

16. Each Request should be construed independently. No Request should be construed to reference any other Request for the purpose of limiting the scope of response to such Request.

17. If you are aware that a document requested once existed but has been destroyed, you shall state when the document was destroyed, why it was destroyed, and the circumstances under which it was destroyed.

18. These Requests are continuing in nature, so as to require further and supplemental responses. You shall supplement your responses in accordance with Federal Rule 26(e) within a reasonable time if you obtain or become aware of any further documents responsive to these Requests. Defendants will object to any attempt to introduce evidence to the Court that should have been but was not disclosed in the responses or the supplementation of the responses.

19. All responses to the Requests shall comply fully in all respects with the requirements of the Federal Rules of Civil Procedure, the Local Rules, and all other applicable rules.

20. When producing responsive documents, complete document families must be preserved and produced in their entirety (e.g., a cover email must be produced with all of its attachments, and vice versa), although Apple may redact privileged information to the extent permitted by law.

21. OpenAI reserves the right to propound additional discovery Requests.

## **REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 1:**

All documents identified in Exhibit B to the Declaration of Daniel Roffman. ECF No. 45-2.

**REQUEST FOR PRODUCTION NO. 2:**

All documents and communications related to Apple's policies and/or practices regarding the use of any cloud storage service, including iCloud and Box accounts, for work purposes, including without limitation any policies or practices which require or encourage Apple employees to link their Apple-issued devices to a personal cloud storage service account, any policies or practices which allow or encourage employees to link personal iCloud or other cloud storage service accounts to Apple-issued devices, any policies or practices which prohibit the use of Apple email addresses to create work-specific iCloud or other cloud storage service accounts, any policies or practices which encourage or allow employees to store Apple confidential documents or trade secrets in cloud storage service accounts, including iCloud and Box accounts, and any changes to any such policies or practices from January 1, 2018 to the present.

**REQUEST FOR PRODUCTION NO. 3:**

All documents and communications regarding Apple's awareness of any Apple confidential documents or trade secrets being improperly shared, deliberately or inadvertently, with persons who are not employed by Apple or devices that are not owned or controlled by Apple or subject to Apple's data security policies as a result of such documents or trade secrets being stored in cloud storage service accounts, including iCloud and Box accounts, linked to Apple-issued devices, including without limitation any bug reports or similar documents describing such incidents.

**REQUEST FOR PRODUCTION NO. 4:**

All documents and communications related to the "previously unknown authentication bug to access Apple's third-party cloud storage," as alleged in Dkt. 38 at 3.

**REQUEST FOR PRODUCTION NO. 5:**

All documents and communications related to the "apparent inadvertent retention of Apple information" by former Apple employees at OpenAI, as alleged in Dkt. 38 at 4, n.2.

**REQUEST FOR PRODUCTION NO. 6:**

All notes from exit interviews of former Apple employees now employed by corporate defendants.

**REQUEST FOR PRODUCTION NO. 7:**

Documents sufficient to show the last date of employment at Apple of any former Apple employee now employed by corporate defendants.

**REQUEST FOR PRODUCTION NO. 8:**

Documents sufficient to show the date on which each former Apple employee now employed by corporate defendants returned his or her Apple Owned Units, including computers, laptops, phones, tablets, and/or prototype devices to Apple.

**REQUEST FOR PRODUCTION NO. 9:**

All Documents Apple alleges Chang Liu "improperly acquired while working for OpenAI," as alleged at Dkt. 38 at 10.

**REQUEST FOR PRODUCTION NO. 10:**

All communications between Chang Liu and any current or former Apple employee regarding Apple files or Apple projects, as alleged at Dkt. 38 at 3.

**REQUEST FOR PRODUCTION NO. 11:**

All documents and communications regarding contact with Chang Liu following his departure from Apple.

**REQUEST FOR PRODUCTION NO. 12:**

All documents and communications related to Apple's invention, development, implementation, or commercialization of alleged trade secrets as identified in Apple's Preliminary and Nonbinding Identification of Exemplary Trade Secrets, filed as Exhibit H to the Declaration of Christopher Henry (Dkt. 47-8), including any public or non-confidential sources consulted during the development process, any patents or patent applications pertaining to the purported trade secrets, documents sufficient to show the individuals and entities involved in the development process and their respective contribution, and all documents reflecting or embodying the purported trade secrets.

**REQUEST FOR PRODUCTION NO. 13:**

All documents and communications related to the disclosure of any alleged trade secrets, as identified in Apple's Preliminary and Nonbinding Identification of Exemplary Trade Secrets, filed as Exhibit H to the Declaration of Christopher Henry (Dkt. 47-8).

**REQUEST FOR PRODUCTION NO. 14:**

All patent applications, including provisional and/or unpublished patent applications, relating to each alleged trade secret, as identified in Apple's Preliminary and Nonbinding Identification of Exemplary Trade Secrets, filed as Exhibit H to the Declaration of Christopher Henry (Dkt. 47-8).

**REQUEST FOR PRODUCTION NO. 15:**

All documents evidencing when Apple first became aware of the allegations underlying the complaint, including but not limited to the allegations that Chang Liu or Tang Yew Tan misappropriated Apple trade secrets or confidential information and that Apple faces irreparable injury as a result of defendants' alleged conduct.

**<u>REQUEST FOR PRODUCTION NO. 16</u>:**

Documents sufficient to show the identity of the IS&T Manager(s) referenced in paragraphs 38-39 of the Declaration of James Pooley and paragraphs 21-23 of the Declaration of Daniel Roffman.

**<u>REQUEST FOR PRODUCTION NO. 17</u>:**

All documents and communications related to Chang Liu's alleged failures to sign a Confidentiality Reminder, schedule an exit interview with Global Security, and/or return his Apple-issued devices, including but not limited to Apple's requests that Chang Liu take these actions, documents evidencing Chang Liu's failure to respond, and documents and communications evidencing any and all action(s) Apple took, considered taking, and/or declined to take in response to Chang Liu's failure to respond.

**<u>REQUEST FOR PRODUCTION NO. 18</u>:**

Documents sufficient to show the number of other former Apple employees who retained access to Apple third-party cloud storage service due to the deprovisioning failures and/or bug(s) referenced in paragraphs 21-23 of the Declaration of Daniel Roffman and the identities of such employees.

**<u>REQUEST FOR PRODUCTION NO. 19</u>:**

All Documents showing whether and to what extent any former Apple employee other than Chang Liu accessed Apple's third-party cloud storage service following the termination of such employee's employment at Apple and/or whether and to what extent any such employee accessed, uploaded, and/or downloaded any file(s) contained in Apple's third-party cloud storage service following such termination.

**<u>REQUEST FOR PRODUCTION NO. 20</u>:**

All documents and communications related to or containing any Apple analysis of access to and/or activity (such as downloading and/or uploading) on Apple's third-party cloud storage service by any former Apple employee, including but not limited to Chang Liu, following the termination of such employee's employment at Apple.

**REQUEST FOR PRODUCTION NO. 21:**

All documents Apple alleges Tang Yew Tan sent to his personal email address prior to leaving Apple. Dkt. 1 at ¶ 9.

**REQUEST FOR PRODUCTION NO. 22:**

All communications among Chang Liu's former Apple manager and members of Chang Liu's former Apple team concerning the transfer of Chang Liu's responsibilities, sources of information after his departure, and any requests to contact Chang Liu for assistance.

**REQUEST FOR PRODUCTION NO. 23:**

Documents and communications sufficient to evidence any and all uses of the two MacBook Pro devices Chang Liu returned to Apple on January 22, 2026 by any Apple employee.

**REQUEST FOR PRODUCTION NO. 24:**

Documents and communications sufficient to evidence any instructions, requests, approvals, or authorizations given by Chang Liu's former Apple manager or any Apple employee to Chang Liu concerning leaving Chang Liu's iCloud account, Box account, Apple ID, or Apple-issued devices logged in or otherwise accessible following his departure.

**REQUEST FOR PRODUCTION NO. 25:**

All documents and communications concerning Chang Liu's former Apple manager's efforts, or failure to undertake efforts, to copy or back up Chang Liu's iCloud account following Liu's departure.

**REQUEST FOR PRODUCTION NO. 26:**

Documents and communications sufficient to identify every occasion in which an Apple employee used his or her own Apple-issued device to log into Box or iCloud using Chang Liu's login credentials.

**REQUEST FOR PRODUCTION NO. 27:**

All documents and communications identifying the Apple employees assigned, authorized, or expected to retrieve, copy, preserve, or transfer files from Chang Liu's iCloud or other Apple-related repositories or cloud storage service after his departure.

**<u>REQUEST FOR PRODUCTION NO. 28</u>:**

All communications between or among Chang Liu's former Apple manager and the other participants in the March 5 group chat concerning Chang Liu's inclusion in the chat, including the reason for adding Chang Liu, the purpose of the chat, and any discussion of whether Chang Liu should participate.

**<u>REQUEST FOR PRODUCTION NO. 29</u>:**

All communications between Chang Liu's former Apple manager and any Apple employee concerning the technical question directed to Chang Liu in the March 5 group chat, including but not limited to any communications discussing why Chang Liu was contacted or whether he was expected or authorized to provide assistance.

**<u>REQUEST FOR PRODUCTION NO. 30</u>:**

All versions or drafts of the specifications attached as Exhibit A and Exhibit B to the Declaration of Jackie Hughes (Dkt. 41).

**<u>REQUEST FOR PRODUCTION NO. 31</u>:**

Documents sufficient to show the date on which each such version or draft responsive to Request for Production No. 30 was disclosed to any third party supplier.

**<u>REQUEST FOR PRODUCTION NO. 32</u>:**

All non-disclosure or confidentiality agreements entered into with any third-party supplier who received any version of the specifications attached as Exhibit A and Exhibit B to the Declaration of Jackie Hughes (Dkt. 41).

**<u>REQUEST FOR PRODUCTION NO. 33</u>:**

All documents and communications upon which Apple relies in implying that Tang Yew Yan "solicited" an Apple employee's "screenshotting and downloading files relating to a highly confidential Apple project" in Dkt. 1 ¶ 69.

**REQUEST FOR PRODUCTION NO. 34:**

All documents and communications upon which Apple relies in alleging that Tang Yew Tan sought to "help recruits evade detection" by providing them copies of Apple's manager's checklist for departing employees in Dkt. 38 at 1.

DATED: August 18, 2026

By *_/s/ Andrew H. Schapiro_*

QUINN EMANUEL URQUHART & SULLIVAN, LLP

Andrew H. Schapiro (*pro hac vice*)
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
(312) 705-7400
andrewschapiro@quinnemanuel.com

Patrick D. Curran (Bar No. 241630)
111 Huntington Ave, Suite 520
Boston, MA 02199
(617) 712-7100
patrickcurran@quinnemanuel.com

David Eiseman (Bar No. 114758)
Jodie W. Cheng (Bar No. 292330)
Victoria B. Parker (Bar No. 290862)
Andrew M. Mather (Bar No. 345548)
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
davideiseman@quinnemanuel.com
jodiecheng@quinnemanuel.com
vickiparker@quinnemanuel.com
andrewmather@quinnemanuel.com

Yehuda Goor (*pro hac vice*)
Lucas A. Hammill (*pro hac vice*)
Jordan M. Nakdimon (*pro hac vice*)
295 Fifth Avenue, 9th Floor
New York, NY 10016
(212) 849-7000
yehudagoor@quinnemanuel.com
lucashammill@quinnemanuel.com
jordannakdimon@quinnemanuel.com

Joseph E. Reed (Bar No. 323524)
555 Twin Dolphin Dr., 5th Floor
Redwood Shores, CA 94065
(650) 801-5000
joereed@quinnemanuel.com

*Attorneys for Defendants OpenAI Foundation, OpenAI Group PBC, io Products LLC, and Tang Yew Tan*