# EXHIBIT B

Andrew H. Schapiro (*pro hac vice*)
QUINN EMANUEL URQUHART
& SULLIVAN, LLP
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
(312) 705-7400
andrewschapiro@quinnemanuel.com

Patrick D. Curran (Bar No. 241630)
QUINN EMANUEL URQUHART
& SULLIVAN, LLP
111 Huntington Ave, Suite 520
Boston, MA 02199
(617) 712-7100
patrickcurran@quinnemanuel.com

David Eiseman (Bar No. 114758)
Jodie W. Cheng (Bar No. 292330)
QUINN EMANUEL URQUHART
& SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
davideiseman@quinnemanuel.com
jodiecheng@quinnemanuel.com

Yehuda Goor (*pro hac vice*)
QUINN EMANUEL URQUHART
& SULLIVAN, LLP
295 Fifth Avenue, 9th Floor
New York, NY 10016
(212) 849-7000
yehudagoor@quinnemanuel.com

*Attorneys for Defendants OpenAI Foundation, OpenAI Group PBC, io Products LLC, and Tang Yew Tan*

Kate E. Lazarus (Bar No. 268242)
klazarus@kblfirm.com
KWUN BHANSALI LAZARUS LLP
555 Montgomery Street, Suite 750
San Francisco, CA 94111
Tel: (415) 630-2350

*Attorneys for Defendant Chang Liu*

[Additional counsel listed in signature block]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

APPLE INC.,

Plaintiff,

vs.

CHANG LIU, TANG YEW TAN, OPENAI FOUNDATION f/k/a OPENAI, INC., OPENAI GROUP PBC, and IO PRODUCTS, LLC f/k/a IO PRODUCTS, INC.,

Defendants.

Case No. 5:26-CV-07078-EJD

**OPENAI, FOUNDATION'S FIRST SET OF INTERROGATORIES TO APPLE INC. (FOR PURPOSES OF "EXPEDITED" DISCOVERY)**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendant OpenAI Foundation f/k/a OpenAI, Inc. ("OpenAI") hereby serves its first set of Interrogatories on Plaintiff Apple Inc. ("Apple") in the above-captioned action. Pursuant to Rule 33, Apple's responses are due within thirty (30) days after the date of service to Quinn Emanuel Urquhart & Sullivan, LLP, 50 California Street, 22nd Floor, San Francisco, CA 94111, or at such other time and place as may be agreed to by the parties.

**DEFINITIONS**

For all of the Interrogatories, the following definitions apply:

1. "Action" means the above-captioned matter, *Apple Inc. v. Chang Liu et al.*, Case No. 5:26-CV-07078-EJD, pending in the Northern District of California.

2. "Complaint" means the complaint filed by Apple in this Action on July 10, 2026, Dtk. 1.

3. "You", "Your" and/or "Apple" means Plaintiff Apple Inc., including without limitation its predecessors, successors, present and former officers, directors, employees, representatives, agents, all persons or entities acting or purporting to act or that have acted or purported to have acted on behalf of any of the foregoing.

4. "Corporate Defendants" means Defendants OpenAI Foundation f/k/a OpenAI, Inc., OpenAI Group PBC, and io Products, LLC f/k/a io Products, Inc.

5. "Defendants" means Chang Liu, Tang Yew Tan, OpenAI Foundation f/k/a OpenAI, Inc., OpenAI Group PBC, and io Products, LLC f/k/a io Products, Inc.

6. "Device" means any physical device that is capable of storing electronic files, including without limitation computers, cell phones, external hard drives, USB sticks, and any similar items.

7. "Cloud storage service" means any non-physical drive, service, or other item capable of storing electronic files, including without limitation iCloud, Google Drive, OneDrive, DropBox, Box, or any similar items.

8. "Communication" means any transmission of information between persons by any means or medium, whether in original, draft, or copy form, whether stored in hard copy, on tape, or

electronically, and whether oral or in writing, including: conversations; correspondence; electronic mails; SMS message, iMessage, Slack, and other similar electronic messages; telexes; facsimile transmissions; telecopies; recordings; telephone or message logs; notes or memoranda; and any translations.

9. "Persons" means natural persons as well as business entities and other organizations and associations, including partnerships, companies, proprietorships, joint ventures, corporations, government agencies, and unincorporated associations.

10. "Describe" means to set out in complete detail every act, event, fact, date, location, person, reason, or occurrence that relates to the question posed in the interrogatory.

11. "Identify" shall mean: (a) when applied to a contract, to identify the document, state the date on which it was executed, and identify each person bound by the contract; (b) when applied to a document, to state its Bates number or, if the document has not been produced, describe the persons involved in its creation and transmittal, state the title of the document, describe the topic of the document, identify the date on which the document was created, state where the document may be located and inspected, and provide any other information necessary to identify and obtain the document; (c) when applied to a natural person, state that person's name, address, telephone number, whether the person is represented by legal counsel, and, if so, the contact information for the person's counsel; (d) when applied to a person other than a natural person, state that entity's legal name, state or nation of incorporation (if applicable), location of headquarters, whether the entity is represented by legal counsel, and, if so, the contact information for the entity's counsel; and (e) when applied to a date, state the month, day, and year.

**INSTRUCTIONS**

1. For every objection to an interrogatory on the grounds of privilege, answer the interrogatory with such non-privileged information as is responsive, and then provide the following information:

a. The name of the person making the communication, the names of the persons present while the communication was made, and, where not apparent, the relationship of the persons present to the person making the communication;

b. The date and place of the communication;

c. The general subject matter of the communication or the nature of the information withheld as privileged; and

d. The basis for your claim of privilege.

2. In answering these Interrogatories, you are requested to furnish all information in your or your attorney's possession, custody or control, and all information available to you or your attorney upon reasonable inquiry.

3. Your obligation to respond to these Interrogatories is continuing and its responses are to be supplemented to include subsequently acquired information in accordance with the requirements of Rule 26(e) of the Federal Rules of Civil Procedure.

4. OpenAI reserves the right to propound additional Interrogatories.

**INTERROGATORIES**

**INTERROGATORY NO. 1:**

For each alleged trade secret identified in Apple's Preliminary and Nonbinding Identification of Exemplary Trade Secrets, filed as Exhibit H to the Declaration of Christopher Henry (Dkt. 47-8), describe in detail: (a) the nature and subject matter of the trade secret; and (b) each document (i.e., by Bates number) describing, comprising, or otherwise evidencing the trade secret.

**INTERROGATORY NO. 2:**

Identify and describe with particularity and individually, including by identifying relevant facts, documents, and knowledgeable witnesses, each act that you contend defendants committed that constituted trade secret misappropriation, as well as the identities of those who committed such acts, including but not limited to (a) instructing an Apple partner to "carry out a specific trade secret metal-finishing technique for OpenAI [and] misleading the partner to believe they had Apple's permission to do so," as alleged in Dkt. 1 ¶ 12, and (b) "[meeting] with OpenAI or its collaborators and [discussing] meetings with a key Apple supplier" prior to departing from Apple, as alleged against Tang Yew Tan in Dkt. 1 ¶ 9.

**<u>INTERROGATORY NO. 3</u>:**

Describe with particularity any Apple policies or practices regarding the use of any cloud storage service, including iCloud or Box accounts, for Apple work, identify and describe any documents embodying such policies or practices, and identify any persons with knowledge of such policies or practices, including without limitation any policies or practices which require or encourage Apple employees to link their Apple-issued devices to a personal iCloud account, any policies or practices which allow or encourage employees to link personal iCloud accounts to Apple-issued devices, any policies or practices which prohibit the use of Apple email addresses to create work-specific iCloud accounts, any policies or practices which encourage or allow employees to store Apple confidential documents or trade secrets in iCloud or Box accounts, and any changes to any such policies or practices since January 1, 2018.

**<u>INTERROGATORY NO. 4</u>:**

Describe with particularity Apple's awareness of any Apple confidential documents or trade secrets being improperly shared, deliberately or inadvertently, with persons who are not employed by Apple as a result of such documents or trade secrets being stored in any cloud storage service, including iCloud and Box, linked to Apple-issued devices, and identify and describe any bug reports or similar documents which describe such incidents.

**<u>INTERROGATORY NO. 5</u>:**

Describe with particularity any forensic investigations Apple undertook relating to former Apple Employees now working for corporate defendants, after those employees terminated their employment at Apple, including, without limitation, the date on which the forensic investigations began, every action taken as part of the forensic investigations, the identity of all persons involved in the forensic investigations, all devices examined or inspected as part of the forensic investigations, all cloud storage services examined or inspected as part of the forensic investigations, any files that the forensic investigations found were allegedly improperly transferred, retained, or accessed by any person, the date on which the forensic investigations discovered any such files, the date on which the forensic investigations concluded, and any other findings of the forensic investigations.

**<u>INTERROGATORY NO. 6</u>:**

Describe with particularity all facts supporting Apple's contention that Chang Liu actively downloaded any Apple documents between March 11, 2026 and the present.

**<u>INTERROGATORY NO. 7</u>:**

Identify and describe with particularity, including by identifying relevant facts, documents, and knowledgeable witnesses, each piece of Apple confidential information Apple contends was disclosed during any OpenAI interview conducted by Tang Yew Tan.

DATED: August 18, 2026

By *　/s/ Andrew H. Schapiro*

QUINN EMANUEL URQUHART & SULLIVAN, LLP

Andrew H. Schapiro (*pro hac vice*)
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
(312) 705-7400
andrewschapiro@quinnemanuel.com

Patrick D. Curran (Bar No. 241630)
111 Huntington Ave, Suite 520
Boston, MA 02199
(617) 712-7100
patrickcurran@quinnemanuel.com

David Eiseman (Bar No. 114758)
Jodie W. Cheng (Bar No. 292330)
Victoria B. Parker (Bar No. 290862)
Andrew M. Mather (Bar No. 345548)
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
davideiseman@quinnemanuel.com
jodiecheng@quinnemanuel.com
vickiparker@quinnemanuel.com
andrewmather@quinnemanuel.com

Yehuda Goor (*pro hac vice*)
Lucas A. Hammill (*pro hac vice*)
Jordan M. Nakdimon (*pro hac vice*)
295 Fifth Avenue, 9th Floor
New York, NY 10016
(212) 849-7000
yehudagoor@quinnemanuel.com
lucashammill@quinnemanuel.com
jordannakdimon@quinnemanuel.com

Joseph E. Reed (Bar No. 323524)
555 Twin Dolphin Dr., 5th Floor
Redwood Shores, CA 94065
(650) 801-5000
joereed@quinnemanuel.com

*Attorneys for Defendants OpenAI Foundation, OpenAI Group PBC, io Products LLC, and Tang Yew Tan*