# EXHIBIT C

Andrew H. Schapiro (*pro hac vice*)
QUINN EMANUEL URQUHART
& SULLIVAN, LLP
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
(312) 705-7400
andrewschapiro@quinnemanuel.com

Patrick D. Curran (Bar No. 241630)
QUINN EMANUEL URQUHART
& SULLIVAN, LLP
111 Huntington Ave, Suite 520
Boston, MA 02199
(617) 712-7100
patrickcurran@quinnemanuel.com

David Eiseman (Bar No. 114758)
Jodie W. Cheng (Bar No. 292330)
QUINN EMANUEL URQUHART
& SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
davideiseman@quinnemanuel.com
jodiecheng@quinnemanuel.com

Yehuda Goor (*pro hac vice*)
QUINN EMANUEL URQUHART
& SULLIVAN, LLP
295 Fifth Avenue, 9th Floor
New York, NY 10016
(212) 849-7000
yehudagoor@quinnemanuel.com

*Attorneys for Defendants OpenAI Foundation, OpenAI Group PBC, io Products LLC, and Tang Yew Tan*

Kate E. Lazarus (Bar No. 268242)
klazarus@kblfirm.com
KWUN BHANSALI LAZARUS LLP
555 Montgomery Street, Suite 750
San Francisco, CA 94111
Tel: (415) 630-2350

*Attorneys for Defendant Chang Liu*

[Additional counsel listed in signature block]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

APPLE INC.,

Plaintiff,

vs.

CHANG LIU, TANG YEW TAN, OPENAI FOUNDATION f/k/a OPENAI, INC., OPENAI GROUP PBC, and IO PRODUCTS, LLC f/k/a IO PRODUCTS, INC.,

Defendants.

Case No. 5:26-CV-07078-EJD

**OPENAI, FOUNDATION'S NOTICE OF RULE 30(b)(6) DEPOSITION TO APPLE INC. (FOR PURPOSES OF "EXPEDITED" DISCOVERY)**

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant OpenAI Foundation f/k/a OpenAI, Inc. will take the deposition of Plaintiff Apple Inc. ("Apple") pursuant to Federal Rule of Civil Procedure 30(b)(6). The deposition will start at a time and place to be mutually agreed upon by the parties. Further notice is given that the deposition will take place in person and will be recorded stenographically, by videotape, by audiotape and/or transcribed using real-time interactive transcription (e.g., LiveNote). The deposition will take place before a duly authorized notary public or other officer authorized to administer oaths at depositions and will continue from day to day, Saturdays, Sundays, and legal holidays excepted, until completed, or according to a schedule mutually agreed upon by the parties in advance of the deposition. Apple shall designate one or more of its officers, directors, managing agents, or other persons with knowledge of the matters set forth in this Notice to appear and testify on its behalf at the deposition. The persons so designated shall testify as to matters known or reasonably available to Apple. At least five business days before the date set for the deposition, Apple shall identify, by name and position, each person so designated and shall set forth the matters on which that person will testify.

## DEFINITIONS

For all of the Topics, the following definitions apply:

1. "Action" means the above-captioned matter, *Apple Inc. v. Chang Liu et al.*, Case No. 5:26-CV-07078-EJD, pending in the Northern District of California.

2. "Complaint" means the complaint filed by Apple in this Action on July 10, 2026, Dkt. 1.

3. "You", "Your" and/or "Apple" means Plaintiff Apple Inc., including without limitation its predecessors, successors, present and former officers, directors, employees, representatives, agents, all persons or entities acting or purporting to act or that have acted or purported to have acted on behalf of any of the foregoing.

4. "Corporate Defendants" means Defendants OpenAI Foundation f/k/a OpenAI, Inc., OpenAI Group PBC, and io Products, LLC f/k/a io Products, Inc.

5. "Defendants" means Chang Liu, Tang Yew Tan, OpenAI Foundation f/k/a OpenAI, Inc., OpenAI Group PBC, and io Products, LLC f/k/a io Products, Inc.

6. "Device" means any physical device that is capable of storing electronic files, including without limitation computers, cell phones, external hard drives, USB sticks, and any similar items.

7. "Cloud storage service" means any non-physical drive, service, or other item capable of storing electronic files, including without limitation iCloud, Google Drive, OneDrive, DropBox, Box, or any similar items.

8. "Persons" means natural persons as well as business entities and other organizations and associations, including partnerships, companies, proprietorships, joint ventures, corporations, government agencies, and unincorporated associations.

9. "Identify" shall mean: (a) when applied to a contract, to identify the document, state the date on which it was executed, and identify each person bound by the contract; (b) when applied to a document, to state its Bates number or, if the document has not been produced, describe the persons involved in its creation and transmittal, state the title of the document, describe the topic of the document, identify the date on which the document was created, state where the document may be located and inspected, and provide any other information necessary to identify and obtain the document; (c) when applied to a natural person, state that person's name, address, telephone number, whether the person is represented by legal counsel, and, if so, the contact information for the person's counsel; (d) when applied to a person other than a natural person, state that entity's legal name, state or nation of incorporation (if applicable), location of headquarters, whether the entity is represented by legal counsel, and, if so, the contact information for the entity's counsel; and (e) when applied to a date, state the month, day, and year.

## TOPICS

**TOPIC NO. 1:**

For each alleged trade secret, as identified in Apple's Preliminary and Nonbinding Identification of Exemplary Trade Secrets, filed as Exhibit H to the Declaration of Christopher Henry (Dkt. 47-8), the origin and development of that purported trade secret, including the timing

of that development and the identification of the persons most directly responsible for the conception, design, development, and/or commercialization of that purported trade secret.

**TOPIC NO. 2:**

For each alleged trade secret, as identified in Apple's Preliminary and Nonbinding Identification of Exemplary Trade Secrets, filed as Exhibit H to the Declaration of Christopher Henry (Dkt. 47-8), an identification of all persons, whether your employees, former employees, independent contractors or consultants, or third parties, who at any time had access to that purported trade secret, including the periods of time over which those persons had access to that purported trade secret.

**TOPIC NO. 3:**

For each alleged trade secret, as identified in Apple's Preliminary and Nonbinding Identification of Exemplary Trade Secrets, filed as Exhibit H to the Declaration of Christopher Henry (Dkt. 47-8), all facts and circumstances relating to the disclosure of that purported trade secret to any person that was a third party to Apple at the time of disclosure, including the identification of each such person and the circumstances under which each purported trade secret was disclosed to that person.

**TOPIC NO. 4:**

For each alleged trade secret, as identified in Apple's Preliminary and Nonbinding Identification of Exemplary Trade Secrets, filed as Exhibit H to the Declaration of Christopher Henry (Dkt. 47-8), that Apple contends Defendants misappropriated, all facts and circumstances that support, refute, or relate to your contention that the purported trade secret is or is not generally known or readily ascertainable through proper means.

**TOPIC NO. 5:**

Apple's off-boarding procedures, including any exit interviews conducted of departing employees and any efforts to ensure Apple Owned Units in the possession of departing employees are returned to Apple, including any known instances in which Apple Owned Units have not been returned to Apple by departing employes.

**<u>TOPIC NO. 6</u>:**

Apple's awareness that any former Apple employee retained access to purported Apple trade secrets or confidential documents stored in any cloud storage service, whether third-party repositories or otherwise, including but not limited to iCloud and Box, and the identification of any internal or external bug reports or similar documents which describe such access, including but not limited to the "previously unknown authentication bug" described in Dkt. 38 at 3.

**<u>TOPIC NO. 7</u>:**

Apple's awareness of any current or former Apple employees communicating with Chang Liu following his departure from Apple regarding Apple documents or confidential Apple projects.

**<u>TOPIC NO. 8</u>:**

The circumstances surrounding Chang Liu's departure from Apple, including the transfer of his responsibilities and the work materials stored on his Apple devices, iCloud account, and Box account, as well as the instructions, requests, approvals, or authorizations governing Chang Liu's or Apple employees' continued access to those devices, accounts, or materials after his departure.

**<u>TOPIC NO. 9</u>:**

Apple employees' communications with, and requests for assistance from, Chang Liu after his departure, including requests for technical or institutional knowledge and requests to locate Apple documents or other information.

**<u>TOPIC NO. 10</u>:**

The basis for Apple's allegation that Tang Yew Tan "instructed candidates to bring to their interviews, among other things, prototypes and 'CAD/design artifacts' for 'show and tell' sessions." Dkt. 38 at 1.

DATED: August 18, 2026

By *\/s/ Andrew H. Schapiro*

QUINN EMANUEL URQUHART & SULLIVAN, LLP

Andrew H. Schapiro (*pro hac vice*)
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
(312) 705-7400
andrewschapiro@quinnemanuel.com

Patrick D. Curran (Bar No. 241630)
111 Huntington Ave, Suite 520
Boston, MA 02199
(617) 712-7100
patrickcurran@quinnemanuel.com

David Eiseman (Bar No. 114758)
Jodie W. Cheng (Bar No. 292330)
Victoria B. Parker (Bar No. 290862)
Andrew M. Mather (Bar No. 345548)
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
davideiseman@quinnemanuel.com
jodiecheng@quinnemanuel.com
vickiparker@quinnemanuel.com
andrewmather@quinnemanuel.com

Yehuda Goor (*pro hac vice*)
Lucas A. Hammill (*pro hac vice*)
Jordan M. Nakdimon (*pro hac vice*)
295 Fifth Avenue, 9th Floor
New York, NY 10016
(212) 849-7000
yehudagoor@quinnemanuel.com
lucashammill@quinnemanuel.com
jordannakdimon@quinnemanuel.com

Joseph E. Reed (Bar No. 323524)
555 Twin Dolphin Dr., 5th Floor
Redwood Shores, CA 94065
(650) 801-5000
joereed@quinnemanuel.com

*Attorneys for Defendants OpenAI Foundation, OpenAI Group PBC, io Products LLC, and Tang Yew Tan*