Gabriel S. Gross (SBN 254672)
Gaby LaHatte (SBN 321844)
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, California 94065
Telephone: (650) 802-3000
Facsimile: (650) 802-3100
gabe.gross@weil.com
gaby.lahatte@weil.com

Christopher W. Henry (*pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
1001 Boylston Street, Suite 300
Boston, Massachusetts 02115
Telephone: (617) 772-8300
Facsimile: (617) 772-8333
chris.henry@weil.com

Rachel L. Weiner Cohen (*pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
2001 M Street NW, Suite 600
Washington, DC 20036
Telephone: (202) 682-7000
Facsimile: (202) 857-0940
rachel.cohen@weil.com

John M. Desmarais (SBN 320875)
Karim Z. Oussayef (*pro hac vice*)
Steven Balcof (*pro hac vice*)
Ido Sadeh (*pro hac vice*)
DESMARAIS LLP
230 Park Ave, 26th Floor
New York, New York 10169
Telephone: (212) 351-3400
Facsimile: (212) 351-3401
jdesmarais@desmaraisllp.com
koussayef@desmaraisllp.com
sbalcof@desmaraisllp.com
isadeh@desmaraisllp.com

Marie Delzell (SBN 367393)
DESMARAIS LLP
101 California Street, Suite 3000
San Francisco, California 94111
Telephone: (415) 573-1900
Facsimile: (415) 573-1901
mdelzell@desmaraisllp.com

Atifah Safi (*pro hac vice*)
DESMARAIS LLP
1899 Pennsylvania Avenue, NW, Suite 400
Washington, DC 20006
Telephone: (202) 451-4900
Facsimile: (202) 451-4901
asafi@desmaraisllp.com

*Attorneys for Plaintiff Apple Inc.*

[Additional counsel listed in signature block]

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

APPLE INC.,

Plaintiff,

vs.

CHANG LIU, TANG YEW TAN, OPENAI FOUNDATION f/k/a OPENAI, INC., OPENAI GROUP PBC, and IO PRODUCTS, LLC f/k/a IO PRODUCTS, INC.,

Defendants.

Case No. 5:26-cv-07078-EJD

**PLAINTIFF APPLE INC.'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL PORTIONS OF SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION FOR EXPEDITED DISCOVERY**

**Judge:** Edward J. Davila

**Complaint Filed:** July 10, 2026

Pursuant to Civil Local Rules 7-11 and 79-5, Plaintiff Apple Inc. ("Apple") files this Administrative Motion to File Under Seal portions of Apple's Supplemental Brief in Support of Its Motion for Expedited Discovery, and portions of the Declarations and Exhibits filed in support thereof. Apple moves to seal portions of its Supplemental Brief in Support of Its Motion for Expedited Discovery, and portions of the Declarations and Exhibits filed in support thereof, which contain Apple's confidential business information, including trade secret and/or other confidential business information related to hardware engineering and product design, proprietary testing, validation, and development methodologies, or personally identifiable information, as set out in the table below. Apple has worked to keep this information secret and confidential, and this information, if publicly disclosed, could harm Apple's competitive standing for the reasons and specific bases set forth in the accompanying declaration of Rachel Cohen in Support of Apple's Administrative Motion to File Under Seal ("Cohen Declaration"), along with any evidence and argument presented at a hearing on this motion.

| **Document(s)** | **Portion(s) To Seal** |
|---|---|
| Apple's Supplemental Brief in Support of Its Motion for Expedited Discovery (Exhibit A to Apple's Unopposed Motion for Administrative Relief to File a Supplemental Brief in Support of Its Motion for Expedited Discovery) | Apple's confidential information in the highlighted portions of:<br>• Page 1 line 26<br>• Page 2 lines 2-3<br>• Page 3 lines 23 and 26<br>• Page 4 line 9 |
| Declaration of Daniel Roffman in Support of Apple's Supplemental Brief (Exhibit B to Apple's Unopposed Motion for Administrative Relief to File a Supplemental Brief in Support of Its Motion for Expedited Discovery) | Apple's confidential information in the highlighted portions of:<br>• Page 2 line 10<br>• Page 3 lines 4, 6, 8-16, and 21-22<br>• Page 4 line 19<br>• Page 5 line 7 |
| Exhibits A-D and Exhibit F to the Declaration of Daniel Roffman in Support of Apple's Supplemental Brief | Entirety |

| Document(s) | Portion(s) To Seal |
|---|---|
| Exhibit E to the Declaration of Daniel Roffman in Support of Apple's Supplemental Brief | Apple's confidential information in the highlighted portions of:<br>• Page 1 |
| Declaration of Dr. Ayman Fayed in Support of Apple's Supplemental Brief (Exhibit C to Apple's Unopposed Motion for Administrative Relief to File a Supplemental Brief in Support of Its Motion for Expedited Discovery) | Apple's confidential information in the highlighted portions of:<br>• Page 1 line 10<br>• Page 4 lines 16-17 and 28<br>• Page 5 lines 6-27<br>• Page 6 lines 1-28<br>• Page 7 lines 1-24<br>• Page 8 lines 10-11 and 14-25<br>• Page 11 line 15 |

## LEGAL STANDARDS

Parties moving to seal documents must comply with the procedures set forth in Civil Local Rule 79–5. The rule permits sealing where the parties' sealing request is "narrowly tailored to seal only the sealable material." Civil L.R. 79-5(c)(3). In determining whether to permit expedited discovery documents to be filed under seal, where the expedited discovery motion is more than tangentially related to the merits of the case, courts in the Ninth Circuit require the party to demonstrate "compelling reasons" to seal the documents. *Kamakana v. City & Cnty of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006); *Center for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101-02 (9th Cir. 2016); *Intuit Inc. v. HRB Tax Grp., Inc.*, No. 5:24-CV-00253-BLF, 2024 WL 5700908, at *1 (N.D. Cal. Nov. 25, 2024) ("The [c]ourt finds that the 'compelling reasons' standard applies because the motion is 'more than tangentially related' to the merits of this lawsuit.").[1] The Court has "broad latitude" "to prevent disclosure of materials for many types of information, including, *but not limited*

[1] Some courts have applied the lower "good cause" standard to similar motions to seal. *See DeLa-Cruz v. State Bar of California*, No. 16-CV-06858-BLF, 2017 WL 9614095, at *1 (N.D. Cal. Sept. 11, 2017); *Jam Cellars, Inc. v. Wine Grp. LLC*, No. 19-CV-01878-HSG, 2020 WL 5576346, at *2 (N.D. Cal. Sept. 17, 2020). Apple satisfies both standards here.

*to*, trade secrets or other confidential research, development, or commercial information." *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002) (emphasis in original).

**DISCUSSION**

**A. Apple has a compelling interest in sealing its proprietary and confidential technical information**

Compelling reasons exist to warrant sealing portions of Apple's Supplemental Brief in Support of Its Motion for Expedited Discovery, and portions of the Declarations and Exhibits filed in support thereof, as certain portions contain or discuss Apple's trade secrets and other confidential business information. *See* Cohen Decl. ¶ 4. Apple's request is narrowly tailored to its trade secret and confidential information, and public disclosure of this information could harm Apple.

As set forth in the Cohen Declaration, Apple seeks to seal portions of Apple's Supplemental Brief in Support of Its Motion for Expedited Discovery, and portions of the Declarations and Exhibits filed in support thereof, that contain its confidential business information related to hardware engineering and product design, proprietary testing, validation, and development methodologies. Cohen Decl. at ¶ 4. Courts routinely seal documents that contain similar trade secret and confidential business information. *See Prolifiq Software Inc. v. Veeva Sys. Inc.*, No. C 13-03644 SI, 2014 WL 2527148 at *3 (N.D. Cal. June 4, 2014) (granting motion to seal where "the documents contain[ed] proprietary and confidential information that include[d] [plaintiff's] purported trade secrets"); *Alkutkar v. Bumble Inc.*, No. 22-CV-00422-PJH, 2022 WL 4112360 at *4 (N.D. Cal. Sept. 8, 2022) (granting motion to seal where document disclosed details of product's "development process," including "sensitive information about the [product's] operation and development").

Public disclosure of this information could harm Apple for reasons discussed in the Cohen Declaration as well as the reasons set out in the Declaration of Parin Patel supporting Apple's Preliminary Injunction Motion and the Declaration of Ayman Fayed in Support of Apple's Supplemental Brief in Support of Its Motion for Expedited Discovery, including that it could reveal Apple's trade secret and confidential business information to competitors. *See, e.g.*, Dkt. 48-6 (Patel Decl. ISO Apple's PI Motion) ¶¶ 5-6; Fayed Decl. ¶¶ 19, 21-22. Maintaining this limited information

under seal thus will preserve Apple's "legitimate expectation that [its] confidential business information, proprietary technology and trade secrets will not be publicly disseminated." *In re Adobe Sys. Inc. Sec. Litig.*, 141 F.R.D. 155, 161-62 (N.D. Cal. 1992). Indeed, the Supreme Court has recognized that sealing is appropriate to prevent court records from being used "as sources of business information that might harm a litigant's competitive standing." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). Accordingly, courts routinely seal information where disclosure could harm a litigant's competitive standing. *Transperfect Global, Inc. v. MotionPoint Corp.*, No. 10-cv-2590, 2013 WL 706975 at *1 (N.D. Cal. Feb. 26, 2013) (sealing portions of brief and exhibits containing "proprietary information concerning [movant's] technology and internal business operations" and "descriptions of [movant's] proprietary technology"); *Lathrop v. Uber Techs., Inc.*, No. 14-cv-05678, 2016 WL 9185002 at *2 (N.D. Cal. Jun. 17, 2016) ("[U]nder Ninth Circuit law . . . internal reports are appropriately sealable under the 'compelling reasons' standard where that information could be used to the company's competitive disadvantage."); *Finjan, Inc. v. Symantec Corp.*, No. 14-cv-02998, 2018 WL 620169 at *8 (N.D. Cal. Jan. 30, 2018) ("Given the confidential business information in these documents and the competitive harm that could result from the disclosure of this confidential information the Court concludes that sealing is warranted.").

### B. Apple has a compelling interest in sealing personally identifiable information belonging to non-parties

Compelling reasons also warrant sealing portions of Apple's Supplemental Brief in Support of Its Motion for Expedited Discovery, and portions of the Declarations and Exhibits filed in support thereof, as certain portions disclose personally identifiable information ("PII") belonging to individuals who are not parties to this case and are not named in the Complaint. Apple specifically seeks to seal the name, phone number, and messages of individuals that are not named in the Complaint. The public interest in the identities of these third parties is "minimal," and courts in this District have found narrowly tailored redactions that "protect the individuals' compelling interest in their privacy[] outweigh the public's interest in knowing this particular information" and justify sealing. *Music Grp. Macao Com. Offshore Ltd. v. Foote*, No. 14-CV-03078-JSC, 2015 WL 3993147

at *3 (N.D. Cal. June 30, 2015); *see also In re Rocket Fuel Inc. Sec. Litig.*, No. 14-CV-03998-PJH, 2017 WL 344983 at *7 (N.D. Cal. Jan. 24, 2017) (finding good cause to seal "the names [] employees who are not officers, directors, or named defendants in this matter").

Moreover, Apple's sealing request is narrowly tailored to address only those portions of Apple's Supplemental Brief in Support of Its Motion for Expedited Discovery, and portions of the Declarations and Exhibits filed in support thereof, that contain Apple's trade secret or confidential business information or third parties' PII. *See, e.g., Kowalsky v. Hewlett-Packard Co.*, No. 5:10–cv–02176, 2012 WL 892427 at *2 (N.D. Cal. Mar. 14, 2012) (finding sealing justified where "[t]he proposed redactions contain … confidential product development information, the disclosure of which could harm [movant's] competitive advantage in the marketplace"). Compelling reasons therefore exist to seal the identified portions of Apple's Supplemental Brief in Support of Its Motion for Expedited Discovery and of the Declarations and Exhibits filed in support thereof.

**CONCLUSION**

For the foregoing reasons, Apple requests that the Court grant its administrative motion to file under seal portions of Apple's Supplemental Brief in Support of Its Motion for Expedited Discovery and portions of the Declarations and Exhibits filed in support thereof.

Dated: August 31, 2026

Respectfully submitted,

WEIL, GOTSHAL & MANGES LLP

*/s/ Gabriel S. Gross*

Gabriel S. Gross (SBN 254672)
Gaby LaHatte (SBN 321844)
Vanessa K. Sim (SBN 341107)
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, California 94065
Telephone: (650) 802-3000
Facsimile: (650) 802-3100
gabe.gross@weil.com
gaby.lahatte@weil.com
vanessa.sim@weil.com

Christopher W. Henry (*pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
1001 Boylston Street, Suite 300

Boston, Massachusetts 02115
Telephone: (617) 772-8300
Facsimile: (617) 772-8333
chris.henry@weil.com

Rachel L. Weiner Cohen (*pro hac vice*)
Nicole Elena Bruner (*pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
2001 M Street NW, Suite 600
Washington, DC 20036
Telephone: (202) 682-7000
Facsimile: (202) 857-0940
rachel.cohen@weil.com
nicole.bruner@weil.com

Heather Blacklaws (*pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
600 Congress Avenue, Suite 2170
Austin, Texas 78701
Telephone: (512) 487-1480
Facsimile: (512) 487-1520
heather.blacklaws@weil.com

Nina Shapiro (*pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
767 5th Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
nina.shapiro@weil.com

John M. Desmarais (SBN 320875)
Karim Z. Oussayef (*pro hac vice*)
Steven Balcof (*pro hac vice*)
Ido Sadeh (*pro hac vice*)
DESMARAIS LLP
230 Park Ave, 26th Floor
New York, New York 10169
Telephone: (212) 351-3400
Facsimile: (212) 351-3401
jdesmarais@desmaraisllp.com
koussayef@desmaraisllp.com
sbalcof@desmaraisllp.com
isadeh@desmaraisllp.com

Marie Delzell (SBN 367393)
DESMARAIS LLP
101 California Street, Suite 3000
San Francisco, California 94111
Telephone: (415) 573-1900
Facsimile: (415) 573-1901

mdelzell@desmaraisllp.com

Atifah Safi (*pro hac vice*)
DESMARAIS LLP
1899 Pennsylvania Avenue, NW, Suite 400
Washington, DC 20006
Telephone: (202) 451-4900
Facsimile: (202) 451-4901
asafi@desmaraisllp.com

*Attorneys for Plaintiff Apple Inc.*