# EXHIBIT A

**From:** Gross, Gabriel
**Sent:** Thursday, August 27, 2026 3:52 PM
**To:** Andrew Schapiro; Kate Lazarus
**Cc:** Weil Team Apple Liu OpenAI; Apple OpenAI Service
**Subject:** RE: Apple v. Liu, et al. - supplemental briefing to address new facts

Dear Andy and Kate:

Thank you. 9:30 PT tomorrow works for us. We will send a Zoom invite. Kate, kindly confirm you will be joining.

Yours,

Gabe

**Gabriel S. Gross**
Partner

Weil, Gotshal & Manges LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065-1134
gabe.gross@weil.com
+1 650 802 3180 Direct
+1 650 868 4223 Mobile

---

**From:** Andrew Schapiro <andrewschapiro@quinnemanuel.com>
**Sent:** Thursday, August 27, 2026 10:56 AM
**To:** Gross, Gabriel <Gabe.Gross@weil.com>; Kate Lazarus <klazarus@kblfirm.com>
**Cc:** Weil Team Apple Liu OpenAI <Weil.Apple.Liu.OpenAI@weil.com>; Apple OpenAI Service <appleopenaiservice@desmaraisllp.com>
**Subject:** RE: Apple v. Liu, et al. - supplemental briefing to address new facts

Interesting! How about a zoom tomorrow at 9:30am or 10am PT?

---

**From:** Gross, Gabriel <Gabe.Gross@weil.com>
**Sent:** Thursday, August 27, 2026 10:25 AM
**To:** Andrew Schapiro <andrewschapiro@quinnemanuel.com>; Kate Lazarus <klazarus@kblfirm.com>
**Cc:** Weil Team Apple Liu OpenAI <Weil.Apple.Liu.OpenAI@weil.com>; Apple OpenAI Service <appleopenaiservice@desmaraisllp.com>
**Subject:** Apple v. Liu, et al. - supplemental briefing to address new facts

**[EXTERNAL EMAIL from gabe.gross@weil.com]**

Dear Andy and Kate:

Are you free to meet and confer by phone or Zoom today between 9:30 and 11:30 or 12:30 and 2:00 PT or tomorrow between 9:30 and 10:30 PT? Apple intends to seek leave no later than Monday under Civil Local Rule 7-11 to file a short supplemental brief in support of its expedited discovery motion, and we need to know if your clients will stipulate to or oppose the administrative motion. The reason leave should be granted is that after filing its reply brief on Tuesday, Apple discovered relevant evidence which it didn't know about and could not have raised earlier, and which the Court should consider.

Apple has been forensically inspecting the Apple-owned laptop that Mr. Liu through his counsel returned last Friday. That inspection is still underway, but we are learning from it that while working for OpenAI, Mr. Liu used at least one of the specific trade secret .asc files that Apple identified in its Trade Secret Identification (see page 12, line 5) and in Mr. Patel's declaration (see page 2, lines 9-10 and Exh. 24). It appears Mr. Liu was working with that confidential file, including to generate more trade secret-derived information from it. These are preliminary findings and our investigation is ongoing, and there may be more relevant evidence yet to be revealed through the investigation. When we speak, we will be interested in any context or explanations you may have for this conduct.

From our perspective, these new facts are highly relevant to the pending motion for expedited discovery and should be considered by the Court in resolving it. They tend to dispel Defendants' arguments, including that "no trade secrets were misappropriated" and that expedited discovery would be a fishing expedition. To the contrary, this new evidence tends to show that Apple trade secrets were not just acquired but also used, that the expedited discovery Apple seeks would encompass these specific acts of misappropriation, and that more discovery is needed to ascertain the extent of the problem and assist in enforcing any injunctive relief. We do not expect your clients to agree on the merits of the expedited discovery motion, but please let us know if they will stipulate to Apple's request for leave to file a sur-reply to bring these new facts to the Court's attention.

Yours,

Gabe

Weil

**Gabriel S. Gross**
Partner

Weil, Gotshal & Manges LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065-1134
gabe.gross@weil.com
+1 650 802 3180 Direct
+1 650 868 4223 Mobile

---

The information contained in this email message is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly

prohibited. If you have received this communication in error, please immediately notify us by email, postmaster@weil.com, and destroy the original message. Thank you.