# EXHIBIT A

**From:** Patrick Curran
**Sent:** 20 July 2026 11:41
**To:** Cohen, Rachel; Gross, Gabriel; Bruner, Nicole
**Cc:** Andrew Schapiro; Jodie Cheng; Yehuda Goor
**Subject:** Re: Apple / OpenAI - meet and confer follow-up
**Attachments:** 2026-07-20 Draft - Forensic Inspection Protocol.docx; 2026-07-20 Draft - Protective Order.docx

Rachel,

Thanks for your email. As an initial matter, we are surprised by your tone and approach. We understand that our clients want us to move quickly and collaboratively to give Apple assurances that any proprietary material is protected, and to establish that OpenAI has done nothing wrong. We would ask that you work with us within the spirit of those goals, rather than take actions and make demands that appear to be nothing more than aggressive litigation tactics at the expense of the companies' relationship and the individuals involved.

One correction at the outset: although you say our proposal does not offer "specific next steps," we offered a numbered list of specific steps, starting with a trade secret ID. We're hoping you will engage on those promptly. We want to get going here.

On our call we did address your July 15 letter. As Andy described, many of those proposals are non-starters. For example, you demand that "each former Apple employee at OpenAI" complete a "questionnaire," even though these are hundreds of people, in connection with whom you make no allegations. That is the definition of a fishing expedition. But rather than focus on where we disagree, we tried to focus on constructive points of agreement. We're open to fast discovery. It sounds like we are starting to make progress towards a framework for that. We both agree a trade secret ID makes sense. You are correct that we agree it will be non-binding. We're also in agreement on finalizing an ESI order, a PO, and a forensic protocol that gets us moving on search terms and early discovery. We take your email to also agree on an approach to front-load discovery, not to do discovery twice or to obtain more discovery than the Federal Rules allow. Your email Friday also asks for a stipulated order on discovery; we're open to that assuming it will indeed be about discovery and will be reciprocal, rather than something for you to spin in press briefings as some sort of admission of wrongdoing by OpenAI. The ESI order and protective order will both be stipulated orders, and we envision a stipulation for early discovery would also go in for court approval as part of this package. To move things along, we will provide proposed language.

We are puzzled by the other points in your email. We've already told you we are obtaining forensic device images for Mr. Liu's and Mr. Tan's work devices. OpenAI does instruct all employees not to access, use, disclose, or solicit any third-party confidential information, and Apple is no exception. OpenAI does not want Apple confidential information. OpenAI tells employees not to bring any third-party confidential information with them when they join the company. That is true for employees joining OpenAI from Apple and true for employees joining OpenAI from any other company. Although we have already instructed (and contractually require) our employees not to bring any third-party confidential information to OpenAI, we are happy to reiterate that message.

We don't know what you are referring to in the last sentence of your email: "Apple has received outreaches from OpenAI employees who indicate they have devices in their possession and some have returned devices on their own without any prompting from Apple." If you are saying Apple did not collect departing employees' Apple devices as part of an exit process, that is something both sides can explore in discovery. To be clear, OpenAI does not want or need its employees to have legacy devices from their former employers. If you need assistance with the return of devices (if any) that your client has not collected from its former employees as part of an exit protocol, we are happy to work with you.

You also ask that we "revisit" the specific points proposed in your July 15 letter. It appears that you want to move backwards. As noted, we already discussed these during our meet and confer but Apple was unable to respond to basic questions my colleagues raised about these requests. For example, your letter proposes that OpenAI "[p]roduce witnesses to testify at deposition" but Apple was unable to identify who those witnesses would be. Similarly, Apple was unsure when we asked if it was actually proposing that hundreds of OpenAI employees fill out "questionnaires" even if Apple has no basis to allege (and is indeed not alleging) that such employees have any connection to this litigation. The seven sections in your letter are broadly worded and remain vague and general. This is not what a forensic protocol looks like and we're sure you understand that you will not get this as relief from the court. You first need to (preliminarily) identify the TS you are suing for, and your email states that you "appreciate the need" to do so. Any protocol will be informed by such identification. A forensic protocol cannot be based on general terms like "Apple confidential information"; you need to tell us what you're looking for, and it sounds like you understand that and are prepared to do so. The efficient way forward is therefore to tackle these issues as part of the negotiation of a proper, detailed forensic protocol. If you instead prefer to move for a PI because OpenAI did not agree off the bat to subject hundreds of employees to "questionnaires" about "Apple confidential information" generally, that is unfortunate—and inconsistent with what I understand both our clients have requested. If you choose this path instead of working with us, we look forward to filing an opposition that sets the record straight.

Finally, although I know OpenAI would like to resolve this amicably, as their counsel I have to tell you what I think you already know—this case lacks merit. You have not articulated any basis to support a preliminary injunction. Your complaint is predicated on a misrepresentation of facts and allegations that are speculative at best. It fails to even remotely identify any trade secrets. You are attacking ordinary business practices (used widely across the industry). You are complaining about situations that you have caused, including through your own procedures and decisions. We stand ready to oppose any preliminary injunction motion and tell the world what really happened here to set the record straight. We made clear we would prefer to quickly and collaboratively address any legitimate concerns that your client has, but that is not well-served by repeated threats.

We'd like to get moving promptly on the discovery framework. We are attaching a draft protective order and draft forensic protocol here. We will send a proposal for an ESI order later today. Thanks again.

Best,
Patrick

- -
Patrick Curran | +1 [redacted] (Boston) | +1 [redacted]
(NY) | patrickcurran@quinnemanuel.com

**From:** Cohen, Rachel <Rachel.Cohen@weil.com>
**Date:** Friday, July 17, 2026 at 5:25 PM
**To:** Patrick Curran <patrickcurran@quinnemanuel.com>; Gross, Gabriel <Gabe.Gross@weil.com>; Bruner, Nicole <Nicole.Bruner@weil.com>
**Cc:** Andrew Schapiro <andrewschapiro@quinnemanuel.com>; Jodie Cheng <jodiecheng@quinnemanuel.com>; Yehuda Goor <yehudagoor@quinnemanuel.com>
**Subject:** RE: Apple / OpenAI - meet and confer follow-up

**[EXTERNAL EMAIL from rachel.cohen@weil.com]**

---

Counsel,

Yesterday's call was to discuss a potential framework for avoiding preliminary injunction proceedings, and we expected to discuss the detailed proposal from our July 15 letter. You had not fully considered it and instead raised a vague proposal for discovery, which you had not previously disclosed. We appreciate receiving it in writing after the call, but it does not respond to our July 15 proposal with specific next steps, which we had asked you to address.

We understand your proposal to be (1) Apple provides an initial, non-binding trade secret disclosure, (2) the parties will agree on a PO and an ESI order, and (3) search terms will be run against Defendants' device images. We can appreciate the need for (1) and (2) and are confident that we can come to agreement there. We also agree that (3) is needed, but search terms are of no use without detail on what will be searched. For example, your proposal does not provide any proposal for what devices will be imaged or how Apple's confidential information will be preserved, segregated, no longer used, and returned to Apple. Our July 15 letter provided details on these critical items but your letter ignores them. We request that you revisit our July 15 letter and let us know if you cannot agree to any of the specific points in our proposal and whether you have any counter proposals for each specific point. We also want to be clear that any agreed framework must be memorialized in a stipulated court order. Informal assurances are not sufficient to protect Apple's rights. If OpenAI is genuinely committed to the cooperation it has described, there should be no objection to formalizing that commitment in a stipulated court order.

Additionally, please advise as to what steps Defendants have taken to address Apple's concerns to date. For example, have Mr. Liu's and Mr. Tan's work devices been preserved? Has OpenAI instructed its employees not to access, use, disclose or solicit Apple's confidential information? These are steps that OpenAI already committed to in Mr. Schapiro's July 13 letter—and should likewise be formalized in a stipulated court order. We would also like to know if OpenAI requested its employees to turn in any Apple-owned work devices and Apple confidential information? Apple has received outreaches from OpenAI employees who indicate they have devices in their possession and some have returned devices on their own without any prompting from Apple.

Regards,
Rachel

Weil

**Rachel Weiner Cohen**
Partner | Bio

Weil, Gotshal & Manges LLP
2001 M Street NW, Suite 600
Washington, DC 20036
rachel.cohen@weil.com
+1 [redacted] Direct
+1 [redacted] Fax

---

**From:** Patrick Curran <patrickcurran@quinnemanuel.com>
**Sent:** Thursday, July 16, 2026 10:57 PM
**To:** Gross, Gabriel <Gabe.Gross@weil.com>; Cohen, Rachel <Rachel.Cohen@weil.com>; Bruner, Nicole <Nicole.Bruner@weil.com>
**Cc:** Andrew Schapiro <andrewschapiro@quinnemanuel.com>; Jodie Cheng <jodiecheng@quinnemanuel.com>; Yehuda Goor <yehudagoor@quinnemanuel.com>
**Subject:** Apple / OpenAI - meet and confer follow-up

Gabe, Rachel, Nicole:

Thanks for the call earlier today. As discussed in the meet and confer, OpenAI's position is that we should resolve the concerns in your letter by engaging in discovery now, in earnest. We understand that is Apple's goal too ("quick remediation and return of its information"). To be clear: we don't believe this suit has any merit. We reserve the right to move to dismiss. But we hope providing discovery now will give Apple comfort and show this suit is misguided, and give Apple the opportunity to withdraw its suit and let the parties move forward. We're ready to move quickly and front-load discovery that would happen in the ordinary course if the case got to that stage.

The same protections and safeguards that would normally apply still need to apply here. We need a strong protective order. We need an ESI order. We'll need your cooperation to get confidential internal OpenAI materials into the hands of Apple's outside counsel. But if we work together we can do this quickly.

In practice, here's what that looks like:

1. We'd start with a trade secret identification. This can be preliminary in nature. It can use documents rather than narrative descriptions if you prefer that. All rights would be reserved on both sides. But we need something to give OpenAI a benchmark for the types of granular discovery we anticipate you will want us to provide. Since we'll be giving you early access to confidential OpenAI information, we need to understand the scope of discovery as part of that process.

2. We'll propose, and we invite you to also propose, search terms we can evaluate against the trade secrets Apple says the case is about. We think the NDCA model ESI order is a good place to start in thinking about search terms. But we are open to other models for how to handle this.

3. We'd then apply those search terms to forensic device images. That means we need a forensic protocol, and we want to start engaging on that now.

To be clear, we're not offering to provide discovery beyond what the rules allow, or outside what the case would involve if it moved past a motion to dismiss. We're offering to front-load discovery that would occur anyway if the case did go forward. We don't think Apple should get more discovery than a litigant would normally receive. We are, however, prepared to make earnest efforts to deliver discovery faster than normal. We hope this puts our clients on a path for resolution.

The door of course swings both ways. We may need early discovery from Apple. We reserve all rights there, and we know you do too. But we recognize that the first step is for OpenAI to get information to Apple's attorneys. Through that transparency Apple will hopefully see quickly that there's been a fundamental misunderstanding about what actually happened.

We want to move fast. If you have proposals on protective orders or ESI orders, please send those to us promptly. We'll work with you to get the infrastructure in place for a safe exchange of information as soon as possible.

Thanks,
Patrick

- -
Patrick Curran | +1 [redacted] (Boston) | +1 [redacted]
(NY) | patrickcurran@quinnemanuel.com

---

The information contained in this email message is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by email, postmaster@weil.com, and destroy the original message. Thank you.