Andrew H. Schapiro (*pro hac vice*)
QUINN EMANUEL URQUHART & SULLIVAN, LLP
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
(312) 705-7400
andrewschapiro@quinnemanuel.com

Patrick D. Curran (Bar No. 241630)
QUINN EMANUEL URQUHART & SULLIVAN, LLP
111 Huntington Ave, Suite 520
Boston, MA 02199
(617) 712-7100
patrickcurran@quinnemanuel.com

David Eiseman (Bar No. 114758)
Jodie W. Cheng (Bar No. 292330)
QUINN EMANUEL URQUHART & SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
davideiseman@quinnemanuel.com
jodiecheng@quinnemanuel.com

Yehuda Goor (*pro hac vice*)
QUINN EMANUEL URQUHART & SULLIVAN, LLP
295 Fifth Avenue, 9th Floor
New York, NY 10016
(212) 849-7000
yehudagoor@quinnemanuel.com

*Attorneys for Defendants OpenAI Foundation, OpenAI Group PBC, io Products LLC, and Tang Yew Tan*

Kate E. Lazarus (Bar No. 268242)
klazarus@kblfirm.com
KWUN BHANSALI LAZARUS LLP
555 Montgomery Street, Suite 750
San Francisco, CA 94111
Tel: (415) 630-2350

*Attorneys for Defendant Chang Liu*

[Additional counsel listed in signature block]

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

APPLE INC.,

Plaintiff,

vs.

CHANG LIU, TANG YEW TAN, OPENAI FOUNDATION f/k/a OPENAI, INC., OPENAI GROUP PBC, and IO PRODUCTS, LLC f/k/a IO PRODUCTS, INC.,

Defendants.

Case No. 5:26-CV-07078-EJD

**DEFENDANTS' LIMITED OPPOSITION TO PLAINTIFF'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL PORTIONS OF SUPPLEMENTAL BRIEF**

**Judge:** Edward J. Davila

**Complaint Filed:** July 10, 2026

Pursuant to Civil Local Rules 7-11(b) and 79-5, Defendants Chang Liu, Tang Yew Tan, OpenAI Foundation (f/k/a OpenAI, Inc.), OpenAI Group PBC, and io Products, LLC (f/k/a io Products, Inc.) (collectively, "Defendants") hereby file this response and limited opposition to Plaintiff Apple Inc.'s ("Apple") Administrative Motion to File Under Seal Portions of its Supplemental Brief in Support of its Motion for Expedited Discovery, and portions of the Declarations and Exhibits filed in support thereof (ECF No. 93) (the "Administrative Motion").

Apple's Administrative Motion seeks to seal in their entirety certain text messages that Apple selectively quotes in its other court filings. There is no reason to seal these messages entirely. Indeed, the full context of those messages shows Apple's characterizations of the messages in Apple's public supplemental brief and public declaration are highly misleading. Therefore, with the exception of limited redactions to seal personally identifiable information (PII), the text messages should be available on the public docket.

## RELEVANT BACKGROUND

The Administrative Motion seeks to seal in their entirety certain exhibits to the Declaration of Daniel Roffman in Support of Apple's Supplemental Brief (ECF No. 94-2) (the "Roffman Declaration"). The exhibits at issue are comprised of text messages sent or received by Defendant Liu.[1] Apple relies on the following bases:

| Ex. No. | Basis for Filing Under Seal |
|---|---|
| A | Apple argues that this exhibit "refers to substantive technical discussion regarding the content of Apple's confidential project files" and that it "discloses Apple's confidential and trade secret information." Declaration of Rachel Cohen (ECF No. 93-1) (the "Cohen Decl.") at 2. Apple further argues that this exhibit "discloses personally identifiable information (PII) of an individual who is not a party to this action and is not named in the Complaint." Cohen Decl. at 3. |

[1] Exhibit E is a certificate of translation. It is the only exhibit for which Apple proposes redactions rather than sealing the entire document. Defendants take no position regarding Apple's requested redaction of Exhibit E. Defendants further take no position at this time regarding the other information Apple seeks to seal by the Administrative Motion and reserve all rights regarding Apple's designations.

| Ex. No. | Basis for Filing Under Seal |
|---|---|
| B | Apple argues that this exhibit "discloses personally identifiable information (PII) of an individual who is not a party to this action and is not named in the Complaint." Cohen Decl. at 3. |
| C | Apple argues that this exhibit "discloses personally identifiable information (PII) of an individual who is not a party to this action and is not named in the Complaint." Cohen Decl. at 3. |
| D | Apple argues that this exhibit "discloses personally identifiable information (PII) of an individual who is not a party to this action and is not named in the Complaint." Cohen Decl. at 4. |
| F | Apple argues that this exhibit "refers to substantive technical discussion regarding a proprietary engineering tool," which is "confidential and not publicly known." Cohen Decl. at 4. Apple further argues that this exhibit "discloses personally identifiable information (PII) of an individual who is not a party to this action and is not named in the Complaint." Cohen Decl. at 5. |

On September 2, 2026, counsel for Defendant Liu requested that counsel for Apple clarify whether Apple contends "that these exhibits contain Apple confidential information," and if so to "identify such [information]." Declaration of Kate E. Lazarus (the "Lazarus Decl."), Ex. 1. The next day, having not received a response, counsel for Defendant Liu sent a follow-up email, asking counsel for Apple to "identify the exact text in Exhibit A that reveals Apple's confidential and trade secret" information, and the "text that discloses confidential information about Apple's 'proprietary engineering tool'" in Exhibit F. *Id.*

As of the filing of this limited opposition, counsel for Apple has not responded.

## ARGUMENT

Apple's Administrative Motion fails to overcome the "strong presumption in favor of access that applies to most judicial records." *Chung v. Intellectsoft Grp. Corp.*, 2023 WL 8456330, at *1 (N.D. Cal. Nov. 7, 2023) (quotations omitted). The Administrative Motion should therefore be denied in part, such that Apple be ordered to file Exhibits A, B, C, D, and F to the Roffman Declaration publicly on the docket, with limited redactions necessary to seal personally identifiable information (PII).

### I. Protecting PII Does Not Warrant Sealing Exs. B, C, and D In Their Entirety

The Cohen Declaration concedes that Exhibits B, C, and D to the Roffman Declaration do not contain Apple's confidential or trade secret information. Rather, Apple seeks to seal those

exhibits in their entirety on the sole basis that they contain PII of non-parties to this proceeding. Cohen Decl. at 3-4. The Cohen Declaration states these exhibits should be sealed in their entirety because the "PII is not confined to discrete, severable portions." *Id.* That is incorrect. In fact, only limited redactions of names and phone numbers are required to seal the PII at issue.

Courts in this District routinely find that when "[b]alancing the privacy and public disclosure interests," a "more narrowly tailored order to simply redact employee-identifying information is appropriate." *Murphy v. Kavo Am. Corp.*, 2012 WL 1497489, at *2 (N.D. Cal. Apr. 27, 2012). *See Shaffer v. Sotelo*, No. 25-cv-1069-NW, ECF No. 42 (N.D. Cal. Aug. 10, 2026) (denying motion to seal documents in their entirety where movants failed to explain why "redactions of sensitive or irrelevant personal" information would not suffice); *Ingram v. Pac. Gas & Elec. Co.*, 2013 WL 5340697, at *2 (N.D. Cal. Sept. 24, 2013) ("[s]imply redacting the identifying information of third parties (e.g., their names, addresses, telephone numbers, and social security numbers) from these records and disclosing the remaining information would not injure the third parties") (quotation omitted). *Cf. Hernandez v. Cnty. of Monterey*, 2023 WL 4688522, at *4 (N.D. Cal. July 21, 2023) (granting motions that were "narrowly tailored" to protect privacy rights where they sought only "limited redactions").

The same applies here. Apple provides neither support nor explanation for the proposition that Exhibits B-D of the Roffman Declaration could not be redacted to avoid revealing non-parties' PII. Apple's broad-brush approach therefore fails to adequately describe why a less restrictive alternative than sealing the whole document would not be sufficient. Civ. L.R. 79-5(c)(1). Sealing these exhibits in their entirety would be overbroad and unnecessary because the identifying information of any third parties in Exhibits B, C, and D can be easily redacted. Defendants do not oppose such limited, PII-based redactions.

Apple's request to seal Liu's text messages in their entirety is particularly improper because their full context refutes Apple's selective characterization of those messages in other court filings. Indeed, in its Supplemental Brief (ECF No. 94-1), Apple selectively quotes language from the same exhibits it seeks to seal in their entirety by the present motion. Apple cannot have it both ways and seek to seal information it has already selectively disclosed publicly elsewhere in this proceeding.

## II. Exhibits A and F Do Not Contain Apple Confidential Information or Trade Secrets

In addition to PII, Apple seeks to seal Exhibits A and F in their entirety because they purportedly contain discussions regarding "the content of Apple's confidential project files" and a "proprietary engineering tool," respectively. Mot. at 2, 4. But Apple does not identify what specific portions of these messages purportedly contain such information. None exists. Nor did Apple respond to counsel for Liu's requests that Apple identify such information. Lazarus Decl., Ex. 1.

Apple's silence is unsurprising. ***First***, Exhibit A of the Roffman Declaration does not relate to Apple work or property at all—much less contain a discussion that risks "harm to Apple's market competitiveness" as Apple argues. Cohen Decl. at 2, 4. As the Declaration of Chang Liu (the "Liu Decl.") filed herewith confirms, Exhibit A is a text message exchange between Liu and one of his former Apple colleagues that concerned independent experiments Liu was running with AI, without use of Apple confidential information. Liu Decl. ¶ 3. In furtherance of those experiments, Liu utilized only open source AI software. *Id.* None of that is Apple information, and sealing Exhibit A beyond redacting PII would be unwarranted. *Ingram*, 2013 WL 5340697, at *3 (denying motion to seal where movant offered only "conclusory arguments" and "blanket" assertions that document was "confidential and proprietary"). Additionally, Apple quotes Exhibit A liberally in its publicly filed Supplemental Brief and the public Roffman Declaration, stating that Liu wrote that his AI "agent learned how to run Ltspice and look at result, tune compensation parameter," among other things. ECF No. 94-1 at 2; 94-2 ¶ 31.

***Second***, Exhibit F similarly does not contain any Apple confidential information or trade secrets. Exhibit F consists of two text messages Liu exchanged with other former Apple colleagues. In those texts, Liu colloquially referred to a certain customary process by the nickname Apple uses for that process. He did not state he was using the Apple tool itself, and has indeed ***not*** used it: he merely described using a non-Apple owned tool that executes a function similar to Apple's, and the name and existence of that Apple tool are public knowledge. Liu Decl. ¶ 4. The text message exchange in Exhibit F does not reveal any Apple confidential information whatsoever, nor does it make any mention of how any Apple engineering tool works or is developed. Exhibit F should not be sealed or redacted except to the extent necessary to protect the PII of non-parties to this

proceeding. *See Krommenhock v. Post Foods, LLC*, 334 F.R.D. 552, 587 (N.D. Cal. 2020) (denying motion to seal where it is "hard to see" how materials "would not be generally known" by movant's competitors).

**CONCLUSION**

The Administrative Motion should be denied in part. The Court should deny Apple's request to seal the entirety of Exhibits A, B, C, D, and F to the Roffman Declaration, and instead order Apple to propose limited redactions to "balance" third party privacy interests with the "public's interest in understanding the decisions made by the Court as a public forum for administering justice." *Murphy*, 2012 WL 1497489, at *2.

DATED: September 4, 2026

By */s/ Andrew H. Schapiro*

QUINN EMANUEL URQUHART &
SULLIVAN, LLP

Andrew H. Schapiro (*pro hac vice*)
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
(312) 705-7400
andrewschapiro@quinnemanuel.com

Patrick D. Curran (Bar No. 241630)
111 Huntington Ave, Suite 520
Boston, MA 02199
(617) 712-7100
patrickcurran@quinnemanuel.com

David Eiseman (Bar No. 114758)
Jodie W. Cheng (Bar No. 292330)
Victoria B. Parker (Bar No. 290862)
Andrew M. Mather (Bar No. 345548)
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
davideiseman@quinnemanuel.com
jodiecheng@quinnemanuel.com
vickiparker@quinnemanuel.com
andrewmather@quinnemanuel.com

Yehuda Goor (*pro hac vice*)
Lucas A. Hammill (*pro hac vice*)
Jordan M. Nakdimon (*pro hac vice*)
295 Fifth Avenue, 9th Floor
New York, NY 10016
(212) 849-7000
yehudagoor@quinnemanuel.com
lucashammill@quinnemanuel.com
jordannakdimon@quinnemanuel.com

Joseph E. Reed (Bar No. 323524)
555 Twin Dolphin Dr., 5th Floor
Redwood Shores, CA 94065
(650) 801-5000
joereed@quinnemanuel.com

*Attorneys for Defendants*
*OpenAI Foundation, OpenAI Group PBC, io Products LLC, and Tang Yew Tan*

DATED: September 4, 2026

By * /s/ Kate E. Lazarus*

KWUN BHANSALI LAZARUS LLP

Kate E. Lazarus (Bar No. 268242)
klazarus@kblfirm.com
555 Montgomery Street, Suite 750
San Francisco, CA 94111
Tel: (415) 630-2350

*Attorneys for Defendant Chang Liu*

**ATTESTATION**

I, Andrew H. Schapiro, am the ECF user whose ID and password are being used to file the above document. In compliance with Local Rule 5-1(i)(3), I hereby attest that Kate E. Lazarus has concurred in the filing of the above document.

By *<u>/s/ Andrew H. Schapiro</u>*
Andrew H. Schapiro