Andrew H. Schapiro (*pro hac vice*)
QUINN EMANUEL URQUHART
& SULLIVAN, LLP
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
(312) 705-7400
andrewschapiro@quinnemanuel.com

Patrick D. Curran (Bar No. 241630)
QUINN EMANUEL URQUHART
& SULLIVAN, LLP
111 Huntington Ave, Suite 520
Boston, MA 02199
(617) 712-7100
patrickcurran@quinnemanuel.com

Jodie W. Cheng (Bar No. 292330)
David Eiseman (Bar No. 114758)
QUINN EMANUEL URQUHART
& SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
jodiecheng@quinnemanuel.com
davideiseman@quinnemanuel.com

Yehuda Goor (*pro hac vice*)
QUINN EMANUEL URQUHART
& SULLIVAN, LLP
295 Fifth Avenue, 9th Floor
New York, NY 10016
(212) 849-7000
yehudagoor@quinnemanuel.com

*Attorneys for Defendants OpenAI Foundation, OpenAI Group PBC, io Products LLC, and Tang Yew Tan*

Kate E. Lazarus (Bar No. 268242)
klazarus@kblfirm.com
KWUN BHANSALI LAZARUS LLP
555 Montgomery Street, Suite 750
San Francisco, CA 94111
Tel: (415) 630-2350

*Attorneys for Defendant Chang Liu*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

APPLE INC.

Plaintiff,

v.

CHANG LIU, TANG YEW TAN, OPENAI FOUNDATION f/k/a OPENAI, INC., OPENAI GROUP PBC, and IO PRODUCTS, LLC, f/k/a IO PRODUCTS, INC.,

Defendants.

Case No. 5:26-cv-07078-EJD

**DECLARATION OF ANDREW CRAIN IN SUPPORT OF DEFENDANTS' RESPONSE TO PLAINTIFF APPLE INC.'S SUPPLEMENTAL BRIEF IN SUPPORT OF ITS MOTION FOR EXPEDITED DISCOVERY**

# DECLARATION OF ANDREW CRAIN

I, Andrew Crain, the undersigned, hereby declare and state:

## I. Introduction

1. I have been retained in this matter by the law firms of Quinn Emanuel Urquhart & Sullivan LLP and Kwun Bhansali Lazarus LLP, in connection with their representation of Defendants OpenAI Foundation, OpenAI Group PBC, Tang Yew Tan, and Chang Liu, as well as non-party Alyssa Peng.

2. I am providing this declaration in support of Defendants' Response to Plaintiff Apple Inc.'s Supplemental Brief in Support of its Motion for Expedited Discovery, dated August 31, 2026 (ECF No. 94-1) (the "Supplemental Brief").

3. I provided a prior declaration in this matter, dated August 31, 2026, in support of Defendants' Opposition to Plaintiff's Motion for Preliminary Injunction. ECF No. 98 (the "First Declaration").

## II. Qualifications

4. I incorporate by reference here the qualifications and relevant experience I described in my First Declaration. ECF No. 98 § II, Ex. A.

## III. Evidence Preservation and Quarantine

5. My firm was retained in this matter shortly after the complaint was filed on July 10, 2026. My team worked with counsel to expeditiously quarantine various devices in Chang Liu and Alyssa Peng's possession, most of which were also forensically imaged. My prior declaration detailed (in its Exhibit B) the various personal devices and accounts for Liu that have been quarantined and imaged. Attached hereto as Exhibit D is a similar inventory detailing (1) the various devices and accounts associated with custodian Alyssa Peng which my firm quarantined and preserved, and (2) details about additional data sources for Chang Liu that my firm collected and/or received since the submission of my prior declaration. Among other things, those include Liu's corporate devices and accounts associated with OpenAI.

### IV. My Investigation To Date Has Uncovered No Connection Between the [redacted] File and Liu's Use of AI Tools

6. I reviewed the Declaration of Daniel Roffman filed by Plaintiff in support of its Motion for Expedited Discovery dated August 31, 2026 (ECF No. 94-2) (the "Roffman Declaration"). The Roffman Declaration details forensic findings from an Apple-owned MacBook Pro computer (serial number [redacted]) loaned to Liu by another Apple employee, which Roffman's firm received from Liu's counsel on August 21, 2026. Roffman Decl. ¶ 7. Specifically, the Roffman Declaration discusses forensic evidence showing that a file entitled "[redacted]" was opened on March 18, 2026 (the "[redacted] File"), and that this opening generated three related output files (bearing the same file name, but with file extensions of .log, .net, and .raw).[1]

7. The Roffman Declaration proceeds to discuss a separate set of personal text messages sent/received between Liu and an individual named [redacted], also on the evening of March 18, 2026, related to the use of AI agents.[2] I understand the Roffman Declaration to be suggesting that his findings regarding the [redacted] File are related to Liu's exchange with [redacted].

8. Since the filing of my prior declaration, my team and I conducted additional forensic analysis of Liu's Mac Mini computer and personal accounts, with a specific focus on evidence of usage of AI tools. As described below, our findings to date have not identified any evidence to support a connection between the opening of the [redacted] File and Liu's interaction with AI tools. As part of our investigation, my team and I reviewed forensic records of Liu's use of (1) Claude, (2) Codex, (3) ChatGPT, and (4) OpenClaw. These are the AI tools I understand Liu uses.

9. <u>Claude</u>: The earliest forensic evidence that we located on Liu's Mac Mini associated with his personal Claude Desktop application was dated April 27, 2026, or more than one month after the March 18, 2026 date discussed in the Roffman Declaration related to the opening of

[1] *See* Roffman Declaration ¶¶ 15-19.

[2] *See* Roffman Declaration ¶ 22.

[redacted] File."[3] The Claude prompt history from Liu's Mac Mini does not contain any references to the [redacted] File.

10. Codex: The forensic evidence on Liu's Mac Mini associated with his personal Codex data shows only one "session" with any activity in March 2026, beginning on March 15, 2026 and ending on April 13, 2026.[4] Notably, this "session" does not include activity on March 18-19, 2026, when the [redacted] File was opened. The Codex prompt history from Liu's Mac Mini related to this session does not include any reference to the [redacted] File. Rather, this Codex "session" appears related to personal topics such as house design.

11. ChatGPT: The forensic evidence associated with Liu's personal ChatGPT account (as collected from the cloud) does not contain any reference to the [redacted] File.[5] The activity in this account from March 18, 2026 ended about an hour before the [redacted] File was opened.

12. OpenClaw: Liu's Mac Mini contains forensic evidence associated with the use of OpenClaw, an open-source AI agent for use with external large language models. OpenClaw is a tool used in conjunction with other AI tools, like ChatGPT or Claude. The OpenClaw evidence on Liu's Mac Mini makes no mention of the [redacted] File, *i.e.,* in its logs, transcripts, or output.[6]

## V. **Our Investigation To Date Has Not Identified Evidence of Apple Files in Liu's OpenAI Devices and Accounts**

13. To scrutinize the Roffman Declaration, my team and I conducted forensic analysis of numerous data sources associated with Liu, in an attempt to identify any other copies of the files identified in the Roffman Declaration (and the prior Roffman Declaration, ECF No. 45). Specifically, my team and I searched for copies of: (a) the 37 "unique Apple files" mentioned in paragraph 4 of the Roffman Declaration and detailed in the previous Roffman Declaration (including the [redacted] File); and (b) the output files related to the [redacted] File (*i.e.*, [redacted].raw,

---

[3] /Users/changliu/Library/Application Support/Claude-3p; /Users/changliu/.claude

[4] /Users/changliu/.codex

[5] Account username: [redacted].

[6] /Users/changliu/.openclaw

[redacted].log, and [redacted].net). Specifically, we searched for records of these files on the following devices and accounts: Liu's three OpenAI-issued computers, his two OpenAI-issued phones, his OpenAI Google Workspace account, his OpenAI USB drive, and his OpenAI Slack account data. This analysis did not identify any forensic evidence showing that any of these files were present on the examined data sources.

## VI. <u>The Roffman Declaration Offers No Evidence of Data Destruction</u>

14. The Roffman Declaration identifies text messages sent between Liu and Peng during June 2026, in which Liu used the word "restore."[7] Roffman speculates that this may indicate anti-forensic behavior, but his declaration does not offer any forensic evidence establishing that any data destruction, device reset, or factory restoration actually did occur.

15. My prior declaration's Exhibit B, as well as Exhibit D to my current declaration, detail the quarantine and preservation work performed by my team in connection with the devices and accounts associated with both Liu and Peng. ECF No. 98 § III. I incorporate the above by reference. I also understand that both Liu and Peng returned certain devices to Apple around the end of their employment and thereafter. I assume that Roffman has access to those data sources, yet his declaration is silent with respect to any forensic basis for any potential spoliation or similar conduct.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on this <u>11th</u> day of September 2026 in <u>Lake Oswego</u>, <u>Oregon</u>.

*Andrew Crain*

Andrew Crain

[7] *See* Roffman Declaration ¶¶ 25-26.