Andrew H. Schapiro (*pro hac vice*)
QUINN EMANUEL URQUHART
& SULLIVAN, LLP
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
(312) 705-7400
andrewschapiro@quinnemanuel.com

Patrick D. Curran (Bar No. 241630)
QUINN EMANUEL URQUHART
& SULLIVAN, LLP
111 Huntington Ave, Suite 520
Boston, MA 02199
(617) 712-7100
patrickcurran@quinnemanuel.com

Jodie W. Cheng (Bar No. 292330)
David Eiseman (Bar No. 114758)
QUINN EMANUEL URQUHART
& SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
jodiecheng@quinnemanuel.com
davideiseman@quinnemanuel.com

Yehuda Goor (*pro hac vice*)
QUINN EMANUEL URQUHART
& SULLIVAN, LLP
295 Fifth Avenue, 9th Floor
New York, NY 10016
(212) 849-7000
yehudagoor@quinnemanuel.com

*Attorneys for Defendants OpenAI Foundation, OpenAI Group PBC, io Products LLC, and Tang Yew Tan*

Kate E. Lazarus (Bar No. 268242)
klazarus@kblfirm.com
KWUN BHANSALI LAZARUS LLP
555 Montgomery Street, Suite 750
San Francisco, CA 94111
Tel: (415) 630-2350

*Attorneys for Defendant Chang Liu*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| APPLE INC.<br><br>Plaintiff,<br><br>v.<br><br>CHANG LIU, TANG YEW TAN, OPENAI FOUNDATION f/k/a OPENAI, INC., OPENAI GROUP PBC, and IO PRODUCTS, LLC, f/k/a IO PRODUCTS, INC.,<br><br>Defendants. | Case No. 5:26-cv-07078-EJD<br><br>**DECLARATION OF ALYSSA PENG IN SUPPORT OF DEFENDANTS' RESPONSE TO PLAINTIFF APPLE INC.'S SUPPLEMENTAL BRIEF IN SUPPORT OF ITS MOTION FOR EXPEDITED DISCOVERY** |

**DECLARATION OF ALYSSA PENG**

I, Yu-Ting "Alyssa" Peng, the undersigned, hereby declare and state:

1. I submit this supplemental declaration in support of Defendants' Response to Plaintiff Apple Inc.'s ("Apple") Supplemental Brief in Support of its Motion for Expedited Discovery (ECF No. 94-1) (the "Supplemental Brief"), dated August 31, 2026. I have personal knowledge of the facts stated herein, and if called as a witness, I could and would testify competently thereto.

2. I incorporate by reference my declaration submitted on August 31, 2026 in support of Defendants' Opposition to Apple's Motion for a Preliminary Injunction (ECF No. 106) (the "PI Declaration"), including its description of my background and my departure from Apple.

3. While I was at Apple, I worked on a problem involving a possible [redacted] issue related to an unreleased Apple device, which Apple refers to as "[redacted]." Chang Liu and I attempted to diagnose this issue at an Apple lab on the evening of January 22, Liu's last day at Apple, but we were unable to resolve it.

4. As discussed in my PI Declaration, I took over much of Liu's former work after he left Apple, and I occasionally asked him technical questions about Apple work after his departure. I recall that sometime in March 2026, Liu and I met in person and I asked him about the behavior of a specific power converter as part of that same unresolved issue.

5. On March 18, I received a text from Liu stating "Oh right... If you need the current [redacted], I think I have a document. You can just open it and run it; it should work." At 6:10:25 P. M. Pacific Time, Liu continued, "I crafted it myself. Even though it's pretty bad. But it should be correct. I can tell you where it is in the folder." A true and correct copy of these messages is attached hereto as **Exhibit A**. I understood these messages to relate to the [redacted] issues we had discussed.

6. On March 25, I sent Liu a screenshot of a Slack message with my then-Apple colleague [redacted], in which I asked [redacted] a question about a parameter related to the same issue that Liu and I had previously discussed. *See id.*

7. On my last day at Apple, I returned all Apple-owned devices in my possession except for two phones. One was an iPhone I had been using for both work and personal purposes. Once I

completed setting up my new personal (non-Apple issued) iPhone, I returned the Apple-owned phone to Apple through a former colleague, sometime in June 2026 (prior to this litigation being filed). I signed out of my iCloud account and reset the phone prior to returning it. My understanding is that for another Apple employee to use a device that had been previously assigned to someone else, it is necessary to reset the device.

8. After Apple filed this lawsuit, I remembered that an old iPhone I was using with another personal number was an Apple-owned device. I understand that my counsel notified Apple about the device after the litigation was filed, and that it has since been returned to Apple. I did not sign out of my iCloud account or reset this phone prior to delivering it to my counsel. For most of the Apple-owned devices I had on my last day at Apple, I signed out of my iCloud account and reset them prior to returning them (either to the Apple device team or to colleagues who wanted the devices). However, to the best of recollection, for a MacBook Pro that I used on my last day to complete the exit checklist and to hand off files to my former manager, I signed out of my iCloud but did not reset it prior to returning it to my former manager at the end of my last day.

9. Apple references messages between Liu and me dated June 6, 2026 (Roffman Ex. D). When I said "Oh, they've already restored and started using them," I was referring to two MacBooks that I gave to my former colleagues on my last day. I understood the former colleagues were using those computers themselves. When I said, "I think I still have an old phone that hasn't been restored. I'll go back and use it, haha," I was referring to the iPhone I had been using while I was at Apple. By this time, I had a new phone setup and I was not using the Apple-owned phone anymore. Liu's message reminded me that I should return that phone. As I had with most of the devices I returned on my last day at Apple, I then logged out and reset the phone, and gave it to my former colleague to return to Apple.

10. I did not understand Liu's June 6 messages to be suggesting that we delete any evidence relevant to any legal claims. Indeed, I was not aware of any legal claims against either Liu or me as Apple has never contacted me about any Apple files allegedly in my possession and I have never used Apple files or information for my work at OpenAI.

11. Shortly after this lawsuit was filed and I retained counsel, I disclosed to my counsel all computers, electronic storage devices, and accounts that I could think of that were in my possession at that time. I arranged for all of my computers and storage devices that could even potentially contain Apple information to be delivered to Sync, the forensic vendor that my counsel retained. Likewise, I made all my email and electronic storage accounts available to Sync for imaging. I understand Sync promptly imaged all such devices and accounts.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on this 11th day of September 2026 in Mountain View, California.

Signed by:

DB7B79BA071A450...

Yu-Ting "Alyssa" Peng