Andrew H. Schapiro (*pro hac vice*)
QUINN EMANUEL URQUHART
& SULLIVAN, LLP
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
(312) 705-7400
andrewschapiro@quinnemanuel.com

Patrick D. Curran (Bar No. 241630)
QUINN EMANUEL URQUHART
& SULLIVAN, LLP
111 Huntington Ave, Suite 520
Boston, MA 02199
(617) 712-7100
patrickcurran@quinnemanuel.com

David Eiseman (Bar No. 114758)
Jodie W. Cheng (Bar No. 292330)
QUINN EMANUEL URQUHART
& SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
davideiseman@quinnemanuel.com
jodiecheng@quinnemanuel.com

Yehuda Goor (*pro hac vice*)
QUINN EMANUEL URQUHART
& SULLIVAN, LLP
295 Fifth Avenue, 9th Floor
New York, NY 10016
(212) 849-7000
yehudagoor@quinnemanuel.com

*Attorneys for Defendants OpenAI Foundation, OpenAI Group PBC, io Products LLC, and Tang Yew Tan*

Kate E. Lazarus (Bar No. 268242)
klazarus@kblfirm.com
KWUN BHANSALI LAZARUS LLP
555 Montgomery Street, Suite 750
San Francisco, CA 94111
Tel: (415) 630-2350

*Attorneys for Defendant Chang Liu*

[Additional counsel listed in signature block]

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

APPLE INC.,

Plaintiff,

vs.

CHANG LIU, TANG YEW TAN, OPENAI FOUNDATION f/k/a OPENAI, INC., OPENAI GROUP PBC, and IO PRODUCTS, LLC f/k/a IO PRODUCTS, INC.,

Defendants.

Case No. 5:26-CV-07078-EJD

**DEFENDANTS' OBJECTIONS TO REPLY EVIDENCE UNDER CIVIL LOCAL RULE 7-3(d)(1)**

**Judge:** Edward J. Davila

**Hearing Date:** Oct. 14, 2026

**Time:** 9:00 a.m.

Pursuant to Civil L.R. 7-3(d), Defendants object to the new evidence Apple submitted with its reply brief (ECF No. 152) (the "Reply") in support of its motion for a preliminary injunction.

**OBJECTIONS**

New evidence and arguments raised for the first time in a reply brief are improper. *See, e.g.*, *Stiner v. Brookdale Senior Living, Inc.*, 665 F. Supp. 3d 1150, 1179 (N.D. Cal. 2023) (declining to "consider new evidence or arguments raised in reply"); *Crandall v. Starbucks Corp.*, 249 F. Supp. 3d 1087, 1104 (N.D. Cal. 2017) ("[C]ourts typically do not consider new evidence first submitted in a reply brief because the opposing party has no opportunity to respond to it."); *Oracle Am., Inc. v. Google Inc.*, 2011 WL 5572835, at *3 (N.D. Cal. Nov. 15, 2011) ("A party with the burden of proof on an issue should not be allowed to secretly prepare an army of 'rebuttal' experts to attack the opposition reports like Odysseus and the Greeks springing forth from their wooden hideout in Troy."); *DocuSign, Inc. v. Sertifi, Inc.*, 468 F. Supp. 2d 1305, 1307 (W.D. Wash. 2006) (striking new expert declaration with a "host of new evidence and information" and "ten pages of new expert opinion" filed with preliminary injunction reply brief).

Apple submitted with its reply brief five new expert declarations (including one entirely new expert), totaling 126 pages, as well as numerous new exhibits. These declarations go far outside the scope of Apple's opening brief and Defendants' opposition, and in any event do not save Apple's deficient motion.

**A. <u>The Runge Declaration Is Untimely, Is Duplicative, and Lacks Evidentiary Value</u>**

Apple's reply attached a declaration from purported expert Dr. Jude Runge. Runge Decl. (ECF No. 157). Notably, Runge's participation as an expert witness in this case remains subject to Defendants' objection because she is a former Apple employee who continues to do expert work on Apple's behalf and has potential future involvement in competitive decision-making, including product development, for Apple. The stated purpose of Runge's declaration is to "address and respond to" points raised by the Declaration of Dr. Y. Lawrence Yao, proffered by Defendants in connection with their opposition to the preliminary injunction motion. *Id.* ¶ 1. Courts in this district and elsewhere routinely find, however, that declarations from new experts on reply cannot be considered because they are "impermissible new evidence submitted on a reply brief in violation of

Civil Local Rule 7-3(d)(1)." *Citcon USA, LLC v. RiverPay Inc.*, 2019 WL 2603219, at *3 (N.D. Cal. June 25, 2019); *Wallace v. Countrywide Home Loans, Inc.*, 2009 WL 4349534, at *7 (C.D. Cal. Nov. 23, 2009) ("A district court may refuse to consider new evidence submitted for the first time in a reply if the evidence should have been presented with the opening brief."). That alone is sufficient reason for the Court not to consider Runge's declaration.

The Runge Declaration is also duplicative of portions of the declarations of Apple's expert, Paul Hatch. *See* Hatch Decl. ¶ 3 (ECF No. 156) ("I have been asked to respond to the August 31, 2026 Declaration of Y. Lawrence Yao . . . ."). A party may not use a new expert on reply merely to defend its opening expert's opinions or to pile on additional expert testimony addressing the same issue. *See, e.g.*, *Orshan v. Apple Inc.*, 2023 WL 3568079, at *5 (N.D. Cal. Mar. 31, 2023) (granting Apple's request to strike a reply expert declaration that "s[ought] to defend [the opening expert's] report"); *Oracle Am., Inc.*, 2011 WL 5572835, at *3–4 (declining to allow multiple reply expert reports on the same issue where new expert "crept out of the woodwork only for this purpose"). Yet that is what Apple has done. Indeed, Runge's declaration contains sections with identical titles, and addressing the same issue verbatim, as Hatch already covered, both arguing word for word that "Apple's metal finishing trade secrets are not publicly known." Runge Decl. § IV; Hatch Decl. § III.B.1. The overlap demonstrates that Runge's declaration serves the same purpose as the Hatch Declaration, and does nothing more than repeat the same faulty position Apple already advanced through Hatch's opening and reply declarations. Apple is not entitled to choose a new expert to cover the same ground it already attempted to develop, after reviewing Defendants' opposition expert reports.

In any event, Runge has not and *cannot* address the central question here—whether Apple is likely to be able to prove misappropriation—and her declaration therefore offers little, if any, evidentiary value. Because of her past, present, and potential future work for Apple outside of this case, Runge did not have access to OpenAI's confidential and trade secret information when rendering her opinions. Runge thus has no basis to offer any analysis regarding OpenAI's metal-finishing processes, including the differences between them and Apple's processes or whether OpenAI misappropriated any Apple information. Nor does she purport to refute Defendants'

showing that [redacted]. *See* Freid Decl. ¶¶ 28–38 (ECF No. 100); Yao Decl. ¶¶ 27–29 (ECF No. 118-15). Instead, Runge's opinions are cabined to repeating and attempting to defend Hatch's opinions that Apple's processes were not otherwise public in whole or part, without providing any independent technical analysis and instead simply disregarding contrary evidence identified by Yao. For example, Runge acknowledges that Yao cited both a YouTube video and a published article in support of his opinion that Apple's blast media had been publicly disclosed, yet she completely ignores the article before nevertheless concluding the information is not public. *See* Runge Decl. ¶¶ 26–27. Such conclusions, which are connected only by Runge's *ipse dixit*, are unhelpful. *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997). The Runge Declaration should be stricken.

**B. <u>The Fayed Declaration Introduces New, Previously Available Opinions</u>**

The reply Fayed Declaration (ECF No. 155) includes an entirely new set of opinions regarding the value of Apple's purported trade secrets. For example, the declaration describes in detail a "broad range" of products to which Apple's proprietary materials can be applied. Fayed Decl. ¶¶ 85–87. Neither Fayed nor Apple tries to explain why those opinions could not have been included in his opening declaration. Because this discussion is new and could have been included in the opening declaration, the Court should disregard it. *Burnham v. City of Rohnert Park*, 1992 WL 672965, at *2 n.2 (N.D. Cal. May 18, 1992).

**C. <u>The Pooley Declaration Relies on a Belated Factual Investigation</u>**

The reply Pooley Declaration (ECF No. 154) purports to offer "further opinions concerning whether Apple has exercised reasonable measures" in protecting the information it contends is confidential. Pooley Decl. ¶ 1. These "further" and previously unoffered opinions therefore definitionally consist of "substantive changes" to Pooley's investigation, and constitute "new evidence." *Townsend v. Monster Beverage Corp.*, 303 F. Supp. 3d 1010, 1027–28 (C.D. Cal. 2018).

The new Pooley Declaration relies on a factual investigation Pooley conducted in mid-September 2026, over a month after his first declaration was filed, and involving unsworn interviews with Apple employees—including one whose name is not provided and one who offered a declaration in support of Apple's opening brief. *See* Pooley Decl. ¶¶ 19, 39. This new, unsworn

evidence tries to explain away the shortcomings of Apple's deprovisioning process. The declaration does not account for why the new material it covers could not have been included in Apple's opening brief or in Pooley's opening declaration. An entirely new expert investigation, introduced on reply, is inappropriate because it deprives Defendants "an opportunity to respond," a result the Ninth Circuit has denounced as "unfair." *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996).

**D. The Roffman Declaration Improperly Relies on New Evidence Available to Apple Since January and Attaches New, Out-of-Context Communications**

The reply Roffman Declaration (ECF No. 153), as well as its five exhibits, introduces for the first time new evidence purportedly suggesting that Liu misappropriated Apple trade secrets. Roffman says those messages were retrieved from the MacBook he received from Liu's counsel on August 21, 2026. *See* Roffman Decl. ¶ 49 n.7. But Liu's counsel first alerted Apple to the MacBook and offered to return it on July 21, over a week before Apple filed its motion. ECF No. 143-3 ¶ 4. Apple failed to act for three weeks, responding only on August 13, nearly two weeks after Apple filed the motion. *Id.* ¶ 5. Because the communications on the MacBook have been available to Apple since well before it filed the motion, their introduction on reply is inappropriate and inexcusable. *See DocuSign, Inc.*, 468 F. Supp. 2d at 1307 (declining to consider supplemental declarations that "address issues which should have been addressed in the opening brief").

Further, the Roffman Declaration suggests that "forensic data" from a MacBook Liu returned to Apple in ***January***, almost 10 months ago, reveals that the [redacted] file was not present in Liu's iCloud drive. Roffman Decl. ¶ 5. Neither Apple nor Roffman explains why they decided to save that point for reply, thereby depriving Defendants and their experts of the opportunity to respond.

The evidence attached to the Roffman Declaration is also improper because it presents Liu's statements out of context and in a misleading light. The purpose of Local Rule 7-3(d) is to guarantee the non-movant "an adequate opportunity to respond" to the movant's evidence. *Stiner*, 665 F. Supp. 3d at 1179. That guarantee is particularly essential where, as here, the reply's new evidence is incomplete. *See* Fed. R. Evid. 106 & committee note (permitting a party to introduce "any other part" of an incomplete statement "that in fairness ought to be considered at the same time" so as to avoid "the misleading impression created by taking matters out of context").

In its reply, Apple uses personal text messages Liu sent to a chip supplier in April 2026, publicly filed without his consent, *see* ECF No. 143 at 1, to characterize Liu's activity and state of mind on March 18, 2026*, see* Reply at 7–8 ("As shown by Liu's contemporaneous messages, this was not to help Apple as Liu now claims . . . ."). Apple is taking considerable artistic license by calling those texts "contemporaneous." But more importantly, as the Liu Declaration filed herewith clarifies, this text exchange has nothing to do with either Liu's Apple work or the personal simulations he ran on March 18. *See* Liu Decl. ¶ 5. Rather, Liu was tasked with shopping for off-the-shelf (in other words, not customized for any particular buyer) chips for his OpenAI work and reached out to a contact he knew, with whom Apple previously declined to contract, for an offer. *Id*.

The Roffman Declaration refers to a text message Liu sent a former Apple colleague on March 12, one day after he migrated the contents of his iMac to his Mac Mini, in which Liu tells this colleague he "finally wiped" his old iMac. Roffman Decl. ¶ 8. Based only on that unremarkable text, Roffman concludes that Liu "wiped the forensic trail off the source device." *Id.* Roffman's willingness to parrot Apple's attorney characterizations does not convert those characterizations into evidence. In fact, this was standard procedure at Apple; if Liu did not restore his iMac before returning it to Apple, the next Apple employee to whom it was assigned would likely have to do so. Liu Decl. ¶ 4. Indeed, when Liu informed his Apple colleague that he wiped his iMac, and would therefore be able to return it to Apple for use by another employee, she responded, "Finally." Roffman Decl. Ex. A. That is not the response of someone who was just informed of unusual activity. Roffman's attempt to frame it as such should be disregarded. The record already contains evidence that Apple's own lawyers ask former employees to follow the exact same practice of wiping their devices before returning them to Apple. ECF No. 143-11.

The Court should strike the Roffman Declaration and its exhibits. Alternatively, if the Court decides to consider Apple's incomplete evidence, the Court should also consider the clarifying testimony provided in the Liu Declaration filed herewith. *See Hodges v. Hertz Corp.*, 351 F. Supp. 3d 1227, 1249 (N.D. Cal. 2018) (considering response to new evidence "in the interest of having a complete record").

DATED: September 24, 2026

By *_/s/ Andrew H. Schapiro_*

QUINN EMANUEL URQUHART &
SULLIVAN, LLP

Andrew H. Schapiro (*pro hac vice*)
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
(312) 705-7400
andrewschapiro@quinnemanuel.com

Patrick D. Curran (Bar No. 241630)
111 Huntington Ave, Suite 520
Boston, MA 02199
(617) 712-7100
patrickcurran@quinnemanuel.com

David Eiseman (Bar No. 114758)
Jodie W. Cheng (Bar No. 292330)
Victoria B. Parker (Bar No. 290862)
Andrew M. Mather (Bar No. 345548)
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
davideiseman@quinnemanuel.com
jodiecheng@quinnemanuel.com
vickiparker@quinnemanuel.com
andrewmather@quinnemanuel.com

Yehuda Goor (*pro hac vice*)
Lucas A. Hammill (*pro hac vice*)
Jordan M. Nakdimon (*pro hac vice*)
295 Fifth Avenue, 9th Floor
New York, NY 10016
(212) 849-7000
yehudagoor@quinnemanuel.com
lucashammill@quinnemanuel.com
jordannakdimon@quinnemanuel.com

Joseph E. Reed (Bar No. 323524)
555 Twin Dolphin Dr., 5th Floor
Redwood Shores, CA 94065
(650) 801-5000
joereed@quinnemanuel.com

*Attorneys for Defendants*
*OpenAI Foundation, OpenAI Group PBC, io Products LLC, and Tang Yew Tan*

DATED: September 24, 2026

By *<u>/s/ Kate E. Lazarus</u>*

KWUN BHANSALI LAZARUS LLP

Kate E. Lazarus (Bar No. 268242)
klazarus@kblfirm.com
555 Montgomery Street, Suite 750
San Francisco, CA 94111
Tel: (415) 630-2350

*Attorneys for Defendant Chang Liu*

**ATTESTATION**

I, Andrew H. Schapiro, am the ECF user whose ID and password are being used to file the above document. In compliance with Local Rule 5-1(i)(3), I hereby attest that Kate E. Lazarus has concurred in the filing of the above document.

By *_/s/ Andrew H. Schapiro_*
Andrew H. Schapiro