Andrew H. Schapiro (*pro hac vice*)
QUINN EMANUEL URQUHART
& SULLIVAN, LLP
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
(312) 705-7400
andrewschapiro@quinnemanuel.com

Patrick D. Curran (Bar No. 241630)
QUINN EMANUEL URQUHART
& SULLIVAN, LLP
111 Huntington Ave, Suite 520
Boston, MA 02199
(617) 712-7100
patrickcurran@quinnemanuel.com

Jodie W. Cheng (Bar No. 292330)
David Eiseman (Bar No. 114758)
QUINN EMANUEL URQUHART
& SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
jodiecheng@quinnemanuel.com
davideiseman@quinnemanuel.com

Yehuda Goor (*pro hac vice*)
QUINN EMANUEL URQUHART
& SULLIVAN, LLP
295 Fifth Avenue, 9th Floor
New York, NY 10016
(212) 849-7000
yehudagoor@quinnemanuel.com

*Attorneys for Defendants OpenAI Foundation, OpenAI Group PBC, io Products LLC, and Tang Yew Tan*

Kate E. Lazarus (Bar No. 268242)
klazarus@kblfirm.com
KWUN BHANSALI LAZARUS LLP
555 Montgomery Street, Suite 750
San Francisco, CA 94111
Tel: (415) 630-2350

*Attorneys for Defendant Chang Liu*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

APPLE INC.

Plaintiff,

v.

CHANG LIU, TANG YEW TAN, OPENAI FOUNDATION f/k/a OPENAI, INC., OPENAI GROUP PBC, and IO PRODUCTS, LLC, f/k/a IO PRODUCTS, INC.,

Defendants.

Case No. 5:26-cv-07078-EJD

**DECLARATION OF CHANG LIU IN SUPPORT OF DEFENDANTS' OBJECTIONS TO REPLY EVIDENCE UNDER RULE 7-3(d)(1)**

**DECLARATION OF CHANG LIU**

I, Chang Liu, the undersigned, hereby declare and state:

1. I submit this supplemental declaration in support of Defendants' Response to Plaintiff Apple Inc.'s ("Apple") Reply in Support of its Motion for a Preliminary Injunction (the "Reply"), dated September 17, 2026. I have personal knowledge of the facts stated herein, and if called as a witness, I could and would testify competently thereto.

2. I incorporate by reference my declaration submitted on August 31, 2026 in support of Defendants' Opposition to Apple's Motion for a Preliminary Injunction (ECF No. 104) (the "PI Declaration"), as well as my declaration submitted on September 11, 2026 in support of Defendants' Response to Apple's Supplemental Brief in Support of its Motion for Expedited Discovery (ECF No. 143-5) (the "Supplemental Declaration").

3. I have reviewed the assortment of text messages attached as exhibits to the Declaration of Daniel Roffman filed with the Reply, and submit this declaration to explain the context and circumstances surrounding those messages.

4. The Roffman Declaration refers to a text message I sent my former Apple colleague [redacted] on March 12, 2026, in which I told her that I "finally wiped my old iMac." Roffman Decl. Ex. A. As I have previously testified, I migrated the contents of my iMac to my new Mac Mini on March 11 so I could keep my personal files. PI Declaration ¶ 44. After doing so, I tried to restore the iMac to its factory settings so it could be returned and used by a different Apple employee. I do not know if the reset was fully successful. From my understanding, this was standard procedure at Apple during my time there, so it was not surprising to me that Ms. [redacted] responded "finally." Had I not restored the iMac before returning it, I understand that either Ms. [redacted] or the next Apple employee who used it would have had to do so. I did not restore the iMac to remove the "forensic trail" from the device. Nor would I have any reason to. As I have previously testified, I have never used or shared any Apple confidential information or trade secrets for my work at OpenAI, and I have never directed anyone to destroy evidence relevant to this litigation or otherwise. Supplemental Declaration ¶ 28.

5. Next, the Roffman Declaration attaches text exchanges I had at various dates with several former Apple colleagues, including Alyssa Peng, [redacted] and [redacted]. Roffman Decl. Ex. C. The conversation with Peng on February 2, 2026 concerns a question she asked me regarding her Apple work involving [redacted] and their respective [redacted]. The conversations with [redacted] and [redacted], both on March 18, 2026, concern the experiments I was running with Artificial Intelligence (AI) in my personal capacity and not for my work at OpenAI. As I explained in detail in my Supplemental Declaration, I shared my findings from those personal experiments with [redacted] and [redacted] because I found them a "striking demonstration of the technology's capability, not because it had anything to do with Apple." Supplemental Declaration ¶ 17. These experiments were not in support of my work for OpenAI (or my prior work at Apple); they were to satisfy my personal curiosity regarding AI's ability to perform engineering tasks that had traditionally taken a tremendous amount of time and effort for even skilled engineers. Further, Exhibit C of the Roffman Declaration excerpts a conversation I had with an employee at [redacted], a contact of mine from my time at Apple. To my knowledge, my prior discussions with [redacted] on behalf of Apple did not result in any business transaction with [redacted]. I was tasked with shopping for chips for my OpenAI work and reached out to this contact I had in the space. The chips I discussed with that contact are off-the-shelf—in other words, not customized or specialized to any particular user. That is what the conversation concerned.

6. Finally, the Roffman Declaration refers to text messages sent between Apple employee [redacted] and me on March 3 and 27, 2026. Roffman Decl. Ex. D. As I explained previously, [redacted] and I had a phone call on March 4 in which he asked me how he could improve his performance at Apple in the [redacted]. PI Declaration ¶ 43. On March 3, [redacted] messaged me regarding our call the following night, mentioning that we can talk at that time. Roffman Decl. Ex. D. Then, as the texts attached to the Roffman Declaration show, I directed [redacted] to public source videos on the subject in which he wanted to improve. *Id.*; Roffman Decl. Ex. D. The Roffman Declaration mentions that Roffman did not see any "requests from [redacted] to Mr.

Liu relating to simulations." Roffman Decl. ¶ 62. I explained previously that "[redacted] never followed up and we did not subsequently discuss" the simulations or [redacted] File. PI Declaration ¶ 43.

7. Separately and unrelated to my efforts to assist [redacted], Peng asked me a question about the behavior of a specific [redacted] on March 18, 2026. As I explained in my Supplemental Declaration, to try to answer Peng's question, I opened the [redacted] File on my personal Mac Mini in a program called LTspice. I opened the [redacted] File on LTspice to confirm that it would generate a usable result of the current [redacted] that Peng could use to try to answer her question. Supplemental Declaration ¶¶ 11-12, Ex. A.

8. In sum, I first opened the [redacted] File in connection with my discussion with [redacted] about his Apple work. Later, and separately, I opened it again to assist Peng with a different question for her Apple work. I did not use that file for any purpose other than helping Apple employees after I left Apple.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on this 24th day of September, 2026 in Mountain View, California.

Signed by:
[signature]
C899FC7CF63D488...
Chang Liu