Andrew H. Schapiro (*pro hac vice*)
QUINN EMANUEL URQUHART
& SULLIVAN, LLP
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
(312) 705-7400
andrewschapiro@quinnemanuel.com

David Eiseman (Bar No. 114758)
Jodie W. Cheng (Bar No. 292330)
QUINN EMANUEL URQUHART
& SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
davideiseman@quinnemanuel.com
jodiecheng@quinnemanuel.com

Patrick D. Curran (Bar No. 241630)
QUINN EMANUEL URQUHART
& SULLIVAN, LLP
111 Huntington Ave, Suite 520
Boston, MA 02199
(617) 712-7100
patrickcurran@quinnemanuel.com

Yehuda Goor (*pro hac vice*)
QUINN EMANUEL URQUHART
& SULLIVAN, LLP
295 Fifth Avenue, 9th Floor
New York, NY 10016
(212) 849-7000
yehudagoor@quinnemanuel.com

[Additional counsel listed in signature block]

*Attorneys for Defendants OpenAI Foundation, OpenAI Group PBC, io Products LLC, and Tang Yew Tan*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC.,<br><br>Plaintiff,<br><br>vs.<br><br>CHANG LIU, TANG YEW TAN, OPENAI FOUNDATION f/k/a OPENAI, INC., OPENAI GROUP PBC, and IO PRODUCTS, LLC f/k/a IO PRODUCTS, INC.,<br><br>Defendants. | Case No. 5:26-CV-07078-EJD<br><br>**CORPORATE DEFENDANTS' STATEMENT IN RESPONSE TO PLAINTIFF APPLE INC.'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER DEFENDANTS' MATERIAL SHOULD BE SEALED** |

Pursuant to Civil Local Rules 7-11 and 79-5 governing administrative motions to seal and motions to consider whether another party's material should be sealed, Defendants OpenAI Foundation (f/k/a OpenAI, Inc.), OpenAI Group PBC, and io Products, LLC (f/k/a io Products, Inc.), (together, the "Corporate Defendants") submit this statement in response to Plaintiff Apple Inc.'s ("Apple") Administrative Motion to Consider Whether Defendants' Material Should Be Sealed (ECF No. 151) (the "Administrative Motion"). Apple filed the Administrative Motion with its Reply in Support of its Motion for a Preliminary Injunction (ECF No. 152) (the "Reply"), and the declarations and exhibits filed therewith (ECF Nos. 153-158).

Certain portions of the Reply and the declarations and exhibits filed in support thereof contain OpenAI's confidential business information, including trade secret and other confidential business information related to OpenAI's hardware development and proprietary business operations, or third party personally identifiable information. The Corporate Defendants request that the Court grant their request to file under seal the updated, narrowed portions of the Reply and its declarations and exhibits set out in the table below. The Corporate Defendants' narrowed requests apply only to disclosures relating to OpenAI's own internal confidential information and personally identifiable information that should not be published on the public docket.

| ECF Number | Portions to be Redacted | Reason for Redaction |
|---|---|---|
| 150-3 (Reply) | Identified in blue highlighting on page 8 (lines 1-2) | Contains discussions of OpenAI confidential information related to its business and technology development |
| 150-5 (Declaration of Daniel Roffman) | Identified in blue highlighting on page 20 (lines 18-26) | Contains discussions of OpenAI confidential information related to its business and technology development |
| 150-9 (Exhibit B to Declaration of Daniel Roffman) | Identified in blue highlighting on page 1 | Contains discussions of OpenAI confidential information related to its business, technology development, and hiring practices |

| | | |
|---|---|---|
| 150-11 (Exhibit C to Declaration of Daniel Roffman) | Identified in blue highlighting on page 1 (text messages 6-8) and page 2 (text messages 9-16) | Contains discussions of OpenAI confidential information related to its business and technology development |
| 150-25 (Declaration of Dr. Ayman Fayed) | Identified in blue highlighting on page 35 (lines 18-19, 27) and page 36 (line 1) | Contains discussions of OpenAI confidential information related to its business and technology development |
| 151-1 (Exhibit A to Declaration of Gabriel Gross) | Identified in blue highlighting on pages 1-2 | Contains personally identifiable information belonging to individuals who are not parties to this proceeding and are not named in the Complaint or Preliminary Injunction briefing |

## **LEGAL STANDARD**

Under Ninth Circuit law, "'compelling reasons' must be shown to seal judicial records attached to a dispositive motion," *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006), as well as documents associated with a preliminary injunction motion where the motion is more than tangentially related to the merits of the case, *see Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101-02 (9th Cir. 2016). Compelling reasons exist where public release of the records may be "used to gratify private spite or promote public scandal" or "permit the[] files to serve as reservoirs of libelous statements for press consumption" or as "sources of business information that might harm a litigant's competitive standing." *Valley Broad. Co. v. U.S. Dist. Court for Dist. of Nevada*, 798 F.2d 1289, 1293 (9th Cir. 1986) (citation omitted); *see also Kamakana*, 447 F.3d at 1179 (citing *Valley Broadcasting*). Further, district courts have "broad latitude . . . to prevent disclosure of . . . trade secrets or other confidential research, development, or commercial information," *Phillips ex rel. Est. of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002), and courts in this district routinely grant requests to seal personally identifiable

information, *see, e.g., Am. Automobile Ass'n of N. Cal., Nev., & Utah*, 2019 WL 1206748, at *2 (N.D. Cal. Mar. 14, 2019) (finding "compelling reasons" to seal personally identifiable information, including "names, addresses, phone numbers, and email addresses" of third parties); Order Resolving Administrative Motions to File Under Seal at 3, *X.AI Corp. v. Li*, No. 25-cv-7292 (N.D. Cal. July 28, 2026), Dkt. No. 163 (sealing names of nonparty OpenAI's employees "to avoid revealing sensitive information" and "unwanted public outreach to its employees").

## DISCUSSION

### A. The Corporate Defendants have a compelling interest in sealing OpenAI's confidential technical and business information

Certain of the information identified above constitutes OpenAI's proprietary, confidential, and/or trade secret information, such as information about OpenAI's hiring practices (*e.g.*, Roffman Decl. Ex. B) and the specific hardware engineering work OpenAI employees are doing for OpenAI (*e.g.*, Roffman Decl. Ex. C). This information is maintained confidentially. Goor Decl. ¶ 2. Further, for purposes of this sealing motion, this information is similar to certain Apple information that Apple has sought to maintain under seal. *E.g.*, Dkt. 48-1 at 16-22. Accordingly, compelling reasons exist to seal this information. *See, e.g., Phillips*, 307 F.3d at 1211 (courts have broad discretion to seal trade secrets and other confidential commercial information).

### B. The Corporate Defendants have a compelling interest in sealing the personally identifiable information of OpenAI's nonparty employees

The Corporate Defendants request narrow redactions of personally identifiable information of employees who are not mentioned in Apple's complaint, nor disclosed in the Reply or Motion for a Preliminary Injunction.

Sealing the personally identifiable information of nonparty OpenAI employees would protect the privacy interests of those individuals, would protect OpenAI and its employees from malicious attacks by third parties, and mitigate the risk of unsolicited contact with those individuals and harassment by third parties. Goor Decl. ¶ 5. OpenAI does not typically publish contact information of its employees for privacy reasons. *Id.* In addition to protecting employee privacy,

OpenAI does not generally publish such contact information to avoid the risk that third parties would use such information to seek unauthorized access to OpenAI internal systems. *Id.*

Accordingly, there are compelling reasons to seal this information. *E.g., Am. Automobile Ass'n*, 2019 WL 1206748, at *2 (finding "compelling reasons" to seal personally identifiable information, including "names, addresses, phone numbers, and email addresses" of third parties); Order Resolving Administrative Motions to File Under Seal at 3, *X.AI Corp., supra* (sealing names of nonparty OpenAI's employees "to avoid revealing sensitive information" and "unwanted public outreach to its employees"). Indeed, in the instant case, this Court has already sealed similar personal information. Dkt. 37 at 1-2 (sealing the individual Defendants' personal addresses based on concerns about "privacy and security," including concerns arising from "the media attention that this action has garnered" and "recent attempted physical attacks on another OpenAI executive at his home" (citation modified)).

## **CONCLUSION**

For the foregoing reasons, the Corporate Defendants respectfully request that the Court seal the portions of Apple's Reply and other accompanying filings identified herein.

DATED: September 24, 2026

By /s/ Andrew H. Schapiro

QUINN EMANUEL URQUHART & SULLIVAN, LLP

Andrew H. Schapiro (*pro hac vice*)
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
(312) 705-7400
andrewschapiro@quinnemanuel.com

Patrick D. Curran (Bar No. 241630)
111 Huntington Ave, Suite 520
Boston, MA 02199
(617) 712-7100
patrickcurran@quinnemanuel.com

David Eiseman (Bar No. 114758)
Jodie W. Cheng (Bar No. 292330)
Victoria B. Parker (Bar No. 290862)
Andrew M. Mather (Bar No. 345548)
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
davideiseman@quinnemanuel.com
jodiecheng@quinnemanuel.com
vickiparker@quinnemanuel.com
andrewmather@quinnemanuel.com

Yehuda Goor (*pro hac vice*)
Lucas A. Hammill (*pro hac vice*)
Jordan M. Nakdimon (*pro hac vice*)
295 Fifth Avenue, 9th Floor
New York, NY 10016
(212) 849-7000
yehudagoor@quinnemanuel.com
lucashammill@quinnemanuel.com
jordannakdimon@quinnemanuel.com

Joseph E. Reed (Bar No. 323524)
555 Twin Dolphin Dr., 5th Floor
Redwood Shores, CA 94065
(650) 801-5000
joereed@quinnemanuel.com

*Attorneys for Defendants OpenAI Foundation, OpenAI Group PBC, io Products LLC, and Tang Yew Tan*