Gabriel S. Gross (SBN 254672)
Gaby LaHatte (SBN 321844)
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, California 94065
Telephone: (650) 802-3000
Facsimile: (650) 802-3100
gabe.gross@weil.com
gaby.lahatte@weil.com

Christopher W. Henry (*pro hac vice*)
Adam Gershenson (*pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
1001 Boylston Street, Suite 300
Boston, Massachusetts 02115
Telephone: (617) 772-8300
Facsimile: (617) 772-8333
chris.henry@weil.com
adam.gershenson@weil.com

Rachel L. Weiner Cohen (*pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
2001 M Street NW, Suite 600
Washington, DC 20036
Telephone: (202) 682-7000
Facsimile: (202) 857-0940
rachel.cohen@weil.com

John M. Desmarais (SBN 320875)
DESMARAIS LLP
230 Park Avenue, 26th Floor
New York, New York 10169
Telephone: (212) 351-3400
Facsimile: (212) 351-3401
jdesmarais@desmaraisllp.com

*Attorneys for Plaintiff Apple Inc.*

Andrew H. Schapiro (*pro hac vice*)
QUINN EMANUEL URQUHART & SULLIVAN, LLP
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Telephone: (312) 705-7400
andrewschapiro@quinnemanuel.com

Patrick D. Curran (Bar No. 241630)
QUINN EMANUEL URQUHART & SULLIVAN, LLP
Telephone: (617) 712-7100
111 Huntington Ave, Suite 520
Boston, MA 02199
patrickcurran@quinnemanuel.com

*Attorneys for Defendants OpenAI Foundation, OpenAI Group PBC, io Products LLC, and Tang Yew Tan*

Kate E. Lazarus (Bar No. 268242)
KWUN BHANSALI LAZARUS LLP
555 Montgomery St., Suite 750
San Francisco, CA 94111
Telephone: (415) 630-2350
klazarus@kblfirm.com

*Attorney for Defendant Chang Liu*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| APPLE INC.,<br><br>Plaintiff,<br><br>vs.<br><br>CHANG LIU, TANG YEW TAN, OPENAI FOUNDATION f/k/a OPENAI, INC., OPENAI GROUP PBC, and IO PRODUCTS, LLC f/k/a IO PRODUCTS, INC.,<br><br>Defendants. | Case No. 5:26-cv-07078-EJD<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>**Judge:** Edward J. Davila<br><br>**Complaint Filed:** July 10, 2026<br><br>**Case Management Conference:** October 14, 2026 at 9:00 a.m. |

Pursuant to Civil Local Rule 16-9, the Standing Order for All Judges of the Northern District of California – Contents of Joint Case Management Statement, and the Standing Order for Civil Cases Before Judge Edward J. Davila, Plaintiff Apple Inc. ("Apple"), Defendant Chang Liu and Defendant Tang Yew Tan (the "Individual Defendants"), and Defendant OpenAI Foundation f/k/a OpenAI, Inc. and Defendant OpenAI Group PBC and Defendant io Products, LLC f/k/a io Products, Inc. (collectively, "OpenAI,") respectfully submit this Joint Case Management Statement. Apple and Defendants (collectively, the "Parties") certify that their respective lead trial counsel have met and conferred for the preparation of this statement as required by Civil Local Rule 16-3.

## I. JURISDICTION AND SERVICE

The Parties agree that jurisdiction and venue are proper. This Court has original subject matter jurisdiction over Apple's claims under the Defend Trade Secrets Act, 18 U.S.C. § 1836 et seq., pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over Apple's breach of contract claims pursuant to 28 U.S.C. § 1367(a). Venue is proper pursuant to 28 U.S.C. § 1391(b). Defendants do not contest personal jurisdiction or service.

## II. FACTS

### A. Apple's Statement

This case is about Apple's valuable trade secrets and other confidential information being misappropriated for the benefit of OpenAI. Apple has invested hundreds of billions of dollars and decades of effort developing consumer hardware products such as iPhone, Apple Watch, and MacBook, along with the engineering, manufacturing, supply chain, and partner infrastructure required to bring them to market at scale. Dkt. 1 ¶ 2. OpenAI is preparing to move into the consumer hardware business and launch its first hardware product. As Apple alleges in its complaint, the Corporate Defendants and Messrs. Liu and Tan, who used to work for Apple, have misappropriated Apple trade secrets relating to (a) hardware engineering and product design; (b) manufacturing and industrial design; (c) component technologies; (d) testing, validation, and development methodologies; and (e) Apple's global supply chain. *Id.* ¶ 40.

Apple asserts four claims for the misappropriation of trade secrets in violation of the Defend Trade Secrets Act ("DTSA") against Mr. Liu, Mr. Tan, OpenAI, and io (First through Fourth Claims

for Relief) and breach of contract claims against each of Mr. Liu and Mr. Tan for violating Apple's Intellectual Property Agreements (Fifth and Sixth Claims for Relief). Dkt. 1.

After filing suit on July 10, 2026, Apple proposed and negotiated in good faith with Defendants a potential stipulation for interim measures to ensure the preservation of relevant evidence and provide Apple with information, including forensic inspections and limited depositions, to help Apple determine the extent of Defendants' misappropriation, begin to remedy it, and avoid the need for preliminary injunction proceedings. Dkt. 38 at 8. After more than two weeks of conferring, the Parties could not reach agreement, necessitating Apple's Motion for a Preliminary Injunction (Dkt. 38) and its Motion for Expedited Discovery (Dkt. 49). *Id.* at 7-8. Thereafter, Apple discovered additional evidence of misappropriation, and on August 31, 2026, filed an unopposed motion for leave to submit a Supplemental Brief in Support of Its Motion for Expedited Discovery (Dkt. 94).

**B. Defendants' Statement**

This case is about Apple's desire to stop employees from leaving Apple for more exciting opportunities. Apple claims ordinary job interviews are acts of trade-secret misappropriation. It also claims former employees who followed standard Apple procedures or responded to requests for help from Apple employees committed crimes. Apple is wrong. The facts already show that Apple's case is more about intimidation than evidence.

OpenAI is developing a new family of devices designed for the AI era. OpenAI has no need or desire for Apple's trade secrets. It has developed its products independently and has implemented safeguards designed to prevent employees, candidates, and suppliers from bringing, disclosing, or using another company's confidential information.

Apple nonetheless asserts four claims under the Defend Trade Secrets Act ("DTSA"), one against each of Mr. Liu, Mr. Tan, OpenAI, and io, as well as breach-of-contract claims against Mr. Liu and Mr. Tan. Apple has not shown even the basics of a DTSA claim: what the alleged trade secrets are, what makes them protectable, and how a particular defendant improperly acquired, disclosed, or used them. Apple's generalized categories—covering broad subjects such as product design, component manufacturing, testing, and supplier relationships—do not identify the particular information allegedly misappropriated. They do not distinguish that information from public

knowledge, general engineering principles, or the experience and skills employees may lawfully carry to a new employer. Nor has Apple alleged facts showing that OpenAI acquired or used any identified Apple trade secret, or that any alleged conduct caused Apple any concrete injury.

What Apple focuses on is a mess of Apple's own making. Apple claims ex-employees still have Apple information in personal iCloud accounts Apple told them to use at work—but that is the natural (and widespread) consequence of employees following Apple practices. Apple complains that some undisclosed number of employees, including Mr. Liu, were also given extended third party cloud storage system access after they left Apple—but that is Apple's decision not to turn off that storage. And Apple complains some Apple files were accessed by ex-Apple employees after they left Apple—but the facts show those employees were doing so ***at Apple's request***, to answer questions from then-current Apple employees about their Apple work, so that Apple projects could continue even after Apple implemented rushed same day "walk-out" procedures that harmed Apple's business continuity. Apple cannot blame its former employees, much less OpenAI, for Apple's own decisions. Apple is the one that allowed and encouraged employees to use personal iCloud accounts for Apple work, and Apple employees were the ones asking ex-employees like Mr. Liu to help locate or transfer files needed to continue Apple projects after their departure.

Since Apple filed suit on July 10, 2026, the OpenAI Defendants have preserved relevant evidence and engaged with Apple regarding appropriate interim measures. The parties did not reach agreement because Apple sought relief and discovery extending far beyond identified trade secrets or the issues presented by its preliminary-injunction motion—including unbounded and one-sided discovery into OpenAI's confidential product plans and forensic access to personal and corporate devices.

## III. LEGAL ISSUES

This action will involve at least the following legal issues:

- whether Apple is entitled to preliminary and permanent injunctive relief;
- whether Apple is entitled to expedited discovery;
- whether each Defendant misappropriated Apple's trade secrets under the DTSA;
- whether Defendants' misappropriation has been willful and malicious;

- whether Mr. Liu and Mr. Tan breached Apple's Intellectual Property Agreements;
- the amount of damages, if any, recoverable by Apple, including based on actual loss, unjust enrichment, or a reasonable royalty, together with prejudgment and post-judgment interest;
- whether Apple is entitled to exemplary damages pursuant to 18 U.S.C. § 1836(b)(3)(C); and
- whether any party is entitled to attorneys' fees and costs.

The Parties reserve the right to amend this list as the litigation progresses, including in response to any counterclaims Defendants may assert.

## IV. MOTIONS

The Parties identify the following pending motions:

- Apple's Motion for Preliminary Injunction, set for hearing on October 14, 2026 at 9:00 a.m. (Dkt. 38).
- Apple's Motion for Expedited Discovery, set for hearing on October 14, 2026 at 9:00 a.m. (Dkt. 49).
- Defendants' Motion to Dismiss Apple's Complaint, set for hearing on October 14, 2026 at 9:00 a.m. (Dkt. 59).

The Parties anticipate that either side may file the following types of motions at appropriate stages of this case, in accordance with the Court's scheduling order:

- Motions for Summary Judgment or Partial Summary Judgment.
- Motions to Exclude or Preclude Testimony of Experts.
- Motions *in Limine* to Exclude or Preclude Particular Evidence at Trial.

## V. AMENDMENT OF PLEADINGS

The Parties reserve the right to move to amend their pleadings as permitted under the Federal Rules of Civil Procedure.

## VI. EVIDENCE PRESERVATION

The Parties certify that they have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines") and that, on September 10, 2026, they met and

conferred about, among other things, the reasonable and proportionate steps the Parties contend should be taken in this case to preserve evidence relevant to the issues reasonably evident in this action. The Parties do not agree on the scope of all such steps, including as evidenced by disputes addressed in the briefing on Apple's pending motions for a preliminary injunction and expedited discovery.

## VII. DISCLOSURES

The Parties exchanged initial disclosures pursuant to Rule 26(a) on September 24, 2026.

## VIII. DISCOVERY

The parties held a Rule 26(f) conference on September 10, 2026.

### A. Anticipated Discovery

The Parties agree that discovery should be conducted in two phases, fact discovery followed by expert discovery. The Parties further agree that discovery should not be limited, except as provided in Section VIII.B below and under the Federal Rules of Civil Procedure, Local Rules, and any orders of this Court, including Standing Orders.

**Apple's Statement Regarding Anticipated Discovery**:

As noted above, Apple moved for expedited discovery (Dkt. 49). In moving for this expedited discovery, Apple also requested that the Court make clear that discovery propounded or taken in connection with its motion for expedited discovery shall not count against, and shall be in addition to, any discovery otherwise permitted by the Federal Rules of Civil Procedure, the Local Rules of the Northern District of California, or any case management order governing merits discovery in this action. *Id*. The Parties subsequently attended a Status Conference on September 14, where this Court ordered that the Parties meet and confer to file a Joint Submission with narrowed proposals for expedited discovery. Dkt. 161. Apple proposed a narrowed set of RFPS, ROGs, and deposition notices and topics ("Targeted Discovery") that shall not count against, and shall be in addition to, any discovery otherwise permitted by the Federal Rules of Civil Procedure, the Local Rules of the Northern District of California, or any case management order governing merits discovery in this action. *Id.* As Apple explained in the parties' September 18 Joint Submission, Apple's proposed Targeted Discovery filed with the Court in the Parties' September 18 Joint Submission takes the place of the expedited discovery it attached to its Motion for Expedited Discovery (Dkt. 49) and the expedited discovery that

it served on September 15, such that the expedited discovery that Apple served on September 15 is withdrawn. Dkt. 161 at 1 (explaining that Apple's Targeted Discovery "would be in lieu of expedited discovery previously served."); Dkt. 161-2 at 3 (Apple's Narrowed Expedited Requests for Production and Narrowed Expedited Interrogatories shall take the place of Apple's First Sets of Expedited Interrogatories and Requests for Production to Defendants attached to Apple's Motion for Expedited Discovery"). Neither Apple's proposed Targeted Discovery filed on September 18 nor the expedited discovery, now withdrawn, served on September 15, shall count against any discovery limits otherwise imposed by the Federal Rules of Civil Procedure, the Local Rules of the Northern District of California, or any case management order governing merits discovery in this action. *See* Dkt. 161-2 at 3 ("Discovery propounded and taken pursuant to this Order shall not count against, and shall be in addition to, any limits on discovery set forth in the Federal Rules of Civil Procedure, the Local Rules of the Northern District of California, or any subsequent case management order governing merits discovery in this action.").

In merits discovery, Apple will continue to take additional discovery in the ordinary course, including discovery relating to the following topics:

- Defendants' acquisition, use, and disclosure of Apple's trade secrets and proprietary and confidential information, past and ongoing;
- Defendants' communications with current or former Apple employees, suppliers, and partners concerning Apple's proprietary and confidential information or the recruitment or hiring of Apple personnel;
- Defendants' recruiting, interview, and onboarding processes, and their policies and practices for handling third-party proprietary and confidential information;
- Messrs. Liu's and Tan's breaches of their Intellectual Property Agreements with Apple, and Defendants' knowledge of and encouragement of those breaches;
- the incorporation of any Apple proprietary and confidential information into Defendants' business, research, or products;
- forensic images of relevant devices and accounts;
- financial information relevant to damages and issues pertaining to injunctive relief; and

- Defendants' defenses to Apple's claims.

**Defendants' Statement Regarding Anticipated Discovery**:

Defendants disagree with Apple's position that fact discovery should be conducted in phases, or that discovery taken on an "expedited" basis should not count towards the limitations that apply to discovery generally. Instead, now that discovery is open for all purposes, all parties can serve discovery—and in fact, already have served discovery—without regard to whether it is "expedited" or "merits-based," and subject to the limitations imposed by the Federal Rules and agreed to herein. Defendants have proposed that all parties respond to as-served discovery on an expedited basis – i.e. 21 days from the date of valid service. Dkt. 161. Defendants note that Apple waited until October 1 – 21 days after initial service, and 16 days after valid service – to inform Defendants that Apple is withdrawing its "expedited" discovery requests. Apple's delay is prejudicial to Defendants.

Defendants intend to seek discovery relating to at least the following topics:

- Apple's failure to employ reasonable measures to protect its purported trade secrets;
- Apple's independent development of its purported trade secrets;
- Apple's public disclosure of its purported trade secrets;
- The alleged value Apple receives from its purported trade secrets;
- Apple's offboarding procedures;
- Apple's awareness of former employees retaining Apple devices or information;
- Apple's use of Cloud storage applications, including iCloud and Box;
- Apple's evidence of purported misappropriation;
- Apple's surveillance of employees, including through personal accounts and devices;
- Apple's claim of irreparable harm; and
- Apple's intention to discourage employees from leaving to join OpenAI.

Defendants reserve the right to seek additional or different discovery as the case progresses.

**B. Discovery Limits**

**Apple's Statement Regarding Discovery Limits**

Apple proposes that each side is limited to one hundred (100) hours of deposition testimony, including 30(b)(6) deposition testimony, and with each deposition counting as at least three hours (even if less than three hours is spent on the record), absent further agreement and stipulation of the Parties or order of the Court. Should Defendants designate Mr. Liu or Mr. Tan as a 30(b)(6) witness, depositions of Mr. Liu and Mr. Tan would each be permitted to exceed seven (7) but not fourteen (14) hours on the record. Apple proposes that they may additionally take depositions of third-party witnesses and expert witnesses, and such depositions shall not count against the 100-hour per side limit on depositions. Apple will serve 5 omnibus interrogatories to all Defendants and 20 additional interrogatories to each of Mr. Liu, Mr. Tan, and the Corporate Defendants, totaling 65 interrogatories. Defendants will jointly serve 15 interrogatories on Apple, and Mr. Liu, Mr. Tan, and the Corporate Defendants will each serve an additional 10 interrogatories on Apple, totaling 45 interrogatories. The parties will confer to avoid duplicative discovery amongst the Parties.

**Defendants' Statement Regarding Discovery Limits**

Defendants agree that that each side is limited to one hundred (100) hours of deposition testimony, including Rule 30(b)(6) deposition testimony, and with each deposition counting as at least three hours (even if less than three hours is spent on the record). Defendants also agree that the Parties may additionally take depositions of expert witnesses, and such depositions shall not count against the 100-hour per side limit on depositions.

Defendants propose that no single deposition exceed seven (7) hours on the record and 30(b)(6) deposition testimony not exceed twenty-one (21) hours total, absent further agreement and stipulation of the Parties or order of the Court. Consistent with FRCP 30, Defendants propose that third party depositions count towards the 100-hour presumptive limit.

Consistent with FRCP 33, Defendants propose that Mr. Tan, Mr. Liu, the OpenAI Defendants collectively, and Apple each serve no more than twenty-five (25) interrogatories on any other Party (i.e. a total of up to 75 interrogatories served by Defendants, and a total of 75 interrogatories served by Apple), and the Parties will confer to avoid duplicative discovery amongst the Parties.

**C. E-Discovery and Protective Order**

The Parties are negotiating a stipulated ESI protocol, forensics protocol, and protective order governing the production of confidential information and highly sensitive technical materials. The Parties expect to submit these proposed protocols and a proposed protective order (with competing provisions where appropriate) to the Court.

**D. Identified Discovery Disputes**

Apple has moved for expedited discovery (Dkt. 49). A hearing on that motion is set for October 14, 2026. Should additional disputes arise, the Parties will meet and confer and, if necessary, raise them in accordance with the Federal Rules, the Civil Local Rules, and the Court's Standing Orders.

## IX. CLASS ACTION

This is not a class action lawsuit.

## X. RELATED CASES

There are no related cases or proceedings pending before another judge of this Court or before another court or administrative body.

## XI. RELIEF

**A. Apple's Statement**

Apple seeks: judgment in its favor on all claims; preliminary and permanent injunctions preventing actual or threatened misappropriation and prohibiting Defendants from accessing, acquiring, using, or disclosing Apple's trade secrets and confidential information in any manner, including commercial activities; preliminary and permanent injunctions preventing Defendants from soliciting or otherwise encouraging the unauthorized acquisition, use, or disclosure of Apple's proprietary and trade secret information; a preliminary injunction against destroying, deleting, or concealing evidence; a declaration that Defendants have no rights to use Apple's confidential information or trade secrets; damages for Apple's actual loss and Defendants' unjust enrichment, or in the alternative a reasonable royalty; exemplary damages for willful and malicious misappropriation under 18 U.S.C. § 1836(b)(3)(C); prejudgment and post-judgment interest; and attorneys' fees and costs under the DTSA. Apple additionally seeks collection, full forensic imaging, and forensic inspection of relevant devices and repositories and the collection and return of Apple confidential,

proprietary, and trade secret information, without an injunction bond. Dkt. 38 at i, 20.

**B. Defendants' Statement**

Defendants deny that Apple is entitled to the requested relief, and reserve the right to seek their attorneys' fees pursuant to 18 U.S.C. § 1836(b)(3)(D). Defendants' motion to dismiss Apple's complaint (Dkt. 59) is pending, and Defendants have not yet answered Apple's complaint. Defendants reserve the right to bring counterclaims against Apple.

## XII. SETTLEMENT AND ADR

Pursuant to Civil Local Rule 16-8 and ADR Local Rule 3-5, the Parties have met and conferred regarding ADR and filed their ADR certifications on September 10, 2026. The parties have not engaged in formal ADR efforts to date and agreed that ADR is not appropriate at this time. The Parties are open to participating in a private mediation at an appropriate time after resolution of the pending motions. Apple proposes that the Parties complete an ADR process by October 1, 2027. Defendants propose that the Parties complete an ADR process by February 19, 2027 if the Court schedules trial by June 1, 2027, or by July 16, 2027 if the Court schedules trial by October 20, 2027.

## XIII. OTHER REFERENCES

The Parties do not believe this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation at this time.

## XIV. NARROWING OF ISSUES

The Parties are not aware of issues that can be narrowed at this time but will continue to meet and confer regarding potential narrowing by agreement or motion as the case progresses.

## XV. SCHEDULING

The Parties provide proposed deadlines for this matter below.

**A. Apple's Statement Regarding its Proposed Deadlines**

Apple proposes deadlines below that would apply if its pending motions for a preliminary injunction and expedited discovery are ***not*** granted. If Apple's pending motions are granted, then Apple respectfully submits that the parties should meet and confer and submit a revised proposed schedule following completion of the activities contemplated by Apple's requests for preliminary injunctive relief and expedited discovery.

### B. Defendants' Statement Regarding Their Proposed Deadlines

Consistent with Fed. R. Civ. Proc. 65(a)(2), Defendants believe that both sides can and should be ready for trial by the end of May 2027 (if Apple's claims withstand Defendants' motion to dismiss), as an alternative to preliminary injunction proceedings. There is no need to prolong proceedings or duplicate efforts by proceeding in phases, and no reason that full, merits-based discovery (which is now open) cannot be completed efficiently. If the Court agrees, Defendants respectfully suggest that the Court order the Parties to meet and confer on procedures that will prepare the case for trial by June 1, 2027. If, however, the Court is inclined to set trial on a longer schedule, Defendants believe the case should be ready for trial by no later than October 2027, as set forth below (although Defendants could certainly be ready sooner, should the Court's schedule allow).

| Event | Apple's Proposed Deadline | Defendants' Proposed Deadline |
|---|---|---|
| Deadline for Apple to Identify its Claimed Trade Secrets | Apple served its Preliminary and Nonbinding Identification of Exemplary Trade Secrets on August 3, 2026 | October 21, 2026 |
| Last Day to Amend Pleadings | January 15, 2027 | Consistent with FRCP 15 |
| Substantial Completion of Document Production | May 14, 2027 | February 4, 2027 |
| Trial Setting Conference | May 21, 2027 | March 11, 2027 |
| Close of Fact Discovery | June 18, 2027 | April 8, 2027 |
| Service of Opening Expert Reports (Expert Reports on Which the Party Bears the Burden of Proof) | July 9, 2027 | April 29, 2027 |
| Service of Rebuttal Expert Reports (Expert Reports on Which the Party Does Not Bear the Burden of Proof) | July 30, 2027 | May 20, 2027 |
| Close of Expert Discovery | August 20, 2027 | June 10, 2027 |
| Deadline to File Daubert and Dispositive Motions | September 3, 2027 | July 1, 2027 |
| Deadline to File Oppositions to Daubert and Dispositive Motions | September 24, 2027 | July 29, 2027 |
| Deadline to File Replies to Daubert and Dispositive Motions | October 8, 2027 | August 12, 2027 |
| Last Day to Hear Daubert and Dispositive Motions | October 21, 2027 | August 26, 2027 |

| Event | Apple's Proposed Deadline | Defendants' Proposed Deadline |
|---|---|---|
| Lead Counsel to Meet and Confer Re: (1) Settlement; (2) Preparation of Joint Pretrial Filings; and (3) Clarifying/Narrowing Contested Issues for Trial | *To be determined at trial setting conference* | |
| Deadline to File Motions *In Limine* | *To be determined at trial setting conference* | |
| Deadline to File Joint Pretrial Statement; Proposed Jury Instructions; Proposed Voir Dire; Proposed Verdict Forms; Trial Briefs | *To be determined at trial setting conference* | |
| Final Pretrial Conference | *To be determined at trial setting conference* | |
| Trial | *To be determined at trial setting conference* | To be determined at trial setting conference, but approximately October 20, 2027, subject to the Court's availability (although Defendants could certainly be ready sooner – by June 1, 2027 – should the Court's schedule allow). |
| Estimated Trial Length (in days) | 10-15 Days | 10-15 Days |

## XVI. TRIAL

The Parties request a jury trial. The Parties currently anticipate the trial will take approximately 10 to 15 trial days but reserve the right to the fullest extent possible to amend this estimate based on how the litigation proceeds.

## XVII. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

The Parties have filed their Certificates of Interested Entities or Persons pursuant to Civil Local Rule 3-15 and their disclosures pursuant to Federal Rule of Civil Procedure 7.1.

## XVIII. PROFESSIONAL CONDUCT

All attorneys of record for the Parties have reviewed the Guidelines for Professional Conduct

for the Northern District of California.

## XIX. MISCELLANEOUS

Pursuant to Section IV.H of the Court's Standing Order for Civil Cases, the Parties include the following statements regarding opportunities for junior lawyers:

### A. Apple's Statement

Apple intends to involve junior lawyers, for example, Nicole Elena Bruner (2022) and Marie Delzell (2021), among other young attorneys where the opportunity presents itself, arguing motions as appropriate and first- or second-chairing depositions.

### B. Defendants' Statement

Defendants likewise intend to involve junior lawyers, for example, Andrew Mather (2022), Luke Hammill (2022), and Jordan Nakdimon (2023), among other young attorneys will be provided active roles throughout this litigation.

Dated: October 1, 2026

Respectfully submitted,

By: */s/ Gabriel S. Gross*
Gabriel S. Gross (SBN 254672)
Gaby LaHatte (SBN 321844)
Vanessa K. Sim (SBN 341107)
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, California 94065
Telephone: (650) 802-3000
Facsimile: (650) 802-3100
gabe.gross@weil.com
gaby.lahatte@weil.com
vanessa.sim@weil.com

Christopher W. Henry (*pro hac vice*)
Adam Gershenson (*pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
1001 Boylston Street, Suite 300
Boston, Massachusetts 02115
Telephone: (617) 772-8300
Facsimile: (617) 772-8333
chris.henry@weil.com

By: */s/ David Eiseman*
Andrew H. Schapiro (*pro hac vice*)
QUINN EMANUEL URQUHART & SULLIVAN, LLP
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
(312) 705-7400
andrewschapiro@quinnemanuel.com

Patrick D. Curran (Bar No. 241630)
111 Huntington Ave, Suite 520
Boston, MA 02199
(617) 712-7100
patrickcurran@quinnemanuel.com

David Eiseman (Bar No. 114758)
Jodie W. Cheng (Bar No. 292330)
Victoria B. Parker (Bar No. 290862)
Andrew M. Mather (Bar No. 345548)
50 California Street, 22nd Floor
San Francisco, CA 94111

adam.gershenson@weil.com

Rachel L. Weiner Cohen (*pro hac vice*)
Nicole Elena Bruner (*pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
2001 M Street NW, Suite 600
Washington, DC 20036
Telephone: (202) 682-7000
Facsimile: (202) 857-0940
rachel.cohen@weil.com
nicole.bruner@weil.com

Heather Blacklaws (*pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
600 Congress Avenue, Suite 2170
Austin, Texas 78701
Telephone: (512) 487-1480
Facsimile: (512) 487-1520
heather.blacklaws@weil.com

Nina Shapiro (*pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
767 5th Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
nina.shapiro@weil.com

John M. Desmarais (SBN 320875)
Karim Z. Oussayef (*pro hac vice*)
Steven Balcof (*pro hac vice*)
Ido Sadeh (*pro hac vice*)
Jun H. Tong (*pro hac vice*)
DESMARAIS LLP
230 Park Ave, 26th Floor
New York, New York 10169
Telephone: (212) 351-3400
Facsimile: (212) 351-3401
jdesmarais@desmaraisllp.com
koussayef@desmaraisllp.com
sbalcof@desmaraisllp.com
isadeh@desmaraisllp.com
jtong@desmaraisllp.com

Marie Delzell (SBN 367393)
DESMARAIS LLP
101 California Street, Suite 3000
San Francisco, California 94111
(415) 875-6600
davideiseman@quinnemanuel.com
jodiecheng@quinnemanuel.com
vickiparker@quinnemanuel.com
andrewmather@quinnemanuel.com

Yehuda Goor (*pro hac vice*)
Lucas A. Hammill (*pro hac vice*)
Jordan M. Nakdimon (*pro hac vice*)
295 Fifth Avenue, 9th Floor
New York, NY 10016
(212) 849-7000
yehudagoor@quinnemanuel.com
lucashammill@quinnemanuel.com
jordannakdimon@quinnemanuel.com

Joseph E. Reed (Bar No. 323524)
555 Twin Dolphin Dr., 5th Floor
Redwood Shores, CA 94065
(650) 801-5000
joereed@quinnemanuel.com

*Attorneys for Defendants OpenAI Foundation, OpenAI Group PBC, io Products LLC, and Tang Yew Tan*

By: <u>*/s/ Kate E. Lazarus*</u>

Kate E. Lazarus (Bar No. 268242)
KWUN BHANSALI LAZARUS LLP
klazarus@kblfirm.com
555 Montgomery Street, Suite 750
San Francisco, CA 94111
Tel: (415) 630-2350

*Attorney for Defendant Chang Liu*

Telephone: (415) 573-1900
Facsimile: (415) 573-1901
mdelzell@desmaraisllp.com

Atifah Safi (*pro hac vice*)
DESMARAIS LLP
1899 Pennsylvania Avenue, NW, Suite 400
Washington, DC 20006
Telephone: (202) 451-4900
Facsimile: (202) 451-4901
asafi@desmaraisllp.com

*Attorneys for Plaintiff Apple Inc.*

**ATTESTATION OF CONCURRENCE**

I, Gabriel S. Gross, am the ECF User whose ID and password are being used to file this JOINT CASE MANAGEMENT STATEMENT. In compliance with Local Rule 5-1(h)(3), I hereby attest that David Eiseman and Kate E. Lazarus have concurred in this filing.

Dated: October 1, 2026

/s/ *Gabriel S. Gross*
Gabriel S. Gross