United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC.,<br>Plaintiff,<br>v.<br>CHANG LIU, et al.,<br>Defendants. | Case No. 5:26-cv-07078-EJD<br>**ORDER GRANTING LIMITED EXPEDITED DISCOVERY**<br>Re: ECF No. 49 |

Before the Court is Plaintiff Apple, Inc.'s ("Plaintiff" or "Apple") motion for expedited discovery. Mot., ECF No. 49. Based on claims of alleged trade secret misappropriation and breach of Intellectual Property Agreements ("IPA"), Apple seeks an order requiring expedited discovery from Defendants Chang Liu ("Mr. Liu") and Tang Yew Tan ("Mr. Tan") (collectively, the "Individual Defendants"), and OpenAI Foundation and OpenAI Group PBC (collectively, "OpenAI") and io Products, LLC ("io") (collectively, the "Corporate Defendants", and all together "Defendants"). The Court heard preliminary argument on this matter at a September 14, 2026, Status Conference. Pursuant to Local Rule 7-1(b), the Court finds that this matter is suitable for disposition without oral argument and accordingly **VACATES** the corresponding hearing on October 14, 2026.

## I. BACKGROUND

On July 10, 2026, Plaintiff filed suit against Defendants. Compl., ECF No. 1. In its Complaint, Apple alleges that through an investigation, Apple uncovered a pattern of trade secret theft by former Apple employees now working at OpenAI. Compl. ¶ 4. Apple alleges, among other things, that the Individual Defendants accessed and used Apple's proprietary information to

assist OpenAI in developing hardware, to gain more insider knowledge during interviews of Apple employees considering jobs at OpenAI, and to instruct new OpenAI hires on how to avoid scrutiny when they leave Apple. *See id.* ¶¶ 3–10; *see also id.* ¶¶ 57–60, 69, 73. In addition to serving as the basis for trade secret misappropriations claims under the Defend Trade Secrets Act, these facts also support Apple's claims against the Individual Defendants for breaches of their IPAs. Further, Apple alleges that the Corporate Defendants "with or through their employees or partners, have been acting in concert as an enterprise, exploiting Apple's confidential information to advance OpenAI's efforts to enter the consumer hardware market." *Id.* ¶ 12.

On August 4, 2026, Plaintiff filed a motion seeking expedited discovery "in connection with its preliminary injunction motion" and asked that the Court enter an order directing Defendants to: (1) produce documents responsive to Apple's first sets of Requests for Production ("RFPs"); (2) respond to Apple's First sets of Interrogatories; (3) make available for deposition Mr. Liu, Mr. Tan, two OpenAI employees, one or more Corporate Defendants' representatives, and any declarants that Defendants relied upon in their opposition to Apple's preliminary injunction motion. *See generally* Mot. Plaintiff contends that this discovery is necessary so that Plaintiff may: better understand the "nature and extent" of Defendants' trade secret misappropriations and breach of their confidentiality obligations, and the steps needed to remediate them; make any necessary modifications to the requested injunctive relief; and provide the Court with more information, if necessary, to draft and enforce any order resulting from Plaintiff's motion for a preliminary injunction. *Id.* at 1. Defendants opposed Plaintiff's motion arguing that Plaintiff's initially requested discovery was anything but "limited and tailored" and that the expedited discovery request was rendered moot by the fact that merits-based discovery would soon be open. *See generally* Opp'n, ECF No. 87. Defendants otherwise argued that Plaintiff had not established "good cause" for expedited discovery. *Id.* Plaintiff filed a Reply in support of its Motion on August 25, 2026 (ECF No. 90), and thereafter submitted a supplemental brief (ECF No. 94), to which Defendants replied on September 11, 2026 (ECF No. 143). The Parties' supplemental briefing largely addresses findings from each Party's forensic expert

United States District Court
Northern District of California

regarding the experts' reviews of forensic analyses of Mr. Liu's MacBook. *See generally* Apple Suppl. Brief (describing Apple's forensic expert's review of Liu's MacBook which concludes that in March 2026, Liu used an Apple trade secret file; in June 2026, Liu told Yu-Ting ("Alyssa") Peng "to have Apple-issued devices 'restored' and to then 'start using them' them more"; asserting the need for Plaintiff to examine an image of Liu's Mac Mini); Defs.' Suppl. Resp. Brief (stating that a forensic investigation of Liu's Mac Mini by Defendants' expert revealed no evidence that Liu used a purportedly trade secret file in connection with any AI platform despite Plaintiff's assertions to the contrary; stating that Apple does not argue that Liu or Peng actually deleted or "restored" anything). Following the September 14, 2026, Status Conference, at the Court's request, the Parties met and conferred regarding a narrowed version of Apple's requested discovery; the Parties filed their resulting Joint Submission Regarding Expedited Discovery on September 18, 2026 (ECF No. 161). Apple has now provided the Court a narrowed set of expedited RFPs, interrogatories, and deposition notices and topics ("Apple's Narrowed Requests").

## II. LEGAL STANDARD

"[D]istrict judges have broad discretion to manage discovery and to control the course of litigation." *Avila v. Willits Env't Remediation Tr.*, 633 F.3d 828, 833 (9th Cir. 2011). Courts within the Ninth Circuit generally use the "good cause" standard to determine whether to permit discovery prior to a Rule 26(f) conference. *See, e.g., Interserve, Inc. v. Fusion Garage PTE, Ltd.,* No. C 09–05812 JW (PVT), 2010 WL 143665, at *2 (N.D. Cal. Jan.7, 2010); *Semitool, Inc. v. Tokyo Electron America, Inc.,* 208 F.R.D. 273, 276 (N.D. Cal. 2002). "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Semitool,* 208 F.R.D. at 276. In determining whether good cause justifies expedited discovery, courts commonly consider factors including: "(1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made."

*Eurofins Elec. & Elec. Testing NA, LLC v. SGS N. Am. Inc.*, No. 5:24-cv-06340, 2024 WL 4453315, at *1 (N.D. Cal. Oct. 8, 2024) (quoting *Am. LegalNet, Inc. v. Davis*, 673 F. Supp. 2d 1063, 1067 (C.D. Cal. 2009)). "District courts in the Ninth Circuit regularly permit expedited discovery in cases that . . . implicate claims of improper use of confidential information or trade secrets." *Citibank, N.A. v. Mitchell*, No. 24-CV-08224-CRB, 2024 WL 4906076, at *6 (N.D. Cal. Nov. 26, 2024).

## III. DISCUSSION

Although the Parties have already conducted their Rule 26(f) conference, the Court nevertheless retains broad discretion to manage discovery and to control its docket, including authorizing expedited discovery. *See Satmodo, LLC v. Whenever Commc'ns, LLC*, No. 3:17-CV-192-AJB-NLS, 2017 WL 4557214, at *3 (S.D. Cal. Oct. 12, 2017) ("Court has discretion to permit early or expedited discovery upon a showing of good cause"); *See cf. Washington v. Lumber Liquidators, Inc.*, No. 15-CV-01475-JST, 2015 WL 2089992, at *2 (N.D. Cal. May 5, 2015) (granting expedited discovery despite request first being made at the initial case management conference, weeks after plaintiffs' motion for preliminary injunction was filed). Accordingly, the Court considers each of the factors commonly considered in assessing whether expedited discovery is justified by good cause, in turn.

First, a preliminary injunction motion was concurrently filed with Plaintiff's motion for expedited discovery. *See* Mot. for Prelim. Inj., ECF No. 38. The Parties dispute the degree of relation between the discovery sought and the pending preliminary injunction motion. Plaintiff contends that the discovery sought will allow it to provide this Court with a more fulsome record "as needed to draft and enforce any order resulting from Apple's concurrently filed motion for a preliminary injunction." Mot. 1. More recently, in Apple's Narrowed Requests, it explains that certain discovery, including the forensic images upon which Defendants rely in opposing Plaintiff's Motion for a Preliminary Injunction, is necessary so that Apple's forensic expert can identify any potential flaws in Defendants' experts' analysis and any potential instances of deletion. *See* Joint Submission 1–2. Because the forensic images of Mr. Liu's devices have



United States District Court
Northern District of California

become such a prominent component of the pending preliminary injunction motion, the Court agrees with Apple that there is a clear relationship between at least some of the expedited discovery sought and Apple's desired preliminary injunction.

On the other hand, Defendants, pointing to Liu's January 2026 departure date and Apple's purported failure to engage in ongoing correspondence with OpenAI prior to initiating this action, argue that Apple's "delay in seeking any relief alone justifies denial of its motion." Opp'n 6–7. The Court is unpersuaded by Defendants' reliance on *Satmodo LLC*, for its delay argument. There, the court found that the "plaintiff ha[d] waited a significant amount of time to pursue expedited discovery," and that there had been complete briefing on a motion to dismiss, an amended complaint, and a second pending motion to dismiss before the plaintiff sought expedited discovery. *Satmodo, LLC*, 2017 WL 4557214, at *5. The Court finds, as other courts have, that although Apple's pending preliminary injunction does "not alone justify expedited discovery, . . . it weighs in favor of discovery to allow for its enforcement." *SolarPark Korea Co. v. Solaria Corp.*, No. 23-CV-01181-AMO, 2023 WL 4983159, at *12 (N.D. Cal. Aug. 2, 2023).

Second and fourth, the discovery sought by Apple, as refined in Apple's Narrowed Requests, remains quite broad such that complying with the requests would prove onerous for Defendants. For example, the term "Apple Originated Information" refers to "any information that was created for or by Apple, or that was learned as a result of or created for purposes of supporting, analyzing, or otherwise advancing any Apple business or other endeavor, and which is not provided or disseminated in its entirety to the public." Joint Submission, Apple's Narrowed Expedited Disc. Requests ("Narrowed Requests") 1, ECF No. 161-1. "Apple Originated Information" is incorporated into Apple's proposed RFPs, interrogatories, and deposition topics. *See id.* at 1–8. As Defendants point out, this broad definition is "untethered to the issues raised in [Apple's] motion for preliminary injunction . . .[and] includes information belonging to third parties." Opp'n 4. Further, the breadth of the definition necessarily makes "[i]dentify[ing] all accounts, electronic devices or storage locations (e.g., network servers, cloud storage or email accounts), and messaging apps that are or have been in [Defendant's] possession, custody, or

control containing, describing, disclosing, identifying, or relating or referring to any Apple Originated Information, or used to access, acquire, store, use, review, disclose, solicit, or communicate about Apple Originated Information," for example, an extremely burdensome, and perhaps untenable task. Narrowed Requests 6. And this is only a fraction of what Apple seeks; in addition to discovery requests seeking information or documents related to "Apple Originated Information," the requests seek "[a]ll documents related to OpenAI's research and development related to metal finishes, power management, or battery functionality for consumer hardware products. . . ." as well as numerous depositions, to be conducted within thirty days of Defendants' responses to the RFPS and interrogatories. Narrowed Requests 5, 7–9. Both the breadth of the discovery requests and the compliance burden to Defendants weigh against granting expedited discovery on the scale requested by Apple. A more tailored approach, as set forth below, should address Apple's needs at this juncture and reduce the burden on Defendants.

As to the third factor, Apple asserts that this discovery is necessary to "protect its intellectual property, to better understand the nature and scope of Defendants' misappropriation, and to better enable the Court to determine how best to stop Defendants' unlawful conduct." Mot. 9. Defendants assert that Apple "seeks discovery for improper purposes," and intends to use this discovery to "rummage through its former employees' and competitor's files in an effort to find something it can then claim is a trade secret." Opp'n 12. The Court agrees with Defendants that some of the requested discovery is sufficiently broad such that the claim that Apple intends to "rummage through its former . . . competitor's files" is not entirely frivolous, but Defendants' suggestion ignores that "Apple has already provided Defendants with a preliminary trade secret identification." Reply 8, ECF No. 90. Indeed, courts routinely find that where the expedited discovery is necessary to determine "the extent" of alleged unauthorized use, this factor weighs in favor of allowing expedited discovery. *See Synopsys, Inc. v. InnoGrit, Corp.*, No. 19-CV-02082-LHK, 2019 WL 1779978, at *4 (N.D. Cal. Apr. 23, 2019); *Apple Inc. v. Shi*, No. 25-CV-07105-EKL (VKD), 2026 WL 266629, at *1 (N.D. Cal. Feb. 2, 2026); *SolarPark Korea Co.*, 2023 WL 4983159, at *12; *WeRide Corp. v. Kun Huang*, 379 F. Supp. 3d 834, 854–55 (N.D. Cal. 2019),

*modified in part,* No. 5:18-CV-07233-EJD, 2019 WL 5722620 (N.D. Cal. Nov. 5, 2019); *Optiv Sec., Inc. v. Weiske*, No. SACV2001523DOCJDE, 2020 WL 6647736, at *5 (C.D. Cal. Aug. 28, 2020). Further, although the Court declines to weigh the Parties' forensic experts' competing findings regarding evidence of deletion or spoliation at this juncture, Apple's argument that "[i]mportant forensic artifacts on which forensic inspections rely—such as logs, metadata, and usage records—are transient and at risk of being lost, overwritten or destroy," is well-taken. Pl. Suppl. Brief 5. This is especially so when combined with the conversation between Mr. Liu and Ms. Peng, in which they discussed restoring the Apple-owned devices in their possession. *Id.* Defendants' response, that Plaintiff "does not even argue that Liu or Peng actually deleted or 'restored' anything" overlooks that courts have found that the *risk* of destruction supports a good cause finding. Defs.' Resp. Brief 4; *see AssuredPartners of California Ins. Servs., LLC v. Clem*, No. 2:25-CV-11856-JAK (AGRX), 2026 WL 1182808, at *6 (C.D. Cal. Jan. 28, 2026). The Court agrees with Apple that Apple needs early discovery to uncover the scope of any alleged misappropriation of Apple's trade secrets, especially where there is a risk that the alleged trade secrets may become "so deeply entangled with OpenAI's hardware products or other research and development efforts that the harm cannot be undone." Joint Submission 2.

Fifth, the request for expedited discovery is not made significantly in advance of the typical discovery process, so this factor weighs in favor of expedited discovery. *See Wedge Water LLC v. Ocean Spray Cranberries, Inc.*, No. 21-CV-0809-GPC(BLM), 2021 WL 2138519, at *5 (S.D. Cal. May 26, 2021); *U.S. Legal Support, Inc. v. Beverly*, No. 5:25-CV-00218-SSS-SPX, 2025 WL 1766348, at *5 (C.D. Cal. Jan. 30, 2025).

In sum, after considering the five factors, the Court finds that there is good cause to grant a more limited version of Apple's Narrowed Requests.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART** Apple's motion for expedited discovery and Apple's Narrowed Requests (ECF No. 161-1) and **ORDERS** as follows:

1. *Requests for Production.*

a. Within fourteen (14) days of this Order, or five (5) days for any materials that Defendants have already collected in connection with this litigation, Defendants shall respond to the following:

i. Liu RFP 1, Tan RFP 1, OpenAI RFP 1: All forensic images that Defendants have already collected in connection with the subject matter of Apple's claims, including those identified by Exhibit B to the August 31, 2026, Crain Declaration and Exhibit D to the September 11, 2026, Crain Declaration, or otherwise relied on by Mr. Crain.

ii. Liu RFP No. 4/ Tan RFP No. 3/OpenAI RFP No. 5 ***AS MODIFIED***: All documents used to guide or conduct the interviews of candidates from Apple for OpenAI's **Consumer Hardware Products Group** ~~(including its Consumer Hardware Product Group and Robotics Group)~~, including checklists, guides, instructions, manuals, and scripts; and all documents, including Technical Deep Dive presentations or other technical presentations, summarizing or otherwise memorializing the content of those interviews with Apple employees or any reference to any Apple technology or parts.

iii. Liu RFP No. 5: All LINE conversations between Mr. Liu and Ms. Peng since January 1, 2026, including the conversations that include the messages cited in the August 31, 2026, Liu Declaration and attached Exhibit F.

b. The following Requests are more appropriately addressed through ordinary merits discovery, which neither Party appears to dispute should be conducted efficiently; accordingly expedited discovery is **DENIED,** and Defendants need not respond:

i. Liu RFP No. 3/Tan RFP No. 2/OpenAI RFP No. 4: All documents related to OpenAI's research and development related to metal finishes,

power management, or battery functionality for consumer hardware products, including all communications with [REDACTED].

2. *Depositions*.

a. The Court **GRANTS** Plaintiff's request to take the 30(b)(1) depositions of Chang Liu, Tang Yew Tan, and Alyssa Peng, consistent with the parameters set out in Apple's Narrowed Requests. *See* Apple's Narrowed Requests 8. At this time, the Court **DENIES** Plaintiff's motion to depose the fourth listed individual in Apple's Narrowed Requests.

b. Chang Liu, Tang Yew Tan, and Alyssa Peng shall sit for depositions regarding the topics identified in Apple's Narrowed Requests, as modified by this Court, within thirty (30) days after Apple receives all responses to the Requests permitted by this Order.[1]

c. The Court **GRANTS** Plaintiff's request to take the deposition of Defendants OpenAI Foundation f/k/a OpenAI, Inc., OpenAI Group PBC, and io Products, LLC f/k/a io Products, Inc. pursuant to Rule 30(b)(6), regarding at least one of Apple's proposed deposition topics. In particular, Apple **MAY** seek expedited discovery regarding the following:

i. <u>30(b)(6) Topic 1</u>: The position(s), role(s), and responsibilities within OpenAI of the designated witness(es), those of Defendants Tang Yew Tan and Chang Liu, and those of Yu-Ting ("Alyssa") Peng and [REDACTED].

d. Within thirty (30) days after Apple receives all responses to Apple's Narrowed Requests, as modified by this Court, Defendants OpenAI Foundation f/k/a OpenAI, Inc., OpenAI Group PBC, and io Products, LLC f/k/a io Products, Inc.

[1] To the extent that this Court revisits the requests and topics that incorporate "Apple Originated Information," the depositions must be completed within thirty (30) days of any responses to those Requests.



United States District Court
Northern District of California

United States District Court
Northern District of California

shall produce one or more corporate designees pursuant to Federal Rule of Civil Procedure 30(b)(6) to sit for a deposition regarding the topics identified in Apple's Narrowed Requests, as modified by this Court, at a time and place mutually agreed upon between the parties.

The Court **DEFERS** ruling on all requests and deposition topics that incorporate the term "Apple Originated Information" because the term is amorphous as currently defined. Should Apple wish to proceed with the requests that incorporate this term, Apple **SHALL** confer with Defendants and provide a more tailored definition to the Court within five (5) days of this Order, which the Court will then evaluate.

Finally, Apple requests that the "Court make clear the discovery propounded or taken in connection with this expedited discovery order shall not count against, and shall be in addition to, any discovery otherwise permitted by the Federal Rules of Civil Procedure, the Local Rules of the Northern District of California, or any subsequent case management order governing merits discovery in this action." Mot. 11–12. The Court need not address whether the 25 written interrogatory limit set forth in Rule 33 applies at this time. As for the deposition limits set out in Rule 30, the Court **DECLINES** to find that the depositions are in addition to, and not subject to, the limits on discovery. The Court will entertain future motions to exceed these limits as it becomes necessary.

**IT IS SO ORDERED.**

Dated: October 13, 2026

EDWARD J. DAVILA
United States District Judge