Gabriel S. Gross (SBN 254672)
Gaby LaHatte (SBN 321844)
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, California 94065
Telephone: (650) 802-3000
Facsimile: (650) 802-3100
gabe.gross@weil.com
gaby.lahatte@weil.com

Christopher W. Henry (*pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
1001 Boylston Street, Suite 300
Boston, Massachusetts 02115
Telephone: (617) 772-8300
Facsimile: (617) 772-8333
chris.henry@weil.com

Rachel L. Weiner Cohen (*pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
2001 M Street NW, Suite 600
Washington, DC 20036
Telephone: (202) 682-7000
Facsimile: (202) 857-0940
rachel.cohen@weil.com

John M. Desmarais (SBN 320875)
DESMARAIS LLP
230 Park Avenue, 26th Floor
New York, New York 10169
Telephone: (212) 351-3400
Facsimile: (212) 351-3401
jdesmarais@desmaraisllp.com

*Counsel for Plaintiff Apple Inc.*

Andrew H. Schapiro (*pro hac vice*)
QUINN EMANUEL URQUHART & SULLIVAN, LLP
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
(312) 705-7400
andrewschapiro@quinnemanuel.com

Patrick D. Curran (Bar No. 241630)
QUINN EMANUEL URQUHART & SULLIVAN, LLP
111 Huntington Ave, Suite 520
Boston, MA 02199
(617) 712-7100
patrickcurran@quinnemanuel.com

*Attorneys for Defendants OpenAI Foundation, OpenAI Group PBC, io Products LLC, and Tang Yew Tan*

Kate E. Lazarus (Bar No. 268242)
klazarus@kblfirm.com
KWUN BHANSALI LAZARUS LLP
555 Montgomery Street, Suite 750
San Francisco, CA 94111
Tel: (415) 630-2350

*Attorneys for Defendant Chang Liu*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
**SAN JOSE DIVISION**

| | |
|---|---|
| APPLE INC.,<br><br>Plaintiff,<br><br>v.<br><br>CHANG LIU, TANG YEW TAN, OPENAI FOUNDATION f/k/a OPENAI, INC., OPENAI GROUP PBC, and IO PRODUCTS, LLC f/k/a IO PRODUCTS, INC.,<br><br>Defendants. | Case Number: 5:26-cv-07078-EJD<br><br>**STIPULATED [PROPOSED] PROTECTIVE ORDER** |

Plaintiff Apple Inc. ("Plaintiff") and Defendants Chang Liu and Tang Yew Tan ("Mr. Liu" and "Mr. Tan," respectively and collectively, the "Individual Defendants"), OpenAI Foundation and OpenAI Group PBC (collectively, "OpenAI"), and io Products, LLC ("io") (OpenAI and io collectively, the "Corporate Defendants") (Individual Defendants and Corporate Defendants collectively, "Defendants"), anticipate that documents, testimony, or information containing or reflecting confidential, proprietary, trade secret, and/or commercially sensitive information are likely to be disclosed or produced in this case and request that the Court enter this Order setting forth the conditions for treating, obtaining, and using such information.

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Court finds good cause for the following Stipulated Protective Order.

1. PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 16.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a Party seeks permission from the Court to file material under seal.

Protected Material designated under the terms of this Protective Order shall be used by a Receiving Party solely for this case, and shall not be used directly or indirectly for any other purpose whatsoever.

2. DEFINITIONS

2.1 Author: Author means a natural person identified on the face of the document, or in a communication attaching or linking the document, as having written or drafted it. Contributing

information or work product later incorporated into a document, or reviewing or approving it, does not make a person an Author.

2.2 Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.3 "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.4 Counsel (without qualifier): Outside Counsel of Record and House Counsel (as well as their support staff).

2.5 Custodian: Custodian means a natural person who currently possesses the document or communication, or an individual defendant who possessed the document or communication prior to this litigation.

2.6 Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "EXTREMELY SENSITIVE AND CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – PROTOTYPE."

2.7 Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.8 Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation (as well as their support staff) who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past employee of any Party adverse to the retaining Party or current employee of a Party or of a Party's competitor, (3) during the pendency of this case, will not become an employee of a Party or of a Party's competitor or be involved in competitive decision-making for a Party or a Party's competitor, and (4) at the time of retention, is not anticipated to become an employee of a Party or a Party's competitor. For the

avoidance of doubt, any Expert support staff is bound to the same obligations and permissions extended to the Expert under this Protective Order (including signing the "Acknowledgement and Agreement to Be Bound" (Exhibit A) and delivering signed Exhibit A to other Parties), except that such support staff need not be individually identified according to the procedures in Section 8.5 and shall be exempted from Section 2.8(3) if their employment with the Expert ceases.

2.9 "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.10 "EXTREMELY SENSITIVE AND CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive "Confidential Information or Items", the disclosure of which to another Party or Non-Party would create a substantial risk of economic harm or significant competitive disadvantage to the Producing Party that could not be avoided by less restrictive means, representing: computer code and associated comments and revision histories; formulas; engineering specifications; schematics; or roadmaps for unreleased products or features that define or otherwise describe in detail the algorithms or structure of software or hardware designs.

2.11 "HIGHLY CONFIDENTIAL – PROTOTYPE" Information or Items: extremely sensitive "Confidential Information or Items" consisting of nonpublic, physical, hardware prototypes (in full or in part) that reveal, define or otherwise describe in detail the structure of hardware designs or the visual impression of unreleased hardware designs, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.12 House Counsel: attorneys who are employees of a Party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.13 Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.14 Outside Counsel of Record: attorneys who are not employees of a Party to this action but are retained to represent or advise a Party to this action and have appeared in this action on behalf of that Party and staff of such attorneys to whom it is reasonably necessary to disclose the information for this litigation.

2.15 Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.16 Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.17 Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.18 Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or as "EXTREMELY SENSITIVE AND CONFIDENTIAL – ATTORNEYS' EYES ONLY" or as "HIGHLY CONFIDENTIAL – PROTOTYPE."

2.19 Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.20 Recipient: Recipient means a natural person shown on the face of the document, or in a communication attaching or linking the document, to have actually received it, with the Producing Party's authorization, at the time of receipt. Access to a repository, system, or distribution list in which the document was stored or circulated does not make a person a Recipient.

3. COMPUTATION OF TIME

The computation of any period of time prescribed or allowed by this Order shall be governed by the provisions for computing time set forth in the Federal Rules of Civil Procedure.

4. SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony,

conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Nothing in this Protective Order shall prevent or restrict a Producing Party's own disclosure or use of its own Protected Material for any purpose, and nothing in this Order shall preclude any Producing Party from showing its Protected Material to an individual who prepared the Protected Material. Any use of Protected Material at trial shall be governed by a separate agreement or order.

5. DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

6. DESIGNATING PROTECTED MATERIAL

6.1 Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

No Party shall rely on any designation of Protected Material in this litigation as a substantive determination on the merits of any other Party's arguments, including, but not limited to, the status of Protected Material as a trade secret.

6.2 Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., second paragraph of Section 6.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "EXTREMELY SENSITIVE AND CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – PROTOTYPE" to each page that contains protected material.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof,

qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "EXTREMELY SENSITIVE AND CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – PROTOTYPE") to each page that contains Protected Material.

(b) for testimony given in deposition or in other pretrial or trial proceedings, a Designating Party may specify, at the deposition or up to fifteen (15) business days afterwards if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "EXTREMELY SENSITIVE AND CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – PROTOTYPE." Transcripts designated "EXTREMELY SENSITIVE AND CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – PROTOTYPE" shall be available to the parties electronically, but documents designated as "EXTREMELY SENSITIVE AND CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – PROTOTYPE" shall not be attached to the transcript and shall maintain all protections consistent with their designations.

Parties shall give the other parties notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "EXTREMELY SENSITIVE AND CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – PROTOTYPE."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 15-business day period for designation shall be treated during that period as if it had been designated "HIGHLY

CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "EXTREMELY SENSITIVE AND CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – PROTOTYPE."

(d) for native files, such electronic files and documents shall be designated for protection under this Order by appending to the file names or designators information indicating whether the file contains "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "EXTREMELY SENSITIVE AND CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – PROTOTYPE" or shall use any other reasonable method for so designating Protected Materials produced in electronic format. When electronic files or documents are printed for use at deposition, in a court proceeding, or for provision in printed form to an expert or consultant pre-approved pursuant to Section 8.5, the Party printing the electronic files or documents shall affix a legend to the printed document corresponding to the designation of the Designating Party and including the production number and designation associated with the native file.

6.3 Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

7. CHALLENGING CONFIDENTIALITY DESIGNATIONS

7.1 Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic

burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

7.2 Meet and Confer. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific Section of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice-to-voice dialogue; email is not sufficient) within ten (10) business days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

7.3 Judicial Intervention. If the Parties cannot resolve a dispute regarding confidentiality without Court intervention, they shall comply with the discovery dispute procedure outlined in Judge Cousins's Civil Standing Order (and in compliance with Civil Local Rule 79-5, if applicable). In any discovery letter brought pursuant to this provision, the parties shall attest that they have complied with the meet and confer requirements imposed by the preceding paragraph and the Civil Standing Order.

7.4 The burden of persuasion in any such challenge proceeding shall be on the Producing Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Notwithstanding any challenge to a designation, the Protected Material in question shall continue to be treated as designated under this Order until one of the following occurs: (i) the Party who

designated the Protected Material in question withdraws such designation in writing; or (ii) the Court rules that the Protected Material in question is not entitled to the designation.

8. ACCESS TO AND USE OF PROTECTED MATERIAL

8.1 Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation, and not for any other purpose whatsoever, including without limitation any other litigation, patent prosecution or acquisition, patent reexamination or reissue proceedings, or any business or competitive purpose or function. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 17 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

8.2 Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, provided that such Outside Counsel is not involved in competitive decision-making, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party or a competitor of a Party, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b) (i) the Receiving Party if the Receiving Party is an individual defendant, provided that the Receiving Party has signed and returned the "Acknowledgement to Be Bound" (Exhibit A), that the Receiving Party shall not be provided with electronic or hard copies of the information and is prohibited from downloading, copying, or otherwise replicating the document containing the information, and that the Receiving Party shall only view the information in the presence of Outside Counsel of Record; (ii) otherwise, not more than three (3) representatives of the Receiving Party who are officers or employees of the Receiving Party, who may be, but need not

be, in-house counsel for the Receiving Party, as well as their immediate paralegals and staff, to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and after Exhibit A is provided to Producing Party's counsel, provided that no written objection is received within seven (7) calendar days of delivering the request;

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the Court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(f) the author or recipient of a document containing the information or a custodian, any of whom has signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. The author or recipient shall not be provided with electronic or hard copies of the document containing Protected Material and is prohibited from downloading, copying, or otherwise replicating the document containing Protected Material. The author or recipient shall view the document containing Protected Material in the presence of the Receiving Party's Outside Counsel of Record, or outside counsel who has not made an appearance in the case but who has signed and returned the "Acknowledgement and Agreement to Be Bound" (Exhibit A). A log of individuals who have had access to information designated as CONFIDENTIAL shall be maintained and produced within three (3) business days of request; no Party shall make more than five (5) such requests in this case;

(g) during deposition, a witness in the action who is reasonably believed to be an author or recipient (other than in connection with this litigation) of a document containing the Protected Information or who, as evidenced from its face or reasonably certain in view of other testimony or evidence, reasonably appears to be a custodian and who has signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the

Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

(h) any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order; and

(i) any other person with the prior written consent of the Producing Party.

8.3 Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, provided that such Outside Counsel is not involved in competitive decision-making, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party or a competitor of a Party, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in Section 8.5, below, have been followed;

(c) the Court and its personnel;

(d) court reporters and their staff, professional jury or trial consultants, Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(e) the author or recipient of a document containing the information or a custodian, any of whom has signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. The author or recipient shall not be provided with electronic or hard copies of the document containing Protected Material

and is prohibited from downloading, copying, or otherwise replicating the document containing Protected Material. The author or recipient shall view the document containing Protected Material in the presence of the Receiving Party's Outside Counsel of Record, or outside counsel who has not made an appearance in the case but who has signed and returned the "Acknowledgement and Agreement to Be Bound" (Exhibit A). A log of individuals who have had access to information designated as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY shall be maintained and produced within three (3) business days of request; no Party shall make more than five (5) such requests in this case;

(f) during deposition, a witness in the action who is reasonably believed to be an author or recipient (other than in connection with this litigation) of a document containing the Protected Information or who, as evidenced from its face or reasonably certain in view of other testimony or evidence, reasonably appears to be a custodian and who has signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

(g) any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order; and

(h) any other person with the prior written consent of the Producing Party.

8.4 <u>Disclosure of "EXTREMELY SENSITIVE AND CONFIDENTIAL – ATTORNEYS' EYES ONLY" and "HIGHLY CONFIDENTIAL – PROTOTYPE" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "EXTREMELY SENSITIVE AND CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – PROTOTYPE" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, provided that such Outside Counsel is not involved in competitive decision-making, as defined by *U.S. Steel v.*

*United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party or a competitor of a Party, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in Section 8.5, below, have been followed, provided that: (i) such expert or consultant has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A; (ii) such expert or consultant is not a current officer, director, or employee of a Party or of a competitor of a Party, nor anticipated at the time of retention to become an officer, director or employee of a Party or of a competitor of a Party; (iii) such expert or consultant is not involved in competitive decision-making, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party or a competitor of a Party; and (d) no unresolved objections to such disclosure exist after proper notice has been given to all Parties as set forth in Section 8.5 below;

(c) the Court, and its personnel;

(d) court reporters and their staff and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(e) the author or recipient of a document containing the information or a custodian, any of whom has signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. The author or recipient shall not be provided with electronic or hard copies of the document containing Protected Material and is prohibited from downloading, copying, or otherwise replicating the document containing Protected Material. The author or recipient shall view the document containing Protected Material in the presence of the Receiving Party's Outside Counsel of Record, or outside counsel who has not made an appearance in the case but who has signed and returned the "Acknowledgement and Agreement to Be Bound" (Exhibit A). A log of individuals who have had access to information designated as EXTREMELY SENSITIVE AND CONFIDENTIAL – ATTORNEYS' EYES ONLY

or HIGHLY CONFIDENTIAL – PROTOTYPE shall be maintained and produced within three (3) business days of request; no Party shall make more than five (5) such requests in this case;

(f) during deposition, a witness in the action who is reasonably believed to be an author or recipient (other than in connection with this litigation) of a document containing the Protected Information or who, as evidenced from its face or reasonably certain in view of other testimony or evidence, reasonably appears to be a custodian and who has signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

(g) any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order; and

(h) any other person with the prior written consent of the Producing Party.

8.5 Procedures for Approving or Objecting to Disclosure of Experts.

(a) Unless otherwise ordered by the Court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "EXTREMELY SENSITIVE AND CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – PROTOTYPE" pursuant to Sections 8.3(b) or 8.4(b) first must make a written request to the Designating Party that (1) identifies the general categories of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "EXTREMELY SENSITIVE AND CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – or "HIGHLY CONFIDENTIAL – PROTOTYPE" information or items the Receiving Party seeks permission to disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s), (5) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided

professional services, including in connection with a litigation, at any time during the preceding five years, and (6) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.[1]

(b) A Party that makes a request and provides the information specified in Section 8.5(a) may disclose the subject Protected Material to the identified Expert unless, within seven (7) calendar days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

(c) A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within seven (7) calendar days of the written objection. If no agreement is reached, the Party seeking to make the disclosure to the Expert may file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) seeking permission from the Court to do so. Any such motion or letter-brief must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration describing the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

In any such proceeding, the Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

---

[1] If the Expert believes any of this information is subject to a confidentiality obligation to a third-party, then the Expert should provide whatever information the Expert believes can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose to the Expert shall be available to meet and confer with the Designating Party regarding any such engagement.

9. PROSECUTION BAR

Absent written consent from the Producing Party, any individual who receives access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "EXTREMELY SENSITIVE AND CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – PROTOTYPE" information shall not be involved in the prosecution of patents or patent applications relating to hardware engineering and product design, power management information and designs, battery management information and design, display, acoustic, and touch subsystems, manufacturing design, industrial design, and process engineering, metal finishing, testing, validation and development methodologies, and/or supply chain and business operations for consumer electronic hardware devices before any foreign or domestic agency, including the United States Patent and Trademark Office ("the Patent Office"). For purposes of this paragraph, "prosecution" includes directly or indirectly drafting, amending, advising, or otherwise affecting the scope or maintenance of patent claims. To avoid any doubt, "prosecution" as used in this paragraph does not include representing a Party challenging a patent before a domestic or foreign agency (including, but not limited to, a reissue protest, ex parte reexamination or *inter partes* review or reexamination). This Prosecution Bar shall begin when access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "EXTREMELY SENSITIVE AND CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – PROTOTYPE" information is first received by the affected individual and shall end two (2) years after final disposition of this action or the respective individual's notice of withdrawal from this action.

10. EXTREMELY SENSITIVE AND CONFIDENTIAL INFORMATION AND PROTOTYPE INFORMATION

10.1 To the extent production of Extremely Sensitive and Confidential or Prototype information becomes necessary in this case, a Producing Party may designate Extremely Sensitive and Confidential information as "EXTREMELY SENSITIVE AND CONFIDENTIAL – ATTORNEYS' EYES ONLY" if it satisfies the definition of "EXTREMELY SENSITIVE AND CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items provided in Section 2.10, and Prototype information as "HIGHLY CONFIDENTIAL – PROTOTYPE if it satisfies the

definition of "HIGHLY CONFIDENTIAL – PROTOTYPE" Information or Items provided in Section 2.11.

10.2 Unless otherwise agreed to in writing between the Producing Party and the Receiving Party, Extremely Sensitive and Confidential information designated as "EXTREMELY SENSITIVE AND CONFIDENTIAL – ATTORNEYS' EYES ONLY" and Prototype information designated as "HIGHLY CONFIDENTIAL – PROTOTYPE" shall be made available for inspection at an office of the Producing Party's Outside Counsel of Record, or other mutually agreed-upon location, during regular business hours (generally, 9:00 a.m. to 5:30 p.m. local time) on weekdays, or at other mutually agreeable times. Additionally, the Parties agree to work cooperatively to accommodate requests to review Extremely Sensitive and Confidential or Prototype information outside of normal business hours, provided that requests to review Extremely Sensitive and Confidential or Prototype information outside of normal business hours are (i) made sparingly and not routinely, and (ii) made at least three (3) business days prior to the date of requested review outside of normal business hours. Nothing in this provision, however, requires a Producing Party to make Extremely Sensitive and Confidential or Prototype information available for review outside of normal business hours, on holidays, or on days when the office or location at which Extremely Sensitive and Confidential information or Prototype information is being made available is otherwise normally closed.

10.3 Access to Extremely Sensitive and Confidential information shall be provided on a secured computer (the "Secure Computer") having disk encryption and password protection in a secured room, without Internet access or network access to other computers,[2] such that all persons entering the secured room containing the Extremely Sensitive and Confidential information are subject to reasonable security measures to ensure they are not carrying any prohibited items before

[2] At the Producing Party's election, the Producing Party may configure the Secure Computer in the Producing Party's secure review room as a remote review platform by connecting the Secure Computer to the internet through secure means. Such access will be provided at the Producing Party's reasonable direction and control.

they will be given access to the secured room. Use or possession of any input/output device (e.g., USB memory stick, mobile phone or tablet, camera or any camera-enabled device, CD, floppy disk, portable hard drive, laptop, or any device that can access the Internet or any other network or external system, etc.) is prohibited while accessing the Secure Computer. The Receiving Party shall not copy, remove, or otherwise transfer any portion of Extremely Sensitive and Confidential information onto any recordable media or recordable device. The Producing Party shall install tools that are sufficient for viewing and searching the information produced, on the platform produced, if such tools exist and are presently used in the ordinary course of the Producing Party's business. The Receiving Party's outside counsel and/or experts may request that commercially available software tools for viewing and searching Extremely Sensitive and Confidential information be installed on the Secure Computer, provided, however, that (1) the Receiving Party possesses an appropriate license to such software tools; (2) the Producing Party approves such software tools (which approval may not be unreasonably withheld); and (3) such other software tools are reasonably necessary for the Receiving Party to perform its review of the Extremely Sensitive and Confidential information consistent with all of the protections herein. The Parties shall work together to make the additional software tools available for use on the Secure Computer in a reasonable amount of time.[3]

10.4 Access to Prototype information shall be in a secured room, without Internet access or network access to other computers, such that all persons entering the secured room containing the Prototype are subject to reasonable security measures to ensure they are not carrying any prohibited items before they will be given access to the secured room. The Receiving Party shall not attempt to remove the Prototypes from the room, or copy, photograph, video record, or otherwise transfer or transmit any digital images or physical impressions of the Prototype. No recordable

[3] The requirements of this Section for making additional software tools available for use on the Secure Computer do not govern the viewing of source code. Should source code need to be produced in this action, the Parties shall negotiate separate terms specific to producing and viewing said source code.

media or recordable devices, including without limitation sound recorders, computers, cellular telephones, peripheral equipment, cameras, CDs, DVDs, or drives of any kind, shall be permitted into the secured room. If applicable, Prototype information shall otherwise be made available in accordance with Section 10.3.

10.5 The Extremely Sensitive and Confidential information or Prototype information will be made available for inspection (in accordance with Sections 10.3 and 10.4) upon reasonable notice to the Producing Party, which shall not be less than three (3) business days in advance of the initial requested inspection of the Extremely Sensitive and Confidential information or Prototype information at a location. Such notice shall include the names of all individuals who will review the Extremely Sensitive and Confidential information or Prototype information. Following the initial inspection at the location, the Receiving Party must give notice at least (2) business days in advance of additional inspection, including identifying in writing to the Producing Party the person(s) who will be conducting the inspection or will be present during the inspection. The Producing Party shall notify counsel for the Receiving Party when the Producing Party makes any new production of Extremely Sensitive and Confidential information or Prototype information and makes such Extremely Sensitive and Confidential information or Prototype information available to the Receiving Party for inspection. After receipt of such notice, the Receiving Party shall provide the Producing Party at least two (2) business days' written notice of its intent to inspect the Extremely Sensitive and Confidential information or Prototype information, which notice shall include the names of all individuals who will review the Extremely Sensitive and Confidential information or Prototype information. The Parties agree to work together in good faith to timely notice, and reasonably accommodate, an inspection if a shorter notice period is reasonably necessary due to holidays or impending case deadlines (such as an expert report deadline or trial), but in no case with less than one (1) day's notice. The Producing Party may visually monitor the activities of the Receiving Party's representatives during any inspection of the Producing Party's Extremely Sensitive and Confidential or Prototype information but only to ensure that there is no unauthorized recording, photography, copying, or transmission of the Extremely Sensitive and Confidential information or Prototype information or prototypes or hardware devices.

10.6 The Producing Party will produce Extremely Sensitive and Confidential information, and Prototype information where applicable, in computer searchable format and in a file structure and format that mirrors the file structure and format of the Extremely Sensitive and Confidential information, and Prototype information where applicable, as maintained by the Producing Party in the ordinary course of business, but need not produce in executable format absent further agreement of the parties or order of the Court.

10.7 The Receiving Party's outside counsel and/or Expert(s) shall be entitled to take notes relating to the Extremely Sensitive and Confidential information or Prototype but may not copy any portion of the Extremely Sensitive and Confidential information or Prototype information into the notes and may not take such notes electronically on the Secure Computer itself. No copies of all or any portion of the Extremely Sensitive and Confidential or Prototype information may leave the room in which the Extremely Sensitive and Confidential information or Prototype information is inspected except as otherwise provided herein. Any handwritten notes or other work product, created by the Receiving Party reflecting Extremely Sensitive and Confidential or Prototype information shall be marked as "EXTREMELY SENSITIVE AND CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – PROTOTYPE," respectively. Further, no other written or electronic record of the Extremely Sensitive and Confidential information or Prototype information is permitted except as otherwise provided herein.

10.8 No person shall copy, e-mail, transmit, upload, download, print, photograph or otherwise duplicate any portion of the designated "EXTREMELY SENSITIVE AND CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – PROTOTYPE" material, except that the Receiving Party may print paper copies of limited portions of Extremely Sensitive and Confidential information that are reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial.

10.9 Notwithstanding the foregoing, the Receiving Party may request printed copies of specific portions of Extremely Sensitive and Confidential information or Prototype information and the Producing Party may provide print hard copies of the requested portions of Extremely Sensitive and Confidential information to include Bates numbers and designated as "EXTREMELY

SENSITIVE AND CONFIDENTIAL – ATTORNEYS' EYES ONLY," according to the procedures below.

(a) If the Receiving Party would like to a portion of Extremely Sensitive and Confidential information or Prototype information printed, it must notify the Producing Party of its request in writing and identify the specific portion of Extremely Sensitive and Confidential information or Prototype information requested by saving an image of the requested portion of Extremely Sensitive and Confidential information or Prototype information to a designated folder on the Secure Computer or providing the full filename and filepath, specific line number(s), and any other necessary information necessary to identify the requested portion of Extremely Sensitive and Confidential information or Prototype information.

(b) Within five (5) business days of the printing request pursuant to Sections 10.9(c) or 10.9(d) below, the Producing Party must either (1) provide three paper copies of Extremely Sensitive and Confidential information designated as "EXTREMELY SENSITIVE AND CONFIDENTIAL – ATTORNEYS' EYES ONLY" or Prototype information designated as "HIGHLY CONFIDENTIAL – PROTOTYPE" including Bates numbers, along with either a native Microsoft Excel file that lists the filepath and filename of each requested file, correlated to the beginning Bates number of the corresponding paper copies, or, alternatively, the Producing Party may brand paper copies with the filepath and filename of each file; or (2) object that a printing request is excessive and/or not done for a permitted purpose.

(c) Printouts of the Extremely Sensitive and Confidential information that exceed ten (10) pages of a continuous block of Extremely Sensitive and Confidential information will be presumed excessive unless the Receiving Party provides a compelling justification that such printed portions are necessary. Except as otherwise agreed by the Parties or ordered by the Court, no more than two hundred (200) total pages of Extremely Sensitive and Confidential information may be requested in printed form by a Receiving Party. The Parties agree to meet and confer in good faith if it becomes necessary to increase the total page limit for printouts of Extremely Sensitive and Confidential information. Extremely Sensitive and Confidential information that is incorporated by reference or otherwise referenced or appended to any pleading, including any identification of

alleged trade secrets, shall not be counted towards the limitation set forth in this Section. At the Receiving Party's request, up to two additional sets (or subsets) of printed Extremely Sensitive and Confidential information may be requested and provided by the Producing Party in a timely fashion. The Producing Party shall provide such printouts, labeled "EXTREMELY SENSITIVE AND CONFIDENTIAL – ATTORNEYS' EYES ONLY," to the Receiving Party within five (5) business days, and such printouts shall be treated as Protected Material subject to the same storage, access, and use restrictions set forth in Section 10.4 above.

(d) Except as otherwise agreed by the Parties or ordered by the Court, no more than ten (10) photographs of a single prototype or hardware device constituting Prototype information may be requested in printed form by a Receiving Party. The Producing Party shall provision a camera for the Receiving Party's requested photographs. The Receiving Party shall take the requested photographs, which the Producing Party shall print and provide to the Receiving Party. The Parties may meet and confer in good faith to negotiate additional photographs. At the Receiving Party's request, up to two additional sets (or subsets) of photographs may be requested and provided by the Producing Party in a timely fashion. The Producing Party shall provide such photographs or images, labeled "HIGHLY CONFIDENTIAL – PROTOTYPE," to the Receiving Party within five (5) business days, and such photographs or images shall be treated as Protected Material subject to the same storage, access, and use restrictions set forth in Section 10.4 above.

(e) If the Producing Party objects within ten (10) business days of a printing request that the printing request is excessive and/or not done for a permitted purpose, the Producing Party and the Receiving Party will meet and confer. If, after meeting and conferring, the Producing Party and the Receiving Party cannot resolve the objection, the dispute resolution procedure and timeframes set forth in Section 7 apply, with the Producing Party deemed the "Designating Party" and, therefore, bearing the burden of persuasion that the request is not made for a permitted purpose. The Receiving Party shall not otherwise photograph, video record, or copy the prototypes or hardware devices, nor transmit or disclose information about them by phone, video conference, laptop, tablet, or any other communication device during inspection.

10.10 Any and all paper copies of Extremely Sensitive and Confidential information designated as “EXTREMELY SENSITIVE AND CONFIDENTIAL – ATTORNEYS’ EYES ONLY” or paper copies or notes designated as “HIGHLY CONFIDENTIAL – PROTOTYPE” must be maintained in a manner that prevents duplication of or unauthorized access to the Extremely Sensitive and Confidential information or Prototype information, including in a locked room or cabinet at an office of the Receiving Party’s Outside Counsel of Record located in the United States, when the paper copies of Extremely Sensitive and Confidential or Prototype information are not in use. Only individuals to whom it is reasonably necessary to disclose the information for this litigation, and who are authorized to view Extremely Sensitive and Confidential or Prototype information pursuant to Section 8.4 shall have access to the printed portions of the Extremely Sensitive and Confidential or Prototype information (except insofar as such information appears in any court filing or expert report). Any paper copies of Extremely Sensitive and Confidential information designated “EXTREMELY SENSITIVE AND CONFIDENTIAL – ATTORNEYS’ EYES ONLY” or paper copies or notes designated “HIGHLY CONFIDENTIAL – PROTOTYPE” shall be stored or viewed only at (i) the offices of the Receiving Party’s Outside Counsel of Record located in the United States, (ii) the offices of outside Experts to whom “EXTREMELY SENSITIVE AND CONFIDENTIAL – ATTORNEYS’ EYES ONLY” or “HIGHLY CONFIDENTIAL – PROTOTYPE” information or items may be disclosed; (iii) the site where any deposition is taken; (iv) the Court; or (v) any intermediate location necessary to transport the information to a hearing, trial or deposition. The Receiving Party may not reproduce paper copies of the Extremely Sensitive and Confidential information or Prototype information, absent written agreement of the Producing Party. The Receiving Party shall maintain a log of all paper copies of the Extremely Sensitive and Confidential information or Prototype information. The log shall include the names of the reviewers and/or recipients of paper copies and locations where the paper copies are stored. All persons who will review a Producing Party’s Extremely Sensitive and Confidential or Prototype information on behalf of a Receiving Party, including members of a Receiving Party’s outside law firm, shall be identified in writing to the Producing Party at least five (5) business days in advance of the first time that such person reviews such Extremely Sensitive and

Confidential or Prototype information. Such identification shall be in addition to any other disclosure required under this Order. All individuals identified by the Receiving Party with access to the printed portions of the Extremely Sensitive and Confidential or Prototype information shall be identified in a log with the first day they reviewed the Extremely Sensitive and Confidential or Prototype information. Upon one (1) business day's advance notice to the Receiving Party by the Producing Party, the Receiving Party shall provide a copy of this log to the Producing Party.

10.11 Unless otherwise agreed in advance by the Parties in writing, following each day on which inspection is done under this Order, the Receiving Party's outside counsel and/or experts shall remove all notes, documents, and all other materials from the secure review room. The Producing Party shall not be responsible for any items left in the room following each inspection session, and the Receiving Party shall have no expectation of confidentiality for any items left in the room following each inspection session without a prior agreement to that effect. Proper identification of all authorized persons shall be provided prior to any access to the secure room or the computer containing Extremely Sensitive and Confidential or Prototype information. Proper identification requires showing, at a minimum, a photo identification card sanctioned by the government of any State of the United States, by the government of the United States, or by the nation state of the authorized person's current citizenship. Access to the secure room or the Secure Computer may be denied, at the discretion of the supplier, to any individual who fails to provide proper identification.

10.12 Other than as provided above, the Receiving Party will not copy, remove, or otherwise transfer any Extremely Sensitive and Confidential or Prototype information from the Secure Computer including, without limitation, copying, removing, or transferring the Extremely Sensitive and Confidential or Prototype information onto any recordable media or recordable device. The Receiving Party will not transmit any Extremely Sensitive and Confidential or Prototype information in any way from the Producing Party's facilities or the offices of its outside counsel of record.

10.13 Copies of Extremely Sensitive and Confidential information designated as "EXTREMELY SENSITIVE AND CONFIDENTIAL – ATTORNEYS' EYES ONLY" or

Prototype Information designated as "HIGHLY CONFIDENTIAL – PROTOTYPE" that are marked as deposition exhibits must not be provided to the court reporter or attached to deposition transcripts; rather the deposition record will identify such an exhibit by its production numbers. For depositions, the Receiving Party shall not bring copies of any printed Extremely Sensitive and Confidential or Prototype information. Rather, at least five (5) business days before the date of the deposition, the Receiving Party shall notify the Producing Party it wishes to use Extremely Sensitive and Confidential or Prototype information at the deposition, and the Producing Party shall bring printed copies of the Extremely Sensitive and Confidential or Prototype information to the deposition for use by the Receiving Party. In addition (or as an alternative to the use of printouts at a deposition), a Receiving Party may request the Producing Party make a copy of the Extremely Sensitive and Confidential or Prototype information (or portions thereof) available on a computer (but otherwise in the same format in which the Extremely Sensitive and Confidential or Prototype information is available under Sections 10.3 and 10.4 above) during depositions of witnesses who would otherwise be permitted access to such Extremely Sensitive and Confidential or Prototype information; the Producing Party may not unreasonably withhold approval of such request. The Receiving Party shall make such requests at least five (5) business days before the deposition. The Producing Party shall make reasonable efforts to comply with such a request made less than five (5) business days before a deposition, provided the request is made in good faith and could not reasonably under the circumstances have been made sooner. Copies of Extremely Sensitive and Confidential or Prototype information that are marked as deposition exhibits shall not be provided to the court reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers. All paper copies of Extremely Sensitive and Confidential or Prototype information brought to the deposition shall remain with the Producing Counsel's outside counsel for secure destruction in a timely manner following the deposition.

10.14 Paper copies of the Extremely Sensitive and Confidential information designated as "EXTREMELY SENSITIVE AND CONFIDENTIAL – ATTORNEYS' EYES ONLY" or the Prototype information designated as "HIGHLY CONFIDENTIAL – PROTOTYPE" may not be converted by the Receiving Party into an electronic document, and may not be scanned using optical

character recognition ("OCR") technology. Where the Producing Party has provided the express written permission required under this provision for a Receiving Party to create electronic copies of Extremely Sensitive and Confidential or Prototype information, the Receiving Party shall maintain a log of all such electronic copies of any portion of Extremely Sensitive and Confidential or Prototype information in its possession or in the possession of its retained consultants, including the names of the reviewers and/or recipients of any such electronic copies, and the locations and manner in which the electronic copies are stored. The exception to this restriction is for the Receiving Party's expert reports, including any rebuttal reports, and for filings with the Court (subject to the limitations below).

10.15 Use in Court Filings, Expert Reports and Discovery Documents. To the extent it is necessary to reference Extremely Sensitive and Confidential information designated as "EXTREMELY SENSITIVE AND CONFIDENTIAL – ATTORNEYS' EYES ONLY" or Prototype information designated as "HIGHLY CONFIDENTIAL – PROTOTYPE" in a court filing, expert report, or other discovery document, the excerpts must be limited to the minimum amount necessary to support the specific argument made. Documents containing excerpts or other references must be designated "EXTREMELY SENSITIVE AND CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – PROTOTYPE," respectively.

11. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "EXTREMELY SENSITIVE AND CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – PROTOTYPE" that Party must:

(a) promptly notify in writing the Designating Party and any other Party who has produced such information or items and to those Parties' respective counsel. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected, including moving for a protective order regarding the production of Protected Materials implicated by the subpoena.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "EXTREMELY SENSITIVE AND CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – PROTOTYPE" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

12. <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>

12.1 The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "EXTREMELY SENSITIVE AND CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – PROTOTYPE." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

12.2 In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(a) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(b) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(c) make the information requested available for inspection by the Non-Party.

12.3 If the Non-Party fails to object or seek a protective order from this Court within fourteen (14) business days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

13. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

14. DATA SECURITY

(a) The Parties shall implement or maintain an information security management system ("ISMS"), including reasonable and appropriate data security practices and policies to safeguard Protected Materials and minimize the risk of unauthorized access, including reasonable and appropriate administrative, physical, and technical safeguards, and network security and encryption technologies governed by written policies and procedures, which shall be consistent with the then-current versions of the following standards: (a) the International Organization for Standardization's

27001 standard; (b) the National Institute of Standards and Technology's (NIST) 800-53 standard; (c) the Center for Internet Security's Critical Security Controls; or (d) another industry or government cybersecurity framework identified by the Party in writing. The Parties shall implement multi-factor authentication[4] for any access to Protected Materials and implement encryption of all Protected Materials in transit outside of network(s) covered by the Party's data security practices and policies (and at rest, where reasonably practical).

(b) If Receiving Party becomes aware of any unauthorized access, use, or disclosure of the Producing Party's Protected Materials ("Data Breach"), or has a reasonable basis to believe that any of the Producing Party's Protected Materials are subject to the Data Breach, Receiving Party shall promptly, and in no case later than 48 hours after learning of the Data Breach, notify Producing Party in writing and cooperate with Producing Party as may be reasonably necessary to (1) determine the source, extent, or methodology of such Data Breach; (2) to recover or to protect Protected Materials; and/or (3) to satisfy Producing Party's legal, contractual, or other obligations. The notification obligations set forth in this Section do not run from the time of the Data Breach itself. For the avoidance of doubt, inadvertent access to Protected Materials by personnel of the Receiving Party or its counsel who are bound by this Protective Order does not constitute a Data Breach, provided that the Protected Materials remained within the Receiving Party's controlled environment.

(c) Receiving Party shall promptly comply with Producing Party's reasonable request(s) that Receiving Party investigate, remediate, and mitigate the effects of a Data Breach and any potential

---

[4] Multi-factor authentication is "[a]uthentication using two or more factors to achieve authentication. Factors are (i) something you know (e.g., password/personal identification number); (ii) something you have (e.g., cryptographic identification device, token); and (iii) something you are (e.g., biometric)." National Institute of Standards and Technology (NIST), Special Publication SP 1800-12, Appendix B at 63, available at https://nvlpubs.nist.gov/nistpubs/SpecialPublications/NIST.SP.1800-12.pdf; see also NIST, Special Publication 800-53, at 132, available at https://nvlpubs.nist.gov/nistpubs/SpecialPublications/NIST.SP.800-53r5.pdf.

recurrence and take all reasonable steps to terminate and prevent unauthorized access. Receiving Party shall promptly provide any information that is reasonably requested by Producing Party and that relates to any such Data Breach, including but not limited to, the Protected Material that was impacted, underlying vulnerabilities or flaws that led to the Data Breach, start or end date of the Data Breach, date of discovery, and specific actions taken to contain, mitigate, or remediate the Data Breach. For the avoidance of doubt, nothing in this Section is intended to create a waiver of any applicable privileges, including privileges applicable to a Party's investigation and remediation of a Data Breach.

(d) If Receiving Party is aware of a Data Breach, the Parties shall meet and confer in good faith regarding any adjustments that should be made to the discovery process and discovery schedule in this action, potentially including but not limited to (1) additional security measures to protect Protected Material; (2) a stay or extension of discovery pending investigation of a Data Breach and/or implementation of additional security measures; and (3) a sworn assurance that Protected Materials will be handled only in environments, and by third-party service providers, that have been remediated following, or were unaffected by, the Data Breach.

(e) The Parties shall comply with this Section and any applicable security, privacy, data protection, or breach notification laws, rules, regulations, or directives. To the extent a Producing Party believes that any provision of this Section has been violated by the Receiving Party's data security practices or policies, the Producing Party agrees that it shall meet and confer with the Receiving Party prior to seeking judicial recourse. If a Party believes that its Protected Material is not being adequately protected pursuant to this Section, it may bring the dispute to the Court. The Party challenging the handling of Protected Material bears the burden of demonstrating a violation of the Protective Order.

15. <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

(a) Pursuant to Fed. R. Evid. 502(d), the production of any documents or information, whether inadvertent or otherwise, in this proceeding shall not, for purposes of this proceeding or any other federal or state proceeding, constitute a waiver by the Producing Party of any privilege

applicable to those documents or information, including attorney-client privilege, attorney work-product privilege, or any other privilege or protection recognized by law. This Order shall be interpreted to provide the maximum protection allowed by Fed. R. Evid. 502(d). The provisions of Fed. R. Evid. 502(b) do not apply.

(b) Upon a request from any Producing Party who has produced documents or information that it believes is privileged and/or protected, including any pages containing privileged markings by Receiving Party, each Receiving Party shall immediately destroy such material and all copies and certify as such by the Receiving Party to the Producing Party.

(c) Nothing in this Order shall be interpreted to require disclosure of irrelevant information or relevant information protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or immunity. The parties do not waive any objections to the production, discoverability, admissibility, or confidentiality of documents and ESI.

16. MISCELLANEOUS

16.1 Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future. By stipulating to this Order, the Parties do not waive the right to argue that certain material may require additional or different confidentiality protections than those set forth herein.

16.2 Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

16.3 Filing Protected Material. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected

Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5 is denied by the Court, then the effect of the Court's ruling on that request is as set forth in Civil Local Rule 79-5(g).

16.4 Successors. This Order shall be binding upon the Parties hereto, their attorneys, and their successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control.

16.5 Modification by Court. This Order is subject to further court order based upon public policy or other considerations, and the Court may modify this Order sua sponte in the interests of justice. The District Court for the Northern District of California is responsible for the interpretation and enforcement of this Order. All disputes concerning Protected Material, however designated, produced under the protection of this Order shall be resolved by the District Court for the Northern District of California.

16.6 General Artificial Intelligence. Receiving Parties shall implement restrictions regarding the disclosure or use of Producing Parties' Protected Material in any generative artificial intelligence ("GenAI"), large language model ("LLM"), or other similar technology. Such restrictions must meet or exceed relevant industry standards and limit the collection, storage, disclosure, use of, or access to Producing Parties' Protected Material solely to personnel and purposes authorized by this Order. The restrictions must, at a minimum, prohibit the disclosure or use of Producing Parties' Protected Material in any such technology that is (1) accessible by anyone not permitted by this Protective Order to have access or (2) will capture entered data in order to train what is accessible by anyone not permitted by this Protective Order to have access. The Producing Parties' Protected Material may not be combined with documents or information from any other matter. Before a Receiving Party transfers any Producing Party's Protected Material to be analyzed by such technology, the Receiving Party shall make reasonably sure that it can delete all such Protected Material and any derivatives from the platform at the Final Disposition of this action, as defined in Section 17, except that Protected Material may be retained in system backups and

automated logs generated in the ordinary course of business, which logs are not subject to selective deletion. Such copies are retained only for the duration of the applicable systems' standard retention periods and are then purged in the ordinary course. The system backups and automated logs are not accessible for ordinary business use, will not be restored or processed except as required for disaster recovery, security, or a legal obligation, and will be permanently deleted upon expiry of the applicable retention period. The Receiving Party will be responsible for destroying such Protected Material following Final Disposition, including any machine-learning models trained on Protected Material. This provision shall not be interpreted to preclude Receiving Parties from using standard Technology-Assisted Review (TAR) tools to analyze and review produced documents.

16.7 Third-Party Litigation Funding. Funders of litigation shall be prohibited from accessing, and denied copies of, any Protected Material. The term "funders or litigation" shall be applied broadly and include any entity or individual engaged in the business of litigation funding, their employees, counsel, consultants, and other agents, whether foreign or domestic. Parties will comply with the Department of Justice, National Security Division's Foreign Agents Registration Act, as may be applicable.

16.8 Legal Advice Based on Protected Material. Nothing in this Protective Order shall be construed to prevent counsel from advising their clients with respect to this case based in whole or in part upon Protected Materials, provided counsel does not disclose the Protected Material itself except as provided in this Order.

16.9 Limitations. Nothing in this Order shall restrict in any way a Producing Party's use or disclosure of its own Protected Material. Nothing in this Order shall restrict in any way the use or disclosure of Protected Material by a Receiving Party: (i) previously produced, disclosed and/or provided by the Producing Party to the Receiving Party or a non-party without an obligation of confidentiality and not by inadvertence or mistake; (ii) with the consent of the Producing Party; or (iii) pursuant to order of the Court.

16.10 Secure Storage, No Export. Protected Material must be stored and maintained by a Receiving Party at a location in the United States and in a secure manner that ensures that access is limited to the persons authorized under this Order. To ensure compliance with applicable United

States Export Administration Regulations, Protected Material may not be exported outside the United States or released to any foreign national (even if within the United States), except that Protected Material may be disclosed to a foreign national within the United States identified pursuant to Paragraphs 8.2(a), 8.2(c), 8.3(a), 8.3(b), 8.4(a), and 8.4(b). Protected Material may be disclosed to an individual outside the United States with the consent of the Producing Party.

16.11 Jurisdiction. The Parties agree that the terms of this Protective Order shall survive and remain in effect after the Final Determination of the above-captioned matter. The Court shall retain jurisdiction after Final Determination of this matter to hear and resolve any disputes arising out of this Protective Order.

17. FINAL DISPOSITION

Within sixty (60) business days after the final disposition of this action, as defined in Section 5, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material, but must return or destroy any pleadings, correspondence, and consultant or expert work product that contain information designated "EXTREMELY SENSITIVE AND CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – PROTOTYPE." Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 5 (DURATION).

**IT IS SO STIPULATED**, through Counsel of Record.

Dated: October 21, 2026

*/s/ Gabriel S. Gross*
Counsel for Plaintiff Apple Inc.

Dated: October 21, 2026

*/s/ Andrew H. Schapiro*
Counsel for Defendants OpenAI Foundation, OpenAI Group PBC, io Products LLC, and Tang Yew Tan

Dated: October 21, 2026

*/s/ Kate E. Lazarus*
Counsel for Defendant Chang Liu

**IT IS ORDERED** that the foregoing Agreement is approved.

Dated:

UNITED STATES DISTRICT JUDGE

**EXHIBIT A**

**ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND**

I, ______________________________ [print or type full name], of _________________ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on [ ] in the case of *Apple Inc. v. Liu, et al.*, Case No. 5:26-cv-07078. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: __________________________________

City and State where sworn and signed: __________________________________

Printed name: ______________________________
[printed name]

Signature: __________________________________
[signature]

**ATTESTATION**

I, Gabriel S. Gross, am the ECF user whose ID and password are being used to file the above document. In compliance with Local Rule 5-1(i)(3), I hereby attest that counsel for Defendants Chang Liu, Tang Yew Tan, OpenAI Foundation, OpenAI Group PBC, and io Products LLC have concurred in the filing of the above document.

Dated: October 21, 2026

*/s/ Gabriel S. Gross*
Gabriel S. Gross