Andrew H. Schapiro (*pro hac vice*)
QUINN EMANUEL URQUHART
& SULLIVAN, LLP
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
(312) 705-7400
andrewschapiro@quinnemanuel.com

Patrick D. Curran (Bar No. 241630)
QUINN EMANUEL URQUHART
& SULLIVAN, LLP
111 Huntington Ave, Suite 520
Boston, MA 02199
(617) 712-7100
patrickcurran@quinnemanuel.com

David Eiseman (Bar No. 114758)
Jodie W. Cheng (Bar No. 292330)
QUINN EMANUEL URQUHART
& SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
davideiseman@quinnemanuel.com
jodiecheng@quinnemanuel.com

Yehuda Goor (*pro hac vice*)
QUINN EMANUEL URQUHART
& SULLIVAN, LLP
295 Fifth Avenue, 9th Floor
New York, NY 10016
(212) 849-7000
yehudagoor@quinnemanuel.com

[Additional counsel listed in signature block]

*Attorneys for Defendants OpenAI Foundation, OpenAI Group PBC, and io Products LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC.,<br><br>Plaintiff,<br><br>vs.<br><br>CHANG LIU, TANG YEW TAN, OPENAI FOUNDATION f/k/a OPENAI, INC., OPENAI GROUP PBC, and IO PRODUCTS, LLC f/k/a IO PRODUCTS, INC.,<br><br>Defendants. | Case No. 5:26-CV-07078-EJD<br><br>**CORPORATE DEFENDANTS' STATEMENT IN RESPONSE TO PLAINTIFF APPLE INC.'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER DEFENDANTS' MATERIAL SHOULD BE SEALED** |

Pursuant to Civil Local Rules 7-11 and 79-5 governing administrative motions to seal and motions to consider whether another party's material should be sealed, Defendants OpenAI Foundation (f/k/a OpenAI, Inc.), OpenAI Group PBC, and io Products, LLC (f/k/a io Products, Inc.), (collectively, the "Corporate Defendants") submit this statement in response to Plaintiff Apple Inc.'s ("Apple") Administrative Motion to Consider Whether Defendants' Material Should Be Sealed (ECF No. 187) (the "Administrative Motion").

On October 15, 2026, Apple filed the Joint Stipulation and [Proposed] Order On Expedited Discovery (ECF No. 183) (the "Unredacted Stipulation"). The Unredacted Stipulation was mistakenly filed without the appropriate redactions of individuals' names, and was subsequently placed under seal by the Court. On the same day, Apple filed a motion (ECF No. 185) seeking to remove the Unredacted Stipulation from the docket, due to the unredacted sensitive personally identifiable information in that document. Later on October 15, 2026, Apple filed the Administrative Motion (ECF No. 187) attaching the Stipulation with proposed redactions (ECF No. 187-1) (the "Redacted Stipulation").

The Corporate Defendants respectfully request that the Court approve the proposed redactions in the Redacted Stipulation (ECF No. 187-1) and either grant Apple's motion to permanently remove the Unredacted Stipulation (ECF No. 183) from the docket or apply the same redactions to both ECF No. 187-1 and ECF No. 183.

Certain portions of the Unredacted Stipulation and the Redacted Stipulation contain third party personally identifiable information. The Corporate Defendants request that the Court grant their request to file under seal the portions of the Stipulations identified below. The Corporate Defendants' requests apply only to disclosures relating to personally identifiable information of nonparties that should not be published on the public docket.

| **ECF Number** | **Portions to be Redacted** | **Reason for Redaction** |
|---|---|---|
| 183 (Joint Stipulation And [Proposed] Order On Expedited Discovery—erroneously filed in unredacted form) | Page 2 (lines 10-12) | Contains personally identifiable information belonging to individuals who are not parties to this proceeding and are not named in the Complaint or |

| ECF Number | Portions to be Redacted | Reason for Redaction |
|---|---|---|
| | | Preliminary Injunction briefing. Apple filed a motion (ECF No. 185) to remove this document from the docket due to the underlying sensitive information in this document. |
| 187-1 (Joint Stipulation And [Proposed] Order On Expedited Discovery) | Identified in blue highlighting on page 2 (lines 10-12) | Contains personally identifiable information belonging to individuals who are not parties to this proceeding and are not named in the Complaint or Preliminary Injunction briefing. |

## LEGAL STANDARD

Under Ninth Circuit law, "'compelling reasons' must be shown to seal judicial records attached to a dispositive motion," and furthermore "public policies that support the right of access to dispositive motions, and related materials, do not apply with equal force to non-dispositive materials." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). Compelling reasons exist where public release of the records may be "used to gratify private spite or promote public scandal" or "permit the[] files to serve as reservoirs of libelous statements for press consumption." *Valley Broad. Co. v. U.S. Dist. Court for Dist. of Nevada*, 798 F.2d 1289, 1293 (9th Cir. 1986) (citation omitted); *see also Kamakana*, 447 F.3d at 1179 (citing *Valley Broadcasting*). Further, district courts routinely grant requests to seal personally identifiable information, *see, e.g., Am. Automobile Ass'n of N. Cal., Nev., & Utah*, 2019 WL 1206748, at *2 (N.D. Cal. Mar. 14, 2019) (finding "compelling reasons" to seal personally identifiable information, including "names, addresses, phone numbers, and email addresses" of third parties); Order Resolving Administrative Motions to File Under Seal at 3, *X.AI Corp. v. Li*, No. 25-cv-7292 (N.D. Cal. July 28, 2026), Dkt. No. 163 (sealing names of nonparty OpenAI's employees "to avoid revealing sensitive information" and "unwanted public outreach to its employees").

**DISCUSSION**

The Corporate Defendants have a compelling interest in sealing the personally identifiable information of OpenAI's nonparty employees. They request narrow redactions of personally identifiable information of employees who are not mentioned in Apple's complaint, nor disclosed in other filings.

Sealing the personally identifiable information of nonparty OpenAI employees would protect the privacy interests of those individuals, would protect OpenAI and its employees from malicious attacks by third parties, and mitigate the risk of unsolicited contact with those individuals and harassment by third parties. Goor Decl. ¶ 5. OpenAI does not typically publish contact information of its employees for privacy reasons. *Id.* In addition to protecting employee privacy, OpenAI does not generally publish such contact information to avoid the risk that third parties would use such information to seek unauthorized access to OpenAI internal systems. *Id.*

Accordingly, there are compelling reasons to seal this information. *See*, *e.g., Am. Automobile Ass'n*, 2019 WL 1206748, at *2 (finding "compelling reasons" to seal personally identifiable information, including "names, addresses, phone numbers, and email addresses" of third parties); Order Resolving Administrative Motions to File Under Seal at 3, *X.AI Corp., supra* (sealing names of nonparty OpenAI's employees "to avoid revealing sensitive information" and "unwanted public outreach to its employees"). Indeed, in the instant case, this Court has already sealed similar personal information. *See*, *e.g.*, ECF No. 37 at 1-2 (sealing the individual Defendants' personal addresses based on concerns about "privacy and security," including concerns arising from "the media attention that this action has garnered" and "recent attempted physical attacks on another OpenAI executive at his home" (citation modified)).

**CONCLUSION**

For the foregoing reasons, the Corporate Defendants respectfully request that the Court seal the portions of the Redacted Stipulation (ECF No. 187-1) identified herein and grant Apple's motion (ECF No. 185) to remove the Unredacted Stipulation (ECF No. 183) from the docket or redact ECF No. 183 in the same manner as ECF No. 187-1.

DATED: October 22, 2026

By /s/ *Andrew H. Schapiro*

QUINN EMANUEL URQUHART & SULLIVAN, LLP

Andrew H. Schapiro (*pro hac vice*)
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
(312) 705-7400
andrewschapiro@quinnemanuel.com

Patrick D. Curran (Bar No. 241630)
111 Huntington Ave, Suite 520
Boston, MA 02199
(617) 712-7100
patrickcurran@quinnemanuel.com

David Eiseman (Bar No. 114758)
Jodie W. Cheng (Bar No. 292330)
Victoria B. Parker (Bar No. 290862)
Andrew M. Mather (Bar No. 345548)
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
davideiseman@quinnemanuel.com
jodiecheng@quinnemanuel.com
vickiparker@quinnemanuel.com
andrewmather@quinnemanuel.com

Yehuda Goor (*pro hac vice*)
Lucas A. Hammill (*pro hac vice*)
Jordan M. Nakdimon (*pro hac vice*)
295 Fifth Avenue, 9th Floor
New York, NY 10016
(212) 849-7000
yehudagoor@quinnemanuel.com
lucashammill@quinnemanuel.com
jordannakdimon@quinnemanuel.com

Joseph E. Reed (Bar No. 323524)
555 Twin Dolphin Dr., 5th Floor
Redwood Shores, CA 94065
(650) 801-5000
joereed@quinnemanuel.com

*Attorneys for Defendants OpenAI Foundation, OpenAI Group PBC, and io Products LLC*