Gabriel S. Gross (SBN 254672)
Gaby LaHatte (SBN 321844)
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, California 94065
Telephone: (650) 802-3000
Facsimile: (650) 802-3100
gabe.gross@weil.com
gaby.lahatte@weil.com

Christopher W. Henry (*pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
1001 Boylston Street, Suite 300
Boston, Massachusetts 02115
Telephone: (617) 772-8300
Facsimile: (617) 772-8333
chris.henry@weil.com

Rachel L. Weiner Cohen (*pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
2001 M Street NW, Suite 600
Washington, DC 20036
Telephone: (202) 682-7000
Facsimile: (202) 857-0940
rachel.cohen@weil.com

John M. Desmarais (SBN 320875)
DESMARAIS LLP
230 Park Avenue, 26th Floor
New York, New York 10169
Telephone: (212) 351-3400
Facsimile: (212) 351-3401
jdesmarais@desmaraisllp.com

*Counsel for Plaintiff Apple Inc.*

[Additional counsel listed in signature block]

Andrew H. Schapiro (*pro hac vice*)
QUINN EMANUEL URQUHART & SULLIVAN, LLP
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
(312) 705-7400
andrewschapiro@quinnemanuel.com

Patrick D. Curran (Bar No. 241630)
QUINN EMANUEL URQUHART & SULLIVAN, LLP
111 Huntington Ave, Suite 520
Boston, MA 02199
(617) 712-7100
patrickcurran@quinnemanuel.com

*Attorneys for Defendants OpenAI Foundation, OpenAI Group PBC, io Products LLC, and Tang Yew Tan*

Kate E. Lazarus (Bar No. 268242)
klazarus@kblfirm.com
KWUN BHANSALI LAZARUS LLP
555 Montgomery Street, Suite 750
San Francisco, CA 94111
Tel: (415) 630-2350

*Attorneys for Defendant Chang Liu*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

APPLE INC.,

Plaintiff,

v.

CHANG LIU, TANG YEW TAN, OPENAI FOUNDATION f/k/a OPENAI, INC., OPENAI GROUP PBC, and IO PRODUCTS, LLC f/k/a IO PRODUCTS, INC.,

Defendants.

Case No. 5:26-cv-07078-EJD

**JOINT SUBMISSION REGARDING CASE SCHEDULE**

**Judge:** Edward J. Davila

**Complaint Filed:** July 10, 2026

Pursuant to Dkt. 178, Plaintiff Apple Inc. ("Apple") and Defendants Chang Liu ("Liu"), Tang Yew Tan ("Tan"), and OpenAI, Inc., OpenAI Group PBC, and io Products, Inc. (collectively, "OpenAI" or "Corporate Defendants") (Liu, Tan, and OpenAI together, "Defendants") respectfully submit this Joint Case Management Schedule. The Parties certify that their respective lead trial counsel have met and conferred for the preparation of this schedule. The Parties further note that the Joint Case Management Statement filed on October 1, 2026 includes disputes regarding discovery limits that are still outstanding (*see* Dkt. 172 at 7-8) and respectfully ask the Court to resolve those disputes.

## I. APPLE'S STATEMENT

Defendants' proposed schedule is not realistic, especially the January 15 date for substantial document production and the February 19 date for the close of fact discovery.

The Corporate Defendants still have not produced a single document to Apple. They refuse to search for technical documents apart from specific files names because they contend Apple's 147-page trade secret identification is insufficient. Their responses to Apple's initial discovery requests are largely limited to objections and they refuse to provide a timeline to supplement. Although the Corporate Defendants submitted some forensic images to Apple's forensic expert in response to the Court's recent order on expedited discovery, Dkt. 189, that submission is seriously deficient and does not comply with the Court's order. For example, Defendants have not produced images from Alyssa Peng that they have in their possession. Dkt. 144-3 (Exhibit D to 9/11/2026 Crain Declaration). Relatedly, Defendants have not produced images from 11 of the 14 individuals listed in RFP 1 (Dkt. 189 at 2), now taking the position that they have not collected them, despite previously saying they would produce them. 10/14 Hearing Tr. at 56 ("As we've told our colleagues at Apple multiple times, we have no problem producing images from those 14 people."). In sum, Defendants do not behave like a party that expects to substantially produce all documents in less than three months and close fact discovery in less than four. The Court should adopt a schedule that minimizes the likelihood of disputes on these deadlines.

The Court should also reject Defendants' proposed November 30 deadline for final identification of trade secrets. The DTSA, unlike the CUTSA, "does not require a plaintiff to identify with particularity its alleged trade secrets from the start." *Quintara Biosciences, Inc. v. Ruifeng*

*Biztech, Inc.*, 149 F.4th 1081, 1085 (9th Cir. 2025). Nevertheless, Apple has already identified trade secrets in its Complaint and has also submitted a detailed 147-page preliminary identification of trade secrets. Dkt. 88-4 at 6-7, 8-9. Trade secret identification is an "iterative process where requests between Parties lead to a refined and sufficiently particularized trade secret identification." *Quintara*, 149 F.4th at 1088. But as explained above, Defendants have not yet engaged in that process.

## II. DEFENDANTS' STATEMENT

Apple's proposed case schedule suffers from several significant flaws. ***First*****,** Apple provides only 11 days between the July 8, 2027 hearing on dispositive motions and *Daubert* motions and the start of the July 19, 2027 trial. This short time frame puts a substantial burden on the Court to rule on (what may be many) motions before the start of trial. It also makes the parties' trial preparation difficult, as they will not know which (if any) claims, defenses, and expert opinions will be at issue until the eve of trial. Defendants' proposal, by contrast, provides the Court sufficient time to consider the parties' motions and for the parties to incorporate the Court's rulings in their trial preparations. ***Second*****,** Apple provides that the Court will not set dates for the pretrial conference and associated deadlines until the Court holds a trial setting conference. Given that the Court has already set a trial date, there is no need for a trial setting conference, and the certainty of knowing these pretrial deadlines in advance (as Defendants' proposal provides) will assist the parties in ensuring they are ready for trial. By leaving these deadlines undecided, Apple appears to give itself an opportunity to argue that the trial date needs to be continued. ***Third*****,** Apple allows only six days between the close of expert discovery and the filing of dispositive and *Daubert* motions, which gives the parties very little time to incorporate expert discovery into those motions. Defendants' proposal provides the parties two weeks. ***Fourth*****,** Apple does not provide any cut-off for Apple's identification of its alleged trade secrets. Instead, Apple appears intent on continually expanding its asserted trade secrets – presumably based on whatever information it can find in Defendants' files – failing to put Defendants on notice of the trade secrets actually at issue until the close of fact discovery, if then. This strategy is impermissible. *Quintara Biosciences, Inc. v. Ruifeng Biztech, Inc.,* 149 F.4th 1081, 1085 (9th Cir. 2025) ("Requiring too little disclosure too late could prevent the parties from proving or defending their claims."). A deadline for Apple's final identification of its alleged trade secrets is proper. *See*, *e.g.*, *Oracle*

*America, Inc. v. Procore Technologies, Inc.*, Case No. 4:24-cv-07457-JST, Dkt. 277, 331 (ordering that Oracle narrow its list of asserted DTSA trade secrets by dates certain).

Defendants' proposal is reasonable and achievable, and Defendants respectfully request that it be adopted by the Court. While Apple is correct that substantial completion of document production is just 2.5 months away, Defendants can and will move quickly and expect that Apple will do likewise.

## III. SCHEDULING

| Event | Apple's Proposed Deadline | Defendants' Proposed Deadline |
|---|---|---|
| ESI Exchange | November 2, 2026<br><br>Parties will submit a joint custodial ESI protocol and schedule with any disputes to be resolved by the Court | November 2, 2026<br><br>Parties endeavor to reach agreement, or raise disputes with the Court, on a custodial ESI protocol |
| Final Identification of Trade Secrets | Apple served its Preliminary and Nonbinding Identification of Exemplary Trade Secrets on August 3, 2026, which is sufficient | November 30, 2026 |
| Last Day to Amend Pleadings/Join Parties | November 30, 2026 | November 30, 2026 |
| Substantial Completion of Document Production | February 19, 2027 | January 15, 2027 |
| Trial Setting Conference | March 11, 2027 | |
| Close of Fact Discovery | April 9, 2027 | February 19, 2027 |
| Service of Opening Expert Reports (Expert Reports on Which the Party Bears the Burden of Proof) | April 30, 2027 | March 12, 2027 |
| Service of Rebuttal Expert Reports (Expert Reports on Which the Party Does Not Bear the Burden of Proof) | May 14, 2027 | April 2, 2027 |
| Close of Expert Discovery | May 28, 2027 | April 23, 2027 |
| Deadline to File Daubert and Dispositive Motions | June 3, 2027 | May 5, 2027 |
| Deadline to File Oppositions to Daubert and Dispositive Motions | June 17, 2027 | May 19, 2027 |
| Deadline to File Replies to Daubert and Dispositive Motions | June 24, 2027 | May 26, 2027 |

| **Event** | **Apple's Proposed Deadline** | **Defendants' Proposed Deadline** |
|---|---|---|
| Lead Counsel to Meet and Confer Re: (1) Settlement; (2) Preparation of Joint Pretrial Filings; and (3) Clarifying/Narrowing Contested Issues for Trial | *To be determined at trial setting conference* | June 3, 2027 |
| Last Day to Hear Daubert and Dispositive Motions | July 8, 2027 | June 10, 2027 |
| Deadline to File Motions *In Limine* | *To be determined at trial setting conference* | |
| Deadline to File Joint Pretrial Statement; Proposed Jury Instructions; Proposed Voir Dire; Proposed Verdict Forms; Trial Briefs | *To be determined at trial setting conference* | June 10, 2027 |
| Final Pretrial Conference | *To be determined at trial setting conference* | June 24, 2027 |
| Trial | July 19, 2027 | July 19, 2027 |

Dated: October 23, 2026

Respectfully submitted,


*/s/ Karim Z. Oussayef*
Gabriel S. Gross (SBN 254672)
Gaby LaHatte (SBN 321844)
Vanessa K. Sim (SBN 341107)
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, California 94065
Telephone: (650) 802-3000
Facsimile: (650) 802-3100
gabe.gross@weil.com
gaby.lahatte@weil.com
vanessa.sim@weil.com

Christopher W. Henry (*pro hac vice*)
Adam Gershenson (*pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
1001 Boylston Street, Suite 300
Boston, Massachusetts 02115
Telephone: (617) 772-8300
Facsimile: (617) 772-8333
chris.henry@weil.com
adam.gershenson@weil.com

Rachel L. Weiner Cohen (*pro hac vice*)
Nicole Elena Bruner (*pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
2001 M Street NW, Suite 600
Washington, DC 20036
Telephone: (202) 682-7000
Facsimile: (202) 857-0940
rachel.cohen@weil.com
nicole.bruner@weil.com

Heather Blacklaws (*pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
600 Congress Avenue, Suite 2170
Austin, Texas 78701
Telephone: (512) 487-1480
Facsimile: (512) 487-1520
heather.blacklaws@weil.com

Nina Shapiro (*pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
767 5th Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

*/s/ David Eiseman*
Andrew H. Schapiro (*pro hac vice*)
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
(312) 705-7400
andrewschapiro@quinnemanuel.com

Patrick D. Curran (Bar No. 241630)
111 Huntington Ave, Suite 520
Boston, MA 02199
(617) 712-7100
patrickcurran@quinnemanuel.com

David Eiseman (Bar No. 114758)
Jodie W. Cheng (Bar No. 292330)
Victoria B. Parker (Bar No. 290862)
Andrew M. Mather (Bar No. 345548)
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
davideiseman@quinnemanuel.com
jodiecheng@quinnemanuel.com
vickiparker@quinnemanuel.com
andrewmather@quinnemanuel.com

Yehuda Goor (*pro hac vice*)
Lucas A. Hammill (*pro hac vice*)
Jordan M. Nakdimon (*pro hac vice*)
295 Fifth Avenue, 9th Floor
New York, NY 10016
(212) 849-7000
yehudagoor@quinnemanuel.com
lucashammill@quinnemanuel.com
jordannakdimon@quinnemanuel.com

Joseph E. Reed (Bar No. 323524)
555 Twin Dolphin Dr., 5th Floor
Redwood Shores, CA 94065
(650) 801-5000
joereed@quinnemanuel.com

*Attorneys for Defendants OpenAI Foundation, OpenAI Group PBC, io Products LLC, and Tang Yew Tan*

*/s/ Kate E. Lazarus*
Kate E. Lazarus (Bar No. 268242)
KWUN BHANSALI LAZARUS LLP
klazarus@kblfirm.com
555 Montgomery Street, Suite 750
San Francisco, CA 94111
Tel: (415) 630-2350

nina.shapiro@weil.com

*Attorney for Defendant Chang Liu*

John M. Desmarais (SBN 320875)
Karim Z. Oussayef (*pro hac vice*)
Steven Balcof (*pro hac vice*)
Ido Sadeh (*pro hac vice*)
Jun H. Tong (*pro hac vice*)
DESMARAIS LLP
230 Park Ave, 26th Floor
New York, New York 10169
Telephone: (212) 351-3400
Facsimile: (212) 351-3401
jdesmarais@desmaraisllp.com
koussayef@desmaraisllp.com
sbalcof@desmaraisllp.com
isadeh@desmaraisllp.com
jtong@desmaraisllp.com

Marie Delzell (SBN 367393)
DESMARAIS LLP
101 California Street, Suite 3000
San Francisco, California 94111
Telephone: (415) 573-1900
Facsimile: (415) 573-1901
mdelzell@desmaraisllp.com

Atifah Safi (*pro hac vice*)
DESMARAIS LLP
1899 Pennsylvania Avenue, NW, Suite 400
Washington, DC 20006
Telephone: (202) 451-4900
Facsimile: (202) 451-4901
asafi@desmaraisllp.com

*Attorneys for Plaintiff Apple Inc.*