Gabriel S. Gross (SBN 254672)
Gaby LaHatte (SBN 321844)
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, California 94065
Telephone: (650) 802-3000
Facsimile: (650) 802-3100
gabe.gross@weil.com
gaby.lahatte@weil.com

Christopher W. Henry (*pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
1001 Boylston Street, Suite 300
Boston, Massachusetts 02115
Telephone: (617) 772-8300
Facsimile: (617) 772-8333
chris.henry@weil.com

Rachel L. Weiner Cohen (*pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
2001 M Street NW, Suite 600
Washington, DC 20036
Telephone: (202) 682-7000
Facsimile: (202) 857-0940
rachel.cohen@weil.com

John M. Desmarais (SBN 320875)
DESMARAIS LLP
230 Park Avenue, 26th Floor
New York, New York 10169
Telephone: (212) 351-3400
Facsimile: (212) 351-3401
jdesmarais@desmaraisllp.com

*Counsel for Plaintiff Apple Inc.*

Andrew H. Schapiro (*pro hac vice*)
QUINN EMANUEL URQUHART & SULLIVAN, LLP
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
(312) 705-7400
andrewschapiro@quinnemanuel.com

Patrick D. Curran (Bar No. 241630)
QUINN EMANUEL URQUHART & SULLIVAN, LLP
111 Huntington Ave, Suite 520
Boston, MA 02199
(617) 712-7100
patrickcurran@quinnemanuel.com

*Attorneys for Defendants OpenAI Foundation, OpenAI Group PBC, io Products LLC, and Tang Yew Tan*

Kate E. Lazarus (Bar No. 268242)
klazarus@kblfirm.com
KWUN BHANSALI LAZARUS LLP
555 Montgomery Street, Suite 750
San Francisco, CA 94111
Tel: (415) 630-2350

*Attorneys for Defendant Chang Liu*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
**SAN JOSE DIVISION**

| | |
|---|---|
| APPLE INC.,<br><br>Plaintiff,<br><br>vs.<br><br>CHANG LIU, TANG YEW TAN, OPENAI FOUNDATION f/k/a OPENAI, INC., OPENAI GROUP PBC, and IO PRODUCTS, LLC f/k/a IO PRODUCTS, INC.,<br><br>Defendants. | Case Number: 5:26-cv-07078-EJD<br><br>**STIPULATION & ~~[PROPOSED]~~ ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION** |

Upon the stipulation of the parties, the Court ORDERS as follows:

1. This Order supplements all other discovery rules and orders. It streamlines Electronically Stored Information ("ESI") production to promote a "just, speedy, and inexpensive determination of this action, as required by Federal Rule of Civil Procedure 1.

2. All Parties are bound by and subject to the terms of this ESI Order. These procedures shall not apply to discovery of images of devices or storage locations which are, or will be, subject to a separate forensic protocol.

3. This Order may be modified in the Court's discretion or by stipulation.

4. **Cooperation.** The Parties shall conduct discovery in a cooperative manner, including without limitation, by producing Documents in accordance with Federal Rule of Civil Procedure 34, and by meeting and conferring in good faith on any issue regarding ESI, as necessary, that may arise during the course of discovery. No Party may seek relief from the Court concerning compliance or non-compliance with the Stipulation until it has met and conferred with the other Party in a good faith effort to resolve or narrow the area of disagreement.

5. **Search and Production.**

a. **Custodian Identification and Search Terms to be Exchanged.** The parties shall meet and confer on the list of individual custodians for purposes of collection, review and production of electronically stored information. In connection with the meet and confer process, each party shall provide a proposed list of individual custodians who are knowledgeable about and were involved with the core issues or subjects in this litigation and shall reach an agreement on the relevant time periods for electronic searches. The parties shall meet and confer to reach agreement on document custodians and on search terms to be used for electronic searches of the files from those custodians. ESI, including, but not limited to electronic files and email, shall be collected for each individual custodian from the personal computers, network resources, and other electronic devices that those individuals use for work purposes. However, the parties shall agree to reasonable limits,

including with regard to the dates and scope of collection. Each Party will search and review for ESI from the agreed-upon custodians using the agreed-upon list of search terms. Notwithstanding prior agreement on the search terms to be used for electronic searches, should a search produce an unreasonably large number of non-responsive or irrelevant results, the parties shall (at the producing party's request) meet and confer to discuss application of further negative search restrictions (e.g., if a single search was for "card" and ninety percent of the resulting documents came from the irrelevant term "credit card," a negative limitation to ignore documents only returned as a result of "credit card" may be applied to remove these documents). The party receiving production shall not unreasonably oppose such further restrictions designed to filter immaterial search results. The parties shall make good faith efforts to identify appropriate custodians and produce ESI on the agreed upon schedule, but reserve the right to seek ESI from additional custodians identified through discovery.

b. When search terms are applied to identify discoverable Documents, the terms will be applied to the Documents' metadata, file name and file path, in addition to the Documents' content.

c. To the extent that there are potentially relevant data sources that are not searchable with search terms (e.g., CAD drawings, voicemails, software program files, etc.) the parties will agree to meet and confer in good faith.

d. **TAR:** Nothing in this Order prevents parties from agreeing to use technology assisted review (TAR) and other techniques insofar as their use improves the efficacy of discovery.

e. **Production and Supplementation of ESI:** Production of responsive, non-privileged ESI shall proceed on a rolling basis and in view of the Scheduling Order entered in this case.

6. **Metadata:** Load files should include, where applicable and to the extent it exists and was captured at the time of the collection, the information listed in **Exhibit A** attached. The parties are not obligated to include metadata for any document that does not contain such metadata in the original. To the extent a party believes additional metadata fields should be provided, the Parties shall meet and confer regarding that request. The parties reserve their rights to object to any request for metadata that is unduly burdensome or disproportionate to needs of the case.

a. **Preservation:** The Parties have discussed their preservation obligations and needs and agree that preservation of potentially relevant ESI will be reasonable and proportionate.

b. The parties agree data from the following sources (a) could contain relevant information but (b) under the proportionality factors, should not be preserved for the purpose of the ESI Order: (i) Random access memory (RAM), temporary files, or other ephemeral data that are difficult to preserve without disabling the operating system; (ii) data from platforms that do not offer preservation functionality nor allow for the creation of account-wide snapshots or backups; (iii) dynamic fields in databases or log files not stored or retained in the usual course of business; (iv) mobile device activity logs; (v) server, system, or network logs; (vi) data in metadata fields that are frequently updated automatically, such as last opened or last modified dates; and (vii) deleted, slack, fragmented, or unallocated data only accessible by forensics.

c. Data that is inaccessible within the meaning of Federal Rule of Civil Procedure 26(b)(2)(B) shall not be produced to another party, either in native form or otherwise, unless ordered by the Court. The parties will meet and confer in good faith regarding whether there are reasonable and practical methodologies to query or sample such data sources.

7. Production Format for ESI.

a. **Culling/Filtering.** Each party will use its best efforts to filter out common system files and application executable files by using a commercially reasonable hash identification process. Hash values that may be filtered out during this process are located in the National Software Reference Library (NSRL) NIST hash set list. Additional culling of system file types, other non-user generated files, or processing artifacts based on file extension may include, but are not limited to: WINNT, LOGS, DRVS, Channel Definition Format (cdf), Creatures Object Sources (cos), Dictionary file (dic), Executable (exe), Label Pro Data File (IPD), Office Data File (NICK), Office Profile Settings (ops), Outlook Rules Wizard File (rwz), Scrap Object, System File (dll), Temporary File (tmp), Windows Error Dump (dmp), Windows NT/2000 Event View Log file (evt), Program Installers, timezone files, and font files (e.g., fntdata, ttf).

b. **Deduplication.** A producing party may, without meeting and conferring, deduplicate identical documents horizontally (across custodians). The producing party will make reasonable efforts to prevent identical Slack or similar messages from being produced multiple times in different formats.

c. **Unsupported File Types.** For unsupported file type documents that cannot be reviewed on a discovery platform, the parties may produce a placeholder slip sheet to the requesting party indicating that the document is an unsupported file type. The parties will meet and confer about reasonable alternative options for review and production of those file types.

d. **Password Protected Files.** The parties will make reasonable efforts to ensure that encrypted or password-protected documents are successfully processed for review and production. To the extent encrypted or password-protected documents are not able to be processed, the producing party may

produce a placeholder slip sheet to the requesting party indicating that the document's security protection could not be removed.

e. **Email Threading.** The parties agree that, where responsive, the parties may produce only the most inclusive copies of an email thread and any most inclusive branch-off copies of said email thread. Upon reasonable request by another party, the producing party must disclose to that other party whether it has in fact produced only the most inclusive copies of an email thread and any most inclusive branch-off copies of said email thread. Upon reasonable request in advance of depositions or prior to the end of discovery, the parties reserve the right to request and receive a reasonable number of "lesser" included emails within particular threads.

f. **Backup Data.** Absent a showing of good cause, no party need restore any form of media upon which backup data is maintained in a party's normal or allowed processes, including, but not limited to, backup tapes, disks, SAN, disaster recovery systems, and other forms of media, to comply with its discovery obligations in the present case.

g. **Format for production of documents—documents existing in electronic format.** Except as otherwise provided for in this Stipulation, all documents existing in electronic format shall be produced in either (i) multiple page, searchable PDF format at a resolution of at least 300 dpi in accordance with the following: 1) PDF files shall be produced along with Concordance/Opticon image load files that indicate the beginning and ending of each document; and 2) for documents which already exist in PDF format prior to production (i.e., which the producing party receives from a client or third party in PDF format), the producing party may provide them in that same PDF format, whether searchable or non-searchable. For documents converted to PDF format prior to production, the producing party shall make reasonable efforts to convert to searchable PDF, or (ii) 300 DPI TIFF black

and white images with 1-bit depth and with a Bates number stamped on each page, document metadata (including extracted or OCR text), and a link to the associated extracted or OCR text file. The parties will consider re-producing select and specifically identified color documents as paginated color JPGs upon reasonable request by the receiving party.

h. **Format for production of documents—hardcopy or paper documents.** All documents that are hardcopy or paper files shall be scanned and produced in the same manner as documents existing in electronic format, above.

i. **Production media and encryption of productions.** Unless otherwise agreed, the parties shall provide document productions in the following manner: The producing party shall provide the production data on CDs, DVDs, external hard drives or SFTP, as appropriate. The producing party shall encrypt the production data using WinRAR encryption, and the producing party shall forward the password to decrypt the production data separately from the CD, DVD, external drive or SFTP to which the production data is saved.

j. **Source code.** This Stipulation does not govern the format for production of source code, which shall be produced pursuant to the relevant provision of the Protective Order.

k. **Databases.** To the extent that any Party requests information that is stored in a database or database management system, the Parties will meet and confer regarding the accessibility of such information and the format of production. The parties will meet and confer in good faith regarding a production of relevant and responsive information from databases in an alternate form, such as a report or data table.

l. **Requests for hi-resolution or color documents.** The parties agree to respond to reasonable and specific requests for the production of higher resolution or color images. Nothing in this Stipulation shall preclude a

producing party from objecting to such requests as unreasonable in number, timing or scope, provided that a producing party shall not object if the document as originally produced is illegible or difficult to read. The producing party shall have the option of responding by producing a native-file version of the document. If a dispute arises with regard to requests for higher resolution or color images, the parties will meet and confer in good faith to try to resolve it.

m. **Foreign language documents.** All documents shall be produced in their original language. Where a requested document exists in a foreign language and the producing party also has an English-language version of that document that it prepared for non-litigation purposes prior to filing of the lawsuit, the producing party shall produce both the original document and all English-language versions. In addition, if the producing party has a certified translation of a foreign-language document that is being produced, (whether or not the translation is prepared for purposes of litigation) the producing party shall produce both the original document and the certified translation. Nothing in this agreement shall require a producing party to prepare a translation, certified or otherwise, for foreign language documents that are produced in discovery.

n. **Native Files.** Spreadsheet-type files (e.g., Microsoft Excel or Google Sheets) and Multimedia files (video, audio, voicemail, etc.) should be produced in native format unless they require redaction. Documents produced natively shall be represented in the set of imaged documents by a slipsheet indicating the production identification number and confidentiality designation for the native file that is being produced.

o. **Reproduction as Natives.** The parties agree that to the extent any party seeks production in native format of specifically identified ESI produced originally

in TIFF or PDF form, the producing party shall respond reasonably and in good faith to any such request.

p. **Redacted Documents.** Regardless of a document's redacted status, available metadata fields that do not contain privileged or protected information will be provided with that document. For redactions on documents produced natively, the following specifications will govern:

i. Spreadsheet-type files which require redactions may be redacted natively.

ii. Documents requiring redactions will be printed to TIFF or PDF for redaction. The producing party shall make reasonable efforts to ensure that any documents produced only as TIFF or PDF images with redactions are formatted so as to be legible, and with markup printing enabled.

q. **Family Relationships.** All attachments, addendums, enclosures, and/or exhibits to a parent document will be, to the extent reasonably possible, produced immediately following the parent document and identified as they relate to the respective parent document with the parent/child relationship intact. Such attachments, addendums, enclosures, and/or exhibits will be replaced with a slip sheet where an attachment is withheld. The parties will indicate on a slip sheet the basis for withholding the document. For the avoidance of doubt, ESI referenced in documents (or in any other ESI) by a hyperlink or other pointer ("hyperlinked file") are not attachments, addendums, enclosures, and/or exhibits, and the parties are not required to produce them. The receiving party may make reasonable requests for the production of hyperlinked files on a case-by-case basis, to the extent the effort required to search for the hyperlinked file(s) would be proportional to the needs of the case. The parties will not attempt to access the producing party's internal Google hyperlinks contained in produced documents other

than through the ordinary discovery process, including the hyperlinked-request process described below. The parties may request permission from the Court to redact such hyperlinks, or unique identifiers contained within hyperlinks, prior to their inclusion in the court filings, exhibits, or materials to be relied upon at trial.

r. **Chat Transcripts.** Slack or other messaging applications shall be produced in 24-hour transcripts.

8. **Communications with Experts.** Drafts of reports, declarations, affidavits, or notes prepared by an expert who may give testimony in this case (Testifying Expert), or his or her assistants, as part of the Testifying Expert's investigation and/or in developing the Testifying Expert's opinions and reports shall not be subject to discovery. The limitation applies regardless of whether such draft reports have been disclosed, or otherwise transmitted to, or contain any notes, writing, or markings created by outside or in-house counsel, or employees of or consultants for the party or parties who engaged such Testifying Expert. Discovery of materials provided to a Testifying Expert is limited to those materials, facts, consulting expert opinions, and other matters actually relied upon by the Testifying Expert in formulating his or her final report(s), or trial or deposition testimony.

9. No discovery may be taken from any consulting expert who will not provide testimony and/or an expert opinion in this case (Consulting Expert), including with respect to drafts of reports, if any, prepared by an expert except to the extent that the Consulting Expert has provided information, opinions, or other materials that a Testifying Expert relied on in formulating his or her final report(s), or trial or deposition testimony. Where a Consulting Expert has provided materials or information that a Testifying Expert has relied on in formulating his or her final report(s), trial or deposition testimony, discovery (other than depositions) may be taken of the Consulting Expert regarding those specific materials and information.

10. **Non-Party Documents.** Any party that issues a non-party subpoena shall timely notify other parties when it receives non-party productions of documents, ESI, or other responses from the non-party, and shall provide copies of all such productions in the format in which they

were received from the non-party to the other parties. If the non-party produces documents or ESI that are not Bates labeled, the receiving party will Bates-label the documents or ESI before producing a copy to the other parties if the produced documents or ESI are of the type so requiring consistent with other provisions of this Order. Nothing in this Order precludes a receiving party from reviewing a non-party production of documents or ESI and applying (if the non-party produced documents without confidentiality designations) or elevating a confidentiality designation if the production contains confidential or extremely sensitive information.

11. **Logging Privileged Documents.** Consistent with the Federal Rules of Civil Procedure, a party withholding or redacting any document on the grounds of privilege, immunity or any similar claim shall provide to the Receiving Party a privilege or redaction log. The parties shall provide a privilege or redaction log at a mutually agreeable time and have no obligation to identify on privilege or redaction logs any material dated after the filing of the Complaint that has been withheld or redacted on the grounds of privilege, immunity or any similar claim. The Parties are to confer on the nature and scope of privilege logs for the case, including whether categories of information may be excluded from any logging requirements and whether alternatives to document-by-document logs can be exchanged.

12. The log shall contain the following information: (i) the date the document was created, sent, or modified; (ii) the identity of the custodian(s) of the document; (iii) the identity of the sender(s), author(s), or signer(s) of the document; (iv) the identity of all recipients, copyees, or blind copyees; (v) a description of the contents of the document that, without revealing information that itself is privileged or protected, is sufficient to understand the subject matter of the document and the basis of the claim of privilege or immunity; (vi) the subject line or file name of the document, without revealing information that itself is privileged or protected; (vii) the type or nature of the privilege asserted (e.g., attorney-client privilege, work product doctrine, etc.); and (viii) for redacted documents only, the Bates numbers corresponding to the first and last page of any document redacted. To the extent e-mail is included and described on the log, any e-mail chain (i.e., a series of e-mails linked together by e-mail responses and forwarding) that is withheld or redacted on the grounds of privilege, immunity or any similar claim may be logged as a single entry and identified

by the most recent (i.e., top-most) e-mail. The parties shall not be required to break up an e-mail chain and log each individual e-mail separately. If, however, an e-mail contained within a given chain exists as a separate document, then the parties shall log that material in accordance with this Section. All logged attachments to a parent document will be, to the extent reasonably possible, logged immediately following the parent document and identified in the document description as they relate to the respective parent document with the parent/child relationship intact. Activities undertaken in compliance with the duty to preserve information (including, but not limited to, litigation hold letters) are protected from disclosure under Federal Rules of Civil Procedure 26(b)(3)(A) and (B).

**IT IS SO STIPULATED**, through Counsel of Record.

Dated: October 21, 2026

*/s/ Gabriel S. Gross*
Counsel for Plaintiff Apple Inc.

Dated: October 21, 2026

*/s/ Andrew H. Schapiro*
Counsel for Defendants OpenAI Foundation, OpenAI Group PBC, io Products LLC, and Tang Yew Tan

Dated: October 21, 2026

*/s/ Kate E. Lazarus*
Counsel for Defendant Chang Liu

**IT IS ORDERED** that the foregoing Agreement is approved.

Dated: October 26, 2026

UNITED STATES DISTRICT JUDGE

**EXHIBIT A**
**TABLE OF METADATA FIELDS**

| **Field Name** | **Specifications Field Name** | **Field Type** | **Description (Email)** | **Description (E-Files/Attachments)** |
|---|---|---|---|---|
| BegDoc | Unique ID (Bates number) | Paragraph | The Document ID number associated with the first page of an email. | The Document ID number associated with the first page of a document |
| EndDoc | Unique ID (Bates number) | Paragraph | The Document ID number associated with the last page of an email. | The Document ID number associated with the last page of a document. |
| BegAttach | Unique ID (Bates number) Parent-Child Relationships | Paragraph | The Document ID number associated with the first page of a parent email. | The Document ID number associated with the first page of a parent document. |
| EndAttach | Unique ID (Bates number) Parent-Child Relationship | Paragraph | The Document ID number associated with the last page of the last attachment to a parent email. | The Document ID number associated with the last page of the last attachment to a parent document. |
| Pages | Pages | Number | The number of pages for an email. | The number of pages for a document. |
| Prod Volume | Production volume | Number | The volume of the production in which the document appears | The volume of the production in which the document appears |
| Redaction | Redactions | Paragraph | Yes or No | Yes or No |
| Confidentiality | Confidentiality | Paragraph | Confidential, HC-AEO, etc. | Confidential, HC-AEO, etc. |
| Date Sent | The date the email, message, or document was sent. | Date (MM/DD/YYYY format) | The date the email was sent. | For email attachments, the date the parent email was sent. For other files, the date the file was sent. |
| Date Received | The date the email, message, or document was received. | Date (MM/DD/YYYY format) | The date the email was received. | For email attachments, the date the parent email was received. For other files, the date the file was received. |

| **Field Name** | **Specifications Field Name** | **Field Type** | **Description (Email)** | **Description (E-Files/Attachments)** |
|---|---|---|---|---|
| Date Time Created | The date the email, message, or document was created. | Created date and time (MM/DD/YYYY format) | The date and time the email was created. | The date and time the email or file was created. |
| Date Time Last Modified | The date and time of last modification of the document or file. | Date and time last modified (MM/DD/YYYY) | The date and time of last modification. | The date and time of last modification of the document or file. |
| Author | Author Display Name (e-mail) | Paragraph | The display name of the author or sender of an email. | The name of the author or sender as identified by the metadata of the document. |
| To | Recipient | Paragraph | The display name of the recipient(s) of an email. | The display name of the recipient(s) of a document (e.g., fax recipients). |
| CC | CC | Paragraph | The display name of the copyee(s) of an email. | |
| BCC | BCC | Paragraph | The display name of the blind copyee(s) of an email. | |
| Subject | Subject (e-mail) | Paragraph | The subject line of an email. | The subject of a document from entered metadata. |
| Custodian | Custodian | Paragraph | The custodian of an email. | The custodian of a document. |
| All Custodians | All Custodians | Paragraph | The custodians of an email. | The custodians of a document. |
| File Name | The file name of the document. | Paragraph | The file name of the document. | The file name of the document. |
| File Extension | The file extension of the document. | Paragraph | The file extension of the document. | The file extension of the document. |
| Hash Value (MD5 or SHA-1) | Unique ID | Paragraph | The unique electronic signature of email or electronic file. | The unique electronic signature of email or electronic file. |
| Attachment Range | Bates range for the full family of the document | Number | Bates range for the full family of the document | Bates range for the full family of the document |

| **Field Name** | **Specifications Field Name** | **Field Type** | **Description (Email)** | **Description (E-Files/Attachments)** |
|---|---|---|---|---|
| Parent ID | Bates number of the parent document | Number | Bates number of the parent document | Bates number of the parent document |
| Attach ID | Bates number of any attached documents | Number | Bates number of any attached documents | Bates number of any attached documents |