United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., Plaintiff, v. CHANG LIU, et al., Defendants. | Case No. 5:26-cv-07078-EJD **ORDER GRANTING ADDITIONAL EXPEDITED DISCOVERY** Re: ECF Nos. 49, 175, 190 |

Before the Court is Plaintiff Apple, Inc.'s ("Plaintiff" or "Apple") and Defendants Chang Liu ("Mr. Liu") and Tang Yew Tan ("Mr. Tan") (collectively, the "Individual Defendants"), and OpenAI Foundation and OpenAI Group PBC (collectively, "OpenAI") and io Products, LLC's ("io") (collectively, the "Corporate Defendants", and all together "Defendants") joint submission regarding the term "Apple Originated Information." Joint Submission, ECF No. 190.

The joint submission is responsive to this Court's previous Order Granting in Part, Denying in Part, and Deferring Ruling in Part on Plaintiff's Motion for Expedited Discovery. Order 10, ECF No. 175. The Court **ADOPTS AS MODIFIED** the Parties' definition of "Apple Originated Information":

> The term "Apple Originated Information," as used herein, shall refer to any (1) non-public Apple information embodying or reflecting any of the trade secrets identified in Apple's Preliminary and Non-Binding Identification of Exemplary Trade Secrets (Dkt. 47-8), (2) non-public Apple information embodying or reflecting consumer hardware engineering (including design and development) information, metal-finishing information, battery design and manufacturing information, and consumer hardware component information, or (3) other Apple information labeled as confidential or Apple Confidential, that was created, edited, acquired, or learned by ~~an Apple employee.~~ a former Apple employee employed by Defendants OpenAI Foundation f/k/a OpenAI, Inc., OpenAI Group PBC, or io Products, LLC f/k/a io

Products, Inc.

With this term more narrowly tailored, the Court revisits the portions of Apple's Motion for Expedited Discovery that it previously deferred ruling on. The Court incorporates the reasoning and discussion set out in the prior Order (ECF No. 175) and **ORDERS** as follows:

1. *Requests for Production ("RFP").*

   a. Within fourteen (14) days of this Order, or five (5) days for any materials that Defendants have already collected in connection with this litigation, Defendants **SHALL** respond to the following:

      i. Liu RFP No. 2/OpenAI RFP No. 3: All records of Mr. Liu's use of AI tools—for (1) alleged "personal experimentation" (Dkt. 144-6, ¶ 16) and (2) relating to Apple Originated Information—from January 23, 2026, to present, including but not limited to "forensic records of Liu's use of (1) Claude, (2) Codex, (3) ChatGPT, and (4) OpenClaw" on Mr. Liu's "Mac Mini computer and personal accounts" (Dkt. 144-2, ¶ 8) and records of Mr. Liu's use of these and other AI tools on his corporate devices and accounts, including those identified in Exhibit D to the September 11, 2026, Crain Declaration.

2. *Interrogatories.*

   a. Within fourteen (14) days of this Order, Defendants shall respond to the following interrogatories:

      i. Liu Interrogatory No. 1: Identify all accounts, electronic devices or storage locations (e.g., network servers, cloud storage or email accounts), and apps that are or have been in Your possession, custody, or control used to access, acquire, store, use, review, disclose, solicit, or communicate about, for any purpose, Apple Originated Information after January 22, 2026. This includes but is not limited to personal, OpenAI-, and Apple-issued devices and Accounts, including Your



United States District Court
Northern District of California

United States District Court
Northern District of California

Apple-issued 16-inch, 2021 MacBook Pro with serial number [REDACTED];[1] Your device with serial number [REDACTED]; Your accounts registered to [REDACTED] and [REDACTED]; Your emails [REDACTED] and [REDACTED]; the LINE App, Signal, Telegram, Kik; and any other accounts, electronic devices and other storage locations used to access, acquire, store, use, review, disclose, solicit, or communicate about, for any purpose, Apple Originated Information.

ii. Liu Interrogatory No. 2: If a device, account, storage location, or app identified in response to Liu Interrogatory No. 1 no longer contains Apple Originated Information or Documents containing, describing, disclosing, identifying, or relating or referring to any Apple Originated Information, describe with particularity what Apple Originated Information was accessed, copied, downloaded, stored, received, transmitted, shared, or otherwise obtained on it; how that Apple Originated Information was accessed; how long that Apple Originated Information was stored on it; and the circumstances surrounding the erasure, deletion, or destruction of that Apple Originated Information including when it happened, who was involved, and the reason.

iii. Tan Interrogatory No. 1: Identify all accounts, electronic devices or storage locations (e.g., network servers, cloud storage or email accounts), and apps that are or have been in Your possession, custody, or control used to access, acquire, store, use, review, disclose, solicit, or communicate about, for any purpose, Apple Originated Information after February 2, 2024. This includes but is not limited to personal,

[1] Parties should refer to Apple's Narrowed Discovery Requests maintained under seal for the serial numbers, email addresses, and names reflected as "[REDACTED]" throughout this Order. *See* ECF No. 160-3.

OpenAI-, and Apple-issued devices and Accounts, including Your accounts registered to [REDACTED] and [REDACTED]; Your emails [REDACTED] and [REACTED]; the LINE App, Signal, Telegram, Kik; and any other accounts, electronic devices and other storage locations used to access, acquire, store, use, review, disclose, solicit, or communicate about, for any purpose, Apple Originated Information.

iv. Tan Interrogatory No. 2: If a device, account, storage location, or app identified in response to Tan Interrogatory No. 1 no longer contains Apple Originated Information or Documents containing, describing, disclosing, identifying, or relating or referring to any Apple Originated Information, describe with particularity what Apple Originated Information was accessed, copied, downloaded, stored, received, transmitted, shared, or otherwise obtained on it; how that Apple Originated Information was accessed; how long that Apple Originated Information was stored on it; and the circumstances surrounding the erasure, deletion, or destruction of that Apple Originated Information including when it happened, who was involved, and the reason.

b. The following Interrogatories are more appropriately addressed through ordinary merits discovery, which neither Party appears to dispute should be conducted efficiently. Accordingly, the motion for expedited discovery is **DENIED** as to the below Interrogatories, and the Corporate Defendants need not respond:

i. OpenAI Interrogatory No. 1: Identify all accounts, electronic devices or storage locations (e.g., network servers, cloud storage or email accounts), and messaging apps that are or have been in Your possession, custody, or control containing, describing, disclosing, identifying, or relating or referring to any Apple Originated Information, or used to

United States District Court
Northern District of California

access, acquire, store, use, review, disclose, solicit, or communicate about Apple Originated Information. This includes but is not limited to any personal, OpenAI- and Apple- issued devices and Accounts, computers, USB drives, storage repositories, email or cloud accounts, or other accounts or devices, including personal accounts and devices used for work related to OpenAI.

ii. OpenAI Interrogatory No. 2: For each account, device, storage location, or app identified in response to OpenAI Interrogatory No. 1. describe in detail the facts and circumstances concerning how You became aware that Apple Originated Information was contained, described, disclosed, identified, or referred to on it; any and all actions You took in response to that awareness, including any investigations You conducted (including what you did in response to Apple's February 23 Pre-Suit Letter to OpenAI); and the results thereof (including any and all efforts to isolate or remediate the Apple Originated Information), Identifying each Document that supports or refutes Your response; and Identify the three (3) Persons most knowledgeable about your response.

iii. OpenAI Interrogatory No. 3: If a device, account, storage location, or app identified in response to OpenAI Interrogatory No. 1 no longer contains Apple Originated Information or Documents or Communications containing, describing, disclosing, identifying, or relating or referring to any Apple Originated Information, describe with particularity what Apple Originated Information was accessed, copied, downloaded, stored, received, transmitted, shared, or otherwise obtained on it; how that Apple Originated Information was accessed; how long that Apple Originated Information was stored on it; the circumstances surrounding the erasure, deletion, or destruction of that Apple

United States District Court
Northern District of California

Originated Information including when it happened, who was involved, and the reason; and the three (3) Persons most knowledgeable about your response.

3. *Depositions*.

a. The Court **GRANTS** Plaintiff's request to take the deposition of Defendants OpenAI Foundation f/k/a OpenAI, Inc., OpenAI Group PBC, and io Products, LLC f/k/a io Products, Inc. pursuant to Rule 30(b)(6), regarding three of Apple's proposed deposition topics (in addition to Topic No. 1, addressed in this Court's previous Order). Apple **MAY** seek expedited discovery regarding the following:

i. <u>30(b)(6) Topic No. 2</u>: Any work, experimentation, documentation, or communications by Chang Liu, Tang Yew Tan, Yu-Ting ("Alyssa") Peng, and [REDACTED] at OpenAI involving Apple Originated Information related to: (1) power management information, designs, and simulations; (2) battery management information and designs; and (3) metal finishing processes, parameters, materials, and techniques.

ii. <u>30(b)(6) Topic No. 4</u>: OpenAI's interviews of or conducted by Chang Liu, Tang Yew Tan, Yu-Ting ("Alyssa") Peng, and [REDACTED], including but not limited to recruitment, contractual obligations, pre-interview requests or guidance to candidates, efforts to discuss or illicit Apple Originated Information, all Apple Originated Information discussed, interview feedback, and offers of employment.

iii. <u>30(b)(6) Topic No. 5</u>: Any steps You have taken or failed to take to ensure that You or Chang Liu, Tang Yew Tan, Yu-Ting ("Alyssa") Peng, and [REDACTED] did not acquire, use, or disclose any Apple Originated Information without authorization or to isolate, maintain the confidentiality of, or return to Apple any Apple Originated Information

United States District Court
Northern District of California

You became aware was in Your possession, custody, or control without authorization.

b. The Court **DENIES** Apple's request to seek expedited discovery regarding proposed 30(b)(6) Topic Nos. 3 and 6, finding that these topics are too broad at this stage and better suited for merits discovery.

Finally, the Court must now address whether the 25 interrogatory limit set forth in Federal Rule of Civil Procedure 33 should apply to Apple's expedited requests. The Court **DECLINES** to find that the interrogatories are in addition to, and not subject to, the limits on discovery. As with the deposition limits, the Court will entertain future motions to exceed the 25 interrogatory limit set forth in Rule 33, as necessary.

**IT IS SO ORDERED.**

Dated: October 27, 2026

EDWARD J. DAVILA
United States District Judge