Gabriel S. Gross (SBN 254672)
Gaby LaHatte (SBN 321844)
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, California 94065
Telephone: (650) 802-3000
Facsimile: (650) 802-3100
gabe.gross@weil.com
gaby.lahatte@weil.com

Christopher W. Henry (*pro hac vice*)
Adam Gershenson (*pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
1001 Boylston Street, Suite 300
Boston, Massachusetts 02115
Telephone: (617) 772-8300
Facsimile: (617) 772-8333
chris.henry@weil.com
adam.gershenson@weil.com

Rachel L. Weiner Cohen (*pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
2001 M Street NW, Suite 600
Washington, DC 20036
Telephone: (202) 682-7000
Facsimile: (202) 857-0940
rachel.cohen@weil.com

John M. Desmarais (SBN 320875)
DESMARAIS LLP
230 Park Avenue, 26th Floor
New York, New York 10169
Telephone: (212) 351-3400
Facsimile: (212) 351-3401
jdesmarais@desmaraisllp.com

*Attorneys for Plaintiff Apple Inc.*

Andrew H. Schapiro (*pro hac vice*)
QUINN EMANUEL URQUHART & SULLIVAN, LLP
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Telephone: (312) 705-7400
andrewschapiro@quinnemanuel.com

Patrick D. Curran (Bar No. 241630)
QUINN EMANUEL URQUHART & SULLIVAN, LLP
Telephone: (617) 712-7100
111 Huntington Ave, Suite 520
Boston, MA 02199
patrickcurran@quinnemanuel.com

*Attorneys for Defendants OpenAI Foundation, OpenAI Group PBC, io Products LLC, and Tang Yew Tan*

Kate E. Lazarus (Bar No. 268242)
KWUN BHANSALI LAZARUS LLP
555 Montgomery St., Suite 750
San Francisco, CA 94111
Telephone: (415) 630-2350
klazarus@kblfirm.com

*Attorney for Defendant Chang Liu*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

APPLE INC.,

Plaintiff,

vs.

CHANG LIU, TANG YEW TAN, OPENAI FOUNDATION f/k/a OPENAI, INC., OPENAI GROUP PBC, and IO PRODUCTS, LLC f/k/a IO PRODUCTS, INC.,

Defendants.

Case No. 5:26-cv-07078-EJD

**JOINT STATEMENT REGARDING ESI PROTOCOL FOR THE EXCHANGE OF CUSTODIANS AND SEARCH TERMS**

**Judge:** Edward J. Davila

**Complaint Filed:** July 10, 2026

Plaintiff Apple Inc. ("Apple") and Defendants Chang Liu ("Liu"), Tang Yew Tan ("Tan"), and OpenAI, Inc., OpenAI Group PBC, and io Products, Inc. (collectively, "OpenAI" or "Corporate Defendants") (Liu, Tan, and OpenAI together, "Defendants") respectfully submit this Joint Statement Regarding ESI Protocol For The Exchange of Custodians And Search Terms. The Parties certify that their respective lead trial counsel have met and conferred for the preparation of this joint statement. The parties respectfully request the Court to resolve the parties' disputes as highlighted in yellow below.

## I. APPLE'S STATEMENT

Apple's proposed ESI protocol is balanced. Apple and Defendants would both obtain documents from ten custodians, comprising six custodians negotiated between the parties and four additional custodians selected later by the receiving party. Thus, Apple and Defendants would both select the same number of custodians.

Defendants' proposal is one-sided. Defendants would obtain documents from sixteen custodians, comprising six custodians negotiated between the parties and ten additional custodians selected later by the Defendants. Apple, however, would have no choice for fourteen of the custodians—they would be dictated by Defendants—and would only select two additional custodians. The fourteen custodians that Defendants seek to force upon Apple are individuals Apple identified as relevant for forensic review. That identification does not necessarily mean they are appropriate as ESI custodians. Apple's identification of these individuals for forensic review should thus not limit Apple's ability to decide how to pursue discovery as the case progresses.

Defendants suggested that Apple should not select additional custodians because Defendants produced forensic images. Yet forensic images are limited to a particular device, such as a laptop, and likely do not capture all ESI that an individual may have in their possession, custody, or control. Nor do forensic images include emails or files stored remotely on an internet server, rather than locally on a storage drive. And documents from the forensic images are only received by Apple's outside counsel after its forensic expert has identified them and they have passed an objection period. (Dkt. 189.) Simply put, forensic images and custodial ESI are different sources of information and Apple should be permitted to decide how to pursue discovery from both sources.

Finally, Apple's proposal for the parties to disclose codenames and project names should also be adopted. Such disclosures would allow the parties to investigate Apple's allegations that Defendants use Apple's trade secrets in the development of their product. (Dkt. 1 ¶¶ 118-137.) Apple should be permitted to use Defendants' codenames "relevant to issues in this litigation" to investigate whether Apple's trade secrets have been integrated into Defendants' products and to test Defendants' allegations that their products are fundamentally different than Apple's products. Indeed, Defendants have already identified some codenames in discovery responses (*e.g.*, [redacted]). Both Apple and Defendants should be permitted to search ESI using each other's relevant codenames.

## II. DEFENDANTS' STATEMENT

The parties are at an impasse with respect to two issues—the number of ESI custodians and whether Apple should have access to internal OpenAI code names.

***Each Side Should Have Parity In The Number of Custodians.*** Defendants propose that each side designate 16 ESI custodians, with the 14 OpenAI employees covered by the Court's expedited-discovery order counting toward Apple's limit. *See* Dkt. 189. In contrast, Apple proposes that each side identify ten additional custodians, not inclusive of the 14 employees for whom OpenAI is producing full forensic images. Apple thus seeks discovery concerning as many as 24 OpenAI employees while limiting Defendants to ten Apple custodians. Apple attempts to justify this disparity by distinguishing forensic images from ordinary ESI discovery, but that distinction undermines Apple's position: Apple has broad access to forensic images that may contain deleted files, metadata, and information beyond the scope of ordinary ESI production, which is generally limited by search terms, temporal scope, and responsiveness review. Rule 26 also requires consideration of prior discovery and proportionality. *See* Fed. R. Civ. P. 26(b)(1), (b)(2)(C), (g)(1)(B)(iii). Further, this Court has already recognized that Apple's expedited discovery should count toward ordinary discovery. *See* Dkt. 197. The Court should reject Apple's one-sided approach to custodial ESI and adopt Defendants' proposed 16-custodian limit per side (or a different number, provided it is equal for both sides), inclusive of the 14 OpenAI custodians already subject to expedited discovery.

***Apple Does Not Need Confidential OpenAI Code Names To Identify Apple Information.*** Apple's proposal requires the parties to disclose all known internal codenames and project names

relevant to this case, subject to an ongoing supplementation obligation. But the case concerns the alleged misappropriation of Apple's confidential information, and Apple has not articulated any reason it needs OpenAI code names. Nor has it identified any objective criteria for determining which OpenAI projects fall within its vaguely defined relevance limitation. Instead, Apple's request amounts to an overbroad fishing expedition that will provide Apple a roster of OpenAI's confidential projects, unpoliced by the discovery rules. To the extent codename discovery is warranted, it should proceed through reciprocal interrogatories that count toward each party's interrogatory limit. Apple's current abstract demand, however, should be rejected.

## III. DISPUTED ESI PROTOCOL

Plaintiff Apple Inc. and Defendants Chang Liu, Tang Tan, OpenAI Foundation f/k/a OpenAI, Inc., OpenAI Group PBC, and io Products, LLC f/k/a io Products, Inc. (collectively, the Parties) propose the following procedure for the exchange of ESI custodians and search terms:

- Custodians. Apple and Defendants can request the collection, search and production of data (both email and other custodial data). [**<u>Apple's Proposal</u>**: Apple will provide up to a total of ten (10) custodians. Defendants will provide custodial documents for up to a total of ten (10) custodians, including Chang Liu's and Tang Tan's custodial documents.] [**<u>Defendants' Proposal</u>**: Apple will provide up to a total of sixteen (16) custodians. Defendants will provide custodial documents for up to a total of sixteen (16) custodians, comprised of two (2) custodians, plus Chang Liu, Tang Tan, Alyssa Peng, [redacted] Each custodian will be disclosed by name, title, company or companies for which they work and have relevant information, and time at the company or companies. The Parties may jointly agree to modify this limit or the procedures below without the Court's leave. To the extent that the corporate Defendants take the position that their corporate custodians have knowledge with respect to only a subset of corporate Defendants, Apple may request additional custodians with similar knowledge related to the other corporate Defendants. The Court may consider contested requests for additional custodians per side, upon a showing of good cause. The Parties shall identify the custodians whose files will be collected, searched, and produced, as follows:

    - By November 6, 2026, [**<u>Apple's Proposal</u>**: Apple shall identify six (6) of its own custodians, and Defendants shall identify six (6) of their own custodians, which would comprise of Chang Liu, Tang Tan, and four other custodians of the corporate Defendants] [**<u>Defendants' Proposal</u>**: Apple shall identify six (6) of its own custodians] ("Initial Exchange of ESI Custodians" in Table 1).

- Within four business (4) days of a producing Party's identification of custodians, the requesting Party may identify any proposed custodians it seeks to remove and any custodian it proposes as a substitute. A requesting Party that does not do so within four business (4) days waives the right to object to or seek substitution of those custodians. The producing Party has the right to object to any proposed custodians within two business (2) days of identification. Within two business (2) days thereafter, the Parties shall meet and confer to resolve any disputes.

[**Apple's Proposal**: The requesting party may thereafter, before December 8, 2026, select up to four (4) additional custodians from the producing party's personnel, upon reasonable notice, as it learns of individuals with relevant knowledge.] [**Defendants' Proposal**: Apple may at anytime thereafter select up to two (2) additional custodians from Defendants, and Defendants may select up to ten (10) additional custodians from Apple, before December 8, 2026, upon reasonable notice, as it learns of individuals with relevant knowledge.] The producing party has the right to object to any proposed custodians within two business (2) days of identification. Within two business (2) days thereafter, the Parties shall meet and confer to resolve any disputes.

- The Parties will seek to tailor search terms[1] to particular issues, and will meet and confer to provide feedback on the number of hits of proposed search terms. The Parties also will seek to limit requests for custodian-specific data (both email and other custodial data) to proper timeframes.[2]

  - On an individual custodian basis, within seven (7) business days after the objection window has run or seven (7) business days after the Parties have formally agreed to a custodian, whichever is sooner, the producing Party shall identify seven (7) proposed search terms tailored to that custodian, which may include Boolean operators and proximity connectors, and shall also include foreign language equivalents for any custodian who regularly uses a foreign language in their communications, that are not considered part of the seven (7) terms.[3]

  - Within seven (7) business days, the requesting Party may add seven (7) terms per custodian, which may include Boolean operators and proximity connectors, and shall also include foreign language equivalents for any custodian who

---

[1] Each search term shall cover a single topic (i.e. the Parties will not string together unrelated concepts in a single search term through excessive use of "or" connectors).

[2] To the extent the Parties use date limiters, those date limiters shall be disclosed to other Parties in advance.

[3] For any custodian who is added or substituted by the requesting Party pursuant to the procedures identified above, the Parties will cooperate in good faith to extend these deadlines if necessary, *e.g.*, to process that custodian's data.

regularly uses a foreign language in their communications, that are not considered part of the seven (7) terms.

- Within four (4) business days thereafter, the Parties shall meet and confer to resolve any disputes, including by exchanging hit counts and narrowing terms as appropriate.

- [**Apple's Proposal**: As part of the initial ESI exchange on November 6, 2026, the Parties shall also exchange internal codenames and project names relevant to the issues in this litigation, to help each side appropriately narrow its proposed search terms. The Parties will identify all known relevant internal codenames and project names in good faith, but to the extent the Parties identify additional internal codenames or project names during the course of discovery, the Parties will make those internal codenames or project names known to other Parties. The Parties will then confer to discuss whether additional search terms are necessary to address the later-disclosed codenames or project names.]

- Nothing herein may be construed or interpreted as precluding a producing Party from performing a responsiveness review to determine if documents captured by search terms are in fact relevant to the requesting Party's request. Similarly, nothing may be construed or interpreted as precluding a producing Party from performing a privilege review of documents determined to be relevant by any means. Further, nothing herein shall be construed or interpreted as requiring the production of all documents captured by any search term if one or more of such documents are in good faith and reasonably deemed not relevant to a requesting Party's request or privileged.

The negotiation of particular custodians and search terms shall not be grounds for either side to delay the collection, review, or production of documents for other custodial and non-custodial data sources. Each side shall make reasonable efforts to begin collection before search terms are finalized, and each side shall collect and produce relevant documents that it can identify and locate without undue burden and without the use of search terms, regardless of whether agreed search terms would capture them. While the Parties will endeavor to meet the schedule set forth above, should any Party need additional time as they process potentially relevant data and search term hits, that Party will provide notice to the other Parties of the need for additional time for particular information. The Parties agree to work together to provide reasonable accommodations; however, the Parties will work to move other discovery forward in parallel.

Dated: November 3, 2026

Respectfully submitted,

/s/ Karim Z. Oussayef
Gabriel S. Gross (SBN 254672)
Gaby LaHatte (SBN 321844)
Vanessa K. Sim (SBN 341107)
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, California 94065
Telephone: (650) 802-3000
Facsimile: (650) 802-3100
gabe.gross@weil.com
gaby.lahatte@weil.com
vanessa.sim@weil.com

Christopher W. Henry (*pro hac vice*)
Adam Gershenson (*pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
1001 Boylston Street, Suite 300
Boston, Massachusetts 02115
Telephone: (617) 772-8300
Facsimile: (617) 772-8333
chris.henry@weil.com
adam.gershenson@weil.com

Rachel L. Weiner Cohen (*pro hac vice*)
Nicole Elena Bruner (*pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
2001 M Street NW, Suite 600
Washington, DC 20036
Telephone: (202) 682-7000
Facsimile: (202) 857-0940
rachel.cohen@weil.com
nicole.bruner@weil.com

Heather Blacklaws (*pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
600 Congress Avenue, Suite 2170
Austin, Texas 78701
Telephone: (512) 487-1480
Facsimile: (512) 487-1520
heather.blacklaws@weil.com

Nina Shapiro (*pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
767 5th Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

/s/ David Eiseman
Andrew H. Schapiro (*pro hac vice*)
QUINN EMANUEL URQUHART & SULLIVAN, LLP
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
(312) 705-7400
andrewschapiro@quinnemanuel.com

Patrick D. Curran (Bar No. 241630)
111 Huntington Ave, Suite 520
Boston, MA 02199
(617) 712-7100
patrickcurran@quinnemanuel.com

David Eiseman (Bar No. 114758)
Jodie W. Cheng (Bar No. 292330)
Victoria B. Parker (Bar No. 290862)
Andrew M. Mather (Bar No. 345548)
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
davideiseman@quinnemanuel.com
jodiecheng@quinnemanuel.com
vickiparker@quinnemanuel.com
andrewmather@quinnemanuel.com

Yehuda Goor (*pro hac vice*)
Lucas A. Hammill (*pro hac vice*)
Jordan M. Nakdimon (*pro hac vice*)
295 Fifth Avenue, 9th Floor
New York, NY 10016
(212) 849-7000
yehudagoor@quinnemanuel.com
lucashammill@quinnemanuel.com
jordannakdimon@quinnemanuel.com

Joseph E. Reed (Bar No. 323524)
555 Twin Dolphin Dr., 5th Floor
Redwood Shores, CA 94065
(650) 801-5000
joereed@quinnemanuel.com

*Attorneys for Defendants OpenAI Foundation, OpenAI Group PBC, io Products LLC, and Tang Yew Tan*

nina.shapiro@weil.com

John M. Desmarais (SBN 320875)
Karim Z. Oussayef (*pro hac vice*)
Steven Balcof (*pro hac vice*)
Ido Sadeh (*pro hac vice*)
Jun H. Tong (*pro hac vice*)
DESMARAIS LLP
230 Park Ave, 26th Floor
New York, New York 10169
Telephone: (212) 351-3400
Facsimile: (212) 351-3401
jdesmarais@desmaraisllp.com
koussayef@desmaraisllp.com
sbalcof@desmaraisllp.com
isadeh@desmaraisllp.com
jtong@desmaraisllp.com

Marie Delzell (SBN 367393)
DESMARAIS LLP
101 California Street, Suite 3000
San Francisco, California 94111
Telephone: (415) 573-1900
Facsimile: (415) 573-1901
mdelzell@desmaraisllp.com

Atifah Safi (*pro hac vice*)
DESMARAIS LLP
1899 Pennsylvania Avenue, NW, Suite 400
Washington, DC 20006
Telephone: (202) 451-4900
Facsimile: (202) 451-4901
asafi@desmaraisllp.com

*Attorneys for Plaintiff Apple Inc.*

*/s/ Kate E. Lazarus*
Kate E. Lazarus (Bar No. 268242)
KWUN BHANSALI LAZARUS LLP
klazarus@kblfirm.com
555 Montgomery Street, Suite 750
San Francisco, CA 94111
Tel: (415) 630-2350

*Attorney for Defendant Chang Liu*