Andrew H. Schapiro *(pro hac vice)*
QUINN EMANUEL URQUHART
& SULLIVAN, LLP
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
(312) 705-7400
andrewschapiro@quinnemanuel.com

Patrick D. Curran (Bar No. 241630)
QUINN EMANUEL URQUHART
& SULLIVAN, LLP
111 Huntington Ave, Suite 520
Boston, MA 02199
(617) 712-7100
patrickcurran@quinnemanuel.com

David Eiseman (Bar No. 114758)
Jodie W. Cheng (Bar No. 292330)
QUINN EMANUEL URQUHART
& SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
davideiseman@quinnemanuel.com
jodiecheng@quinnemanuel.com

Yehuda Goor *(pro hac vice)*
QUINN EMANUEL URQUHART
& SULLIVAN, LLP
295 Fifth Avenue, 9th Floor
New York, NY 10016
(212) 849-7000
yehudagoor@quinnemanuel.com

[Additional counsel listed in signature block]

*Attorneys for Defendants Open AI Foundation, OpenAI Group PBC, and io Products LLC*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

APPLE INC.,

Plaintiff,

vs.

CHANG LIU, TANG YEW TAN, OPENAI FOUNDATION f/k/a OPENAI, INC., OPENAI GROUP PBC, and IO PRODUCTS, LLC f/k/a IO PRODUCTS, INC.,

Defendants.

Case No. 5:26-cv-07078-EJD

**CORPORATE DEFENDANTS' STATEMENT IN RESPONSE TO PLAINTIFF APPLE INC.'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER DEFENDANTS' MATERIAL SHOULD BE SEALED**

Pursuant to Civil Local Rules 7-11 and 79-5 governing administrative motions to seal and motions to consider whether another party's material should be sealed, Defendants OpenAI Foundation (f/k/a OpenAI, Inc.), OpenAI Group PBC, and io Products, LLC (f/k/a io Products, Inc.), (collectively, the "Corporate Defendants") submit this statement in response to Plaintiff Apple Inc.'s ("Apple") Administrative Motion to Consider Whether Defendants' Material Should Be Sealed (ECF No. 206) (the "Administrative Motion"). Apple filed the Administrative Motion with the Joint Statement Regarding ESI Protocol For The Exchange of Custodians And Search Terms (ECF No. 206-1) (the "Joint Statement"), submitted in connection with the parties' dispute over the ESI protocol governing custodians and search terms.

Certain portions of the Joint Statement contain OpenAI's confidential business information, including internal codenames that identify nonpublic projects and development efforts, as well as third party personally identifiable information.

The Corporate Defendants request that the Court grant their request to file under seal the portions of the Joint Statement set out in the table below. The Corporate Defendants' narrow requests apply only to disclosures relating to OpenAI's internal confidential information and the personally identifiable information of nonparties that should not be disclosed on the public docket.

| ECF Number | Portions to be Redacted | Reason for Redaction |
|---|---|---|
| Joint Statement Regarding ESI Protocol For The Exchange of Custodians And Search Terms (ECF No. 206-1) | Only the confidential internal codenames identified in blue highlighting on pg. 2, line 7. | Contains OpenAI confidential business information, specifically internal codenames identifying nonpublic projects and development efforts. |
| | Only the names of nonparty individuals identified in blue highlighting on pg. 3, lines 18-20. | Contains the names of individuals who are not parties to this proceeding and as to whom there are privacy concerns, including the risk of unsolicited contact and harassment. |

## LEGAL STANDARD

Under Ninth Circuit law, "'compelling reasons' must be shown to seal judicial records attached to a dispositive motion," and furthermore "public policies that support the right of access to dispositive motions, and related materials, do not apply with equal force to non-dispositive materials." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). Compelling reasons exist where public release of the records may be "used to gratify private spite or promote public scandal" or "permit the[] files to serve as reservoirs of libelous statements for press consumption" or as "sources of business information that might harm a litigant's competitive standing." *Valley Broad. Co. v. U.S. Dist. Court for Dist. of Nevada*, 798 F.2d 1289, 1293 (9th Cir. 1986) (citation omitted); *see also Kamakana*, 447 F.3d at 1179 (citing *Valley Broadcasting*). Further, district courts have "broad latitude . . . to prevent disclosure of . . . trade secrets or other confidential research, development, or commercial information," *Phillips ex rel. Est. of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002), and courts in this district routinely grant requests to seal personally identifiable information, *see, e.g.*, *Am. Automobile Ass'n of N. Cal., Nev., & Utah*, 2019 WL 1206748, at *2 (N.D. Cal. Mar. 14, 2019) (finding "compelling reasons" to seal personally identifiable information, including "names, addresses, phone numbers, and email addresses" of third parties); Order Resolving Administrative Motions to File Under Seal at 3, *X.AI Corp. v. Li*, No. 25-cv-7292 (N.D. Cal. July 28, 2026), Dkt. No. 163 (sealing names of nonparty OpenAI's employees "to avoid revealing sensitive information" and "unwanted public outreach to its employees").

## DISCUSSION

### A. The Defendants have a compelling interest in sealing OpenAI's confidential technical and business information

The Corporate Defendants request narrow redactions of OpenAI's proprietary and confidential business information, such as internal codenames identifying nonpublic projects and development efforts. The request is limited to the information identified in blue highlighting in the materials submitted with the Administrative Motion. This information is maintained confidentially and its public disclosure would harm the Corporate Defendants' competitive standing. Goor Decl. ¶¶ 4-5. The codenames are internal shorthand; revealing them, together with the context in which

they appear in the Joint Statement, would allow competitors and others to learn of the existence of nonpublic internal efforts, link those identifiers to one another and to OpenAI's development work, and track references to those efforts in other sources. *Id.* ¶ 4. Accordingly, compelling reasons exist to seal this information. *See*, *e.g.*, *Phillips*, 307 F.3d at 1211 (courts have broad discretion to seal trade secrets and other confidential commercial information).

**B. There is a compelling interest in sealing the personally identifiable information of nonparty individuals**

The Corporate Defendants further request narrow redactions of personally identifiable information belonging to individuals who are not parties to this proceeding. The request is limited to the nonparty names identified in blue highlighting in the materials submitted with the Administrative Motion.

Sealing the personally identifiable information of these nonparty individuals would protect the privacy interests of those individuals and mitigate the risk of unsolicited contact with those individuals and harassment by third parties. Goor Decl. ¶ 5. OpenAI does not typically publish contact information of its employees for privacy reasons. *Id.* In addition to protecting employee privacy, OpenAI does not generally publish such contact information to avoid the risk that third parties would use such information to seek unauthorized access to OpenAI internal systems. *Id.*

Accordingly, there are compelling reasons to seal this information. *E.g.*, *Am. Automobile Ass'n*, 2019 WL 1206748, at *2 (finding "compelling reasons" to seal personally identifiable information, including "names, addresses, phone numbers, and email addresses" of third parties); Order Resolving Administrative Motions to File Under Seal at 3, *X.AI Corp., supra* (sealing names of nonparty OpenAI's employees "to avoid revealing sensitive information" and "unwanted public outreach to its employees"). Indeed, in the instant case, this Court has already sealed similar personal information. *See, e.g.*, ECF No. 37 at 1-2 (sealing the individual Defendants' personal addresses based on concerns about "privacy and security," including concerns arising from "the media attention that this action has garnered" and "recent attempted physical attacks on another OpenAI executive at his home" (citation modified)).

**CONCLUSION**

For the foregoing reasons, the Corporate Defendants respectfully request that the Court seal the portions of the Joint Statement (ECF. 206-1) identified herein.

DATED: November 10, 2026

By /s/ Andrew H. Schapiro

QUINN EMANUEL URQUHART & SULLIVAN, LLP

Andrew H. Schapiro (*pro hac vice*)
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
(312) 705-7400
andrewschapiro@quinnemanuel.com

Patrick D. Curran (Bar No. 241630)
111 Huntington Ave, Suite 520
Boston, MA 02199
(617) 712-7100
patrickcurran@quinnemanuel.com

David Eiseman (Bar No. 114758)
Jodie W. Cheng (Bar No. 292330)
Victoria B. Parker (Bar No. 290862)
Andrew M. Mather (Bar No. 345548)
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
davideiseman@quinnemanuel.com
jodiecheng@quinnemanuel.com
vickiparker@quinnemanuel.com
andrewmather@quinnemanuel.com

Yehuda Goor (*pro hac vice*)
Lucas A. Hammill (*pro hac vice*)
Jordan M. Nakdimon (*pro hac vice*)
295 Fifth Avenue, 9th Floor
New York, NY 10016
(212) 849-7000
yehudagoor@quinnemanuel.com
lucashammill@quinnemanuel.com
jordannakdimon@quinnemanuel.com

Joseph E. Reed (Bar No. 323524)
555 Twin Dolphin Dr., 5th Floor
Redwood Shores, CA 94065
(650) 801-5000
joereed@quinnemanuel.com

*Attorneys for Defendants OpenAI Foundation, OpenAI Group PBC, and io Products LLC*