Andrew H. Schapiro (*pro hac vice*)
QUINN EMANUEL URQUHART
& SULLIVAN, LLP
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
(312) 705-7400
andrewschapiro@quinnemanuel.com

Patrick D. Curran (Bar No. 241630)
QUINN EMANUEL URQUHART
& SULLIVAN, LLP
111 Huntington Ave, Suite 520
Boston, MA 02199
(617) 712-7100
patrickcurran@quinnemanuel.com

David Eiseman (Bar No. 114758)
Jodie W. Cheng (Bar No. 292330)
QUINN EMANUEL URQUHART
& SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
davideiseman@quinnemanuel.com
jodiecheng@quinnemanuel.com

Yehuda Goor (*pro hac vice*)
QUINN EMANUEL URQUHART
& SULLIVAN, LLP
295 Fifth Avenue, 9th Floor
New York, NY 10016
(212) 849-7000
yehudagoor@quinnemanuel.com

*Attorneys for Defendants OpenAI Foundation, OpenAI Group PBC, io Products LLC, and Tang Yew Tan*

Kate E. Lazarus (Bar No. 268242)
klazarus@kblfirm.com
KWUN BHANSALI LAZARUS LLP
555 Montgomery Street, Suite 750
San Francisco, CA 94111
Tel: (415) 630-2350

*Attorneys for Defendant Chang Liu*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| APPLE INC.,<br><br>Plaintiff,<br><br>vs.<br><br>CHANG LIU, TANG YEW TAN, OPENAI FOUNDATION f/k/a OPENAI, INC., OPENAI GROUP PBC, and IO PRODUCTS, LLC f/k/a IO PRODUCTS, INC.,<br><br>Defendants. | Case No. 5:26-CV-07078-EJD<br><br>**JOINT STATEMENT REGARDING DISPUTE PURSUANT TO DKT. 188,** ¶ 5<br><br>**Judge:** Edward J. Davila<br><br>**Complaint Filed:** July 10, 2026 |

The Parties hereby submit their statement joint regarding a dispute pursuant to Dkt. 188, ¶ 5.

***Defendants' Statement***. Apple is improperly trying to convert the parties' agreed forensic protocol into a chance for one-sided, and almost entirely unregulated, custodial ESI discovery. The order in question provides procedures for a "forensic inspection." Dkt. 188 ¶ 4. At the hearing regarding handling of messaging accounts under this protocol (as opposed to images of devices), Defendants' counsel stated Apple would not receive a person's "entire seven-year Slack history, but rather we send over the image that contains the confidential information," to which Apple counsel responded, "I agree with that," with the proviso that they can pursue other messages through "normal discovery." Hr'g Tr. 144:9–11, Oct. 14, 2026. Apple now seeks to erase that fundamental distinction between forensic inspection of device images and pursuit of messaging discovery through "normal discovery."

Dkt. 188 outlines protocols for a "forensic inspection." The forensic protocol fundamentally distinguishes between, on one hand, device images, and on the other, "cloud-based storage repositories, email mailboxes, messaging/collaboration platforms (e.g. Slack, Teams, or the equivalent)." For the former, the forensic expert will receive a "full forensic image[]" of the entire device. *Id.* ¶ 4. For the latter, Defendants' image production is "limited to the communications or documents that contain the Apple confidential or trade secret information." *Id.*

As part of this forensic process, Apple's forensic expert may then identify to Defendants documents from images that it proposes to provide to Apple counsel. *Id.* ¶ 4. Given the narrow forensic purpose of this stipulation, Defendants' bases for objecting to such forensic inspection disclosures are sharply limited. Defendants may review only for "potential privilege, privacy, or Defendant-trade-secret information." *Id.* ¶ 5. Consistent with the limited grounds for objection, Defendants' time for responding is accelerated, with objections due within 72 hours or two business days, whichever is longer.

This dispute arises from the fact that some device images provided to Apple's forensic expert include files storing individuals' messaging history, mailbox files, text messaging records, and Slack records. Those are textbook ESI categories, not the proper subject of a forensic

inspection, and discovery of them should be conducted according to the parties' ESI stipulation, Dkt. 192. Apple nonetheless is taking the position that it is entitled to self-select for production email and messaging records identified by its forensic expert in the course of his forensic inspection, with no opportunity to object on grounds of relevance or responsiveness.

Specifically, Apple's forensic expert recently sought production of nearly 500 messages from Mr. Tan's personal iMessage account. A handful of those messages transmitted a file that Apple's forensic expert appears interested in, and Defendants did not object to such messages. The remainder, however, contain sensitive personal, recruiting, or vendor discussions that may not rise to the level of "privilege, privacy, or Defendant-trade-secret information," but are nonetheless competitively or personally sensitive. They certainly do not contain anything that could plausibly be understood to contain Apple confidential information. However, by virtue of Dkt. 188's limited grounds of objection, Defendants are unable to meaningfully object to such productions for responsiveness or relevance as would normally be permitted in custodial ESI discovery.

In the parties' November 10, 2026 meet and confer, Apple counsel claimed that Mr. Roffman selected the messages because he believed they ***related to*** "Apple information," and extended the request by one day of messages on either side for "context." The parties' stipulated forensic inspection protocol is not an ESI discovery order by which Apple can self-select any material that its forensic expert believes is relevant to its claims, while still benefitting from Defendants' limited time and grounds for objection. Nor is Apple's forensic expert qualified to determine what documents are relevant to this case. Illustrating the point, many if not all of the remaining messages have no plausible relationship to "Apple information." For example, some of these messages include Tan exchanging pleasantries with friends, asking for general introductions to people at various tech companies, texts about sporting events and merchandise, congratulating old co-workers on their releases, explaining commute options to new employees, setting up recruiting dinners, and discussing a vendor's health issues.

Apple further confirmed in the meet and confer that, as it reads Dkt. 188, Defendants cannot object to responsiveness or relevance—Mr. Roffman's word is final, and Apple counsel will receive the identified documents absent an objection as to privilege, privacy, or trade secret.

Discovery of messages should proceed according to the parties' ESI stipulation. Dkt. 192. As Apple itself previously noted, "forensic images and custodial ESI are different sources of information." Dkt. 205 at 1. There is a fundamental difference between a forensic inspection and ESI discovery: ESI discovery is generally limited by "search terms, temporal scope, and responsiveness review," such as provided for in the parties' stipulated ESI procedure. *Id*. at 2. By contrast, the forensic inspection protocol provides none of these protections.

Apple is in effect arguing that, because a copy of "email mailboxes [or] messaging/collaboration platform" messages are located on the device, it has unfettered access to all messages that are in some sense "related" to Apple confidential information (according to the unreviewable say-so of Apple's forensic expert), not just those that purportedly "contain the Apple confidential or trade secret information." That was not the intent of the parties. Messaging production should proceed through "normal discovery," *i.e.*, the custodial ESI process.

***Plaintiff's Statement***. Apple's forensic expert (Mr. Roffman) should be allowed to provide Apple's counsel specific, relevant text messages from Defendants' forensic images that are evidence that Defendants misappropriated Apple's confidential information. Defendants' objections are contrary to the plain language of the Court's Order requiring Defendants to provide the images (Dkt. 188), and they manufacture delay in a case where discovery is expedited. The Court should overrule them.

Mr. Roffman identified certain text message threads between Defendant Tang Tan and other individuals that appear to discuss Apple confidential information, located on the forensic image that Mr. Tan provided pursuant to the Court's Order. Accordingly, Apple's counsel informed Defendants' counsel that Mr. Roffman intended to share those text message threads with Apple's counsel. *See* Dkt. 188, ¶ 5. Just before the deadline, Defendants objected to Mr. Roffman sharing any of the threads because they were too voluminous for Defendants to review in the 72-hour period set by the Court's Order. Defendants instead asked "that Apple identify specific days of messaging." Mr. Roffman then did as Defendants requested and identified specific days of messaging to share with Apple's counsel. Mr. Roffman also substantially narrowed the text messages at issue, which encompass less than 1% of the messages on Mr. Tan's forensic image.

Nonetheless, after Apple and Mr. Roffman complied with Defendants' requests, Defendants changed course and again objected to Mr. Roffman sharing nearly all the narrowed messages, now because the messages purportedly bear no "relation to a forensic inspection."

The Court should overrule that objection because it lacks any support in the Court's Order requiring Defendants to produce the images. Dkt. 188. The Court's Order ***expressly contemplates*** that Defendants will produce electronic messages of the sort that Mr. Roffman intends to share. *See id.*, ¶ 4 (Defendants must produce "email mailboxes" and "messaging/collaboration platforms (e.g. Slack, Teams, or the equivalent)" that contain Apple confidential information). And while the Order permits Defendants to object for "potential privilege, privacy, or Defendant-trade-secret information," *see id.*, ¶ 5, nothing in the Order permits Defendants to object because they find the files unrelated to a "forensic inspection." Indeed, that objection makes no sense. Mr. Roffman identified those text messages after conducting a forensic inspection of the images.

Permitting Mr. Roffman to share those messages is also consistent with the Court's Order granting expedited discovery, where it recognized that "Apple needs early discovery to uncover the scope of any alleged misappropriation of Apple's trade secrets." Dkt. 175 at 7. Apple's counsel needs to see the messages as soon as possible so that it can uncover the extent to which Defendants disseminated its trade secrets to others, before further damage is done. By contrast, Defendants' position—that Apple must request Defendants to run search terms on Mr. Tan's devices to identify and produce the same messages—introduces delay for delay's sake. Mr. Roffman has already identified the text messages at issue and already has them in his possession. All that is needed to produce them is Defendants' permission that Mr. Roffman may share them with Apple's counsel. There is no reason to delay that process, and risk further dissemination of Apple's trade secrets, to produce the same text messages through another procedure. In fact, under Defendants' proposal, Apple would only receive the text messages if they happen to hit on the search terms that Defendants use—which is no guarantee. Thus, at best, Defendants' proposal substantially delays Apple's access to messages that show the dissemination of Apple's trade secrets, and at worst, Defendants' proposal eliminates Apple's access to that critical evidence entirely.

Defendants have offered no justification for that result. Defendants have complained that they lack adequate time to review the text messages that Mr. Roffman has identified in the 72-hour period contemplated by the Court's Order. *See* Dkt. 188. But Defendants negotiated and agreed to that timeframe for objections; Defendants did not seek any extension of it to review the messages at issue. Defendants have also complained that Mr. Roffman's provision of the text messages directly to Apple's counsel eliminates their ability to review the text messages for relevance—and have claimed that many of the text messages are not relevant. But Mr. Roffman has already reviewed the messages and found them to be relevant to his analysis. That Defendants disagree with Mr. Roffman's assessment—or have cherry-picked certain of the messages in the days Mr. Roffman selected that they contend are irrelevant—is no basis to prevent Mr. Roffman from sharing the messages with Apple's counsel entirely. The Protective Order accommodates any concern Defendants have over the sensitivity of the messages, because Defendants can limit access to the messages to Apple's outside counsel by designating them Attorneys' Eyes Only. Dkt. 196.

Ultimately, Defendants sought and obtained exceptionally fast deadlines to complete discovery and take this case to trial. In exchange, Defendants committed to provide discovery as quickly as possible. Dkt. 182 at 134:22–135:4; Dkt. 194 at 3; Dkt. 198. The Court should hold Defendants to that promise and decline their effort to put up unnecessary procedural bars to Apple obtaining relevant discovery.

Dated: November 13, 2026 Respectfully submitted,

By: /s/Sumeet Dang
Gabriel S. Gross (SBN 254672)
Gaby LaHatte (SBN 321844)
Vanessa K. Sim (SBN 341107)
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, California 94065
Telephone: (650) 802-3000

By: /s/Andrew Schapiro
Andrew H. Schapiro (*pro hac vice*)
QUINN EMANUEL URQUHART & SULLIVAN, LLP
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
(312) 705-7400
andrewschapiro@quinnemanuel.com

Facsimile: (650) 802-3100
gabe.gross@weil.com
gaby.lahatte@weil.com
vanessa.sim@weil.com

Christopher W. Henry (*pro hac vice*)
Adam Gershenson (*pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
1001 Boylston Street, Suite 300
Boston, Massachusetts 02115
Telephone: (617) 772-8300
Facsimile: (617) 772-8333
chris.henry@weil.com
adam.gershenson@weil.com

Rachel L. Weiner Cohen (*pro hac vice*)
Nicole Elena Bruner (*pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
2001 M Street NW, Suite 600
Washington, DC 20036
Telephone: (202) 682-7000
Facsimile: (202) 857-0940
rachel.cohen@weil.com
nicole.bruner@weil.com

Heather Blacklaws (*pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
600 Congress Avenue, Suite 2170
Austin, Texas 78701
Telephone: (512) 487-1480
Facsimile: (512) 487-1520
heather.blacklaws@weil.com

Nina Shapiro (*pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
767 5th Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
nina.shapiro@weil.com

John M. Desmarais (SBN 320875)
Karim Z. Oussayef (*pro hac vice*)
Steven Balcof (*pro hac vice*)
Ido Sadeh (*pro hac vice*)
Jun H. Tong (*pro hac vice*)
DESMARAIS LLP
230 Park Ave, 26th Floor
New York, New York 10169
Telephone: (212) 351-3400
Facsimile: (212) 351-3401
jdesmarais@desmaraisllp.com
koussayef@desmaraisllp.com
sbalcof@desmaraisllp.com
isadeh@desmaraisllp.com

Patrick D. Curran (Bar No. 241630)
111 Huntington Ave, Suite 520
Boston, MA 02199
(617) 712-7100
patrickcurran@quinnemanuel.com

David Eiseman (Bar No. 114758)
Jodie W. Cheng (Bar No. 292330)
Victoria B. Parker (Bar No. 290862)
Andrew M. Mather (Bar No. 345548)
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
davideiseman@quinnemanuel.com
jodiecheng@quinnemanuel.com
vickiparker@quinnemanuel.com
andrewmather@quinnemanuel.com

Yehuda Goor (*pro hac vice*)
Lucas A. Hammill (*pro hac vice*)
Jordan M. Nakdimon (*pro hac vice*)
295 Fifth Avenue, 9th Floor
New York, NY 10016
(212) 849-7000
yehudagoor@quinnemanuel.com
lucashammill@quinnemanuel.com
jordannakdimon@quinnemanuel.com

Joseph E. Reed (Bar No. 323524)
555 Twin Dolphin Dr., 5th Floor
Redwood Shores, CA 94065
(650) 801-5000
joereed@quinnemanuel.com

*Attorneys for Defendants OpenAI Foundation, OpenAI Group PBC, io Products LLC, and Tang*
*Yew Tan*

By: _/s/Kate Lazarus_____________
Kate E. Lazarus (Bar No. 268242)
KWUN BHANSALI LAZARUS LLP
klazarus@kblfirm.com
555 Montgomery Street, Suite 750
San Francisco, CA 94111
Tel: (415) 630-2350

*Attorney for Defendant Chang Liu*

jtong@desmaraisllp.com

Marie Delzell (SBN 367393)
DESMARAIS LLP
101 California Street, Suite 3000
San Francisco, California 94111
Telephone: (415) 573-1900
Facsimile: (415) 573-1901
mdelzell@desmaraisllp.com

Atifah Safi (*pro hac vice*)
DESMARAIS LLP
1899 Pennsylvania Avenue, NW, Suite 400
Washington, DC 20006
Telephone: (202) 451-4900
Facsimile: (202) 451-4901
asafi@desmaraisllp.com

*Attorneys for Plaintiff Apple Inc.*