UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

APPLE INC.,

Plaintiff,

v.

CHANG LIU, et al.,

Defendants.

Case No. 5:26-cv-07078-EJD

**ORDER REGARDING ESI PROTOCOL FOR THE EXCHANGE OF CUSTODIANS AND SEARCH TERMS**

Re: ECF No. 205

Before the Court is Plaintiff Apple Inc. ("Apple") and Defendants Chang Liu ("Liu"), Tang Yew Tan ("Tan"), and OpenAI, Inc., OpenAI Group PBC, and io Products, Inc.'s (collectively, "OpenAI" or "Corporate Defendants") (Liu, Tan, and OpenAI together, "Defendants") Joint Statement Regarding ESI Protocol For the Exchange of Custodians and Search Terms. Statement, ECF No. 205. The parties request that the Court resolve two disputes. The Court does so below.

First, the parties dispute the total number of custodians for whom custodial data and documents will be produced. *See* Statement 3. Apple proposes that Apple and Defendants each provide custodial data for up to a total of ten (10) custodians. *Id.* Two of the custodians for whom Defendants will produce custodial documents will be Liu and Tan. *Id.* Defendants, on the other hand, propose that Apple and Defendants each provide custodial data for up to sixteen (16) custodians. *Id.* But under Defendants' proposal, Apple would be permitted to select only two (2) new custodians, and the remaining fourteen (14) custodians would be those individuals identified in the Court's expedited discovery order. *See* Joint Stipulation and Order on Expedited Discovery, ECF No. 189. As Apple previously explained in its papers, the purpose of its expedited discovery

United States District Court
Northern District of California

United States District Court
Northern District of California

request was so that Apple could better understand the nature and extent of Defendants' alleged trade secret misappropriations and take any steps needed to remediate them. *See* Order Granting in Part Mot. for Expedited Discovery, ECF No. 175. Indeed, to the extent the Court believed certain expedited discovery requests were too broad or more appropriately addressed through ordinary merits discovery, it denied Apple's motion for expedited discovery. *Id.* at 8–9; *see also* Order Granting Additional Expedited Discovery 4–5, ECF No. 197. In sum, the Court understood there to be a distinction between expedited discovery and merits discovery, despite finding it premature to exclude Apple's discovery requests from the traditional limits set out in the Federal Rules of Civil Procedure. Accordingly, the Court agrees with Apple that it should not be required to select the same fourteen custodians identified in the Court's Expedited Discovery Order for purposes of more general merits discovery. *See* Statement 1 ("That identification does not necessarily mean they are appropriate ESI custodians."). With this in mind, the Court directs the parties to meet and confer to decide whether they would prefer to each identify up to a total of ten (10) or sixteen (16) custodians.

Second, Apple proposes that the parties disclose codenames and project names. Statement 2. Apple argues that these codenames are relevant to investigate whether Apple's trade secrets have been integrated into Defendants' products. *Id.* Defendants argue that Apple does not need confidential OpenAI code names to identify its own information. *Id.* The Court agrees with Defendants that "[t]o the extent codename discovery is warranted, it should proceed through reciprocal interrogatories," not through what has the potential to become an "overbroad fishing expedition that will provide Apple a roster of OpenAI's confidential projects." *Id.* at 3. Accordingly, the Court declines to adopt Apple's proposal that "[a]s part of the initial ESI exchange . . . the Parties shall also exchange internal codenames and project names relevant to the issues in this litigation." If Apple learns of additional facts that support this proposal, the Court will reconsider it.

///

///

**IT IS SO ORDERED.**

Dated: November 16, 2026

EDWARD J. DAVILA
United States District Judge