UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC.,<br>Plaintiff,<br>v.<br>CHANG LIU, et al.,<br>Defendants. | Case No. 5:26-cv-07078-EJD<br>**ORDER REGARDING DISPUTE PURSUANT TO ECF NO. 188**<br>Re: ECF No. 211 |

Before the Court is the Parties' Joint Statement regarding a dispute pursuant to ECF No. 188, Joint Stipulation and Order for Document Preservation and Forensic Inspection ("Forensic Inspection Protocol"). Statement, ECF No. 211.

At the outset, Defendants underscore the distinction between the Forensic Inspection Protocol and "normal discovery." Statement 1. The Forensic Inspection Protocol, entered to resolve Apple's Motion for Preliminary Injunction, requires Defendants to "collect, prepare full forensic images of, and submit to forensic inspection (by Apple's forensic expert under the forensic protocol outlined at Dkt. 161 at 3) all devices and other repositories, e.g., cloud-based storage repositories, email mailboxes, messaging/collaboration platforms (e.g. Slack, Teams, or the equivalent), and any additional electronic applications, accounts, or repositories, of Defendants' employees in Defendants' possession, custody, or control that Defendants are aware or become aware contain, or previously contained any Apple confidential or trade secret information." Forensic Inspection Protocol ¶ 4. The Forensic Inspection Protocol further provides that "[b]efore Apple's forensic expert provides any documents from forensic images to Apple's counsel . . . Defendants shall have 72 hours or two business days . . . to review those document for



United States District Court
Northern District of California

United States District Court
Northern District of California

potential privilege, privacy, or Defendant-trade-secret information." *Id.* ¶ 5.

As set forth in the Statement, Defendants provided "some device images" to Apple's forensic expert including individuals' messaging history, mailbox files, text messaging records, and Slack records. Statement 1. Defendants contend that discovery of these images should be governed by the Parties' ESI Stipulation, ECF Nos. 192, 195. The ESI Stipulation, in turn, provides that its "procedures shall not apply to discovery of images or devices or storage locations which are, or will be, subject to a separate forensic protocol." ESI Stipulation 1. Defendants argue that even though the messaging history became available as part of the device imaging, "[m]essaging production should proceed through 'normal discovery,' *i.e.*, the custodial ESI process." Statement 3.

Apple, on the other hand, argues that the Forensic Inspection Protocol governs production of the text messages at issue because its forensic expert, "Mr. Roffman[,] identified certain text message threads between Defendant Tang Tan and other individuals that appear to discuss Apple confidential information, located on the forensic image that Mr. Tan *provided pursuant to the Court's Order*." Statement 3 (emphasis added). Consistent with the Forensic Inspection Protocol, Apple's counsel informed Defendants' counsel that Mr. Roffman intended to share the text message threads with Apple's counsel. *Id.* Defendants objected to Mr. Roffman sharing any of the messages because they were too voluminous for Defendants to review in the 72-hour period set out in the Parties' stipulation. *Id.* At Defendants' request, Mr. Roffman identified specific days of messaging "substantially narrow[ing]" the messages at issue. *Id.* Defendants then objected to Mr. Roffman sharing the messages with Apple's counsel because the messages "bear no relation to a forensic inspection." *Id.* at 4. Apple requests that the Court overrule Defendants' objection because the Forensic Inspection Protocol "expressly contemplates" production of the sorts of messages that Mr. Roffman intends to share with Apple's counsel.

The Court begins by looking to the Forensic Inspection Protocol. Although Defendants state that their "bases for objecting to such forensic inspection disclosures are sharply limited," and do not include relevance or responsiveness, the Parties mutually agreed to the terms of this

United States District Court
Northern District of California

protocol, and it is limited to images that Defendants "are aware or become aware contain, or previously contained any Apple confidential or trade secret information." Forensic Inspection Protocol ¶ 4. Though the Court merely adopted the Parties' stipulation, and thus was not involved in negotiations surrounding its creation, the requirement that the images reflect communications or documents that contain the Apple confidential or trade secret information serves to limit the universe of potentially produced images. The Court otherwise agrees with Apple that the Forensic Inspection Protocol contemplates that Defendants provide, following inspection by Apple's forensic expert, Apple's counsel with the text message threads between Defendant Tan and other individuals that Apple seeks. *See* Forensic Inspection Protocol ¶¶ 4–5. Based on the Parties' representations, the images sought are of text message threads between Defendant Tan "that appear to discuss Apple confidential information," even if they may also include competitively or personally sensitive information. *See* Statement 2, 3. Though wary of opening the door for Apple to seek overbroad or irrelevant discovery by virtue of the fact that Defendants agreed to provide full forensic images of all devices that contain or previously contained any Apple confidential or trade secret information pursuant to the Forensic Inspection Protocol, in this instance the Court finds Apple's forensic expert's narrowed identification of certain text messages threads consistent with its Order adopting the Forensic Inspection Protocol. *See* Statement 3 ("Mr. Roffman also substantially narrowed the text messages at issue" which appear to discuss Apple confidential information.").[1] To assuage Defendants' concerns about the competitive or personally sensitive nature of these messages, they should be designated Attorneys' Eyes Only. Further, to ensure Defendants have adequate time to review the text messages for privilege, privacy, or Defendant-trade-secret information, Defendants shall have an additional 48 hours from the time of this Order to review the documents before providing them to Apple's Forensic Expert for dissemination to

---

[1] The Court notes, however, the intent of the Parties' stipulation was to resolve Apple's Motion for Preliminary Injunction, and to allow Apple to "uncover the extent to which Defendants" are alleged to have disseminated or misappropriated its trade secrets. Forensic Inspection Protocol 1; Statement 4. Apple should not use the Forensic Inspection Protocol as an end-around to avoid complying with the ESI Protocol.

Apple's counsel.

Additionally, Defendants shall maintain a log reflecting the documents that are formally challenged for relevance or responsiveness—or for otherwise exceeding the scope of the Forensic Inspection Protocol—including the documents that are the subject of this Order. If needed, the Court may examine this log to address any future or persistent challenges relating to the appropriate scope of the Forensic Inspection.

**IT IS SO ORDERED.**

Dated: November 16, 2026

EDWARD J. DAVILA
United States District Judge